$5.00 Revenue Stamp affixed hereto on the original.

## Exhibit 13 – Madame Carole Bede's Denial of NCHE Request to Restore SLSOM's IMED Listing

January 24, 2006

Isaac Roland, Ed.D.
Director General
National Commission of Higher Education
Broad Street, 4th Floor, Room 407
Monrovia
Liberia

Re: St. Luke School of Medicine

Dear Dr. Roland:

Thank you for your letter of December 7, 2005 concerning the status of St. Luke School of Medicine.

In your letter, you stated that after inspection of the medical school's campus by the National Commission on Higher Education, a Temporary Permit to Operate would be issued for resumption of instruction at the medical school in January 2006.

According to information previously received by FAIMER, the first permit to operate was granted to St. Luke School of Medicine by the government of Liberia in 2000. The permit to operate was revoked in April 2005 and reinstated in October 2005. Consequently, we are writing to ask that you or a member of your staff write to FAIMER as soon as possible to provide the following information:

2.      What is the status of medical degrees awarded by St. Luke School of Medicine for the years 2000 to 2005? Are holders of degrees issued during those years recognized as physicians by the government of Liberia, and are they eligible to apply for medical licensure in Liberia?

3.      Are graduates of St. Luke School of Medicine who receive their medical degrees beginning January 2006 eligible for medical licensure in Liberia? If so, as of what date are (or will) these graduates be eligible for medical licensure in Liberia?

4.      Please confirm that instruction has begun at the campus of St. Luke School of Medicine in Gaye Town, Monrovia, and the date on which instruction began.

5.

Your assistance is greatly appreciated. If possible, please reply by fax to +215-386-9767.

Sincerely,

Carole Bede
Senior Research Analyst
*International Medical Education Directory*

## Exhibit 14 - Liberia Supreme Court 'Stay Order' and Hearing Issued July 22, 2005

OFFICE OF THE CLERK
SUPREME COURT OF LIBERIA
TEMPLE OF JUSTICE
MONROVIA, LIBERIA

July 22, 2005

The Honourable Minister
Minister of Education
Ministry of Education
Monrovia, Liberia

Dear Madam Minister:

By directive of His Honour Kshassi P. Campbell, Associate
Justice presiding in Chambers, you are hereby cited to a con-
ference with his honour on Monday, July 25, 2005, at the hour
of 4:00 p.m., in connection with the case:

St. Luke School of Medicine by & thru
its President, Dr. Jerrell B.R.
Dolphin, M.D., of the City of
Monrovia, R.L.........PETITIONER

PETITION FOR
A WRIT OF
PROHIBITION

Versus

The Government of Liberia by & thru
the Ministry of Justice & the Ministry
of Education & the 5 - man Committee
represented by its Chairman of the
City of Monrovia, R.L.....RESPONDENTS

Meanwhile, you are hereby ordered to stay further action
in this matter pending the outcome of the conference.

Kind regards,

Very truly yours,

MARKUS N. BRYANT
CLERK, SUPREME COURT OF LIBERIA

S M & L:

MNB/aje

**Exhibit 15 - Liberia Supreme Court 'Conference' Scheduled on Aug 4, for Aug 10, 2005**

OFFICE OF THE CLERK
SUPREME COURT OF LIBERIA
TEMPLE OF JUSTICE
MONROVIA, LIBERIA

August 4, 2005

The Honourable Minister
Minister of Justice
Ministry of Justice
Monrovia, Liberia

Dear Mr. Minister:

IN RE:   St. Luke School of Medicine by &          ) PETITION FOR
         thru its President, Dr. Jerroll           ) A WRIT OF
         B.R. Dolphin, M.D., of the City of        ) PROHIBITION
         Monrovia, R.L...........PETITIONER         )

                    Versus                          )

         The Government of Liberia &               )
         thru the Ministry of Justice & the        )
         Ministry of Education & the 5 - man       )
         Committee represented by its Chair-       )
         man of the City of Monrovia, R.L.         )
         ....................RESPONDENTS           )

     By directive of His Honour Ishmael P. Campbell, Associate
Justice presiding in Chambers, you are hereby cited to a con-
ference with His Honour on Wednesday, August 10, 2005, at the
hour of 1:00 p.m., in connection with the above captioned case.

     Kind regards.

                              Very truly yours,

                              Martha G. Bryant
         S B & L:             CLERK, SUPREME COURT OF LIBERIA

         MGB/sjp

## Exhibit 16 - Liberia Supreme Court Restores SLSOM's Accreditation on Aug 10, 2005 Order

IN THE HONOURABLE SUPREME COURT OF THE REPUBLIC OF LIBERIA
MARCH TERM, A.D. 2005

GREAVES          JUSTICE          CAMPBELL

St. Luke School of Medicine by & thru its President, Dr.
Jerrell B.M. Dolphin, M.D., of the City of Monrovia,
Liberia,.......................................PETITIONER     PETITION FOR
                                                             A WRIT OF
                          Versus                             CERTIORARI

The Government of Liberia by & thru the Ministry of Justice)
& the Ministry of Education & the 5 - man Committee repre-)
sented by its Chairman of the City of Monrovia, R.L.       )
.......................................RESPONDENTS          )

REPUBLIC OF LIBERIA
TO: BRIG./GENERAL AMOS B. KESSEH DICKSON, SR.
MARSHAL, SUPREME COURT OF LIBERIA, OR HIS DEPUTY
MONROVIA

GREETINGS:

YOU ARE HEREBY COMMANDED to notify the Government of Liberia by and thru
the Ministry of Justice, the Ministry of Education and the Five (5) man com-
mittee represented by its Chairman, Monrovia, Liberia, RESPONDENTS in the
above entitled cause of action to appear before His Honour Ishmael P. Campbell,
Associate Justice of the Republic of Liberia, presiding in Chambers at the
Supreme Court Room, Temple of Justice, on the 20th Day of August, A.D. 2005,
at the hour of 3:00 o.m., to shew cause why PETITIONER'S PETITION on prayer
for should not be granted; and to require the RESPONDENTS herein above to
send up to the Chambers of the Supreme Court a full and complete copy of this
proceedings at issues; and

YOU ARE FURTHER COMMANDED to instruct the RESPONDENTS herein to file
their RETURNS to this Writ in the Office of the Clerk of this Honourable
Court on or before the said 20th Day of August, A.D. 2005; and stay all
further proceedings until otherwise ordered and the Petitioner is to return
to Status Quo Ante.

To read to them the original and leave a copy of the Writ together with
a copy of the PETITION with the RESPONDENTS each; and

As to whom and how you shall have served this Writ, you will make known
by filing your RETURNS officially thereto on the back of the original Writ
in the Office of the Clerk of this Honourable Court on or before the said
20th Day of August, A.D. 2005.

AND FOR SO DOING, THIS SHALL CONSTITUTE YOUR LEGAL AND SUFFICIENT
AUTHORITY.

                                    GIVEN UNDER MY HAND AND SEAL
                                    OF THE HONOURABLE SUPREME
                                    COURT THIS 10TH DAY OF AUGUST,
                                    A.D. 2005.

                                    CLERK, SUPREME COURT OF LIBERIA

SEAL:

MOB5ejp

**Exhibit 17 - Liberia Government Defaults-Liberia Supreme Court Issues Default Certificate to SLSOM**

<u>CLERK'S   CERTIFICATE</u>

IN RE:    St. Luke School of Medicine       ) PETITION FOR
          by & thru its President, Dr.      ) A WRIT OF
          Jerrell B.R. Delphin, M.D.,       ) PROHIBITION
          of the City of Monrovia,          )
          Liberia,...........PETITIONER     )
                                            )
                  Versus                    )
                                            )
          The Government of Liberia by &    )
          thru the Ministry of Justice      )
          & the Ministry of Education &     )
          the S - man Committee repre-      )
          sented by its Chairman of the     )
          City of Monrovia, R. L.           )
          ..................RESPONDENTS )

          A careful perusal of the records in the above
entitled cause of action, reveals that there are
no RETURNS filed by the Respondents up to the
issuance of this Certificate.

          Hence, this Certificate.

                              GIVEN UNDER MY HAND AND
                              SEAL OF THE HONOURABLE
                              SUPREME COURT THIS 22ND
                              DAY OF AUGUST, A.D. 2005.

  S E A L:

                              Martha G. Bryant
                         CLERK, SUPREME COURT OF LIBERIA

## Exhibit 18 - NCHE Requests ECFMG-IMED to Restore SLSOM's Previous Status in IMED



**REPUBLIC OF LIBERIA**
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
**MINISTRY OF EDUCATION**
P.O. Box 9014
Monrovia, Liberia, West Africa



OFFICE OF THE DIRECTOR GENERAL

October 3, 2005

Madame Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation for Advancement of International Education and Research
3824 Market Street, 4ᵗʰ Floor
Philadelphia, PA 19104-2685
U.S.A.

Dear Madame Bede:

Based upon the ruling of the Supreme Court of the Republic of Liberia regarding the St. Luke School of Medicine, the court has ordered the medical school reinstated to its previous status it was during the accreditation process.

Abiding by the Supreme Court order, the National Commission on Higher Education hereby revokes the letter, dated April 11, 2005, which denied the existence of St. Luke School of Medicine and further advises that it should continue its existence.

We also request that the St. Luke School of Medicine be included in the International Medical Education Directory as it was previously.

Thank you very much for your cooperation.

Isaac Roland, Ed.D.
Executive Director
National Commission on Higher Education
Republic of Liberia

**MOTTO: Promoting Quality and Equal Higher Educational Opportunities.**

## Exhibit 19 - NCHE Second Request for ECFMG-IMED to Restore SLSOM's Previous Status in IMED



**REPUBLIC OF LIBERIA**
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa



OFFICE OF THE DIRECTOR GENERAL

December 7, 2005

Madame Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation for Advancement of International Medical Education and Research
3624 Market Street, 4th Floor
Philadelphia, PA 19104-2685
U.S.A.

Dear Madame Bede,

This letter acknowledges receipt of your letter dated October 19, 2005, requesting our advice on the current status of St. Luke School of Medicine and its presence in Liberia.

I, therefore, write to inform you that a campus of the St. Luke School of Medicine has been formally established in Gaye Town, Monrovia. The National Commission on Higher Education has inspected the campus before, and re-inspected it recently, and found it to be satisfactory and ready to operate.

Meanwhile, a Temporary Permit to Operate will be issued by the Commission for resumption of instruction in January 2006.

Thank you very much for your kind cooperation.

Sincerely yours,

Isaac Roland, Ed.D.
Director General
National Commission on Higher Education
Republic of Liberia

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

## Exhibit 20  – Benson Barh Fired by President Sirleaf for Corruption

**Monday, June 12, 2006**

# ELLEN'S AXE FALLS!

### Swoops Upon Commerce, Health, Transport, and Finance Ministries

### 26 In Anti-Corruption, Administration Dragnets

From campaign trails across the country to inauguration on to the onset of her administration, President Ellen Johnson Sirleaf remained undaunted about stabbing corruption in back.

Notwithstanding the level to which the political commitment raised the expectation of the Liberian people who know very well the effect of corruption on the growth and development of the nation, no one has seen much action in that direction, prompting murmuring and gossips amongst government critics, good governance crusaders, and international monitors about business remaining as usual.

But just before these groups started to adapt their suspicions as the truth, the Sirleaf Administration has lurched for its seemingly active slumber, taking some 28 alleged malefactors into a dragnet for corruption and presumably inefficiency.

"But will that alone help rid the government of these individuals?" **The Analyst Staff Writer** has been probing into the dismissals and transfers vis-à-vis pages from the past.

President Ellen Johnson-Sirleaf has dismissed three senior officials of government,  endorsed the dismissal of five civil servants, approved the transfer of 18, and ordered legal action against several yet-to-be-identified others.

The presidential press release which announced the multiple actions, yesterday, said those dismissed were Assistant Minister for Commerce for, Ministry of Commerce and Industry, Aaron Mathies; **Deputy Minister and Chief Medical Officer, Ministry of Health & Social Welfare, Dr. Benson Barh,** and the  Chairman of Civil Aviation Authority, Ministry of Transport.

These senior officials of government were dismissed, according to the presidential release, for acts of impropriety that the President said were not consistent with the principles of their offices.

The release gave no further details, but observers said the President has held fiscal transparency, accountability, respect for human rights, the avoidance of corruption and corrupt practices including misfeasance, and prudent management of state resources as proprieties that must serve as the guiding principles of every agency of government.

They therefore hold that those dismissed may have contravened one, two, or all of these principles with corruption and the siphoning of public property being amongst the highest possibilities.

In addition to the direct dismissals, the President also endorsed the request of Finance Minister, Antoinette Sayeh, to dismiss Joemagaria Teld who is the senior collector of the Ganta Collector and his two deputies Joseph Gbollie and Wille A. Kaibay.

Also endorsed for dismissal supposedly from the Bureau of Excise at the Ministry of Finance were senior economist/MFU, Jesse Mulbah, Sr., and the supervisor of foreign travel, Stanley T. Beh.

The release was silent on exactly what necessitated the dismissal of the revenue collectors all of who came from the Ganta Collectorate in Nimba. The Ganta Collectorate, which collects revenue from the border point with neighboring Guinea, is said to be the busiest dealing with several trans-border traders daily.

The collectorate was in the news recently for the mismanagement and misappropriation of large volume of revenue collected in excise, immigration, and other revenue collection activities.

Beside the Ganta Collectorate dismissals, President Sirleaf approved Minister Sayeh's request to transfer eight personnel from the Freeport of Monrovia amongst them Maliki Dukuly who served as chief examiner, Mary Wilson who served as director of liquidation, Varney Conneh who served as deputy collector for operations, and Tarnue Gowolo who served as chief ministerial.

Others were Akoi Gawolo who served as chief wharfinger, Alvin Gaye who served as deputy chief wharfinger for administration, Richard N. Gaye who served as chief boarding officer, Flomo Johnson who served as deputy chief examiner for administration, and David Meanyean who served as senior examiner for BIVAC Warehouse.

In the President's first ever swoop on corruption; she also approved the transfer from the head office of Mulbah Gouyou who served as deputy comptroller, Mulbah Kpassaquoi who served as deputy director of the Bureau of General Audit (BGA), Mayabah S. Bayour who served as special project officer, and Mohammed S. Saysay who served as executive assistant.

Others approved for transfer were Musa M. Sheriff who served as computer operator, Sekou Saysay who served as driver, and Matalie Kanneh, Catherine Saysay, and Ismail Jabateh all of who served as office assistants.

The release said the dismissals and transfers were not ends in themselves but part of the larger and far-reaching plan by President Sirleaf to fulfill the pledge to fight corruption in government.

As further manifestation of the attempt to fulfill that pledge, the release said, President Sirleaf has begun the publication of several audit reports for the public.

The first of these reports concerned the audit of the Ministry of Finance and government's procurement arm, the General Services Agency (GSA), which revealed that 132 vehicles paid for by the government of Liberia were unidentifiable for lack of transaction records and cooperation from suspected vehicle dealers.

It is not clear which audit report or group of audit reports would come next, but the release said the President would not be content with the mere publication of the reports. It said she has already instructed the Ministry of Justice to conclude actions on several of these audit reports and identify for prosecution individuals who have committed grave abuse of the public trust.

The release made no reference to timetable for these activities, which many believe would add significance to the dismissals and transfers being announced. But it noted, "The President once again reiterates her pledge to the Liberia people that she will fight corruption in government and will separate the officials who abuse the public trust."

Even though the President's action, whatever the gravity of the prompter, appears swift, timely, and in tune with the administration's pledge to rid public offices of debilitating corruption, observers say it was too early to jubilate.

"The reason is," Jubah Tamba of Sinkor Old Road said using a popular Liberian adage, "when you praise white chicken for being spotless while it is still hanging around a bowl of red oil, it may become egoistic, careless, and most likely to fall into the palm oil and turn red."

He said the government has only being in power for six months and that while most of these months were characterized by news of corruption on the level of the previous administration, it was only now that the government was taking what he called "low-key" action.

On a more serious note, according Jeremiah V. Taryee, it was too early to praise the government because in his view, such actions were taken by past regimes without necessarily producing the desired effects.

"We saw individuals dismissed for corruption and incompetence. But what invariably followed these dismissals from administration to administration dating back to the Tolbert administration is that no sooner were these public servants dismissed than they were reemployed in higher positions," he said.

He said whether or not similar actions taken, then, were prompted by lack of qualified personnel to replace the dismissed, post-dismissal probe results that exonerated the dismissed officials, or presidential change of heart propelled by inner circle politics that ran deep into the social fabric of society is not clear.

But one thing that was clear, according to him, was the dismissed officials came back into government without explanation to the public bringing with them the stigma of corruption, vengeance for being unjustly dismissed, and feelings of vulnerability, and therefore prepared to grab as much as possible before the next dismissal is announced at the behest of the chief executive.

"This is the backbone of corruption: the job insecurity amongst political appointees who were dismissed as scapegoats or shifted around in circles to show that the president was doing something about corruption and inefficiency when the idea was to prove who is in charge and who is the only rooster in town," said Taryee.

It was once said during the Tolbert administration that individuals who were sacked for lateness in the morning were candidates for appointment by the afternoon hours to the extent that the president lost track of those dismissed.

Former presidents Doe and Taylor were also not freed of appointment and dismissals that were ends in themselves and therefore left the impression that they were political jockeys' rather serious attempts to address the problems of government.

"You know the government is like a football game with several competent persons on the bench. You have to make substitution," former President Charles Taylor once told journalists during one of his tête-à-têtes at the Executive Mansion.

What has never followed these presidential dismissals for which some hold them as witch-hunting and dismissals to give opportunities to supporters and partisans, according to observers, was prosecution in a court of competent jurisdiction to establish guilt and prescribe the appropriate legal remedy.

Now that President has taken the first step along those lines, analysts say, the distinguishing mark would be whether or not she follows through with the announcement ordering the Justice Ministry to prepare legal action for individuals that will be in the wrong.

The announcement made specific reference to those charged with wrongdoing in the audit reports, but whether that precludes those being dismissed for corruption is not clear.

Observers however believe that that will be made clear in the next few weeks when the actions announced are taken up. "But will the cycle of transfers and dismissals and reappointment with promotion ever be broken?" is the million-dollar question.

**Copyright © 2006 - The Analyst Newspaper - All rights reserved**

**Exhibit 21 - SLSOM's Civil Law Court Petition**

St. Luke School of Medicine
Represented by and thru its President, Jerroll
Dolphin and all of its officials/ authorized Agent
                                    PLAINTIFF

        VERSUS                                         ACTION   DAMAGES FOR WRONG

The Ministry of Health & Social Welfare,
Represented by and thru its Minister and The
Ministry of Education, represented by and thru
It's Minister and all of their principal Deputies,
And all of those working under the scope of
Authority, Republic of Liberia,
                                    DEFENDANTS

*Filed Sept. 15, 2006, at 3:38 pm*
*(BH Clerk of Court)*

## PLAINTIFF'S COMPLAINT

Plaintiff in the above-entitled cause of Action, complains against the within named
Defendants for reason legally showth unto Your Honor, to wit: -

1   That Plaintiff is a registered business and medical school entity/ Institution operating
    under the Liberia Business Association Laws. Photo copies of the Articles of
    Incorporation plus letters of accreditation from the Ministry of Health and Social
    Welfare are hereto attach and marked as exhibit P/1 in bulk to form part of this
    Complaint.

2   Plaintiff further says and submits that to authenticate the credibility of Plaintiff, a
    Legislation was past, sign into law by the than Liberian President and subsequently
    printed into hand Bill. Photo copies of said instruments are herewith attached, and
    marked P/2 in bulk to form part of this Complaint.

3   Plaintiff says and submits that since its accreditation by the relevant authorized
    authorities and Agencies of Government coupled with the Legislative Enactment
    none of which stated herein had been withdrawn or nullify by the Government of
    Liberia in keeping with the due process of law thus creating the atmosphere for
    Plaintiff to operate her school semesters and years and to put forth graduates while
    other students being enrolled. Plaintiff gives notice to Court to produce additional
    living and documentary evidence at the Trial in connection with the herein case.

4   Plaintiff contends and says that to her greatest dismay and surprise, the Defendants
    under an organized unlawful and illegal scheme prompt and subjected Plaintiff to
    public ridicule, degradization, hardship and damage the face of said Institution, and
    ignored all of the instruments and accreditation Plaintiff have, and without any

regards for or to the law controlling, denounced the credibility of Plaintiff eventhough, the Legislative Enactment of St. Luke School of Medicine remains unratified and the accreditation along with the Articles of Incorporation unrevoked since then upto and including the filing of this complaint, as in keeping with the laws of the Republic of Liberia

5. Plaintiff says and contends that as a result of Defendant's direct conduct, the credibility of Plaintiff has been questioned in some quarter and rejected in other quarters both within and out of Liberia thereby causing students who are presently been enrolled to abscorn the Institution/ University demanding US\$ 500, 000.00 United States Dollars as refund for expenses incurred at the Plaintiff's University plus LD\$ 1, 500, 000.00 Liberian dollars for the inconveniences suffered as a result of the abrupt closure of said University which amount Plaintiff seeks to recover from the Defendants. Plaintiff gives notice to prove same during trial.

WHEREFORE, and in view of the foregoing, Plaintiff brings this Action of Damages for Wrong against the within named Defendants, praying Your Honor to hold Defendants to pay unto Plaintiff the amount of US\$ 500,000.00 United States Dollars plus LD\$ 1, 500,000.00 Liberian dollars as special damages plus US\$ 115,000,000.00 United States dollars as general damage and grant unto Plaintiff any and all further relief as the end of justice demand.

RESPECTFULLY SUBMITTED:
The above named Plaintiff
By and thru Her Legal Counsel
WEAH AND ASSOCIATES LAW OFFICES
109 ASHMUN STREET, MONROVIA, LIBERIA

ATTORNEYS AND COUNSELLORS-AT-LAW

Dated this 4th day of

September , A.D 2006

\$ 4.00 Revenue stamp affixed on
the original copy

**REPUBLIC OF LIBERIA      )**      IN THE OFFICE OF THE JUSTICE OF PEACE FOR
**MONTSERRADO COUNTY)**      MONTSERRADO COUNTY, CITY OF MONROVIA,
                                                  LIBERIA

| | |
|---|---|
| St. Luke School of Medicine | ) |
| Represented by and thru its President, Jerroll | ) |
| Dolphin and all of its officials/ authorized Agent | ) |
| **PLAINTIFF** | ) |
| . | ) |
| **VERSUS** | )      ACTION  DAMAGES FOR WRONG |
| | ) |
| The Ministry of Health & Social Welfare | ) |
| Represented by and thru its Minister and The | ) |
| Ministry of Education, represented by and thru | ) |
| It's Minister and all of their principal Deputies. | ) |
| And all of those working under the scope of | ) |
| Authority, Republic of Liberia. | ) |
| **DEFENDANTS** | ) |

## PLAINTIFF'S AFFIDAVIT

PRESONALLY APPEARED BEFORE ME, the undersigned, a duly qualified Justice of the Peace

for Montserrado County, at my office in the City of Monrovia, Liberia Counsellor Ignatius N. Weah,

one of counsel of PLAINTIFF in the above entitled cause of action and made Oath according to the

law and facts as set forth and contained in the annexed PLAINTIFF'S COMPLAINT, are true and

correct to the best of his knowledge and belief, and as these matters of information received, he

verify believes them to be true and correct

                                                       SWORN AND SUBSCRIBED TO BEFORE ME
                                                       THIS 4th DAY OF September, A.D. 2006

                                                       JUSTICE OF THE PEACE MONT. CO. RL.

CLLR. IGNATIUS N. WEAH ONE OF
COUNSEL FOR PLAINTIFF / DEPONENT

US $5.00 Revenue stamp affixed on the original

BEFORE HIS HONOR EMERY S. PAYE _____ ASSIGNED CIRCUIT JUDGE

*filed Sept. 15, 2006,*
*at 3:38 pm.*
*(PHI) Clerk of Court*

St. Luke School of Medicine )
Represented by and thru its President Jerroll )
Dolphin and all of its officials/ authorized Agent )
                              PLAINTIFF )

           VERSUS )        ACTION: DAMAGES FOR WRONG

                              )

The Ministry of Health & Social Welfare )
Represented by and thru its Minister and The )
Ministry of Education, represented by and thru )
It's Minister and all of their principal Deputies, )
And all of those working under the scope of )
Authority, Republic of Liberia. )
            DEFENDANTS )

## PLAINTIFF'S WRITTEN DIRECTION

    The Clerk of Court
    Sixth Judicial Circuit
    Civil Law Court
    Montserrado County
    Republic of Liberia

Madam Clerk of Court

    Upon the receipt of Plaintiff's Complaint, Affidavit and other relevant documents along with your usual filling fees, you will docket the said cause of action in the September Term A.D. 2006 of the Civil Law Court Sixth Judicial Circuit, Montserrado County, same being the 18th day of September, A.D. 2006.

    You will also issue a writ of summons directed to the Sheriff of this Honorable Court to summons the within named Defendants to appear and / or file their Answers to Plaintiff's Complaint on the 14th day of September A.D. 2006. That failure on the part of the Defendants to appear and / or Answer JUDGMENT BY DEFULT SHALL BE rendered against them.

    You will also insert a clause in the said writ of summons commanding the Sheriff to make her final returns endorsed on the back of said writ of summons as to the form and manner of service on or before the said 14th day of September, A.D. 2006.

    AND FOR SO DOING, THIS SHALL CONSTITUTE YOUR LEGAL AND SUFFICIENT AUTHORITY.

                    RESPECTFULLY SUBMITTED
                    St. Luke School of Medicine
                    Represented by and thru its President
                    Jerroll Dolphin and all of its Officials / Authorized
                    Agents. PLAINTIFF. BY AND THRU THE
                    WEAH AND ASSOCIATES LAW OFFICE

Dated 4th day of
September, A.D. 2006

                    COUNSELLORS & ATTORNEYS AT-LAW

**Exhibit 22 - Ministry of Health & Social Welfare Answer to SLSOM's "Damages for Wrong" Complaint**

REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPT. TERM, A.D. 2006

**BEFORE HIS HONOUR:   EMERY S. PAYE. ....ASSIGNED CIRCUIT JUDGE**

IN RE   St. Luke School of Medicine ........)
        Represented by and thru its        )
        President, Jerroll Dolphin and      )
        all of its officials authorized Agents )
        all of the City of Monrovia,        )
        Liberia   ................PLAINTIFF)
                                            )
              VERSUS                        )   **ACTION OF DAMAGES FOR WRONG**
                                            )
        The Ministry of Health & Social     )
        Welfare, represented by and thru    )
        its Minister and the Minister of    )
        Education thru its Minister and all )
        those working under the scope of    )
        authority. R1.      DEFENDANTS)

**CO-DEFENDANT HEALTH MINISTRY'S ANSWER**

CO-DEFENDANT, MINISTRY OF HEALTH AND SOCIAL WELFARE, R.L., in the above entitled cause of Action answers the Plaintiff in the manner and form showeth as follows, to wit:

1.   That because as to the entire compliant of the Plaintiff, Co-Defendant, Ministry of Health & Social Welfare submits and contends that same is patently evasive, inconsistent and contradictory, and therefore does not present a clear-cut friable issue.   Wherefore Co-Defendant prays court that the complaint, being thus evasive and self-contradictory, be dismissed and Plaintiff made to pay the costs of these proceedings.

2.   That because further above, Co-Defendant submits and contends that it is against public policy that people who are duly appointed and commissioned to serve the public would plan, connive and engage in the most wanton dangerous enterprise and moral decadency by supporting, misrepresenting, misleading and fraudulently creating the atmosphere that leads the public to commit general suicide by the use of their knowledge in the medical profession and through the issuance of medical degree to non-qualified individuals purporting to be graduates of a medical school that does not in fact exist at all.

3.   That also because as to counts one (1) and (2) of the compliant, Co-Defendant submits and contends that said counts of the complaint are also fatally defective and bad in that Exhibits "P/1" and "P/2", the foundation stone of the entire Action of Damages for Wrong, is irreceivable in any court of justice in this Republic, for said Exhibits "P/1" & "P/2" which purport to be an alleged articles of incorporation and Hand Bill of legislative enactment constitute all fundamental elements of fraud and misrepresentation both in law and facts.   Co-Defendant submits that said Exhibits not having met the requirements of law for their validity cannot and will not be an exhibit in support of any pleading in law and equity, for they are null and void ab initio.   Hence, Co-Defendant prays Your Honour to dismiss Plaintiff's complaint in its entirety.

4.   That also because as to the entire five(5) counts complaint, Co-Defendant submits and contends that the Complainant in the instant case lacks legal capacity to institute this Action of Damages for Wrong because, the non-existence of the so-called St. Luke School of Medicine both de facto and de jure within the Republic of Liberia, the alleged articles of incorporation and legislative enactment not being in line with law, Plaintiff's complaint must crumble as a matter of law because, the both documents have been denounced to be false documents by NTLA and the Ministry of Foreign Affairs of the Republic of Liberia.   Attached hereto is a copy of the House Committee report which conducted investigation on the alleged establishment of St. Luke School of Medicine, marked as Exhibit "A" to form a material and cogent part of this Answer.

5.   That also because as to the five (5) counts complaint of the Plaintiff, Co-Defendant submits and contends that the so-called incorporators of the Articles of Incorporation of St. Luke School of Medicine, including Dr. Jerroll Dolphin, Dr. Meimei Dukuly and Mr. Frank E. Teah, Jr. and Dr. Peter S. Coleman, are all 419 gang of four in the medical field

- 2 -

of Liberia who are ready and prepared to mortgage the health and well-being of the people of this country in order to promote their own individual selfish gains at the expense of the medical profession

6    That because also as to the entire complaint of the Plaintiff, Co-defendant submits and contends that she will apply to the law that the so-called Plaintiff and all of its officers be charged with a criminal offense for falsification of government documents, with specific reference to the Articles of Incorporation of St. Luke School of Medicine and the alleged legislative enactment to establish St. Luke School of Medicine, and that the so-called incorporators being more dangerous than the war-lords in the Liberian civil war, be arrested and turned over to the special tribunal in Sierra Leone for their attempt to commit,and plan genocide through the use of medical knowledge against the people of Liberia

7    That also because as to counts four (4) and five (5) of Plaintiff's complaint, Co-Defendant submit and contends that said counts of the complaint are fatally defective and bad for pleading negative pregnant in that, while the burden of the complaint is non-existence of the so-called St. Luke School of Medicine, yet, and still in the prayer of complaint the Plaintiff is claiming the amount of US$500,000.00 and L$1,500.000,00 and as special damages plus US$115,000,000.00 as general damages in favor of an organization that does not exist de jure and de facto  Co-Defendant therefore submits and prays that the complaint being thus dismissably defective and bad, be ruled out of court and Plaintiff made to pay the costs of these proceedings.

8    That because further above, Co-Defendant Ministry of Health & Social Welfare says that the entire complaint is merely public relations exercise on the part of St. Luke School of Medicine Incorporators to gain sympathy from the general public for the heinous medical offense or wrong doing they have committed against the people of this country

9    And that also because as to counts three (3) and four(4), and therefore the entire complaint, are irreconcilably inconsistent, self-contradictory and repugnant one to the other, in that, whereas the Plaintiff is alleging that the students at the so-called institution/university have absconded and are demanding a refund of US$500,000.00 and L$1,500.000.00 for inconveniences suffered as a result of the abrupt closure of said university, yet, in the prayer of the complaint the Plaintiff is demanding US$500,000.00 plus L$1,500.000.00 and US$115,000,000.00 shamelessly for what reasons only God knows  Because of this unorthodox mode of pleading, born of a crafty design to extort public funds, Co-Defendant prays that the entire complaint be dismissed and the Plaintiff made to pay the costs of these proceedings

10    That because further to the above, Co-Defendant submits and contends that the only legal agency authorized by law to publish acts passed by the Legislature of Liberia is the Foreign Ministry of the Republic of Liberia.  Former Senator Beatrice Sherman has no legal authority to publish any act on behalf of the Government of Liberia, as was the case involving the so-called St. Luke School of Medicine legislative enactment of April 24, 2003

11    That also because CO-Defendant further submits and contends that it was impossible during August 7, 2003 for former President Charles Taylor of Liberia to have signed any act passed by the Legislature at that time when in fact the Legislature was completely out and the former President under the greatest international pressure which led to his departure on August 11, 2003  Between August 7, 2003 to August 11, 2003 former President Taylor was no longer in charge of things in Liberia. As such it was impossible for him to even contemplate signing an act to establish a school when his own future in Liberia was no longer certain  Who there see Former President Taylor between August 7 and August 11, 2003?

12    That because further to the entire complaint of the Plaintiff, Co-Defendant submits and contends that the President of the so-called St. Luke School of Medicine, Dr. Jerroll Dolphin, who was in the country without work permit, Resident Permit and license to practice medicine within the Republic of Liberia, could not have established any legal institution without being legally qualified to do so.  In the absence of the required documents mentioned supra, Dr. Dolphin is without legal capacity and authority to establish any institution in Liberia as an alien

- 3 -

13    That also because further to the above, Co-Defendant submits and contends that it is unfortunate and highly regrettable that Liberians like Dr Peter Coleman, Dr. Meimei Dukuly and Mr. Frank Teah would heartlessly and shamelessly abuse the medical profession by issuing medical degrees to individuals as graduates of a medical school that does not exist More-besides, how could St. Luke School of Medicine award medical degrees to graduates of said school in 2001, 2002, 2003, for a school that was allegedly established in 2000? Can anybody with a sound mind award a medical degree to a graduate who has studied for one (1) year only? Co-Defendant gives notice that at the trial she will produce more documentary evidence in support of this Answer

14    Co-Defendant hereby denies all and singular the averments as contained in the Plaintiff's complaint that is not specifically traversed in this Answer.

WHEREFORE, AND IN VIEW OF THE FOREGOING, Co-Defendant Ministry of Health and Social Welfare, R L prays Your Honour to deny and dismiss Plaintiff's complaint in its entirety, rule costs of these proceedings against the Plaintiff and grant unto Co-Defendant all further relief as Your Honour my deem just, legal and equitable in the instant

 

Respectfully submitted,
Co-Defendant Ministry of Health & Social Welfare,
By and thru its Legal Counsel,
TULAY AND ASSOCIATES

Fomba O. Sherif
COUNSELLOR-AT-LAW

Dated this 20th day of September, A D 2006

$5.00 Revenue Stamps Affixed on the Original.



## CO-DEFENDANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia, at my Office in the City of Monrovia, Liberia, Fomba O. Sherif, COUNSELLOR-AT-LAW and one of Counsel for Co-Defendant Ministry of Health & Social Welfare and made Oath According to Law that all and singular the allegations of facts and law as are seth forth and contained in the foregoing and annexed CO-DEFENDANT'S ANSWER are true and correct to the best of his knowledge and belief, and as to those matters of information thereto relating as relied upon, he verily believes them to be true and correct.

  

SWORN AND SUBSCRIBED TO BEFORE ME AT MY IN THE CITY OF MONROVIA, LIBERIA THIS 20th DAY OF ........ A.D. 2006

JUSTICE OF THE PEACE, MONT. CO., R.L.

Fomba O. Sherif
COUNSELLOR-AT-LAW & ONE OF COUNSEL
FOR CO-DEFENDANT DEPONENT/AFFIANT

$5 00 Revenue Stamps affixed on the original

REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPT. TERM, A.D. 2006

## BEFORE HIS HONOUR:  EMERY S. PAYE, ....ASSIGNED CIRCUIT JUDGE

The Ministry of Health & Social   )
Welfare, represented by & thru   )
its Minister     MOVANT)
                )

      **VERSUS**    )    **MOTION TO DISMISS**
                )

St. Luke School of Medicine,   )
represented by & thru its President,  )
Jerroll Dolphin and all of its officials )
authorized Agents, all of the City of )
Monrovia,             )
Liberia     **RESPONDENTS**  )

## GROWING OUT OF THE CASE:

St. Luke School of Medicine   )
Represented by & thru its    )
President, Jerroll Dolphin and all of )
its officials authorized Agents, all of )
the City of Monrovia,      )
Liberia     **PLAINTIFF**)
                )

      **VERSUS**    )    **ACTION OF DAMAGES FOR WRONG**
                )

The Ministry of Health & Social   )
Welfare, represented by and thru   )
its Minister and the Minister of   )
Education thru its Minister and all   )
those working under the scope of   )
authority,             )
R.L. ....... ...........DEFENDANTS)

### MOVANT'S MOTION

MOVANT IN THE ABOVE ENTITLED CAUSE OF ACTION, most respectfully moves this Honourable Court for a dismissal of Respondent/Plaintiff's Action of Damages for Wrong and for the factual and legal reasons showeth as follows

1    That because Movant submits and contends that the Respondent St. Luke School of Medicine lacks legal capacity to institute any action in this Republic, said institute not being a lawful and legal entity operating under the laws of Liberia, and that the laws of Liberia cannot and will not condone, sanction support and ratify any illegality and nobody can benefit from its own illegal acts.

2    That the Respondent/Plaintiff being and having been falsely created by its 419 incorporators in persons of Dr. Jerroll Dolphin, Dr. Meimei Dukuly, Mr. Frank E. Teah as well as their PROVOST Dr. Peter Coleman, under the most dubious criminal circumstances, said institution cannot benefit from its own illegal acts, fraud and misrepresentation.

3    That because only the ministry of Foreign Affairs of the Republic of Liberia is authorized by law to publish all legislative enactments in HANDBILL and to approve articles of incorporation to establish legal entities under the Association Laws of Liberia; both the House of Representatives (NTLA) and the Foreign Ministry of Liberia having denied the legal existence of the so-called St. Luke School of Medicine within the Republic of Liberia, said bogus St. Luke School of Medicine cannot now benefit from its own illegality because, for what is not done legally is not done at all, and that Respondent is 419 institution/university organized by the gang of four fraud stars including Peter s. Coleman, Meimei Dukuly, Jerroll Dolphin and Frank B. Teah, must be arrested for planning a time bomb to exterminate the entire population of Liberia by means of spreading medical virus as graduates of medical school or doctors.

4   That because Movant further prays court to order and declared null and void the articles of incorporation as well as the alleged legislative enactment which was never the end product of NTLA as alleged by Respondent/Plaintiff in its complaint   Movant gives notice that at trial he will produce copy of take medical degree issued to the so-called graduates of St  Luke School of Medicine, even though, the school does not exist de jure and de facto  See attached copy of NTLA Report.

**WHEREFORE, AND IN VIEW OF THE FOREGOING, MOVANT** most respectfully prays court to deny and dismiss Respondent/Plaintiff's complaint in its entirety, rule costs of these proceedings against the Respondent, order the so-called St. Luke School of Medicine Closed, and grant unto Movant all further relief as Your Honour may deem just, legal, transparent and equitable in the instant



Respectfully submitted,
The above named MOVANT,
By & thru its Legal Counsel,
TULAY & ASSOCIATES

Fomba O  Sherif
COUNSEL-AT-LAW

Dated this 20th day of September AD 2006

$5.00 Revenue Stamps affixed on the Original

## MOVANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia, at my office in the City of Monrovia, Liberia, Fomba O. Sherif, COUNSELLOR-AT-LAW and one of Counsel for MOVANT in the above entitled cause of Action and Made Oath according to law that all and singular the allegations of facts and law as are setforth and contained in the foregoing and annexed MOVANT'S MOTION TO DISMISS are true and correct to the best of his knowledge and belief, and as to those matters of information thereto relating as relied upon, he verily believes them to be true and correct.



SWORN AND SUBSCRIBED TO BEFORE ME AT THE OFFICE IN THE CITY OF MONROVIA, LIBERIA THIS 25th DAY OF SEPTEMBER

JUSTICE OF THE PEACE MONT.CO., R.L.

Fomba O  Sherif
COUNSELLOR-AT-LAW & ONE OF COUNSEL
FOR MOVANT  DEPONENT/AFFIANT

$5 00 Revenue Stamps affixed on the Original

**Exhibit 23 - Ministry of Education Answer to SLSOM's "Damages for Wrong" Complaint**

REPUBLIC OF LIBERIA        )        IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT
MONTSERRADO COUNTY)        MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                                    TERM A. D. 2006.

BEFORE HIS HONOR:        EMERY S. PAYE ...........................ASSIGNED CIRCUIT JUDGE

St. Luke School of Medicine                )
Represented by and thru its President, Jerroll    )
Dolphin and all of its officials/ authorized Agent )
.........................................PLANTIFF      )
                                                )
            VERSUS                              )        ACTION:        DAMAGES FOR WRONG
The Ministry of Health & Social Welfare         )
Represented by and thru its Minister and The    )
Ministry of Education, represented by and thru  )
it's Minister and all of their principal Deputies, )
and all of those working under the cope of      )
authority, Republic of Liberia,                 )
.........................................DEFENDANTS )

### DEFENDANT'S ANSWER

Defendant, Ministry of Education, in the above captioned cause of action denies the legal sufficiency of plaintiff's complaint and therefore requests this honorable Court to dismiss and over rule said complaint for reasons, both factual and legal, as shown below to wit:

1. That as to count one of plaintiff's complaint, defendant says that the school was incorporated under the laws of the Republic of Liberia but Article III of said articles has been violated for the fact that the school did engage in an unlawful act by issuing Fake Degrees to Students. This defendant stands ready to prove at trial.

2. That the acts of the school rely upon was enacted in violation of the rule or policy of the National Commission on Higher Education: this defendant stand ready to proof at trial.

3. That the Temporary Permit to operate St. Luke School of Medicine in the Republic of Liberia was obtained through fraud: This defendant stands ready to prove during trial by producing both living and documentary evidences.

4. That Section One of the act of St. Luke admits that the School was established on the first of August 2000 and incorporated August 22, 2001; meaning; the school was illegally operating before it was enacted on August 8, 2003 by the Legislature which was approved April 24, 2003.

5. That the School claimed to have campus at Gaye Town in 2005, but issued degrees before 2005 and attached a Lease Agreement for a building on Broad Street known and called Luke Building. This defendant stands ready to prove at trial by producing both living, oral and documentary evidences.

6. That the school St. Luke is operating without a campus as claimed, a requirement for the operating of medical school, contrary to information for Accreditation – Part 1 St. Like school of Medicine, Liberia 2004. Defendant will proof at trial.

7. That further to Plaintiff's complaint, defendant says indeed and in true, there exist and Articles of Incorporation and an Act of St. Luke School of Medicine plus the letter from the MOH but the purpose for which the act, the letter and the Articles of Incorporation was sought was defeated by the fraudulent action of the school. Hencefore, the action of damages can not lie. This defendant is ready to proof all of these during trial by producing oral, living and documentary evidences..

8. Defendants says that Plaintiff defeated the intent and credibility it sought through Legislation by engaging itself into illegal activities. This defendant stands ready to prove during trial.

9. Defendant says further that all legal documents can be nullified by the holder through the engagement of the holder into illegal act(s). That is, whatever that is not legally done, is not done at all. This defendant is ready to proof during trial.

10. Defendant further says that, every action of the Incorporation of the Institution relating to the provision of Higher Education in Liberia was violated by St. Luke School of Medicine. Defendant gives notice to Court that it shall produce living and documentary evidence to prove it case during trial.

11. Additionally, defendant says that Plaintiff has lost nothing since indeed and infact all of its actions were illegally done to claim damages from the Ministry of Education or any other Institution.

12. Finally, defendant says that Plaintiff has failed to state any instant or act/action of defendant, Ministry of Education contrary to law that damaged the school. Hencefore claim of damages cannot lie.

Wherefore, and in view of the foregoing, defendant prays this Honorable Court to dismiss Plaintiff's complaint in its entirely and rule costs against Plaintiff and grant unto defendant any and all further relief that this Court might deem just and legal.

Respectfully submitted,

Defendant By and thru its Legal
Counsel Viama J. Blama & NELAL

$1.00 Revenue Stamp
Affixed to original.

REPUBLIC OF LIBERIA )        IN THE OFFICE OF THE JUSTICE OF THE PEACE
MONTSERRADO COUNTY)      FOR AND IN MONTSERRADO COUNTY, LIBERIA

St. Luke School of Medicine                          )
Represented by and thru its president, Jerrol        )
Dolphin and all of its officials/authorized Agent    )
...........................................PLAINTIFF  )

                    **VERSUS**                        ) ACTION: **DAMAGES FOR WRONG**
                                                     )
The Ministry of health & Social Welfare,             )
Represented by and thru its Minister and The         )
Ministry of Education, represented by and thru       )
It's Minister and all of their principal Deputies,   )
And all of those working under the scope of          )
Authority, Republic of Liberia,                      )
........................................DEFENDANTS   )

## DEFENDANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and it Montserrado County, at my Office in the City of Monrovia, Liberia, Atty. Viama J. Blama, one of Counsels for Defendant in the above entitled cause of Action and make Oath according to law that all and singular the allegations of facts as are set forth and contained in the Defendant's Answer, are true and correct to the best of his knowledge and belief, as to those matters of information, he verily believes them to the true and correct.

                              Sworn and subscribed to before me,

                              This 27ᵗʰ day of Septbr A.D. 2006.



_____            _____
Viama J. Blama                     JUSTICE OF THE PEACE MONT. CO. R/L
ATTORNEY-AT-LAW

**Exhibit 24 - SLSOM's REPLY TO CO-DEFENDANT MINISTRY OF EDUCATION ANSWER**

REPUBLIC OF LIBERIA)          IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)       MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                                         TERM A. D. 2006.

BEFORE HIS HONOR: EMERY S. PAYE                     ASSIGNED CIRCUIT JUDGE:

                                                            *Filed oct. 6, 2006,*
St. Luke School of Medicine                              )   *at 4:20 p.m.*
Represented by and thru its President, Jerroll           )
Dolphin and all of its officials/ authorized Agent       )       *BBP Clerk of*
Of the City of Monrovia, Liberia     .    PLAINTIFF      )           *Court*
                                                          )
        VERSUS                                           )   ACTION:  DAMAGES FOR WRONG
                                                          )
The Ministry of Health & Social Welfare,                 )
Represented by and thru its Minister and The    ·        )
Ministry of Education, represented by and thru           )
It's Minister and all of their principal Deputies,       )
And all of those working under the scope of              )
Authority, Republic of Liberia.                          )
        . . . . .  . . . . .  . . . . . DEFENDANTS       )

PLAINTIFF'S REPLY TO CO- DEFENDANT MINISTRY OF EDUCATION ANSWER

Plaintiff in the above entitled cause of Action, denies the legal and factual
sufficiency of Co- Defendant's Ministry of Education Answer, pray Your Honor
for its dismissal in manner and form as follow, to wit: -

1   That as to the entire Co- Defendant 's Ministry of Education Answer, Plaintiff
    says and submits that same should be dismiss, in that, the Co- Defendant
    Ministry of Education woefully failed, refused and neglected to traverse on any
    of the count, say, count (1) thru (5) of the Plaintiff's Complaint, as such, same
    is an admission and an incurable legal blunder. The entire Co- Defendant's
    Ministry of Education Answer should therefore be dismissed.

2   That as to the entire Co- Defendant's Ministry of Education Answer, Plaintiff
    says and avers that the failure of Co- Defendant's Ministry of Education to
    verify her Answer as can be seen from the attached Co- Defendant's Ministry of
    Education Answer is subject to dismissal and should therefore be stricken from
    the records of these proceedings. The entire Co- Defendant's Ministry of
    Education Answer should be dismissed.                        •

3.  That as to count (1) of the Co- Defendant's Ministry of Education Answer,
    Plaintiff contends and says that as far as her Articles of Incorporation is
    concerned, and the Administration of the Institution of Plaintiff, there has been
    no violation of any of said Articles, as such, the allegation made by Co-
    Defendant's Ministry of Education being naked and without any justification
    nor evidence thereto in support of said averment same should therefore be
    dismissed  Count (1) of the Co- Defendant's Ministry of Education Answer
    should therefore be dismissed.

4.  That as to count (2) of the Co- Defendant's Ministry of Education Answer,
    Plaintiff says and contends said count is ridiculous and unfortunate because if
    the act rely upon by Plaintiff was enacted in violation of the rule or policy of
    the National Commission on Higher Education,

then, said institution would not have given accreditation to Plaintiff, hence, said
averment is repugnant and pregnant with deception, merely intended to mislead this
Honorable Court. Count (2) of the Co- Defendant's Ministry of Education Answer
would therefore be dismissed.

That as to count (3) of the Co- Defendant's Ministry of Education Answer,
Plaintiff vehemently opposed and reject said averment on grounds that under
our law one who alleges has the burden of prove but in the instant case, the Co-
Defendant's Ministry of Education has failed, refused and neglected to
authenticate the alleged fraud as such, count (3) is misleading and lacks legal
basis. Count (3) of the Answer should therefore be dismissed.

That as to count (4) of the Co- Defendant's Ministry of Education Answer,
Plaintiff says and submits that granted and not admitting said Institution was
established August 1, 2000, and incorporated August 22, 2001, same does not
in any way suggest that said school in operation or running a school semester.
Plaintiff says that she is law abiding and that is why she obtained the necessary
required documents in consonance with the Liberian Business Association
Laws and as such, would not have done any thing contrary to law as alleged by
co- Defendant Ministry of Education. Count (4) of the Answer should therefore
be dismissed.

That as to count (5) and (6) of the Co- Defendant's Ministry of Education
Answer, Plaintiff says and submits that said averments are ambiguous and
incomprehensible because Plaintiff was granted letter of accreditation when all
of its facilities had been inspected, as such, said accusation is muted and
saturated with falsehood. Count ( 5) and (6) of the Answer should therefore be
dismissed.

8  That as to count (7) and (8) of the Co- Defendant's Ministry of Education
Answer, Plaintiff maintains and says that the intent and purpose of the
Legislation has not been breached by Plaintiff nor has there been any point in
time, Plaintiff had ever perpetrated fraud but instead, Plaintiff had met the pre-
requisites as required and challenge Co- Defendant's Ministry of Education to
authenticate by evidence said allegation. Plaintiff says the entire Co-
Defendant's Ministry of Education Answer is saturated with falsehood and
misrepresentation needless to say count(7) and (8) thereof, as such, same should
be dismissed

9  That as to count (9) and (10) of Co- Defendant's Ministry of Education Answer,
Plaintiff maintains and says that the relief sought for her complaint is germane
and in consonance with the laws of the Republic of Liberia and therefore same
should not be disturbed Further, Plaintiff contends and says that not gone
contrary to any principles as may be required by Plaintiff to warrant the
nullification of said Plaintiff's Articles of Incorporation, Letters of
Accreditations and Legislative Enactment, especially without due process,
Plaintiff challenges the legal validity of Co- Defendant's Ministry of Education
as well as Co- Defendant's Ministry of Health and Social Welfare act denounce
the existence of said Institution and the authenticate of Plaintiff's credentials
which qualified Plaintiff to operate Medical school in Liberia. Count (9) and
(10) of the Answer should therefore be dismissed.

0. That as to count (11) and (12) of the Co- Defendant's Ministry of Education Answer, Plaintiff says further that she maintains and re- confirms the entire Complaint that Co- Defendant's Ministry of Education along with Co- Defendant's Ministry of Health & Social Welfare should be held liable for the malicious and calculated plan perpetrated against Plaintiff to damage, defame and subject Plaintiff to public ridicule especially, without due process when indeed and intruth, Plaintiff met the pre- requisite to operation as an institution. Count (11) and (12) of the Answer should therefore be dismissed.

11. Plaintiff denies all and singular the allegation of both law and fact as are set forth and contained in Co- Defendant's Ministry of Education Answer count (1) thru (12) which have been made subject of special traverse.

WHEREOF, and in view of the foregoing, Plaintiff prays Your Honor and this Honorable Court to dismiss and deny Co- Defendant's Ministry of Education answer in its entirety, rule the cost against Co- Defendant and grant unto Plaintiff any and all further relief as the end of justice demand.

RECPECTFULLY SUBMITTED
The above named PLAINTIFF
By & thru her legal counsel
WEAH & ASSOCIATES LAW OFFICES
109 ASHMUN STREET, OPPOSITE TELECOM

Dated this 6th day of
October, A.D. 2006

_____
ATTORNEYS AND COUNSELLOR-AT LAW

$4.00 Revenue stamp affixed
on the original copy.

REPUBLIC OF LIBERIA        )          IN THE OFFICE OF THE JUSTICE OF PEACE FOR
MONTSERRADO COUNTY)              MONTSERRADO COUNTY, CITY OF MONROVIA,
                                    LIBERIA

| | |
|---|---|
| St. Luke School of Medicine                       ) | |
| Represented by and thru its President, Jerroll    ) | |
| Dolphin and all of its officials/ authorized Agent ) | |
| . . .          . . .  . . . . . . . PLAINTIFF    ) | |
|                                                   ) | |
| **VERSUS**                                        ) | **ACTION:  DAMAGES FOR WRONG** |
|                                                   ) | |
| The Ministry of Health & Social Welfare,          ) | |
| Represented by and thru its Minister and The      ) | |
| Ministry of Education  represented by and thru    ) | |
| It's Minister and all of their principal Deputies, ) | |
| And all of those working under the scope of       ) | |
| Authority, Republic of Liberia,                   ) | |
| . .  . . . . . . . .  . . . DEFENDANTS            ) | |

### PLAINTIFF'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, the undersigned, a duly qualified Justice of the Peace

for Montserrado County  at my office in the City of Monrovia, Liberia Counsellor Ignatius N. Weah,

one of counsel of PLAINTIFF in the above entitled cause of action and made Oath according to the

law and facts as set forth and contained in the annexed PLAINTIFF'S REPLY, are true and

correct to the best of his knowledge and belief, and as these matters of information received, he

verify believes them to be true and correct

                                   SWORN AND SUBSCRIBED TO BEFORE ME
                                   THIS _6th_ DAY OF _____ 6 Ct__ A D 2006

                                   JUSTICE OF THE PEACE MONT CO. RL.

_____
CLLR. IGNATIUS N. WEAH ONE OF
COUNSEL FOR PLAINTIFF / DEPONENT

L.S 3.00 Revenue stamp affixed on the original

## Exhibit 25 - SLSOM FILES RESPONDENT'S RESISTANCE

REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPT. TERM, A.D. 2006

**BEFORE HIS HONOUR:   EMERY S. PAYE, ....ASSIGNED CIRCUIT JUDGE**

| | |
|---|---|
| The Ministry of Health & Social ) | |
| Welfare, represented by & thru ) | |
| its Minister ....       MOVANT) | |
| ) | |
| **VERSUS** ) | **MOTION TO DISMISS** |
| ) | |
| St. Luke School of Medicine, ) | |
| represented by & thru its President, ) | |
| Jerroll Dolphin and all of its officials ) | |
| authorized Agents, all of the City of ) | |
| Montovia, ) | |
| Liberia .        **RESPONDENTS** ) | |

**GROWING OUT OF THE CASE;**

| | |
|---|---|
| St. Luke School of Medicine ) | |
| Represented by & thru its ) | |
| President, Jerroll Dolphin and all of ) | |
| its officials authorized Agents, all of ) | |
| the City of Monrovia, ) | |
| Liberia        **PLAINTIFF**) | |
| ) | |
| **VERSUS** ) | **ACTION OF DAMAGES FOR WRONG** |
| ) | |
| The Ministry of Health & Social ) | |
| Welfare, represented by and thru ) | |
| its Minister and the Minister of ) | |
| Education thru its Minister and all ) | |
| those working under the scope of ) | |
| authority. ) | |
| R.L.        DEFENDANTS) | |

### MOVANT'S MOTION

MOVANT IN THE ABOVE ENTITLED CAUSE OF ACTION, most respectfully moves this Honourable Court for a dismissal of Respondent/Plaintiff's Action of Damages for Wrong and for the factual and legal reasons showeth as follows:

1   That because Movant submits and contends that the Respondent St. Luke School of Medicine lacks legal capacity to institute any action in this Republic, said institute not being a lawful and legal entity operating under the laws of Liberia, and that the laws of Liberia cannot and will not condone, sanction support and ratify any illegality and nobody can benefit from its own illegal acts

2   That the Respondent/Plaintiff being and having been falsely created by its 419 incorporators in persons of Dr. Jerroll Dolphin, Dr. Meimei Dukuly, Mr. Frank E. Teah as well as their PROVOST Dr. Peter Coleman, under the most dubious criminal circumstances, said institution cannot benefit from its own illegal acts, fraud and misrepresentation

3   That because only the ministry of Foreign Affairs of the Republic of Liberia is authorized by law to publish all legislative enactments in HANDBILL and to approve articles of incorporation to establish legal entities under the Association Laws of Liberia; both the House of Representatives (NTLA) and the Foreign Ministry of Liberia having denied the legal existence of the so-called St. Luke School of Medicine within the Republic of Liberia, said bogus St. Luke School of Medicine cannot now benefit from its own illegality because, for what is not done legally is not done at all, and that Respondent is 419 institution/university organized by the gang of four fraud sters including Peter s Coleman, Meimei Dukuly, Jerroll Dolphin and Frank F. Teah, must be arrested for planning a time bomb to exterminate the entire population of Liberia by means of spreading medical virus as graduates of medical school or doctors.

4    That because Movant further prays court to order and declared null and void the articles of incorporation as well as the alleged legislative enactment which was never the end product of NTLA as alleged by Respondent/Plaintiff in its complaint   Movant gives notice that at trial he will produce copy of take medical degree issued to the so-called graduates of St. Luke School of Medicine, even though, the school does not exist de jure and de facto   See attached copy of NTLA Report

WHEREFORE, AND IN VIEW OF THE FOREGOING, MOVANT most respectfully prays court to deny and dismiss Respondent/Plaintiff's complaint in its entirety, rule costs of these proceedings against the Respondent, order the so-called St. Luke School of Medicine Closed, and grant unto Movant all further relief as Your Honour may deem just, legal, transparent and equitable in the instant



Respectfully submitted,
The above named MOVANT,
By & thru its Legal Counsel,
**TULAY & ASSOCIATES**

Fomba O. Sherif
COUNSEL-AT-LAW

Dated this 20ᵗʰ day of September AD 2006

$5.00 Revenue Stamps affixed on the Original.

## MOVANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia, at my office in the City of Monrovia, Liberia, Fomba O. Sherif, COUNSELLOR-AT-LAW and one of Counsel for MOVANT in the above entitled cause of Action and Made Oath according to law that all and singular the allegations of facts and law as are setforth and contained in the foregoing and annexed MOVANT'S MOTION TO DISMISS are true and correct to the best of his knowledge and belief, and as to those matters of information thereto relating as relied upon, he verily believes them to be true and correct.



SWORN AND SUBSCRIBED TO BEFORE ME AT THE OFFICE IN THE CITY OF MONROVIA, LIBERIA THIS 20ᵗʰ DAY OF SEPTEMBER AD 20___

JUSTICE _____ MONT.CO., R.L.

Fomba O. Sherif
COUNSELLOR-AT-LAW & ONE OF COUNSEL
FOR MOVANT  DEPONENT/AFFIANT

$5.00 Revenue Stamps affixed on the Original.

REPUBLIC OF LIBERIA      )         IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)                MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                                   TERM A. D. 2006.

BEFORE HIS HONOR: EMERY S. PAYE.............................ASSIGNED CIRCUIT JUDGE:

The Ministry of Health & Social Welfare,      )
Represented by and thru its Minister............)
...................................... MOVANT )
                                              )         MOTION TO DISMISS
            VERSUS                            )
                                              )
st. Luke School of Medicine, represented by   )
and thru its President, Jerroll Dolphin and all )
of its officials authorized Agent, all of the city)
of Monrovia, Liberia........RESPONDENTS )

**GROWING OUT OT THE CASE:**

St. Luke School of Medicine                   )
Represented by and thru its President, Jerroll )
Dolphin and all of its officials/ authorized Agent )
.......................................PLAINTIFF )
                                              )
            VERSUS                            )         ACTION: **DAMAGES FOR WRONG**
                                              )
The Ministry of Health & Social Welfare,      )
Represented by and thru its Minister and The  )
Ministry of Education, represented by and thru )
It's Minister and all of their principal Deputies, )
And all of those working under the scope of   )
Authority, Republic of Liberia,               )
...................................DEFENDANTS )

**RESPONDENT'S RESISTANCE**

RESPONDENTS in the above entitled cause of action, most respectfully resist both the legal and factual intent of Movant's Ministry of Health & Social Welfare Motion in manner and form legally showth unto Your Honor, to wit: -

1. Respondents says that as to the entire Movant's Ministry of Health & Social Welfare Motion same should be dismissed because Respondent/ Plaintiff is a legally established Institution which can sue or be sued as can be seen from Respondent/ Plaintiff's Articles of Incorporation, Letters of Accreditations and legislative Enactment attached in her Complaint which instruments duly authenticate the validity of Plaintiff/ Respondent's status. Henceforth, the entire Motion to dismiss being legally unsound and lacks legal sanity should crumble and falls.

2. That as to count (1) of the Movant's Ministry of Health & Social Welfare Motion, Plaintiff/ Respondent contend and says that as far as her records are concerned in consonance with the Liberian Business Association Law, all requirement set forth by Government had been met by Plaintiff/ Respondent, and therefore Plaintiff/ Respondent can sue or can be sued as it is done in the instant case. Count (1) of the Motion should therefore be dismissed.

3. That as to count (2) of the Movant's Ministry of Health & Social Welfare Motion, Plaintiff/ Respondent says that said count is vague and incomprehensible because Plaintiff/ Respondent does not know what Movant/ Defendant referred to as 419 Incorporators but instead Plaintiff/ Respondent's Incorporators are credible and professional individuals who have made high mark in the up- liftment in our health sector in this Republic, as such, it is unfortunate and disheartening for Co- Defendant/

.../ 2

Movant Ministry of Health & Social Welfare to question the credibility and status of Plaintiff/ Respondent's Incorporators thus referred to them as criminals. Respondent/ Plaintiff contends and says that count (2) of the Motion being far from the truth and the crux of Plaintiff's Complaint should therefore be dismissed.

4. That as to count (3) and (4) of the Movant's Ministry of Health & Social Welfare Motion, Respondent/ Plaintiff frowns and contends at said averment and says that same should therefore be dismissed because said averment is a complete admission since indeed and intruth Movant has established that Plaintiff/ Respondent's Articles of Incorporation as well as the Legislative Enactment have not been revoked nor declared null and void by any courts of competent jurisdiction within the Republic of Liberia, since Movant now praying court to declare Plaintiff/ Respondent's Articles of Incorporation and the Legislative Enactment null and void. Count (3) and (4) of the Motion should therefore be dismissed.

5. Plaintiff/ Respondent denies all and singular the allegation of Movant's Motion counts (1) thru (4) which have not been made subject of special travers.

WHEREFORE, and in view of the foregoing, Respondent/ Plaintiff prays Your Honor to dismiss and deny Movant/ Defendant's Motion in its entirety and rule the cost of these proceedings against Movant/ Defendant and grant unto Respondent any and all further relief as the end of justice demand.

REPECTFULLY SUBMITTED:
The above named PLAINTIFF/ RESPONDENT
By and thru her Legal Counsel
WEAH AND ASSOCIATES LAW OFFICES
109 ASHMUN STREET, OPPOSITE TELECOM
MONROIA, LIBERIA.

ATTORNEYS AND COUNSELLORS-AT-LAW

Dated September 30, 2006.

$ 4.00 Revenue Stamp affixed to the
original copy.

REPUBLIC OF LIBERIA    )    IN THE OFFICE OF THE JUSTICE OF PEACE FOR
MONTSERRADO COUNTY)    MONTSERRADO COUNTY, CITY OF MONROVIA,
    LIBERIA.

The Ministry of Health & Social Welfare,    )
Represented by and thru its Minister............)
.................................... ...MOVANT )

    )
    **VERSUS**    )    **MOTION TO DISMISS**
    )

St. Luke School of Medicine, represented by  )
and thru its President, Jerroll Dolphin and all  )
of its officials authorized Agent, all of the city)
of Monrovia, Liberia........RESPONDENTS  )

**GROWING OUT OT THE CASE:**

St. Luke School of Medicine    )
Represented by and thru its President, Jerroll  )
Dolphin and all of its officials/ authorized Agent  )
....................... ...................PLAINTIFF  )

    )
    **VERSUS**    )    ACTION: **DAMAGES FOR WRONG**
    )

The Ministry of Health & Social Welfare,    )
Represented by and thru its Minister and The  )
Ministry of Education, represented by and thru  )
It's Minister and all of their principal Deputies,  )
And all of those working under the scope of  )
Authority, Republic of Libaria,    )
...................... .....................DEFENDANTS  )

**RESPONDENT'S AFFIDAVIT**

PRESONALLY APPEARED BEFORE ME, the undersigned, a duly qualified Justice of the Peace

for Montserrado County, at my office in the City of Monrovia, Liberia Counsellor Ignatius N. Weah,

one of counsel of RESPONDENT in the above entitled cause of action and made Oath according to the

law and facts as set forth and contained in the annexed RESPONDENT'S RESISTANCE, are true and

correct to the best of his knowledge and belief, and as these matters of information received, he

verify believes them to be true and correct.

SWORN AND SUBSCRIBE TO BEFORE ME
THIS 6th DAY OF _____ _____, A.D. 2006

_____
JUSTICE OF THE PEACE MONT. CO. RL

_____
CLLR. IGNATIUS N. WEAH ONE OF
COUNSEL FOR RESPONDENT / DEPONENT

L $ $.00 Revenue stamp affixed on the original

## Exhibit 26 - SLSOM FILES REQUEST FOR SUMMARY JUDGEMENT



REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                      TERM A. D. 2006.

BEFORE HIS HONOR, EMERY S. PAYE................ ...........ASSIGNED CIRCUIT JUDGE.

St. Luke School of Medicine )
Represented by and thru its President, Jerroll )
Dolphin and all of its officials/ authorized Agent )
Of the City of Monrovia, Liberia   ....MOVANT )
                                             )
**VERSUS**                                   )  ACTION: MOTION FOR SUMMARY
                                             )              JUDGMENT
                                             )
The Ministry of Health & Social Welfare,     )
Represented by and thru its Minister and The )
Ministry of Education, represented by and thru )
It's Minister and all of those working under the )
scope of Authority,  . . . . . RESPONDENTS )

### GROWING OUT OT THE CASE:

St. Luke School of Medicine )
Represented by and thru its President, Jerroll )
Dolphin and all of its officials/ authorized Agent )
 . . .  . . .  . . .    . . . . .PLAINTIFF )
                                          )
**VERSUS**                                )  ACTION: **DAMAGES FOR WRONG**
                                          )
The Ministry of Health & Social Welfare,  )
Represented by and thru its Minister and The )
Ministry of Education, represented by and thru )
It's Minister and all of their principal Deputies, )
And all of those working under the scope of )
Authority, Republic of Liberia,           )
 . . . . . . . . . . .  . . . . . . . . .DEFENDANTS )

### MOVANT'S MOTION

Movant in the above entitled cause of action, most respectfully moves this Honorable
Court in manner and form as follow, to wit: -

1. Movant is Plaintiff in an Action of Damages for Wrong which is pending before
   this Honorable Court undetermined. Movant request Your Honor to take judicial
   notice of records in the case file.

2. Movant says and avers that Summary Judgment will lie since indeed and intruth
   Respondent herein are government institution which ought to be concise on the
   subject proceedings, but because Co- Respondent Ministry of Education admitted
   and agreed that indeed Movant/ Plaintiff met the pre- requisite to operate Medical
   School since indeed Movant secured her Articles of Incorporation, Letters of
   Accreditations from the appropriate government agencies and a Legislative
   Enactment which Co- Respondent Ministry of Education did not deny while Co-
   Respondent Ministry of Health & Social Welfare conceded that due process has
   not been accorded Movant/ Plaintiff and therefore same suggests that it was
   erroneous and illegal to declare Movant/ Plaintiff's Institution bogus and closed
   same down without due process, especially in the face of all those relevant
   documents.

3. Further above, Movant/ Plaintiff says and submits that summary judgment will lie because Co- Respondent Ministry of Education failed, refused and neglected to traverse on any of the counts in Plaintiff's Complaint nor made a general denial but instead made a naked and empty statement as though she was the complainant while Co- Respondent Ministry of Health & Social Welfare admitted that even though President Taylor signed said Enactment empowering Plaintiff to operate a medical school but did so under international pressure, as such, in-as-much President Taylor was in power what ever function was exercised by him during his tendency, same was legal and genuine, therefore, the Act empowering Plaintiff to operate cannot be questioned.

4. Movant/ Plaintiff says and submits the averments put forth in Defendants/ Respondents ought to be collaborative and concise but same is the contrary, in that, at one point of time Co- Respondent Ministry of Education admitting to the authenticity of Movant/ Plaintiff's credentials but argued that because Plaintiff does not have school yard while Co- Respondent Ministry of Health & Social Welfare agrees in principal that indeed President Taylor did signed or approved said Bill Enacting Plaintiff's institution to operate as medical school but claim same was done under international pressure, and also agreed that those who duly accredited Movant/ Plaintiff was authorized to do so but did same under a organized scheme. The question is granted and not admitting that same is true, were is the findings that established that those who accredited Movant/ Plaintiff did so clandestinely? Where are the records to show that indeed Movant/ Plaintiff was accorded due process as made and provided by operation of law, that is, which court of competent jurisdiction has adjudged Plaintiff/ Movant liable or guilty for such a bogus and misleading allegation? The failure on the part of Defendants/ Respondents to so do, same constitutes an admission and therefore Summary Judgment will lie.

5. Movant/ Plaintiff says this Motion is filed in good fate and not to baffle speedy trial.

WHEREFORE, and in view of the foregoing, Movant/ Plaintiff request Your Honor to grant her Motion of Summary Judgment against Co- Respondent/ Co- Defendant herein and hold her liable to Plaintiff and grant unto Movant/ Plaintiff any and all further relief as the end of justice demand.

RECPECTFULLY SUBMITTED
The above named PLAINTIFF
By & thru her legal counsel
WEAH & ASSOCIATES LAW OFFICES
109 ASHMUN STREET, OPPOSITE TELECOM.

Dated this _10th_ day of
October A.D 2006

ATTORNEYS AND COUNSELLOR-AT-LAW

$4.00 Revenue stamp affixed
on the original copy.

REPUBLIC OF LIBERIA        )
MONTSERRADO COUNTY)

IN THE OFFICE OF THE JUSTICE OF PEACE FOR
MONTSERRADO COUNTY, CITY OF MONROVIA
LIBERIA

St. Luke School of Medicine
Represented by and thru its President, Jerroll
Dolphin and all of its officials/ authorized Agent
Of the City of Monrovia, Liberia        MOVANT

**VERSUS**

The Ministry of Health & Social Welfare,
Represented by and thru its Minister and The
Ministry of Education, represented by and thru
It's Minister and all of those working under the
scope of Authority,..        RESPONDENTS

ACTION: MOTION FOR SUMMARY
JUDGMENT

**GROWING OUT OF THE CASE:**

St. Luke School of Medicine
Represented by and thru its President, Jerroll
Dolphin and all of its officials/ authorized Agent
        MOVANT

**VERSUS**

The Ministry of Health & Social Welfare,
Represented by and thru its Minister and The
Ministry of Education, represented by and thru
It's Minister and all of their principal Deputies,
And all of those working under the scope of
Authority, Republic of Liberia,
        DEFENDANTS

ACTION: DAMAGES FOR WRONG

## MOVANT'S AFFIDAVIT

PRESONALLY APPEARED BEFORE ME, the undersigned, a duly qualified Justice of the Peace
for Montserrado County, at my office in the City of Monrovia, Liberia Counsellor Ignatius N. Weah,
one of counsel for MOVANT in the above entitled cause of action and made Oath according to the
law and facts as set forth and contained in the annexed MOVANT'S MOTION, are true and
correct to the best of his knowledge and belief, and as these matters of information received, he
verify believes them to be true and correct

SWORN AND SUBSCRIBED BEFORE ME
THIS /04 DAY                     A.D. 2006

JUSTICE OF THE PEACE MONT. CO. RL

CLLR. IGNATIUS N. WEAH ONE OF
COUNSEL FOR MOVANT / DEPONENT

L.$ 3.00 Revenue stamp affixed on the original

# Exhibit 27 - MINISTRY OF EDUCATION WITHDRAWAL

REPUBLIC OF LIBERIA        IN THE CIVIL LAW COURT  SIXTH JUDICIAL CIRCUIT
MONTSERRADO COUNTY        MONTSERRADO COUNTY  SITTING IN ITS SEPTEMBER
                          TERM A. D. 2008

BEFOR HIS HONOR      EMERY S PAYE _____ ASSIGNED CIRCUIT JUDGE

The Ministry of Health & Social
Welfare represented by & thru
its Minister                    MOVANT

         VERSES                           ACTION:    DAMAGES FOR WRONG

St. Luke School of Medicine,
Represented by and thru its President,
Jerroll Dolphine and all of its officials,
Authorized Agents, all of the City of
Monrovia
Republic of Liberia        RESPONDENTS

## CO-DEFENDANT NOTICE OF WITHDRAWAL

The Clerk of Court
Sixth Judicial Circuit
Montserrado County
Temple of Justice Building
Monrovia, Liberia

Dear Madam Clerk,

Upon the receipt of these our Notice of Withdrawal, you will please spread upon records of this
Honorable Court that the within named Co-Defendant  Ministry of Education have withdrawn their
answer with the reservation to re-file

**BY SO DOING,** this shall constitute your legal and sufficient authority

Respectfully submitted
The within named Co-Defendant
its said thru its Legal Counsel and NEAL A and
this _____ day of October, A.D. 2008

Viamia J. Blama
ATTORNEY - AT - LAW

# Exhibit 28 - SLSOM'S REQUEST FOR CLERK'S CERTIFICATE" (Default Certificate)

REPUBLIC OF LIBERIA)  IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT, MONTSERRADO
MONTSERRADO  COUNTY) N  COUNTY, SITTING IN ITS SEPTEMBER TERM A. D. 2006.

BEFORE HIS HONOUR:  EMERY S. PAYE,...................ASSIGNED CIRCUIT JUDGE:

St. Luke School of Medicine
Represented by and thru its President,
Jerroll Delphin and all of its officials
/authorized A ent...............PLAINTIFF)

        Versus

The Ministry of Health & Social Welfare,
Represented by and thru its Minister and
the Ministry of Education, represented
by and thru its Minister and all of their
principal Deputies, and all of those
working under their scope of authority
......................DEFENDANTS)

ACTION:  DAMAGES FOR WRONG

### REQUEST FOR CLERK'S CERTIFICATE

The Clerk of Court
Civil Law Court
Sixth Judicial Circuit
Montserrado County
Liberia

Madam Clerk of Court;

     You will please take due and timely notice of the above captioned case
and spread upon the records of this Honourable Court that eventhough the De-
fendants Ministry of Education, had filed an Amended Answer but refused,
failed and neglected to file an Withdrawal of previous Answer and from careful
perusal of the case file, there is no Withdrawal therein in support of said
Amended Answer.

    Hence, our request for Clerk Certificate.

    AND FOR SO DOING, THIS SHALL CONSTITUTESN FOUR LEGAL AND SUFFICIENT
AUTHORITY.

                   RESPECTFULLY SUBMITTED:
                   The above named PLAINTIFF
                   By & Thru Her Legal Counsel
                   WEAH AND ASSOCIATES LAW OFFICES
                   109 ASHMUN STREET, OPPOSITE TELECOM,
                   MONROVIA, LIBERIA

                   ATTORNEYS AND COUNSELLORS-AT-LAW

REPUBLIC OF LIBERIA   )   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT
MONTSERRADO COUNTY )   MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                         TERM A D 2006

**BEFOR HIS HONOR: EMERY'S PAYE         ASSIGNED CIRCUIT JUDGE**

| | | |
|---|---|---|
| The Ministry of Health & Social | ) | |
| Welfare, represented by & thru | ) | |
| Its Minister................ .........**MOVANT** | ) | |
| | ) | |
| **VERSUS** | ) | **ACTION:   DAMAGES FOR WRONG** |
| | ) | |
| St. Luke School of Medicine, | ) | |
| Represented by and thru its President, | ) | |
| Jerroll Dolphine and all of its officials | ) | |
| Authorized Agents, all of the City of* | ) | |
| Monrovia, | ) | |
| Republic of Liberia.. ....... **RESPONDENTS** | ) | |

### CO-DEFENDANT NOTICE OF WITHDRAWAL

The Clerk of Court
Sixth Judicial Circuit
Montserrado County
Temple of Justice Building
Monrovia, Liberia

Dear Madam Clerk:

Upon the receipt of these our Notice of Withdrawal, you will please spread upon records of this
Honorable Court that the within named Co-Defendant, Ministry of Education have withdrawn their
Answer with the reservation to re-file.

**BY SO DOING**, this shall constitute your legal and sufficient authority.

Respectfully submitted,
The within named Co-Defendant
By and thru it Legal Counsel and NEALA and
This _____ day of October, A D. 2006

Viama J. Blama
**ATTORNEY - AT - LAW**

## Exhibit 29 - SLSOM FILES MOTION FOR BARE DENIAL

REPUBLIC OF LIBERIA)            IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)         MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                            TERM A. D. 2006.

**BEFORE HIS HONOR: EMBRY S. PAYE** ................ASSIGNED CIRCUIT JUDGE.

| | |
|---|---|
| St. Luke School of Medicine )<br>Represented by and thru its President, Jerroli )<br>Dolphin and all of its officials/ authorized Agent )<br>Of the City of Monrovia, Liberia.... ... MOVANT ) | |
| )<br>VERSUS ) | ACTION **MOTION FOR BARE DENIAL** |
| )<br>) | |
| The Ministry of Health & Social Welfare, )<br>Represented by and thru its Minister and all of its )<br>Principal Deputies, and all of those working under )<br>the scope of Authority, Republic of Liberia )<br>................................... RESPONDENT ) | |

**GROWING OUT OT THE CASE:**

| | |
|---|---|
| St. Luke School of Medicine )<br>Represented by and thru its President, Jerroli )<br>Dolphin and all of its officials/ authorized Agent )<br>................................... PLAINTIFF ) | |
| )<br>VERSUS ) | ACTION **DAMAGES FOR WRONG** |
| )<br>The Ministry of Health & Social Welfare, )<br>Represented by and thru its Minister and The )<br>Ministry of Education, represented by and thru )<br>It's Minister and all of their principal Deputies, )<br>And all of those working under the scope of )<br>Authority, Republic of Liberia, )<br>.................. DEFENDANTS ) | |

### MOVANT'S MOTION

Movant, St. Luke School of Medicine, in the above entitled proceedings moves this Honorable court to rule Respondent Ministry of Health & Social Welfare to bare denial in manner and form as follow, to wit. -

1. Movant is Plaintiff in an action of Damages for Wrong, which was filed on the 15th day of September A. D. 2006 which Complaint is still pending before this Honorable court undetermined. Movant request your Honor to take judicial notice of the case file.

2. Movant says and submits that on the 18th day of October A. D. 2006, she received copy of a notice of withdrawal from the Respondent Ministry of Health & Social Welfare by and thru one of counsels for Ministry of Education who also served other documents on the same date on Movant and was duly receipted, Since both institutions are principal Defendants and Government Institutions. Photo copy of the notice of withdrawal from the Ministry of Health & Social Welfare is herewith attached, marked exhibit P/1 to form part of this Motion.

3. Movant contends and says that since the filing of said Notice of Withdrawal, same being over ten (10) days as required by law for Respondent Ministry of Health &

Social Welfare to file her Amended Answer but since then, she has refused, failed and neglected to file same, as such, Movant obtained a Clerk Certificate to that effect, and since then upto- date. Respondent has not filed any Amended Answer. Photo copy of the Clerk Certificate is herewith attached, marked exhibit M- 2 to form part of this Motion.

4. Movant says that this Motion is filed in good fate and not to baffle speedy trial

WHEREFORE, and in view of the foregoing, Movant prays Your Honor to rule Respondent Ministry of Health & Social Welfare to bare denial and grant unto Movant any and all further relief as the end of justice demand.

RESPECTFULLY SUBMITTED
The above named PLAINTIFF
By & thru her legal counsel
WEAH & ASSOCIATES LAW-OFFICES
109 ASHMUN STREET, OPPOSITE TELECOM.

Dated this ___ day of
October A D 2006

ATTORNEYS AND COUNSELLOR-AT-LAW

$4.00 Revenue stamp affixed
on the original copy

REPUBLIC OF LIBERIA)    IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY SITTING IN ITS SEPTEMBER
                            TERM A D 2006

**BEFORE HIS HONOR EMERY S. PAYE** ............................ **ASSIGNED CIRCUIT JUDGE**

The Ministry of Health & Social Welfare      )
Represented by and thru its Minister        )
          **MOVANT**          )
                              )      **MOTION TO DISMISS**
      **VERSUS**            )
                              )
St. Luke School of Medicine           )
Represented by and thru its President, Jerroll  )
Dolphin and all of its officials/ authorized Agent )
Of the City of Monrovia, Liberia  **RESPONDENTS** )

      **GROWING OUT OF THE CASE:**

St Luke School of Medicine           )
Represented by and thru its President, Jerroll  )
Dolphin and all of its officials/ authorized Agent )
Of the City of Monrovia, Liberia    **PLAINTIFF** )
                              )
      **VERSUS**            )  **ACTION DAMAGES FOR WRONG**
                              )
The Ministry of Health & Social Welfare,   )
Represented by and thru its Minister and The  )
Ministry of Education, represented by and thru )
It's Minister and all of their principal Deputies, )
And all of those working under the scope of  )
Authority, Republic of Liberia,        )
               **DEFENDANTS**   )

                **RESPONDENT'S RESISTANCE**

Respondent in the above entitled proceedings most respectfully resists, Movant's
Ministry of Health & Social Welfare Motion in manner and form as follow, to wit: -

1. That as to the entire Movant's Ministry of Health & Social Welfare Motion,
Respondents says same should crumble and fall, in that, under our law, a Motion must
emanate from a main suit but Respondents have observed that since the withdrawal of
Movant's Ministry of Health & Social Welfare Answer from the court, same been
over ten (10) days as made and provided by statute, she has failed, refused and
neglected to file any Amended Answer since then upto and including the filing of this
Motion, Respondents request Your Honor to take judicial notice of the case file.

2. Further above, Respondents says that by virtue of Movant's Ministry of Health &
Social Welfare withdrawal of her Answer, but subsequently failed to file an Amended
Answer since then upto and including the filing of this Motion, same suggests that
there is no Answer before Court since the Respondent's/ Plaintiff's Complaint was
filed, that is, in favor of Co- Defendant's/ Movant's Ministry of Health & Social
Welfare, of course, Movant is subject to bare denial, and as such, cannot raise law
issues. Hence, the so- called Motion to dismiss should be dismissed

3. Further above, Respondents says that said Motion cannot stand as stated above and in addition hereto, said Motion does not have a covering Affidavit as can be seen from the case file, as such, the entire Motion must be dismissed.

4. That as to count (1), (2), (3) and (4) of Movant's Ministry of Health & Social Welfare Motion, Respondent says said counts are misleading and misrepresentation of the facts, something far from reality, and therefore, the entire Motion Should be dismissed, needless to say, count (1), (2), (3) and (4) thereof; hence, Respondents/ Plaintiff maintains and reconfirms counts (1) thru (5) of her complaint and says same should not be disturbed.

5. Respondents deny all and singular the allegation contained in Movant's Ministry of Health & Social Welfare Motion, in that, count (1) thru (4) which have not been made subject of special traverse

WHEREFORE, and in view of the foregoing, Respondent pray Your Honor to dismiss Movant's Ministry of Health & Social Welfare Motion, in its entirety and rule the cost therefrom against Movant and grant unto Respondents all further relief as the end of justice demand.

RESPECTFULLY SUBMITTED
The above named PLAINTIFF
By & thru her legal counsel
WEAH & ASSOCIATES LAW OFFICES
109 ASHMUN STREET, OPPOSITE TELECOM.

Dated this 30ᵗᴴ day of
October A D. 2006

ATTORNEYS AND COUNSELLOR-AT-LAW

$4.00 Revenue stamp affixed
on the original copy

**Exhibit 30 - Liberia Government Defaults-Liberia Civil Law Court Issues Default Certificate to SLSOM**

REPUBLIC OF LIBERIA )IN THE SIXTH JUDICIA L CIRCUIT, CIVIL LAW COURT FOR
MONTSERRADO COUNTY  )MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER TERM,
                    )A.D. 2006.

BEFORE HIS HONOUR: EMERY S. PAYE.............ASSIGNED CIRCUIT JUDGE

IN RE:  St. Luke School of Medicine, represented
        by and thru its President, Jerrell Dolphin            ACTION:
        and all of its officials/authorised Agent
        of the City of Monrovia, Liberia...PLAINTIFF      )
                                                          )  DAMAGES FOR
                        VERSUS                            )  WRONG.
                                                          )
        The Ministry of Health & Social Welfare, re-      )
        presented by and thru its Minister and the Min-   )
        istry of Education, represented by and thru its   )
        Minister and all of their Deputies, a nd all of   )
        these working under the scope of authority, Re-   )
        public of Liberia ...................DEFENDANTS   )

                        CLERK'S CERTIFICATE

AN INSPECTION OF THE CASE FILE IN THE ABOVE CAPTIONED CAUSE OF ACTION
REVEALS THAT THE NOTICE OF WITHDRAWAL CARRIES THE MINISTRY OF HEALTH
& SOCIAL WELFARE EXCLUSIVELY/ AS MOVANT; WHILE THE AVERMENT CARRIES THE MINISTRY
OF EDUCATION AS CO-DEFENDANT, UP TO AND INCLUDING THE ISSUANCE OF THIS
CLERK'S CERTIFICATE.

                        HENCE, THIS CLERK'S CERTIFICATE.

                        GIVEN UNDER OUR HANDS AND SEAL OF COURT,
                        THIS 30TH DAY OF OCTOBER, A.D. 2006.

COURT'S   SEAL:
                        Victor G. Gailor, ASST. CLERK, SIXTH JUDICIAL
                        CIRCUIT, CIVIL LAW COURT, MONT. CO., R. L.

ATTESTED:
                        Nancy Washington, Clerk, Files & Records, Civil Law Court;

                        Margaret Browne, Asst. Clerk, Files & Records, Civil Law Court.

**Exhibit 31 - LEGISLATIVE ENACTMENT**



# AN ACT
## TO
# INCORPORATE

## ST. LUKE SCHOOL OF MEDICINE (SLSOM)

### OF

### THE CITY OF MONROVIA
### MONTSERRADO COUNTY
### REPUBLIC OF LIBERIA

### AND TO GRANT IT A CHARTER

### BY
### THE NATIONAL LEGISLATURE
### OF THE
### REPUBLIC OF LIBERIA

**APPROVED APRIL 24, 2003**

**PUBLISHED BY AUTHORITY**
**MINISTRY OF FOREIGN AFFAIRS**
**August 8, 2003**

ST. LUKE THE HEALER
SCHOOL OF MEDICINE (SLSOM)

AN ACT

TO

INCORPORATE

ST. LUKE SCHOOL OF MEDICINE (SLSOM)

OF

THE CITY OF MONROVIA

MONTSERRADO COUNTY
REPUBLIC OF LIBERIA

AND TO GRANT IT A CHARTER

BY

THE NATIONAL LEGISLATURE
OF THE
REPUBLIC OF LIBERIA

APPROVED APRIL 24, 2003

PUBLISHED BY AUTHORITY
MINISTRY OF FOREIGN AFFAIRS
August 8, 2003

WELCOME TO ST. LUKE
SCHOOL OF MEDICINE (SLSOM)

# AN ACT TO INCORPORATE

## ST. LUKE SCHOOL OF MEDICINE (SLSOM)

OF

### THE CITY OF MONROVIA

**MONTSERRADO COUNTY**
**REPUBLIC OF LIBERIA**

AND TO GRANT (SLSOM) A CHARTER
IT IS ENACTED BY THE NATIONAL LEGISLATURE
OF THE
REPUBLIC OF LIBERIA, IN LEGISLATURE ASSEMBLED

## ARTICLE 1

**SECTION 1:**

ST. LUKE SCHOOL OF MEDICINE WAS ESTABLISHED AUGUST 1, 2000, AND INCORPORATED AUGUST 22nd, 2001 IN THE CITY OF MONROVIA, MONTSERRADO COUNTY, REPUBLIC OF LIBERIA, IS HEREBY ESTABLISHED IN THE NAME OF ST. LUKE SCHOOL OF MEDICINE INCORPORATED (SLSOM), BY AND THROUGH ITS FOUNDERS, DR. JERROLL DOLPHIN, PRESIDENT, HON. FRANK E. TEAH JR., VICE PRESIDENT, AND DR. MEIMEI DUKULY, DEAN OF ACADEMIC AFFAIRS. SAID SCHOOL IS HEREBY FURTHER GRANTED THIS CHARTER, WHICH ENDOWS IT WITH ALL THE RIGHTS, PRIVILEGES AND BENEFITS EXISTING IN SIMILAR INSTITUTIONS OF HIGHER LEARNING WITHIN THIS REPUBLIC, AND SHALL HENCEFORTH BE KNOWN BY THE NAME AND TITLE "ST. LUKE SCHOOL OF MEDICINE"

**SECTION 2: LEGAL STATUS**

THE ST. LUKE SCHOOL OF MEDICINE (SLSOM) IS HEREBY MADE A LEGAL AND CORPORATE ENTITY WITH PERPETUAL SUCCESSION, AND SHALL HAVE THE AUTHORITY TO CONTACT, SUE AND BE SUED, PLEAD AND BE IMPLEADED IN ANY COURT OF COMPETENT JURISDICTION WITHIN THE REPUBLIC, TO PURCHASE OR OTHERWISE ACQUIRE AND HOLD PROPERTY, REAL AND MIXED UP TO THE VALUE OF ONE HUNDRED AND FIFTY MILLION UNITED STATES DOLLARS (US$150,000,000). THE SAID ST. LUKE SCHOOL OF MEDICINE (SLSOM) SHALL BE PERPETUALLY MAINTAINED IN THE REPUBLIC FOR MEDICAL EDUCATION OF THE PEOPLE OF THIS NATION, PEOPLE OF THE OTHER COUNTRIES AND FOR WHO MAY HAVE THE CAPACITY TO SEEK MEDICAL EDUCATION.

-1-

## ARTICLE III

### TRUSTEE BOARD

**SECTION I**

The governance of St. Luke School of medicine (SLSOM) shall be vested in the trustee board, which is hereby made a corporate body under the name and style of the trustees of St. Luke School of Medicine (SLSOM) with perpetual succession of members to be chosen and appointed as herein provided in this charter.

**SECTION II**

### COMPOSITION OF THE BOARD

The board shall be composed of members appointed by the founders of St. Luke School of Medicine (SLSOM). The members appointed shall be seven(7) and they shall serve for the period of four(4) years. The minister of Health of the Republic of Liberia shall serve as provost.

**SECTION III**

### QUORUM

A quorum shall consist of five(5) Board Members, including the Chairman.

**SECTION IV**

### POWERS AND DUTIES OF THE TRUSTEES BOARD

The Trustees Board of St. Luke School of Medicine(SLSOM) shall exercise the following powers and perform the following duties in accordance with the objectives of St. Luke School of Medicine(SLSOM).

- to make and use a common seal and to alter same at its pleasure

- To provide a faculty, establish procedures and standard control regulations and control for the functioning of St. Luke School of Medicine(SLSOM). To grant degrees appropriate for St. Luke School of Medicine.

To take gift, grant, devise purchase or otherwise acquire real property and hold same or to sell, let, lease and invest or in any manner manage damage such property for the benefit of St. Luke School of Medicine. Income therefrom to be applied to the endowment and support of the ST. LUKE School Of Medicine (SLSOM) and in such manner, as support of the SLSOM, to promote the interest of the St. Luke school of medicine (SLSOM), the growth of the St Luke School of Medicine (SLSOM) and improvement of its faculty and student body.

---

## ARTICLE II

### MEDICAL EDUCATION MISSION STATEMENT

**SECTION I**

St. Luke School of Medicine has two major goals for its graduates: that they broadly and humanly educated men and women, and that they view medicine as a socially responsible human service profession.

St. Luke School of Medicine seeks students, who regard medicine as a noble profession rather than a trade to be learned, as a humanitarian pursuit, as well as a scholarly discipline, and as a unique lifetime experience. St. Luke School of Medicine graduates must be well-rounded, scientifically grounded, but also capable of approaching problems from a variety of perspectives, drawing upon the methods of analysis of the humanist, the social scientist and the behavioral scientist. St. Luke School of Medicine intend that our students follow in the tradition of medicine, placing the welfare of their patients and society above self-interest. St. Luke School of Medicine teaches its students to prepare to meet the technologic innovations of the present and future

St. Luke School of Medicine expects that its M.D. recipients are conjoined to a wide, continuing view of their human condition, from both historical and contemporary perspective. The result is a "liberal" medical education and by the entire faculty of its great institution which draws lecture in the great disciple from the Medical School dictates to mime. This is our educational mission.

To other what we do offers
June, 1998

**SECTION 11:**

The Board of Trustees of the St. Luke School of medicine may acquire public lands in the various counties and district of the Republic of Liberia when necessary, as land grant, from the government of the Republic of Liberia, free of all charges and assessments for the furtherance of the objectives of the St. Luke School of Medicine (SLSOM) and its various departments.

**ARTICLE IV**

**DUTIES OF THE PRESIDENT**

**SECTION I.**

1. The president of the St. Luke School of Medicine(SLSOM) shall be nominated by the Founders and be confirmed by the Board of Trustees.

2. The president shall, in consultation with and upon the advice of the Founder, have authority. The offices of the St. Luke School of Medicine(SLSOM) within the framework of the charter, by-laws, regulations, and establish policies of St. Luke School of Medicine(SLSOM). He shall submit to the board of Trustees through the Founder, and Annual Report covering the activities of the St. Luke School of Medicine(SLSOM).

3. The president of the St. Luke School of Medicine(SLSOM), after consultation with and upon prior approval of the Founders, shall nominate to the Board of Trustees such members of the faculty as may be required to carry out the work of the St. Luke School of Medicine, Vice President, Deans and/or Directors of the Various departments and other members of the Faculty for their consideration and approval.

4. The President of the St. Luke School of Medicine, in consultation with the founders, shall prepare and submit an Annual Budget, covering the expenditure of all institutional operation, to the Board of Trustees for their consideration and approval.

• To inter into and execute and contract and agreement, to mortgage real and personal property and, in presence thereof its deeds, bills of sale or other instruments in writing sealed with the common seal of the Board of trustees of the St. Luke School of medicine and signed by its order shall be considered in law as the act of the said Board of Trustees, when made in to corporate uses.

• To sue and be sued, to plead and be impleaded against in all actions and to prosecute the same as necessary to final judgement and executive in the name of the St. Luke School of Medicine (SLSOM).

• To approve the appointment of the Deans and Directors of various departments and other members of the faculty and staff upon nomination by the President of the St. Luke School of Medicine (SLSOM).

• To make such by-laws, rules and regulations as may be necessary for itself and for the efficient governance of the St. Luke School of Medicine.

• To confer the usual academic honor and degrees granted to similar institution upon recommendation of the faculty through the President of St. Luke School of Medicine (SLSOM) and to confer honorary degrees upon the recommendation of the President of the St. Luke School of Medicine (SLSOM) and approve by the Board of Trustees.

• To do all other things held within its by-laws and constitution not inconsistent with the Charter and the Constitution of the Republic of Liberia and to do all other acts necessary and expedient for the administration of the affairs and attainment of the purpose of the St. Luke School of Medicine(SLSOM) or similar non-profit existing organization.

• To elect its officers and members and to establish its standing and special committee.

• To approve the annual budget of the St. Luke School of Medicine(SLSOM) as prepared and submitted by the President of St. Luke School of Medicine.