James R. Rogers/SBN 99102
jrogers@jrrlaw.net
Jason Sparta/SBN 228458
jsparta@jrrlaw.net
LAW OFFICES OF JAMES R. ROGERS
125 S. Highway 101, Suite 101
Solana Beach, CA   92075
Telephone:  858-792-9900
Facsimile:   858-792-9509

Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES
erroneously sued as
EDUCATION COMMISSION FOR
FOREIGN MEDICAL GRADUATES; and
FOUNDATION FOR ADVANCEMENT OF
INTERNATIONAL MEDICAL EDUCATION
AND RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ST.LUKE SCHOOL OF MEDICINE, et al.<br><br>Plaintiff(s)<br><br>v.<br><br>REPUBLIC OF LIBERIA, et al.<br><br>Defendants.<br>_____ | Case No. CV-10-1791RGK (SHx)<br><br>DEFENDANTS' POINTS AND AUTHORITIES IS SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION<br><br>[FRCP Rule 12(b)(2)]<br><br>Date:         June 14, 2010<br>Time:        9:00 a.m.<br>Courtroom:  850 |

Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES erroneously sued as EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND

RESEARCH ("FAIMER") submit the following memorandum of points and authorities in support of their motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(2).

## I.
## ISSUES PRESENTED

Plaintiffs do not have an adequate basis for personal jurisdiction over moving defendants, and their pleadings lack any such assertions. Moving defendants were served in Pennsylvania. Both moving defendants' principal place of business is in Pennsylvania, all operations out of which this case arises occurred in Pennsylvania. Moving defendants have not consented to personal jurisdiction within the state of California.

## II.
## STATEMENT OF FACTS

Plaintiffs are St. Luke School of Medicine, Dr. Jerroll B. R. Dolphin and Dr. Robert Farmer. On March 11, 2010, plaintiffs filed their complaint for damages in the Unites States District Court, Central District of California. Plaintiffs thereafter filed a first amended complaint. On April 21, 2010, plaintiffs personally served moving defendants with said first amended complaint in Pennsylvania.

Both moving defendants ECFMG and FAIMER are 501(c)(3) not-for-profit corporations. Defendant ECFMG is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania. Defendant FAIMER is Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

The alleged operations of moving defendants out of which this case arises occurred in Pennsylvania. All potential employee and non-employee witnesses for moving defendants are located in Pennsylvania. The acts or omissions for which plaintiffs seek to hold defendants liable in this action all occurred outside of California.

As more fully set forth below, it would be unreasonable to require defendants to defend this action in courts within California due to the burden on moving defendants considering that moving defendants are not incorporated in California, their principal place of business is in Pennsylvania, all business operations out of which this case arises occurred in Pennsylvania, and all witnesses and employees of moving defendants are located are in Pennsylvania.

### III.
### APPLICABLE LAW

Personal jurisdiction is required whenever a judgment is sought that would impose an obligation on defendant personally. *Pennoyer v. Neff* (1877) 95 US 714, 720-722. Ordinarily, federal courts do not have nationwide personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.* (1987) 484 US 97, 104-105; see F.R.C.P. 4(k)(1)(A).

Due process requires an adequate basis for jurisdiction over the party sought to be bound by the court's judgment or decree. The three bases for exercise of personal jurisdiction recognized since early common law are: 1. service within state (physical presence); 2. domicile; 3. consent. *Pennoyer v. Neff* (1877) 95 US 714, 720-722. Absent one of the traditional bases for jurisdiction above (presence, domicile, or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notion of fair play and substantial justice." *International Shoe Co. v. Washington* (1945) 326 US 310, 316.

### IV.
### ARGUMENT

As explained below, plaintiffs lack both the traditional bases for jurisdiction (presence, domicile, or consent), as well as the "minimum contacts" necessary to establish personal jurisdiction over moving defendants.

3

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

A. <u>Moving defendants were neither served within the state of California, nor have they consented to personal jurisdiction in California</u>.

Plaintiffs served moving defendants in Philadelphia, Pennsylvania on April 21, 2010 with the First Amended Complaint. (See Donohue Declaration, par. 14.) Moving defendants have not consented to personal jurisdiction in the state of California.

B. <u>Moving Defendants were not domiciled within the state of California</u>.

Defendant ECFMG is a 501(c)(3) not-for-profit corporation, incorporated in the State of Illinois, with its principal place of business in Philadelphia, Pennsylvania and is engaged in the business of assessing and certifying foreign medical graduates for entry into graduate medical education programs in the United States. (See Donohue Declaration, par. 2.)

Defendant FAIMER is a 501(c)(3) not-for profit corporation, incorporated in the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania and is engaged in the business of enhancing international medical education through programs of research and education, as well as maintaining a directory of international medical schools, known as the International Medical Education Directory ("IMED"). (See Donohue Declaration, par. 3.)

C. <u>Moving defendants do not have "minimum contacts" with the state of California</u>.

Neither moving defendant is incorporated in California, nor is either moving defendants' principal place of business in California. (See Donohue Declaration, pars. 2-4.) No officers or directors of either moving defendant reside or are domiciled in California. (See Donohue Declaration, par. 5.)

All of moving defendants operations out of which this case purportedly arises occurred in Pennsylvania, although defendant ECFMG does currently runs a single testing facility for a single component of the United States Medical Licensing Exam in Los Angeles, California. (See Donohue Declaration, par. 6.)

All potential employee and non-employee witnesses for moving defendants are located in Pennsylvania. (See Donohue Declaration, par. 7.) The acts or omissions for which plaintiffs seek to hold defendants liable in this action all occurred outside of California. (See Donohue Declaration, par. 12.)

## V.

## CONCLUSION

The Court lacks personal jurisdiction over moving defendants. Thus, moving defendants respectfully request the court dismiss plaintiffs' claim pursuant to Rule 12(b)(2).

Dated:   May 12, 2010

LAW OFFICES OF JAMES R. ROGERS

*James R. Rogers*

By: _____
James R. Rogers, Esq.
Attorneys for Defendants
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES erroneously sued as
EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; and
FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH