1  James R. Rogers/SBN 99102
   jrogers@jrrlaw.net
2  Jason Sparta/SBN 228458
   jsparta@jrrlaw.net
3  LAW OFFICES OF JAMES R. ROGERS
   125 S. Highway 101, Suite 101
4  Solana Beach, CA   92075
   Telephone:   858-792-9900
5  Facsimile:   858-792-9509

6  Attorneys for Defendants
   EDUCATIONAL COMMISSION FOR
7  FOREIGN MEDICAL GRADUATES,
   Erroneously sued as
8  EDUCATION COMMISSION FOR
   FOREIGN MEDICAL GRADUATES,
9  and
   FOUNDATION FOR ADVANCEMENT OF
10 INTERNATIONAL MEDICAL EDUCATION
   AND RESEARCH
11

12

13                     UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 ST.LUKE SCHOOL OF MEDICINE,   )  Case No. CV-10-1791RGK (SHx)
17 et al.                        )
                                 )
18        Plaintiff(s)           )  DEFENDANTS' MOTION TO
                                 )  DISMISS PLAINTIFFS' FIRST
19                               )  AMENDED COMPLAINT FOR
   v.                            )  LACK OF SUBJECT MATTER
20                               )  JURISDICTION AND FOR FAILURE
                                 )  TO STATE A CLAIM
21 REPUBLIC OF LIBERIA, et al.   )
                                 )  [F.R.C.P. 12(b)(1) & 12(b)(6)]
22        Defendants.            )
                                 )
23                               )  Date:        June 14, 2010
                                 )  Time:        9:00 a.m.
24                               )  Courtroom:   850
                                 )
25                               )
   _____     )
26

27       Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL

28 GRADUATES erroneously sued as EDUCATION COMMISSION FOR

                                  1

FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH ("FAIMER") submit the following memorandum of points and authorities in support of their motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure section 12(b)(6).

**I.**

**ARGUMENTS RE SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Plaintiffs allege subject matter jurisdiction pursuant to the Treaty of Friendship, Commerce and Navigation, 54 Stat. 1739 T.S. #956.  At page 2, paragraph 3 of plaintiffs' complaint, plaintiffs acknowledge that in order to confer jurisdiction upon this Court pursuant to the Friendship Treaty, it must "conform" to the "local laws" to which the residents of the State of California must "conform" before bringing suit in United States courts.  *Argentine Republic v. Amerada Hess Shipping Corp., et al.*, (1989) 488 U.S. 428, 443; 109 S.Ct. 683, holding that the Foreign Sovereign Immunity Act "is clearly one of the 'local laws' to which respondents much 'conform' before bringing suit in United States courts."  As more fully set forth below, plaintiffs have not conformed to the local laws and therefore cannot bring the subject suit in United States courts.

The subject complaint is captioned as a class action seeking recovery on various theories.  These theories listed below are the ones alleged in the body of the complaint commencing page 59, line 22 through page 69, line 17.

      1. Trade libel;

      2. Intentional Interference with Prospective Business Advantage;

      3. False Imprisonment;

      4. Negligence;

5. Loss of Consortium;

6. Conversion;

7. Due Process;

8. Equal Protection;

9. Conspiracy of Commit Civil Rights Violations;

10. Intentional infliction of emotional distress;

11. Negligent infliction of emotional distress;

## II.

## BRIEF FACTUAL SUMMARY RELATING TO MOVING PARTY

Plaintiffs allege in paragraph 3 that the Education Commission for Foreign Medical Graduates ("ECFMG") administers the United States medical licensing examination to graduates of foreign medical education institutions.  It also alleges ECFMG qualifies foreign medical graduates for medical residency in the United States by issuing an ECFMG certificate based upon successful completion of the USMLE Step 1 and 2.

Foundation for Advancement of International Education and Research ("FAINER") is alleged to be an ECFMG agency that maintains "the International Medical Education Directory 'IMED'".  The IMED is currently the sole source for listing qualified foreign medical students in the United States.  The introduction commencing on page 8, paragraph 25 summarizes the factual foundation of each and every claim alleged by plaintiff.  It states the following:

> In 2005, organized conspirators and government
> officials, who are angered because St. Luke School
> of Medicine ('SLSOM') refused to pay bribes,
> attacked SLSOM in the media and internet.  When
> Dr. Dolphin refused to pay the bribe demands, the
> same public officials began making false public
> statements to the media, and sending letters with

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1
2
3

> false statements worldwide to principal agencies involved in the recognition listing of medical degrees and medical licenses."

The allegations relating to ECFMG or FAINER first begin at page 32.  Up to that point, the allegations are more like a diary of the interactions between plaintiff Dolphin and the various Liberian governmental agencies.  In short, plaintiffs claim that because he refused to pay a bribe to certain officials at the National Commission on Higher Education (a Liberian agency), this agency issued a letter dated April 11, 2005 which stated SLSOM "does not exist" and was a "computer school".  It is alleged upon receipt of the letter ECFMG, without corroboration of the evidence or claim stated in the letter, immediately withdrew SLSOM from the IMED and cancelled the USMLE tests results for all of its students and graduates past and present.  [It should be noted that on March 12, 2005 (Exhibit 13 to the complaint) the Liberian National Commission on Higher Education responded to a letter from ECFMG.  This letter was in response to a January 11, 2005 letter that makes reference to four questions posed to Liberian Commission.  These were the same questions posed to the Liberian Commission on January 26, 2006 which never resulted in any response from the Liberian Commission.

In paragraph 161 it is alleged that on October 3, 2005 the National Commission on Higher Education for Liberia sent a letter to ECFMG stating as follows:

> Based upon the ruling of the Supreme Court of the Republic of Liberia regarding St. Luke School of Medicine, the court has ordered the medical school reinstated to its previous status it was during the accreditation process.  Abiding by the Supreme Court order, the National Commission of Higher Education hereby revokes the letter of April 11,

_____

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1
2005 (paragraph 12), which denied the existence of

2
St. Luke School of Medicine and further advises

3
that is should continue its existence . . . . We also

4
request that the St. Luke School of Medicine be

5
included in the International Medical Education

6
Directory as it was previously." [This is attached

7
as Exhibit 18.]

8
        Plaintiffs allege that ECFMG completely disregarded the NCHE letter.

9
SLSOM was not listed on the IMED as it was previously and has not been sent.

10
        On January 26, 2006 ECFMG sent a letter to Dr. Isaac Roland at the

11
Liberian National Commission of Higher Education making the following

12
inquiries:

13

14
2. What is the status of the medical degrees

15
awarded by St. Luke School of Medicine for the

16
years 2000-2005; are holders of degrees issued

17
during those years recognized as physicians by the

18
government of Liberia, and are they eligible to

19
apply for medical licensure in Liberia.

20
3. Are graduates of St. Luke School of Medicine

21
who received their medical degrees beginning

22
January 2006 eligible for medical license in

23
Liberia? If so, as of what date are (or will) these

24
graduates be eligible for medical licensure in

25
Liberia?

26
4. Please confirm that instruction has begun at the

27
campus of St. Luke School of Medicine in Gaye

28
Town, Monrovia on the date of which the

instruction began.

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1    Plaintiffs allege in paragraph 167 that the Liberian National Commission of

2  Higher Education never responded to ECFMG's January 26, 2006 letter.

3                                          **III.**

4  **NO FACTS ALLEGED AGAINST MOVING PARTY TO SUPPORT**

5  **ANY OF THE CLAIMS FOR RELIEF ASSERTED BY PLAINTIFF**

6                                          *A.*

7                                     *Trade Libel*

8    Commencing at page 59, paragraph 193 plaintiffs allege their "trade libel"

9  claim.  However, none of the allegations relating to trade libel have anything to do

10 with ECFMG or FAIMER.  While plaintiffs do allege at paragraphs 196 and 197 of

11 the complaint plaintiffs allege that "defendants made public statements" and

12 "defendants made false statements", nowhere is it alleged that ECFMG or

13 FAIMER made any such statements.

14    In any event, even assuming plaintiffs adequately allege facts to support a

15 claim within this cause of action, it is time barred pursuant the one year statute of

16 limitations provided by California Code of Civil Procedure section 340(c).

17                                          *B.*

18                  *Intentional Interference with Prospective*

19                      *Economic Business Advantage*

20    At page 65, paragraph 199 plaintiffs allege the cause of action for intentional

21 interference with a prospective business advantage.  It is alleged that "defendants,

22 and each of them, were aware of SLSOM's economic relationship with the

23 Republic of Liberia, ECFMG, potential medical students worldwide and World

24 Health Organization, by virtue of enabling documents.  Then plaintiffs allege that

25 "defendants false public statements were designed to disrupt SLSOM's worldwide

26 economic relationship.  Plaintiffs further allege that "defendants false public

27 statements cause ECFMG to permanently remove SLSOM from the IMED, even

28 after a Liberian Supreme Court order and several subsequent NCHE letters

---

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1  requested that SLSOM be reinstated.  As a consequence of SLSOM's removal

2  from the IMED, medical students lost jobs, residencies and positions.

3  Additionally, medical students had legitimately earned licenses revoked and

4  properly earned degrees invalidated, as set forth in Exhibit 1."

5       This claim for relief is premised upon false public statements.  Again, there

6  are no allegations that ECFMG of FAIMER made any false statements about

7  plaintiffs.

8       In any event, even assuming plaintiffs adequately allege facts to support a

9  claim within this cause of action, it is time barred pursuant to the two-year statute

10  of limitations provided by California Code of Civil Procedure section 339(1).

### C.

### *False Imprisonment*

13      Page 66 alleges false imprisonment in paragraph 201.  This clearly has

14  nothing to do with ECFMG or FAIMER, however, plaintiffs allege "defendants,

15  without lawful privilege, confined Dr. Dolphin against his will by preventing him

16  from travelling freely as set forth in paragraph 80 through 85."

17      In any event, even assuming plaintiffs adequately allege facts to support a

18  claim within this cause of action, it is time barred pursuant to the one year statute

19  of limitation provided by California Code of Civil Procedure section 340(c).

### D.

### *Negligence*

22      Plaintiffs allege a general negligence theory in paragraph 202.  They allege

23  "defendants owed a duty to plaintiffs to insure that plaintiffs not be deprived of

24  life, liberty, or property without due process of law."  They further allege that

25  "defendants, by failing to present any meaningful evidence to support the

26  accusation against plaintiffs, breached its duty to provide plaintiff with due process

27  of law.  Defendants breach caused SLSOM to be removed from IMED, effectively

28  nullifying medical student's degrees and medical licensing examination scores.  [It

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1 should be noted that the due process referred to here is the due process exercised in

2 Liberia, not the United States.]

3        Simply put, ECFMG and FAIMER, both non-profit corporations, cannot

4 negligently deprive plaintiffs of their due process rights.  Indeed, the alleged due

5 process violations alleged in the complaint arise out of the Liberian governments

6 conduct, not ECFMG or FAIMER.

7        In any event, even assuming plaintiffs adequately allege facts to support a

8 claim within this cause of action, it is time barred pursuant to the two year statute

9 of limitations provided by California Code of Civil Procedure section 335.1.

10                                        *E.*

11                              *Loss of Consortium*

12        Plaintiff claims loss of consortium.  He claims that all the defendants trade

13 libel and negligence caused plaintiff's wife to leave him.

14        A loss of consortium claim is not a direct claim, it is a derivative one

15 brought by the victims spouse.  Thus, even assuming this is a legally viable claim it

16 is one that could be brought by Dr. Dolphin's wife, not Dr. Dolphin.

17        In any event, even assuming plaintiffs adequately allege facts to support a

18 claim within this cause of action, it is time barred pursuant to the two year statute

19 of limitations provided by California Code of Civil Procedure section 335.1.

20                                        *F.*

21                                  *Conversion*

22        Paragraph 205 alleges conversion.  Plaintiff alleges that their property shall

23 not be taken without due process of law and without payment or just

24 compensation.  They further allege that the nationals of each high contracted party

25 shall receive within the territories of the other upon submitting to conditions

26 imposed upon the nationals the most constant protection and security for their

27 personal property.  Then plaintiffs allege that defendants through its arbitrary

28 hearings and decision making effectively converted plaintiffs' property.

_____
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1    There are no allegations, nor can there be, that ECFMG and FAIMER, both

2  non-profit corporations, have deprived plaintiffs of their due process rights and as a

3  result somehow converted property.  Indeed, the alleged due process violations

4  alleged in the complaint arise out of the Liberian governments conduct, not

5  ECFMG or FAIMER.

6    In any event, even assuming plaintiffs adequately allege facts to support a

7  claim within this cause of action, it is time barred pursuant to the three year statute

8  of limitations provided by California Code of Civil Procedure section 338(c).

9                                                    *G.*

10                                    ***Due Process Violation***

11    Plaintiff alleges due process as a count/cause of action.  He alleges that no

12  person shall be deprived of life, liberty or property without due process of law.

13  Then quotes that each high contracting party "shall receive within the territories of

14  the other upon submitting to conditions imposed upon its nationals the most

15  constant protection and security for their person and property."

16    The crux of the alleged due process violation, as alleged by plaintiffs, is

17  contained in paragraph 208 wherein it is stated – "Defendants, by failing to present

18  at any hearing any meaningful evidence to support their accusations against

19  plaintiffs before illegally dismantling SLSOM, breached its duty to provide

20  Plaintiffs with due process of law, and treated Plaintiffs differently that A.M.

21  Dogliotti, a similarly situated medical school that suffered none of the harms to

22  which SLSOM was subjected.  Defendants breach caused SLSOM to be removed

23  from IMED . . . ."

24    Thus, the alleged due process violations arise out of actions taken by certain

25  governmental officials in Liberia. Thus, there are no allegations, nor can there be,

26  that ECFMG and FAIMER, both non-profit corporations, have deprived plaintiffs

27  of their due process rights and as a result somehow converted property.

28

_____
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *H.*

### *Violation of Equal Protection*

Paragraph 208 (note there are two paragraphs numbered 208) alleges equal protection violations.  It alleges that "no state shall  . . . deny to any person within its jurisdiction equal protection of laws."  Then plaintiff cites to the friendship treaty stating "the nationals of high contracting party shall receive within the territories of the other, upon submitting to particular conditions imposed upon its nationals."

Essentially, this claim for relief allegations the same conduct supporting plaintiffs due process allegations and are therefore equally defecieint.

### *I.*

### *Conspiracy to Violate Civil Rights*

Page 68, paragraph 209 alleges conspiracy to commit civil rights violations. It is alleged that "defendant Dr. Isaac Roland, Mohammed Sheriff, Dr. Evelyn Kondakaie, Dr. Horatius Browne and Dr. Benson Barh each conspired with one another to denigrate SLSOM's reputation in an effort to secure bribes.  Then plaintiff alleges that "all defendants were aware of SLSOM's legitimate status and sought to discredit SLSOM to secure monthly bribes.

Again, the conduct supporting this legal theory is directed at the Liberian officials and/or government, not ECFMG of FAIMER.

### *J.*

### *Intentional Infliction of Emotional Distress*

Paragraph 210 sets forth plaintiffs' intentional infliction of emotional distress theory.  This essentially incorporated the prior allegations.  Plaintiffs allege that "defendants intentionally took Dr. Dolphin's passport and prevented him from travelling on two separate occasions to visit his wife and family."

Little need be said other than there are no allegations against ECFMG or FAIMER supporting such claim for relief.

10

---

1   In any event, even assuming plaintiffs adequately allege facts to support a

2   claim within this cause of action, it is time barred pursuant to a statute of

3   limitations no longer than the 2-year statute of limitations provided by California

4   Code of Civil Procedure section 335.1.

*K.*

*Negligent Infliction of Emotional Distress*

At page 69, paragraph 211, plaintiffs allege their claim for negligent

infliction of emotional distress.  This is essentially the same allegation for the

intentional infliction and is equally legally and factually deficieint.

In any event, even assuming plaintiffs adequately allege facts to support a

claim within this cause of action, it is time barred pursuant to the two year statute

of limitations provided by California Code of Civil Procedure section 335.1.

**IV.**

**CONCLUSION**

For the foregoing reasons, defendants ECFMG and FAIMER move this

Court for an order dismissing this case pursuant to F.R.C.P. 12(b)(1) for lack of

subject matter jurisdiction and pursuant to F.R.C.P. 12(b)(6) for plaintiffs' failure

to state a claim.

Dated:      May 12, 2010          LAW OFFICES OF JAMES R. ROGERS


                                  *James R. Rogers*

                        By:    _____
                                  James R. Rogers, Esq.
                                  Attorneys for Defendants
                                  EDUCATIONAL COMMISSION FOR
                                  FOREIGN MEDICAL GRADUATES,
                                  erroneously sued as
                                  EDUCATION COMMISSION FOR
                                  FOREIGN MEDICAL GRADUATES,
                                  and
                                  FOUNDATION FOR ADVANCEMENT
                                  OF INTERNATIONAL MEDICAL
                                  EDUCATION AND RESEARCH

_____
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM