MICHAEL D. YOUNG (SBN 120787)
NICOLE C. RIVAS (SBN 179337)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: mike.young@alston.com
          nicole.rivas@alston.com

Attorneys for Defendant THE BOARD OF TRUSTEES
OF THE UNIVERSITY OF ILLINOIS, erroneously sued as
THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN and DR. ROBERT FARMER on behalf of himself and all others similarly situated, as applicable, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; DR. GEORGE GOLLIN; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH; a Pennsylvania Non-Profit organization, UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization, <br><br> Defendants. | Case No.: 10-CV-01791 RGK (SHx) <br><br> [Honorable R. Gary Klausner] <br><br> **MOTION:** <br><br> **(a)  TO DISMISS (ON GROUNDS OF SOVEREIGN IMMUNITY AND VIOLTION OF RULE 8)** <br><br> **(b)  ALTERNATIVELY FOR MORE DEFINITE STATEMENT; AND** <br><br> **(c)  TO STRIKE FOR FAILURE TO PLEAD CLASS** <br><br> **[FILED CONCURRENTLY WITH NOTICE OF MOTION; DECLARATION OF MICHAEL D. YOUNG; AND [PROPOSED] ORDER]** <br><br> **[FRCP 8, 12(b)(1), 12(e), 12(f) & 41(b)]** <br><br> DATE:          July 6, 2010 <br> TIME:          9:00 a.m. <br> COURTROOM:  850 |

LEGAL02/31940307v2

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................... 4

III.    LEGAL STANDARD .......................................................................... 5

IV.     PLAINTIFFS CANNOT PURSUE A FEDERAL COURT ACTION
        AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF
        LAW ................................................................................................... 6

V.      PLAINTIFFS' COMPLAINT FAILS TO SATISFY EVEN THE MOST
        BASIC PLEADING REQUIREMENTS ............................................... 9

        A.      Plaintiffs' Complaint Violates Rule 8, Requiring A Short
                And Plain Statement Of Plaintiffs' Claims ............................ 9

        B.      Plaintiffs Have Failed To Properly Allege A Class Action ............... 11

VI.     CONCLUSION ................................................................................... 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Brennan v. University of Kansas*
  (10th Cir. 1971) 451 F.2d 1287.................................................................. 7

*Cannon v. University of Health Sciences/The Chicago Medical School*
  (7th Cir. 1983) 710 F.2d 351............................................................. 1, 7-8

*Goshtasby v. Board of Trustees of the University of Illinois*
  (7th Cir. 1997) 123 F.3d 427.................................................................. 7

*Jackson v. Hayakawa*
  (9th Cir. 1982) 682 F.2d 1344............................................................. 6, 8

*Kashani v. Purdue University*
  (7th Cir. 1987) 813 F.2d 843.................................................................. 6

*Kroll v. Board of Trustees of the University of Illinois*
  (7th Cir. 1991) 934 F.2d 904.................................................................. 7

*Lewis v. Midwestern State University*
  (5th Cir. 1988) 837 F.2d 197.................................................................. 6

*McHenry v. Renne*
  (9th Cir. 1995) 84 F.3d 1172........................................................... 2, 9-10

*McMiller v. Board of Trustees of the University of Illinois*
  (N.D. Ill 2003) 275 F.Supp.2d 974............................................................. 7

*Perez v. Rodriguez Bou*
  (1st Cir. 1978) 575 F.2d 21.................................................................. 7

*Pollak v. Board of Trustees of the University of Illinois*
  (N.D. Ill 2004) 2004 U.S. Dist. Lexis 12046................................................. 7

*Ramirez v. Butler*
  (N.D. Cal. 2004) 319 F.Supp.2d 1304........................................................ 5-6

*Regents of the University of California v. John Doe*
  (1996) 519 U.S. 425......................................................................... 1, 6, 8

*Ronwin v. Shapiro*
  (9th Cir. 1981) 657 F.2d 1071 ................................................................ 6, 8

*Schmidt v. Herrmann*
  (9th Cir. 1980) 614 F.2d 1221 .................................................................... 9

*Sprewell v. Golden State Warriors*
  (9th Cir. 2001) 266 F.3d 979 ...................................................................... 5

*Stearns v. Select Comfort Retail Corp.*
  (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 112971 .................................... 11

*Stewart v. California Dept. of Education*
  (S.D. Cal. 2008) 2008 U.S. Dist. Lexis 76228 ................................... 9-10

*Thompson v. City of Los Angeles*
  (9th Cir. 1989) 885 F.2d 1439 ................................................................ 1, 6

**OTHER STATE CASES**

*Raymond v. Goetz*
  (1994) 262 Ill.App.3d 597 ..................................................................... 7-8

**RULES**

Federal Rules of Civil Procedure, Rule 8 ........................................... 2, 9-11

Federal Rules of Civil Procedure, Rule 8(a)(2) ..................................... 2, 9

Federal Rules of Civil Procedure, Rule 8(d)(1) ........................................ 9

Federal Rules of Civil Procedure, Rule 11 ............................................... 4

Federal Rules of Civil Procedure, Rule 12(b)(1) ............................ 5, 8, 11

Federal Rules of Civil Procedure, Rule 12(e) .................................. 10, 12

Federal Rules of Civil Procedure, Rule 12(f) ................................... 3, 11

Federal Rules of Civil Procedure, Rule 23 .............................................. 11

Federal Rules of Civil Procedure, Rule 41(b) ........................................... 2

Local Rule 23-2 ................................................................................. 3, 11-12

LEGAL02/31940307v2

## CONSTITUTIONAL PROVISIONS

U.S. Constitution ................................................................. 1, 3, 6

U.S. Constitution, Amendment 11 ............................................ 1, 6-8, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs' rambling, 71-page, 211-paragraph [First Amended] Class Action Complaint (hereinafter "complaint") attempts to state more than ten causes of action against a dozen different defendants, ranging from the government of Liberia and its current or former officials, to the University of Illinois and one of its professors.  While we suspect each of the many defendants will have separate and multiple bases for challenging this unorthodox pleading, the instant motion is brought by just one defendant – the University of Illinois – and is both simple and narrowly focused.  By this motion, the University of Illinois, a multi-campus public university (not unlike the UC system), respectfully seeks a dismissal of this action as to the University on the grounds of *sovereign immunity*.

This motion is not a close call.  It is not only uncontroverted but constitutionally mandated that states and state instrumentalities are immune from lawsuits in federal court under the Eleventh Amendment of the United States Constitution.  *Regents of the University of California v. John Doe* (1996) 519 U.S. 425, 429.  It is equally clear that public universities, like the University of Illinois, are state instrumentalities entitled to such immunity.  *Id*. 430-431; *Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d 1439, 1443.  Indeed, the Seventh Circuit has already addressed this very issue with respect to the University of Illinois and confirmed its entitlement to the protections of the Eleventh Amendment.  *Cannon v. University of Health Sciences/The Chicago Medical School* (7th Cir. 1983) 710 F.2d 351, 356-357.   Thus, without meaning to oversimplify the matter, these straightforward and basic legal principles are clearly dispositive of the instant motion. In light of the Constitutional sovereign immunity protection enjoyed by the University of Illinois, this Court lacks jurisdiction to hear plaintiffs' claims against the University, and accordingly the University should be dismissed.

LEGAL02/31940307v2

1    Moreover, even if sovereign immunity were not implicated, the
2    complaint would still be subject to dismissal for failing to comply with the most basic
3    requirements of Rule 8 of the Federal Rules of Civil Procedure.[1]   As this Court well
4    knows, that Rule requires a complaint to set forth "a short and plain statement of the
5    claim showing that the pleader is entitled to relief."  [FRCP 8(a)(2).]  A 71-page, 211-
6    paragraph, complaint – which is apparently written by a layman rather than legal
7    counsel[2] and reading more like a bad novella than a legal pleading – is hardly the
8    "short and plain statement" designed to demonstrate a right to relief that Rule 8
9    demands.  Rather, in more than 200 paragraphs, plaintiffs describe *ad nauseam* a near
10   epic battle with the Liberian government over, apparently, the accreditation of a
11   medical school that teaches and graduates future doctors (if plaintiffs were to have
12   their way) completely on-line.  No minutia escapes plaintiffs' attention, no matter how
13   extraneous and trivial.  Indeed, the complaint is replete with irrelevant details and
14   long-winded narratives (most likely drafted by Plaintiff Dr. Dolphin himself) that
15   describe Dr. Dolphin's alleged interactions with various Liberian government officials
16   in Liberia, sometimes on a *minute-by-minute basis.*

17   Making matters worse, despite its daunting length, the complaint fails to
18   provide any of the defendants, let alone the University of Illinois (which had nothing
19   to do with plaintiffs' efforts to establish a medical school in Liberia) with even the
20   most basic notice of the claims being asserted against them.  In fact, it is virtually
21   impossible to determine from the face of the complaint who is suing whom and for
22   what.  This glaring defect in plaintiffs' pleading is insurmountable, and also justifies
23   its dismissal under Rule 41(b).  *McHenry v. Renne* (9th Cir. 1995) 84 F.3d 1172, 1180.

24

25

26   [1]   All subsequent references to a "Rule" refer to the Federal Rules of Civil Procedure
     unless otherwise stated.
27   [2]   See complaint paragraph 112: "Then Mohammed Sheriff came to Dr. Dolphin and said
     *he was going to take **my** passport.*"

28

1    Lastly, plaintiffs' complaint purports to allege a class action on behalf of
2  all former students of the so-called St. Luke School of Medicine ("SLSOM").   The
3  complaint, however, fails to include any factual allegations whatsoever to establish the
4  class.   Moreover, the complaint does not even attempt to comply with the additional
5  pleading requirements imposed by Local Rule 23-2.   Plaintiffs' class allegations are,
6  therefore, hopelessly defective, and should be stricken from the complaint under Rule
7  12(f).

8    In sum, plaintiffs' complaint is woefully inadequate both in its failure to
9  establish subject matter jurisdiction and in its abject failure to comply with the Federal
10  Rules of Civil Procedure and the Central District's Local Rules.   The complaint
11  should, therefore, be dismissed without further ado.

12    We have asked – indeed beseeched – plaintiffs' counsel on numerous
13  occasions, both personally and in writing, to dismiss the University from this lawsuit.
14  (See accompanying Declaration of Michael D. Young.)  We provided counsel with the
15  basis for this request – sovereign immunity – and provided him with the case law that
16  confirms unmistakably that the University cannot be sued in this federal action and
17  that such an action violates the U.S. Constitution.  Id.  We also notified counsel, both
18  orally and in writing, that if he declined to dismiss the University, thereby forcing this
19  motion, we would seek sanctions against him and his clients.   Indeed, we even
20  provided counsel with case law in which sanctions were imposed against counsel and
21  clients for refusing to dismiss a state instrumentality from a federal action on the
22  grounds of sovereign immunity, urging him to please dismiss the University so that
23  this motion would not be necessary.  Id.  Alternatively, we asked counsel to provide
24  us with any authority of any kind that might suggest this action against the University
25  is well taken.  Counsel ignored us.  He ignored our oral request, and then not only
26  refused to return subsequent phone calls from us, but ignored our written emails and
27  letters asking to engage in a dialogue on this issue.  With a response deadline upon us,
28

3

1  we had no choice but to file this motion to dismiss.  Our motion for Rule 11 sanctions

2  will follow shortly.  In light of the clear state of the law, and counsel's defiant refusal

3  not only to provide a basis for an action against the University, but to have the

4  common courtesy to engage in even a conversation with us on the subject, warrants,

5  we believe, the imposition of sanctions to recompense the University for having to

6  make these motions.

7  **II.    FACTUAL BACKGROUND**

8         While the complaint is lengthy and filled with "facts," it is not at all clear

9  which of those facts are pertinent to any of the alleged causes of action.  Nonetheless,

10  we will attempt here to summarize what appear to be the main themes of the pleading.

11  Of course, for purposes of this motion, we will assume these facts to be true.

12         According to the complaint, plaintiff Dr. Dolphin has tried for years to

13  establish SLSOM as an accredited medical school in the capital of Liberia on the

14  western coast of Africa.  (FAC, ¶¶ 25-178.)  He claims his efforts, however, have been

15  thwarted at every turn by widespread government corruption and civil unrest.  (*Id.*)

16  As a result, the legal status of SLSOM has never been entirely clear.  (*Id.*)  Indeed,

17  even the Liberian government appears uncertain as to the status of SLSOM, having

18  declared at one point that the school does not really exist, graduating medical doctor

19  candidates who never actually attended any classes.  (FAC, ¶¶ 42, 43, 52, 58, 104,

20  125, 138, 165.)  In addition, there have been numerous media reports within Liberia

21  that have labeled the school as fraudulent and accused Dr. Dolphin of issuing phony

22  diplomas.  (FAC, ¶¶ 60, 63, 94, 99, 143, 150.)  Because the Liberian government has

23  in the past refused to recognize SLSOM as a legitimate medical school, the

24  Educational Commission for Foreign Medical Graduates, based in the United States,

25  has permanently removed the school from its International Medical Education

26  Directory.  (FAC, ¶¶ 104, 138, 139.)

27

28

4

1   According to the complaint, Dr. George Gollin, a professor at the
2   University of Illinois, has become an expert in the area of fraudulent universities and
3   professional schools, – so-called "diploma mills" – and, from time-to-time, posts his
4   research in this area on his university website. (FAC, ¶¶ 22, 179(a).)  The complaint
5   asserts that Dr. Gollin, relying on the information provided by the Liberian
6   government, the numerous negative media reports, and other information that
7   appeared to confirm the fraudulent status of SLSOM, identified SLSOM as a diploma
8   mill and included information to that effect on his university website. (FAC, ¶ 179.)

9   Apparently, for this reason alone, plaintiffs have chosen to include the
10   University of Illinois as a defendant in the instant action.  It is not at all clear what
11   cause of action these facts, even if true, might trigger, and the complaint does nothing
12   to illuminate this inquiry.  But as noted above, and as explained next, the ultimate
13   claim, if any, is really immaterial since the University is wholly and without exception
14   immune from suit in federal court.  Accordingly, plaintiffs' complaint as it pertains to
15   the University must be dismissed.

16   **III.   LEGAL STANDARD**

17   Under Rule 12(b)(1), a defendant may properly move to dismiss a
18   complaint for lack of subject matter jurisdiction. *Ramirez v. Butler* (N.D. Cal. 2004)
19   319 F.Supp.2d 1304, 1036; FRCP 12(b)(1).  The complaint should "be dismissed if,
20   looking at the complaint as a whole, it appears to lack federal jurisdiction either
21   'facially' or 'factually'." *Ramirez,* 319 F.Supp.2d 1036.  Where, as is the case here, a
22   complaint is challenged on its face, all factual allegations must be taken as true and
23   construed in the light most favorable to the plaintiff.  *Id.* at 1037.  The Court,
24   however, need not accept as true merely conclusory allegations or unsupported
25   deductions and inferences. *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d
26   979, 988.  Even on a motion to dismiss, the plaintiff, as the party seeking to invoke
27   federal jurisdiction, ultimately bears the burden of establishing "that the court has the

28

LEGAL02/31940307v2

1    requisite subject matter jurisdiction to grant to the relief requested." *Ramirez,* 319

2    F.Supp.2d 1036.

3    **IV.    PLAINTIFFS CANNOT PURSUE A FEDERAL COURT ACTION**

4    **AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW**

5            It is axiomatic that states are immune from suit in federal court under the

6    Eleventh Amendment.  *Regents of the University of California v. John Doe* (1996)

7    519 U.S. 425, 429.   That amendment provides in pertinent part that the "judicial

8    power of the United States shall not be construed to extend to any suit in law or equity

9    . . . against one of the United States by Citizens of another State, or by Citizens . . . of

10   any Foreign State."    (U.S. Const. Amend. 11.)    As interpreted by courts, the

11   "reference to actions 'against one of the United States' encompasses not only actions

12   in which a State is actually named as a defendant, but also certain actions against state

13   agents and state instrumentalities."  *Regents of the University of California,* 519 U.S.

14   429.

15           Public universities, like the University of Illinois, have long been

16   recognized by both the Supreme Court and the Ninth Circuit as "state

17   instrumentalities" entitled to the protections of the Eleventh Amendment.  *See, e.g.,*

18   *Id.* 430-431 (the University of California is immune from suit in federal court under

19   the Eleventh Amendment); *Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d

20   1439, 1443 (same for UCLA); *Jackson v. Hayakawa* (9th Cir. 1982) 682 F.2d 1344,

21   1350 (same for Cal State San Francisco); *Ronwin v. Shapiro* (9th Cir. 1981) 657 F.2d

22   1071, 1073 (same for the University of Arizona).   Indeed, around the country courts

23   have consistently concluded that public universities are immune from suit in federal

24   court under the sovereign immunity provision of the U.S. Constitution.  *See, e.g.,*

25   *Kashani v. Purdue University* (7th Cir. 1987) 813 F.2d 843, 845 (finding that Purdue

26   University is entitled to immunity under the Eleventh Amendment); *Lewis v.*

27   *Midwestern State University* (5th Cir. 1988) 837 F.2d 197, 199 (same for Midwestern

28

6

1   State University); *Perez v. Rodriguez Bou* (1st Cir. 1978) 575 F.2d 21, 25 (same for

2   the University of Puerto Rico); *Brennan v. University of Kansas* (10th Cir. 1971) 451

3   F.2d 1287, 1290-91 (same for the University of Kansas).

4          We need not guess whether the University of Illinois qualifies as an

5   instrumentality of the state and entitled to sovereign immunity – that conclusion has

6   already been considered and resolved by the Seventh Circuit.  Multiple times.  *See*

7   *Cannon, supra,* 710 F.2d 356-357; *see also Goshtasby v. Board of Trustees of the*

8   *University of Illinois* (7th Cir. 1997) 123 F.3d 427; *Kroll v. Board of Trustees of the*

9   *University of Illinois* (7th Cir. 1991) 934 F.2d 904, 908; *McMiller v. Board of Trustees*

10  *of the University of Illinois* (N.D. Ill 2003) 275 F.Supp.2d 974, 979; *Pollak v. Board*

11  *of Trustees of the University of Illinois* (N.D. Ill 2004) 2004 U.S. Dist. Lexis 12046,

12  *4-6.  In *Cannon,* for example, plaintiff sought to recover damages against the

13  University of Illinois, among others, for denying her application to medical school on

14  the basis of her age and gender.  *Cannon, supra,* 710 F.2d 353.  The Seventh Circuit

15  affirmed the lower court's grant of summary judgment, *concluding that the University*

16  *of Illinois was immune from suit under the Eleventh Amendment as an instrumentality*

17  *of the state* because: 1) the University is, and has always been, defined as a state

18  agency under Illinois law (*Id.* at 256); and 2) any damages awarded against the

19  University would necessarily be satisfied from state funds, and thus the state is the

20  real party in interest (*Id.* at 357).  The court's decision in *Cannon* has since been

21  applied and upheld by the various authorities cited above.

22         In addition, under Illinois state law, there is no question that the

23  University is considered an arm of the state.  *Cannon,* 710 F.2d 356; *Raymond v.*

24  *Goetz* (1994) 262 Ill.App.3d 597, 605 (the doctrine of sovereign immunity precludes

25  suit in the circuit court against the University of Illinois, which is an arm of the state).

26  And, as noted by the Supreme Court, a state's treatment of an entity as an

27  instrumentality, while not dispositive, in nonetheless considered instructive in the

28

7

analysis. *Regents of the University of California, supra,* 519 U.S. 430 n 5; *Jackson, supra,* 682 F.2d 1350. That the University of Illinois is unquestionably an arm of the state entitled to sovereign immunity is underscored by the fact that "the powers and duties of the Board[ ] of Trustees are governed by . . . the Illinois Revised Statutes," and, under state law, all claims against the University, like any other claim against the state, must be brought in the Court of Claims. *Cannon,* 710 F.2d 356; *Raymond,* 262 Ill.App.3d 605; 110 ILCS 305/1 (2010); 705 ILCS 505/8(d) (2010).

Finally, although the Court may consider several other factors in determining the University's entitlement to immunity, the "crucial question . . . is whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury." *Ronwin, supra,* 657 F.2d 1073; *accord Regents of the University of California, supra,* 519 U.S. 430. This is clearly not the case with respect to the University of Illinois. Rather, as previously recognized by the Seventh Circuit, the University is "the alter ego of the State," and thus "any damage award chargeable to university assets is an award against the State itself." *Cannon, supra,* 710 F.2d 357. This fact alone warrants a finding that the University is a state instrumentality, and thus immune from suit under the Eleventh Amendment. *Id.; Regents of the University of California,* 519 U.S. 430; *Ronwin,* 657 F.2d 1073.

In the end, there can be no question that the University of Illinois is an instrumentality of the state entitled to the protections of the Eleventh Amendment. Accordingly, this action must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

LEGAL02/31940307v2

# V. PLAINTIFFS' COMPLAINT FAILS TO SATISFY EVEN THE MOST BASIC PLEADING REQUIREMENTS

### A. Plaintiffs' Complaint Violates Rule 8, Requiring A Short And Plain Statement Of Plaintiffs' Claims

Rule 8 mandates that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] Moreover, each allegation of the complaint "must be simple, concise and direct." [FRCP 8(d)(1).] The purpose of this rule is to ensure that defendants have fair notice of the claim levied against them. *McHenry v. Renne* (9th Cir. 1995) 84 F.3d 1172, 1176, 1177-1178; *Stewart v. California Dept. of Education* (S.D. Cal. 2008) 2008 U.S. Dist. Lexis 76228, *6. Where a pleading fails to achieve even this most rudimentary goal, it violates Rule 8 and should be dismissed. *McHenry,* 84 F.3d at 1180; *Schmidt v. Herrmann* (9th Cir. 1980) 614 F.2d 1221, 1224.

Regardless of the University's immunity from suit in this action, Plaintiffs' 70-page complaint is anything but "simple, concise and direct." Worse still, despite its unbearable length, the complaint utterly fails to specify by whom or against whom each count is being brought. As a result, one cannot tell from the face of the complaint whether a particular claim is being asserted by any one or all of the three named plaintiffs or, perhaps even, the putative class. Nor can one glean from the complaint whether each claim is being asserted against all defendants or just one or more of the thirteen named defendants. In short, it is virtually impossible to determine from the face of the complaint who is suing whom and for what.

Plaintiffs apparently expect this Court, and the defendants, to comb through more than 200 paragraphs to try to decipher which claims are being asserted against which defendants, why, and by whom. Neither this Court, nor any defendant, should be expected to "weed[ ] through the complaint to determine what allegations are leveled at each defendant . . . ." *Stewart, supra,* 2008 U.S. Dist. Lexis 76228, *7;

9

1   *McHenry, supra,* 84 F.3d 1179-80.   Indeed, this is precisely the type of onerous

2   burden that Rule 8 seeks to avoid, and is itself a basis for dismissing the complaint.

3   *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.

4           In *Stewart,* for example, the court found that the complaint violated

5   Rule 8 where it was "nearly impossible to identify the allegations asserted against

6   each defendant." *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.   Similarly, in *McHenry,*

7   the Ninth Circuit upheld the dismissal of the complaint where, despite being more

8   than 40 pages long, it failed to "specify which defendants were liable on which

9   claims;" instead, simply asserting that the "defendants conduct violated various rights

10  of plaintiffs, without saying which defendants." *McHenry,* 84 F.3d 1176.   This, of

11  course, is exactly what plaintiffs have done here – nowhere in the complaint do

12  plaintiffs specify which claims are being brought against which defendants or by

13  whom.   Rather, the complaint simply alleges again and again that "Defendants" have

14  violated "plaintiffs" rights in some respect or another, without specifying which

15  defendants or which plaintiffs.   (*See, e.g.,* FAC, ¶¶ 200, 201, 202, 203, 206, 208,

16  208(A), 209, 210, 211.)

17          Indeed, the pleading in this case, like the complaint in *McHenry,* "reads

18  like a magazine article instead of a traditional complaint," and is "mostly, narrative

19  ramblings and storytelling or political griping." *McHenry, supra,* 84 F.3d 1176.   In

20  fact, the complaint appears far more concerned with providing "quotations for

21  newspaper stories" than with giving defendants notice of the claims against them.

22  *McHenry,* 84 F.3d 1178.   Such a pleading, which is "labeled a complaint but written

23  more as a press release, prolix in evidentiary detail," yet lacking a simple and concise

24  statement that alerts the defendants to what they are being sued for and by whom,

25  "fails to perform the essential functions of a complaint," and should be dismissed. *Id.*

26  at 1180.   Alternatively, the Court may issue an order requiring plaintiffs to prepare a

27  more definite statement under Rule 12(e). *Stewart,* 2008 U.S. Dist. Lexis 76228, *8.

28

10

Either way, the present pleading simply cannot be allowed to stand.

**B.    Plaintiffs Have Failed To Properly Allege A Class Action**

Plaintiff's complaint purports to allege a class action.  The complaint, however, simply restates, in the most conclusory fashion possible, the basic requirements of Rule 23 with absolutely no supporting, factual allegations.  (FAC, ¶ 8.)  In fact, all of plaintiffs' class allegations are contained in a single paragraph.  (*Id.*)  Such barebones allegations do not, by any stretch of the imagination, satisfy the basic pleading requirements for stating a class action.

Furthermore, plaintiffs' complaint fails to conform to Local Rule 23-2, which requires that the complaint contain a separate section entitled "Class Action Allegations."  This section must incorporate the "allegations thought to justify the action's proceeding as a class action" as well as a description of the required or contemplated "notice to the proposed class."  [L.R. 23-2.]  These elements are clearly missing from the First Amended Complaint (FAC, ¶ 8), which is, therefore, defective on its face.  Accordingly, plaintiffs' class allegations should be stricken under Rule 12(f).  *Stearns v. Select Comfort Retail Corp.* (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 112971, *45.

## VI.    CONCLUSION

As demonstrated above, the University of Illinois is not subject to this Court's jurisdiction under the express mandate of the Eleventh Amendment.  Accordingly, the University should be immediately dismissed from this action, *with prejudice*, under Rule 12(b)(1).  Alternatively, the Court should dismiss plaintiffs' complaint for failing to comply with Rule 8 or, at a minimum, require plaintiffs to

LEGAL02/31940307v2

provide a more definite statement under Rule 12(e).   Lastly, the class allegations contained in the complaint must be stricken as plaintiffs have failed to properly allege a class action or comply with Local Rule 23-2.

Respectfully Submitted

DATED:  June 1, 2010

MICHAEL D. YOUNG
NICOLE C. RIVAS
**ALSTON & BIRD LLP**


Michael D. Young
Attorneys for Defendant BOARD OF TRUSTEES
UNIVERSITY OF ILLINOIS

12

LEGAL02/31940307v2