MICHAEL D. YOUNG (SBN 120787)
NICOLE C. RIVAS (SBN 179337)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: mike.young@alston.com
          nicole.rivas@alston.com

Attorneys for Defendant THE BOARD OF TRUSTEES
OF THE UNIVERSITY OF ILLINOIS, erroneously sued as
THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN and DR. ROBERT FARMER on behalf of himself and all others similarly situated, as applicable,<br><br>       Plaintiffs,<br><br>     v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; DR. GEORGE GOLLIN; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH; a Pennsylvania Non-Profit organization, UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization,<br><br>       Defendants. | Case No.: 10-CV-01791 RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**DECLARATION OF MICHAEL D. YOUNG IN SUPPORT OF MOTION:**<br><br>   **(a)**  **TO DISMISS (ON GROUNDS OF SOVEREIGN IMMUNITY AND VIOLTION OF RULE 8)**<br><br>   **(b)**  **ALTERNATIVELY FOR MORE DEFINITE STATEMENT; AND**<br><br>   **(c)**  **TO STRIKE FOR FAILURE TO PLEAD CLASS**<br><br>**[FILED CONCURRENTLY WITH NOTICE OF MOTION; MEMORANDUM OF POITNS AND AUTHORITIES;AND [PROPOSED] ORDER]**<br><br>**[FRCP 8, 12(b)(1), 12(e), 12(f) & 41(b)]**<br><br>DATE:       July 6, 2010<br>TIME:       9:00 a.m.<br>COURTROOM:  850 |

LEGAL02/31940307v2

# DECLARATION OF MICHAEL D. YOUNG

I, Michael D. Young, declare and state as follows:

1.      I am an attorney duly licensed to practice law before all courts of the State of California and am a partner with the law firm of Alston & Bird LLP, attorneys of record for defendant "The Board of Trustees of the University of Illinois" herein.  I have personal knowledge of the files and records in this action, and of the facts set forth in this declaration.  I could and would competently testify to the matters set forth herein.

2.      On or about May 10, 2010, I called plaintiff's counsel, Thaddeus Culpepper, and spoke with him by telephone regarding this case.  In that conversation, I notified Mr. Culpepper that his claims against the University were improper in light of the sovereign immunity protection of the Eleventh Amendment to the U.S. Constitution.  I told Mr. Culpepper I would follow up our call with a letter.  Attached hereto as **Exhibit A** is a true and correct copy of my confirming email to Mr. Culpepper.

3.      On or about May 13, 2010, I sent Mr. Culpepper a letter detailing the case law that confirms that this action is inappropriate as against the University of Illinois in light of its Eleventh Amendment protection.  In that letter, I urged Mr. Culpepper to dismiss the University so that this motion would not be necessary.  I also notified him that I thought Rule 11 and other sanctions would be appropriate if he failed to dismiss in light of the uncontroverted authority prohibiting this action against the University.  Attached hereto as **Exhibit B** is a true and correct copy of our May 13, 2010, letter to Mr. Culpepper, which was delivered both by email and U.S. Mail.

4.      I never received a response from Mr. Culpepper.

5.      Having heard nothing from Mr. Culpepper, I telephoned him on May 20, 2010, to discuss my letter and our request to have the University dismissed.  Mr. Culpepper did not have anyone answering his phone, so I left him a voicemail

LEGAL02/31940307v2

1   message asking him to call me.  I followed this up with an email also requesting that
2   he give me a call or at least indicate whether he would dismiss the University.
3   Attached hereto as **Exhibit C** is a true and correct copy of my May 20, 2010, email to
4   Mr. Culpepper.

5          6.      Mr. Culpepper again never returned my phone call or email.

6          7.      With our deadline to respond to this action upcoming, we tried one
7   more time to contact Mr. Culpepper.  At my direction, my colleague Nicole Rivas
8   telephoned Mr. Culpepper on May 26, 2010, but was unable to reach him.  She
9   followed up that call with an email to Mr. Culpepper in which she again sought
10  dismissal of the University on sovereign immunity grounds, or alternatively asked for
11  any authority plaintiff might have to support a claim against the public University in
12  federal court here.  She also again put Mr. Culpepper on notice that if forced to bring a
13  motion to dismiss the University from this action, we would seek sanctions against
14  him and his client as provided by law.  Attached hereto as **Exhibit D** is a true and
15  correct copy of Ms. Rivas' May 26, 2010 email to Mr. Culpepper.

16         8.      Mr. Culpepper ignored this communication as well.

17         9.      Indeed, except for the first call I had with plaintiff's counsel on
18  May 10, 2010, Mr. Culpepper has completely ignored all of my efforts to contact him
19  regarding this case.  In light of Mr. Culpepper's silence, we had no choice but to file
20  this motion to dismiss.

21         10.     We tried to comply with Local Rule 7-3, but without
22  Mr. Culpepper's cooperation, there was nothing more that we could do.

23
24
25
26
27
28

1    I declare under penalty of perjury under the laws of the United States and
2    the State of California that the foregoing is true and correct of my personal
3    knowledge.
4    Executed on this 1st day of June, 2010, at Los Angeles, California.

Michael D. Young

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## Olagues, Laura

**From:** Young, Mike
**Sent:** Monday, May 10, 2010 1:16 PM
**To:** 'thaddeusfsc@gmail.com'; 'culpepper@alumni.pitt.edu'
**Subject:** St. Luke School of Medicine v. Republic of Liberia

Thaddeus, thank you for speaking with me today.  As I mentioned, we represent the University of Illinois in the captioned matter.  This will confirm our agreement today that rather than dispute the effectiveness of service of process over the University of Illinois, the University has agreed to accept service with the understanding that the University's last day to respond to the complaint is 21 days from today, or June 1, 2010 (21 days from today is May 31, but that's a Memorial Day holiday, so we moved the deadline one day further).

As we discussed, I will send you a letter shortly formally requesting your clients to dismiss the University of Illinois on sovereign immunity grounds, among others.

Please feel free to call if you would like to discuss this.

Regards,

*–MIKE–*
**Michael D. Young**
Alston + Bird
333 S. Hope Street, 16th Floor
Los Angeles, CA  90071
Direct:  (213) 576-1135
Office:  (213) 576-1000
mike.young@alston.com
www.alston.com

*Please visit our California Labor and Employment Blog*
*Who's The Boss?*
*http://www.alston.com/laborandemploymentblog*

6

EXHIBIT B

**Olagues, Laura**

| | |
|---|---|
| **From:** | Olagues, Laura |
| **Sent:** | Thursday, May 13, 2010 5:36 PM |
| **To:** | thaddeusfsc@gmail.com; culpepper@alumni.pitt.edu |
| **Cc:** | Young, Mike |
| **Subject:** | St. Luke School of Medicine v. Republic of Liberia, et al. |

**Attachments:** 5-13-10 Ltr to Atty. Culpepper.pdf

Dear Mr. Culpepper,

Attached please find a PDF copy of Mr. Young's letter of this date regarding the above referenced matter.

Please feel free to email or call me if I may be of further assistance.

Very truly yours,

Laura Olagues, Assistant to
Michael D. Young
Alston & Bird LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Direct:      (213) 576-1151
Facsimile:  (213) 576-1100
Email:  laura.olagues@alston.com



5-13-10 Ltr to Atty.
   Culpepper...

1

# ALSTON&BIRD LLP

333 South Hope Street
16th Floor
Los Angeles, CA 90071-1410

213-576-1000
Fax:213-576-1100
www.alston.com

Michael D. Young
Email: mike.young@alston.com

**VIA UPS AND EMAIL**
**thaddeusfsc@gmail.com**
**culpepper@alumni.pitt.edu**

May 13, 2010

Thaddeus J. Culpepper
Culpepper Law Groupe
556 South Fair Oaks Avenue
Suite 101 - No. 302
Pasadena, California 91105

Re:   St. Luke School of Medicine, et al., v. Republic of Liberia, et al.
      United States District Court Case No. CV-10-1791 RGK (SHx)

Dear Mr. Culpepper:

Please accept this as our formal request that you immediately dismiss the University of Illinois from the referenced action.

As I mentioned in our phone call this week, it is without exception that the principle of sovereign immunity unconditionally bars this action as against the University of Illinois. I would urge you to take a look at *Regents of the University of California v. John Doe,* 519 U.S. 425, 429 (1996), and *Eaglesmith v. Ward,* 73 F.3d 857, 859-860 (9th Cir. 1995), where the U.S. Supreme Court and the Ninth Circuit both confirmed that states are immune from private damages actions in federal court under the Eleventh Amendment to the U.S. Constitution.

As those courts remind us, the Eleventh Amendment provides in pertinent part that the "judicial power of the United States shall *not* be construed to extend to any suit in law or equity . . . *against one of the United States by Citizens*

Atlanta • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

9

Thaddeus J. Culpepper
May 13, 2010
Page 2

*of another State, or by Citizens . . . of any Foreign State*." (U.S. Const. Amend. 11. (emphasis added).)

As you probably know, this constitutional sovereign immunity applies to and protects not just the state itself, but the state's public university systems. This was made clear by the U.S. Supreme Court when it noted that "the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California,* 519 U.S. 429.

Courts have repeatedly held that state universities and their employees are state instrumentalities entitled to immunity under the Eleventh Amendment, and thus fall outside of the reach of federal jurisdiction. *Id.* at 431 (reversing the 9th Cir., and holding that the *University of California was immune* from a breach of contract claim in federal court under the Eleventh Amendment); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1442-1443 (9th Cir. 1989) (holding that UCLA was an instrumentality of the state for Eleventh Amendment purposes, and thus plaintiff's 1983 claim against the university was properly dismissed on sovereign immunity grounds); *Lewis v. Midwestern State University,* 837 F.2d 197, 199 (5th Cir. 1988) (upholding the district court's dismissal of an action on the basis that the university was entitled to immunity under the Eleventh Amendment).

In fact, lest there be any doubt about this, the Seventh Circuit has specifically determined that *the University of Illinois* is an instrumentality of the state of Illinois, and thus is entitled to the protections of the Eleventh Amendment. *See, e.g., Cannon v. University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir. 1983).

In short, plaintiff simply cannot maintain this action against the University of Illinois, an instrumentality of the state, under the express provisions of the Eleventh Amendment and controlling authority interpreting that amendment.

We are aware of no exceptions to this straightforward constitutional bar to the claims you have asserted on behalf of your client against the University of Illinois in this action. Nor is there any discretion vested in the federal court. In the face of a motion to dismiss, it must dismiss the action as against the state instrumentality.

10

Thaddeus J. Culpepper
May 13, 2010
Page 3

*It is for this reason that we believe that you and your client would be subject to monetary sanctions if your client refuses to immediately dismiss the University from this action.*

With respect to sanctions, we draw your attention to the Rule 11 standard *as expressed by our trial judge, Hon. Gary Klausner*, in a recent case:

> "Sanctions under Rule 11 of the Federal Rules of Civil Procedure are intended to streamline litigation, ***deter baseless filings***, and prevent abusive or dilatory tactics. (Citation.) Pursuant to Rule 11, the Court may impose sanctions when a pleading, motion, or other paper ***is either frivolous such that it is not warranted by existing law***, or is filed for an 'improper purpose.' (Citations.)   ***Sanctionable conduct includes filing complaints that are known to be lacking in subject matter jurisdiction***, as well as repeatedly filing lawsuits that assert claims previously dismissed in other cases."

*Barahona v. Orkin*, 2008 U.S. Dist. LEXIS 89494 (USDC CD CA 2008) (Klausner) (emphasis added).

Moreover, Judge Klausner is not reluctant to issue sanctions in appropriate cases, as confirmed in *Thelma v. Spirtos*, 2006 U.S. App. LEXIS 5259 (9th Cir. 2006) (affirming Judge Klausner's issuance of Rule 11 Sanctions).

Federal courts have not hesitated to impose sanctions *on counsel as well* where a plaintiff brings an action against a party that is otherwise immune from suit under the Eleventh Amendment.   Please take a look at *Hernandez v. Joliet Police Department*, 197 F.3d 256 (7th Cir. 1999) where the court imposed Rule 11 sanctions against the *plaintiff's attorney* when he refused to dismiss an instrumentality of the state that was protected from suit by the Eleventh Amendment.   Along the same lines, take a look at *Nicarry v. Cannaday*, 2006 U.S.Dist. Lexis 95074 (USDC MD FL 2006) (sanctions against plaintiff were appropriate where "a reasonable inquiry by Plaintiff's counsel would have revealed that his claim against the Department was objectively frivolous as it was barred by the Eleventh Amendment.... Because Plaintiff's attorney failed to make a reasonable inquiry into the fairly straightforward and well-established legal issues surrounding this case, Rule 11 sanctions are appropriate.")

11

Thaddeus J. Culpepper
May 13, 2010
Page 4

         Sanctions have also been imposed against plaintiff's counsel under
28 U.S.C. Section 1927.   See, for instance, the Second Circuit's decision in
*Gollomp v. Spitzer*, 568 F.3d 355 (2nd Cir. 2009) where the Court affirmed the
imposition of sanctions against plaintiff's attorneys Section 1927, for wrongfully
prosecuting an action against a state and its officials in federal court in violation of
the sovereign immunity provision of the Eleventh Amendment.   In that case, the
plaintiff filed a 61 page complaint with 493 numbered paragraphs (yours weighs in
at 64 pages, but only a mere 211 numbered paragraphs).   Granted, the facts in that
case were a bit more egregious than what we have seen so far in this case, the
point is still well taken – sanctions can be imposed against the client or counsel for
persisting in asserting claims clearly barred by sovereign immunity, especially
where "defendants [as we are doing here] promptly warned plaintiff's counsel that
they intended to file a Rule 11 motion if the causes of action barred by the
Eleventh Amendment were not withdrawn," and where the claims "are
incomprehensible – legally or otherwise." *Id.* at 371.  (Without going into it here,
we believe the claims you have asserted on behalf of your client will fit this
description.)

         *In short, for the reasons set forth above, we ask that your client*
*immediately dismiss all claims against the University.*  The University should not
have been sued in the first place, and it clearly should not be forced to incur the
legal fess to file a motion to dismiss.

         Should you choose to decline our request, we will bring a motion to
dismiss, and will seek both Rule 11 and Section 1927 sanctions against both your
client and the Culpepper Law Groupe.

         I would be pleased to discuss this with you further if you would like.
You can call me at the number on the letterhead.  Otherwise, I look forward to
your response to our request by May 17.

                                        Very truly yours,



                                        Michael D. Young

MDY/lo

ADMIN/20618343v2

12

# EXHIBIT C

13

**Olagues, Laura**

| | |
|---|---|
| **From:** | Young, Mike |
| **Sent:** | Thursday, May 20, 2010 2:04 PM |
| **To:** | 'culpepper@alumni.pitt.edu'; 'thaddeusfsc@gmail.com' |
| **Cc:** | Rivas, Nicole |
| **Subject:** | St. Luke School of Medicine v. Republic of Liberia |

Thaddeus, I left you a voicemail message regarding my letter to you of seeking dismissal of the University of Illinois on sovereign immunity grounds.  For your convenience, another copy is attached.

Could you please let me know whether you will voluntarily dismiss the University at this time?  We will need to prepare our motion to dismiss and for sanctions soon if we don't hear from you, and this seems like an unnecessary expense given the clear impropriety of adding the University to this federal action.

Please get back to me today if at all possible.

Regards,

*–MIKE–*
**Michael D. Young**
Alston + Bird
333 S. Hope Street, 16th Floor
Los Angeles, CA  90071
Direct:  (213) 576-1135
Office:  (213) 576-1000
mike.young@alston.com
www.alston.com

*Please visit our California Labor and Employment Blog*
*Who's The Boss?*
*http://www.alston.com/laborandemploymentblog*

1

14

# EXHIBIT D

15

## Olagues, Laura

| | |
|---|---|
| **From:** | Rivas, Nicole |
| **Sent:** | Wednesday, May 26, 2010 3:00 PM |
| **To:** | thaddeusfsc@gmail.com; culpepper@alumni.pitt.edu |
| **Cc:** | Young, Mike |
| **Subject:** | St. Luke School of Medicine et al. v. University of Illinois |

Dear Mr. Culpepper:

    Our firm has tried repeatedly to reach you by letter, e-mail and telephone, without success, to discuss the voluntary dismissal of the University of Illinois from the above-entitled action.  As indicated in our prior correspondence, the case law on this point is crystal clear:  the University of Illinois, as an agent of the State of Illinois, may not be sued in federal court for the types of claims that your clients have asserted.  Accordingly, such action is completely baseless, and should be dismissed.  If you have any authority to the contrary, please provide it to us as soon as possible for our consideration.

    If you continue to refuse to dismiss this action, absent some authority to support your position, we will move both to dismiss the action as well as for sanctions against you and your clients under Rule 11.  We sincerely hope that such course of action will not be necessary and that you will see the wisdom of dismissing this action without the need for further litigation.

## Nicole C. Rivas
Alston & Bird LLP
333 S. Hope, 16th Floor
Los Angeles, California 90071
nicole.rivas@alston.com
213 576-1021
213 576-1100 fax

16