**JOHN R. KROGER**
Oregon Attorney General
SETH T. KARPINSKI, Cal. Bar #137748
Email:  seth.t.karpinski@doj.state.or.us
Senior Assistant Attorney General
Oregon Department of Justice
**1162 Court Street NE**
**Salem, OR 97301-4096**
Telephone: **(503)947-4700**
Fax: **(503) 947-4792**

Attorneys for Defendant State of Oregon, Office of Degree Authorization

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN, on behalf of himself and all other similarly situated, as applicable; DR. ROBERT FARMER, on behalf of himself and all other similarly situated, as applicable, <br><br>Plaintiffs, <br><br>v. <br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency, NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; DR. GEORGE GOLLIN; EDUCATION | Case No. 2:10-cv-01791-RGK-SH <br><br> DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS <br><br> DATE: July 26, 2010 <br> TIME:  9:00 a.m. <br> JUDGE:  Honorable R. Gary Klausner |

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH, a Pennsylvania Non-Profit organization; UNIVERSITY OF ILLINOIS-URBAN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization, |
| 7 | Defendants. |

Plaintiffs' claims against the State of Oregon and the Oregon Office of Degree Authorization (hereafter "State Defendants") should be dismissed because 1) they are barred from proceeding in federal court by the Eleventh Amendment and 2) the California courts lack personal jurisdiction over an Oregon agency not doing business in California.

## I. Factual Allegations

Plaintiffs filed their Complaint on April 14, 2010. Plaintiffs allege that the State Defendants are liable for "defamatory" comments made by co-Defendant Dr. George Gollin that were "publish[ed] and hosted" on the Office of Degree Authorization's website. *Compl.*, p. 66. Dr. Gollin, an employee of the University of Illinois – Urbana Champaign, posted self-published statements on the website of the University of Illinois beginning in 2003. *Id.*, p. 55. Dr. Gollin, among other statements, described St. Luke Medical School as a "diploma mill." Plaintiffs' Complaint alleges that Dr. Gollin, "attempting to avert attention from the University of Illinois, shipped his entire website, with all its contents to the State of Oregon's Office of Degree Authorization's website, where it is now currently housed." *Id.*, p. 58. By "publishing and hosting" Gollin's statements, Plaintiffs

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1 allege that the State Defendants "continue to defame" St. Luke School of
2 Medicine. *Id.,* p. 58.

## II. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint when it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Strother v. So. Cal. Permanente Medical Group*, 79 F.3d 859 (9th Cir. 1996).

## III. Argument

### A. Plaintiffs' claims against the State Defendants are barred by the Eleventh Amendment.

Under the Eleventh Amendment to the U.S. Constitution, federal courts may not entertain a lawsuit brought by a citizen against a State, its agencies, or departments without the State's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114 (1996), *citing Hans v. Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). "Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, CV-99-956-ST, 1999 U.S. Dist. LEXIS 20033, at *69 (D. Or. Dec. 2, 1999). As the State Defendants have not expressly consented to be sued by Plaintiffs in a federal court, all of Plaintiffs' claims against the State Defendants must be dismissed pursuant to the Eleventh Amendment.

### B. This court lacks personal jurisdiction over the State Defendants.

The parameters of personal jurisdiction are set forth in Rule 4(k) of the Federal Rules of Civil Procedure. Whether or not personal jurisdiction exists in

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1  this Court over the State Defendants is determined by the provisions of Rule
2  4(k)(1)(A), *i.e.*, would the State Defendants be subject to the jurisdiction of a court
3  of general jurisdiction in California?
4  California permits the exercise of personal jurisdiction to the full extent
5  permitted by due process. *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1047, 90
6  Cal.Rptr.2d 657 (1999) ["California's long-arm statute permits courts to exercise
7  jurisdiction over nonresidents on any basis not inconsistent with federal or state
8  constitutions. (Code Civ. Proc. 410.10.)"] Whether a California court would have
9  personal jurisdiction over the State Defendants is dependent upon whether the
10 plaintiff has alleged "minimum contacts" between the State Defendants and the
11 State of California for purposes of general or specific jurisdiction. *Bancroft &
12 Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3rd 1082, 1086 (9th Cir. 2000). As noted
13 by the *Stone* court, "When a defendant moves to quash service of process on
14 jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts
15 justifying the exercise of jurisdiction." *Stone v. State of Texas*, 76 Cal.App.4th
16 1043, 1048, 90 Cal.Rptr.2d 657 (1999).
17 General jurisdiction requires that the contacts be of the sort that approximate
18 physical presence. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3rd 1082,
19 1086 (9th Cir. 2000). There are no facts alleged in the Complaint that suggest that
20 Plaintiff is claiming general jurisdiction over the State Defendants.
21 Absent general jurisdiction, the California Supreme Court has determined
22 the defendant "still may be subject to specific jurisdiction of the forum, if the
23 defendant has purposefully availed himself or herself of forum benefits [citation],
24 and the 'controversy is related to or "arises out of" a defendant' contacts with the
25 forum.'" *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 446, 58
26 Cal.Rptr.2d 899, 926 P.2d 1085 (1996). Federal courts are in accord. The Ninth

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1   Circuit, in *Bancroft*, explained that in order for there to be specific jurisdiction: (1)
2   the defendant must have performed some act or consummated some transaction
3   within the forum or otherwise purposely availed itself of the privileges of
4   conducting activities in the forum; (2) the claim must arise out of or result from the
5   defendant's forum related activities; and (3) the exercise of jurisdiction must be
6   reasonable. *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).

7       i.    **Purposeful Availment.**

8       The "purposeful availment" prong of the first element of the specific
9   jurisdiction analysis may be met in a tort case by what is called an "effects test" if
10  the defendant (1) committed an intentional act that was (2) expressly aimed at the
11  forum state, and (3) caused harm, the brunt of which is suffered and which the
12  defendant knows is likely to have been suffered in the forum state. *Bancroft &*
13  *Masters, Inc., supra,* 223 F.3d at 1087. The Ninth Circuit has also noted that the
14  effects test "cannot stand for the broad proposition that a foreign act with
15  foreseeable effects in the forum state always gives rise to specific jurisdiction."
16  *Id.* There must be "something more." *Id.* The something more involves the
17  "express aiming" at the forum state. That term does not define itself, but the cases
18  indicate that the term "encompasses wrongful conduct individually targeting a
19  known forum resident." *Id.* It must be distinguished from "untargeted
20  negligence." *Id.* at 1087-88. It is the presence of individualized targeting of a
21  known forum resident that separates the cases finding jurisdiction under the effects
22  test from those cases in which the effects test is unsatisfied. *Id.* at 1088. Here,
23  Plaintiffs have not met their burden of demonstrating the State Defendants
24  purposely availed themselves of California law. *Ziegler, supra,* 64 F.3rd at 474;
25  *Stone, supra,* 76 Cal.App.4th at 1048.[1][2]
26

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1         **ii.    There Must be Forum-Related Activity by the Defendant.**

2         The second prong of the specific jurisdiction test requires that the claim arises out of or results from the defendant's forum-related activities. In the Ninth Circuit, this involves a "but-for" test. *Bancroft & Masters, Inc., supra,* 223 F.3d at 1088. The test is not met if the causal connection is significantly attenuated. *Doe v. American National Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). In this case, Plaintiff's make no allegations that tie the State Defendants to California in any way.

        California courts are authorized to exercise jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." California Rules of Civil Procedure §410.10. The Fourteenth Amendment limits the extent of personal jurisdiction to those instances that do not violate Due Process rights. The State Defendants operate a website that allows materials to be accessed from any Internet-ready computer. State Defendants do not sell information or materials via their website, nor do the State Defendants interact in any other way with visitors to their website. The website operated by the Oregon Office of Degree Authorization merely post information and has no interactive features. "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1121 (W.D. Penn. 1997). See also *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997). (Adopting the *Zippo* standard in the Ninth Circuit). As Plaintiffs have failed to establish personal jurisdiction in a California court over the State Defendants, Plaintiffs' claims as to those Defendants should be dismissed.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## CONCLUSION

Plaintiffs' claims are barred from proceeding against the State Defendants in federal court. Additionally, Plaintiffs have failed to establish that the there is personal jurisdiction over the State Defendants in this Court. As such, all claims against the State Defendants should be dismissed.

DATED this 2nd day of June, 2010.

                                  Respectfully submitted,

                                  JOHN R. KROGER
                                  Attorney General

                                */s/ Seth J. Karpinski*

                                SETH T. KARPINSKI #Cal. Bar #137748
                                Senior Assistant Attorney General
                                Trial Attorney
                                Tel (503)947-4700
                                Fax (503) 947-4792
                                seth.t.karpinski@doj.state.or.us
                                Of Attorneys for Defendants

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I certify that on June 2, 2010, I served the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Thaddeus Julian Culpepper, SBN 220194<br>Culpepper Law Groupe<br>556 South Fair Oaks Avenue, Suite 302<br>Pasadena, CA 91105<br>626-786-2779<br>    Of Attorneys for Plaintiffs | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX) **626-628-3083**<br>___ E-MAIL<br>      **culpepper@alumni.pitt.edu**<br>_x_ E-FILE |

*/s/ Seth J. K_____*

SETH T. KARPINSKI, Cal. Bar #137748
seth.t.karpinski@doj.state.or.us
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Of Attorneys for Defendant State of
    Oregon, Office of Degree
    Authorization

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS