THADDEUS CULPEPPER, SBN 220194
CULPEPPER LAW GROUPE
556 S. Fair Oaks Avenue, Suite 101
No. 302
Pasadena, CA 9110
Tele: (626) 786-2779
Facsimile: (626) 628-3083

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE, et al. | Case No.: 10 – CV – 01791 RGK (SHx) |
| Plaintiffs | PLAINTIFFS' OPPOSITION TO DEFENDANTS' ECFMG AND FAIMER'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM |
| v. | |
| REPUBLIC OF LIBERIA, et al., | DECLARATION BY THADDEUS J. CULPEPPER IN SUPPORT THEREOF |
| Defendants | DATE:   JUNE 21, 2010<br>TIME:   9:00 AM<br>CRT:     850 |

**INTRODUCTION**

Defendants' ECFMG and FAIMER intentionally interfered with Plaintiffs contractual and business relationships with hospitals, schools and clinics worldwide.   Also, Defendants' negligent removal of St. Luke School of Medicine ("SLSOM") from the International Medical Education Directory ("IMED") caused Plaintiff Medical Students to suffer harms in the form of lost jobs, Residencies, and invalidated examination scores.

FACTS

On January 20, 2005, Carole Bede of ECFMG issued a letter to Dr. Jerroll Dolphin, St. Luke School of Medicine ("SLSOM"), wherein she stated:

"ECFMG and FAIMER have received an unsigned and undated statement apparently issued from the National Commission on Higher Education, Liberia, stating the St. Luke School of Medicine is not registered or accredited as a medical school in Liberia."

"Until such time as FAIMER receives confirmation that the government of Liberia recognizes St. Luke School of Medicine and that the school is authorized by the government to issue the Doctor of Medicine degree, students currently enrolled in, and graduates of, St. Luke School of Medicine are no longer eligible to be registered for USMLE examinations or for ECFMG certification."

ECFMG removed SLSOM from the IMED listing on January 20, 2005.

On March 12, 2005, the National Commission on Higher Education issued a letter to the ECFMG, Madame Carole Bede, which, amongst other things, states:

"St. Luke School of Medicine is recognized by the Government of Liberia to award Doctor of Medicine degrees."

"Recognition was granted from August 1, 2000 by the National Legislature of the Republic of Liberia"

"Liberia presently recognizes St. Luke School of Medicine."

"The government of Liberia previously recognized St. Luke School of Medicine."

After receipt of the NCHE letter, ECFMG placed SLSOM back on the IMED listing on or around March 22, 2005.

OPPOSITION TO MOTION TO DISMISS

Around this same time, Mohammed Sheriff  pressured Dr. Isaac Roland to reverse the Statement of Attestation that he recently had given to St. Luke School of Medicine. Threatening Dr. Roland, Sheriff forced Dr. Roland sign a document that was typed on the typewriter of the Congressional Office at the Capitol Building. That letter had a devastating effect on SLSOM, an effect that the medical school is still suffering from.

On April 11, 2005 the National Commission on Higher Education issued the forged letter to Carole Bede, which stated SLSOM "does not exist" and was a "computer school." Upon receipt of this letter, ECFMG, without corroboration of the evidence or claims stated in this letter, immediately withdrew SLSOM from the IMED, and canceled the USMLE test results for all of its students and graduates, past and present.  SLSOM has not been on the IMED since.  The medical students, graduates and doctors whose careers are dependent upon SLSOM being recognized by ECGMG and listed on the IMED have had no relief from ECFMG's arbitrary decision to pull SLSOM from the IMED since  April 11, 2005.

**ANALYSIS**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Defendants' ECFMG and FAIMER intentionally interfered with Plaintiffs various business relationships.  Contrary to Defendants' moving papers, this cause of action not only relates to Defendant Republic of Liberia and its several false statements against SLSOM, but also relates to Defendants herein and their intentional removal of SLSOM from the IMED, even after a Liberian Supreme Court order and several subsequent NCHE letters requested that SLSOM be reinstated, as set forth in the First Amended Complaint.

///

**NEGLIGENCE**

Defendants ECFMG and FAIMER also negligently harmed Plaintiffs.  Contrary to Defendants' moving papers, this cause of action relates to Defendants' negligence outside of the context of due process rights.  Defendants removed SLSOM from the IMED causing SLSOM students to lose jobs, residencies and examination scores.  As the sole directory of its kind, a listing in the IMED is essentially synonymous with being deemed accredited. Hospitals, schools, and prospective students worldwide rely on the information in the IMED when making decisions about jobs, enrollment, residencies and the like.  ECFMG and FAIMER have voluntarily taken on the role of the certification and accreditation of foreign medical graduates and foreign medical schools. In this manner, both have assumed a duty not to arbitrarily or intentionally harm the subjects of their directory.  As the field of accreditation of foreign medical schools and the certification of foreign medical students remains largely unregulated, private causes of action are the only weapons individual plaintiffs have to combat entities such as Defendants.

**EQUITABLE TOLLING**

Although the statutes of limitations has run on these causes of action, this Court should equitably toll the statutes of limitation pursuant to the reasoning set forth in <u>Bollinger v. National Fire Ins. Co.</u>, 25 Cal.2d 399, 411.  The facts serving as a backdrop to this action began during civil war in Liberia in 2001.  Civil war continued in Liberia throughout 2003.  Liberia's conduct, as alleged in the First Amended Complaint, stripped SLSOM of its ability to function as a medical school both legally and financially.  This coupled with the fact that Dr. Jerroll Dolphin, the school's founder and president was himself rendered destitute.  Dr. Dolphin could not return to the U.S. to bring this action until this present time. Thus, although ECFMG and FAIMER did not delay Dolphin's filing, the

4

action itself is one deserving of leniency from this court in equity.  Quite simply, Dr. Dolphin, SLSOM and the Medical Students will have no other forum or opportunity to address the grievous acts committed against them by Defendants.

DATED:        June 10, 2010                          CULPEPPER LAW GROUPE

                                                              /s/ Thaddeus J. Culpepper

                                                              THADDEUS J. CULPEPPER
                                                               Attorney for Plaintiffs

5

OPPOSITION TO MOTION TO DISMISS

DECLARATION OF THADDEUS J. CULPEPPER

1.      I, Thaddeus J. Culpepper, would, if called to testify, the following from my own personal knowledge and belief.  I am attorney for Plaintiffs in this action and certify under penalty of perjury under the laws of the State of California that the following testimony is true and correct.

2.      . Defendants removed SLSOM from the IMED causing SLSOM students to lose jobs, residencies and examination scores.  As the sole directory of its kind, a listing in the IMED is essentially synonymous with being deemed accredited. Hospitals, schools, and prospective students worldwide rely on the information in the IMED when making decisions about jobs, enrollment, residencies and the like.  ECFMG and FAIMER have voluntarily taken on the role of the certification and accreditation of foreign medical graduates and foreign medical schools. In this manner, both have assumed a duty not to arbitrarily or intentionally harm the subjects of their directory.  As the field of accreditation of foreign medical schools and the certification of foreign medical students remains largely unregulated, private causes of action are the only weapons individual plaintiffs have to combat entities such as Defendants.

Civil war continued in Liberia throughout 2003.  Liberia's conduct, as alleged in the First Amended Complaint, stripped SLSOM of its ability to function as a medical school both legally and financially.  This coupled with the fact that Dr. Jerroll Dolphin, the school's founder and president was himself rendered destitute.  Dr. Dolphin could not return to the U.S. to bring this action until this present time. Thus, although ECFMG and FAIMER did not delay Dolphin's filing, the

OPPOSITION TO MOTION TO DISMISS

action itself is one deserving of leniency from this court in equity.  Quite simply, Dr. Dolphin,

SLSOM and the Medical Students will have no other forum or opportunity to address the

the grievous acts committed against them by Defendants.

DATED: June 10, 2010                                    THADDEUS J. CULPEPPER

                                                        /s/ Thaddeus J. Culpepper

7

OPPOSITION TO MOTION TO DISMISS