James R. Rogers/SBN 99102
jrogers@jrrlaw.net
Jason Sparta/SBN 228458
jsparta@jrrlaw.net
Bridgette A. Webster/SBN 226068
b.webster@jrrlaw.net
LAW OFFICES OF JAMES R. ROGERS
125 S. Highway 101, Suite 101
Solana Beach, CA 92075
Telephone: 858-792-9900
Facsimile: 858-792-9509

Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
Erroneously sued as
EDUCATION COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
and
FOUNDATION FOR ADVANCEMENT OF
INTERNATIONAL MEDICAL EDUCATION
AND RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ST.LUKE SCHOOL OF MEDICINE, et al.<br><br>Plaintiff(s)<br><br>v.<br><br>REPUBLIC OF LIBERIA, et al.<br><br>Defendants. | Case No. CV-10-1791RGK (SHx)<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM<br><br>[F.R.C.P. 12(b)(1) & 12(b)(6)]<br><br>Date: June 21, 2010<br>Time: 9:00 a.m.<br>Courtroom: 850 |

Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES erroneously sued as EDUCATION COMMISSION FOR

FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH ("FAIMER") submit the following reply to plaintiffs' opposition to motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure section 12(b)(6).

In light of the fact that plaintiffs have not opposed defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(2), moving defendants have not filed a reply as to that motion. Although the motion to dismiss for lack of personal jurisdiction is unopposed, moving defendants nonetheless request the court rule on both (1) the unopposed motion to dismiss for lack of personal jurisdiction and (2) the motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, which plaintiffs did oppose.

## I.

## **<u>TIMING OF REPLY</u>.**

Moving defendants acknowledge that pursuant to Local Rule 7.9, their reply was due to be filed no later than June 7, 2010. However, plaintiffs did not file their opposition until yesterday, June 14, 2010. Thus, counsel for moving defendants filed this reply as soon as practically possible, as they did with their moving papers.

Despite the undersigned counsel first being assigned to represent moving defendants one day before the initial responsive pleading was due, plaintiffs' counsel withdrew his extension of time with regard to the responsive pleading and failed to return the call of undersigned counsel. Thus, the undersigned counsel had one day within which to become familiar with the case and research and draft the responsive pleading.

///

Nonetheless, when plaintiffs' counsel called the undersigned counsel on June 11, 2010 to seek an extension on his opposition that was due by May 28, 2010, the undersigned informed plaintiffs' counsel that he would defer to the Court as to whether to consider the opposition in ruling on the motions.

**II.**

**PLAINTIFFS ACKNOWLEDGE THAT THE STATUTE OF LIMITATIONS HAS RUN ON THEIR CLAIMS.**

Plaintiffs acknowledge that the statute of limitations has run on their claims. However, plaintiffs claim that they are entitled to equitable tolling to the statute of limitations because of a civil war in Liberia and because a plaintiff, Jerroll Dolphin, was destitute and could not return to the United States. Plaintiff cites no authority, nor has the undersigned counsel located any authority, that provides either being destitute or another country's civil war constitutes the tolling of the statute of limitations for an action brought in the United States.

Furthermore, plaintiff states that civil war in Liberia took place from 2001 to 2003 (Plaintiffs' Opposition, 4:19-20), whereas the events alleged in plaintiffs' complaint began in 2005. (See Plaintiffs' Opposition, p.2 and Complaint, pars. 25, 161, 167.) Thus, the Liberian civil war that by plaintiffs' account ended in 2003 has nothing to do with the events alleged in plaintiffs' complaint, much less provide a basis for tolling.

Finally, plaintiffs provide no arguments for plaintiff Robert Farmer's failure to timely file the complaint.

**III.**

**MOVING DEFENDANTS OBJECT TO AND MOVE TO STRIKE PLAINTIFFS' COUNSEL'S DECLARATION.**

Plaintiffs' counsel signed a declaration stating that he has personal knowledge of certain allegations made in the case, including that one of the plaintiffs, Jerroll Dolphin, was destitute. Plaintiffs' counsel's declaration lacks

foundation for his personal knowledge of these matters. Moving defendants object to and move to strike plaintiffs' counsel's declaration.

**IV.**

**CONCLUSION**

As set forth in the moving papers and herein, plaintiffs fail to allege a basis for subject matter jurisdiction and fail to state a claim against moving defendants. Plaintiffs admit that their case is barred by the statute of limitations. Therefore, defendants ECFMG and FAIMER move this Court for an order dismissing this case.

Dated: June 15, 2010

LAW OFFICES OF JAMES R. ROGERS

By: James R. Rogers

James R. Rogers, Esq.
Bridgette A. Webster, Esq.
Attorneys for Defendants
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, erroneously sued as EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, and
FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH

4

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM