| | |
|---|---|
| 1 | MICHAEL D. YOUNG (SBN 120787) |
| 2 | NICOLE C. RIVAS (SBN 179337)<br>**ALSTON & BIRD LLP** |
| 3 | 333 South Hope Street, Sixteenth Floor<br>Los Angeles, California 90071 |
| 4 | Telephone: (213) 576-1000<br>Facsimile: (213) 576-1100 |
| 5 | Email: mike.young@alston.com<br>        nicole.rivas@alston.com |
| 6 | Attorneys for Defendants THE BOARD OF TRUSTEES |
| 7 | OF THE UNIVERSITY OF ILLINOIS, erroneously sued as<br>THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN; |
| 8 | and DR. GEORGE GOLLIN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE;<br>DR. JERROLL B.R. DOLPHIN and<br>DR. ROBERT FARMER on behalf of<br>himself and all others similarly situated, as<br>applicable,<br><br>           Plaintiffs,<br><br>  v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF<br>HEALTH, a Liberian Governmental<br>Agency; MINISTRY OF EDUCATION, a<br>Liberian Governmental Agency; LIBERIAN<br>MEDICAL BOARD, a Liberian<br>Governmental Agency; NATIONAL<br>COMMISSION ON HIGHER<br>EDUCATION, a Liberian Governmental<br>Agency; NATIONAL TRANSITIONAL<br>LEGISLATIVE ASSEMBLY, a Liberian<br>Governmental Agency; DR. ISAAC<br>ROLAND; MOHAMMED SHERIFF; DR.<br>BENSON BARH; DR. GEORGE GOLLIN;<br>EDUCATION COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES; a<br>Pennsylvania Non-Profit organization;<br>FOUNDATION FOR ADVANCEMENT<br>OF INTERNATIONAL EDUCATION<br>AND RESEARCH; a Pennsylvania Non-<br>Profit organization, UNIVERSITY OF<br>ILLINOIS-URBANA CHAMPAIGN, an<br>Illinois Institution of Higher Learning;<br>STATE OF OREGON, Office of Degree<br>Authorization,<br><br>           Defendants. | Case No.: 10-CV-01791 RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION BY DEFENDANT<br>DR. GEORGE GOLLIN:**<br><br>(a)   **TO DISMISS (ON<br>       GROUNDS OF<br>       SOVEREIGN IMMUNITY<br>       AND VIOLTION OF<br>       RULE 8)**<br><br>(b)   **ALTERNATIVELY FOR<br>       MORE DEFINITE<br>       STATEMENT; AND**<br><br>(c)   **TO STRIKE FOR FAILURE<br>       TO PLEAD CLASS**<br><br>[FILED CONCURRENTLY WITH<br>NOTICE OF MOTION;<br>DECLARATION OF MICHAEL D.<br>YOUNG; APPENDIX OF<br>AUTHORITIES; AND [PROPOSED]<br>ORDER]<br><br>[FRCP 8, 12(b)(1), 12(e), 12(f) & 41(b)]<br><br>DATE:              July 26, 2010<br>TIME:              9:00 a.m.<br>COURTROOM: 850 |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 3

III. LEGAL STANDARD ............................................................................................ 5

IV. PLAINTIFFS' CLAIMS AGAINST DR. GOLLIN, AS AN EMPLOYEE OF THE UNIVERSITY, ARE BARRED BY THE ELEVENTH AMENDMENT ....................................................................................................... 5

V. PLAINTIFFS' COMPLAINT FAILS TO SATISFY EVEN THE MOST BASIC PLEADING REQUIREMENTS ............................................................................. 9

    A. Plaintiffs' Complaint Violates Rule 8, Requiring A Short And Plain Statement Of Plaintiffs' Claims ................................................................. 9

    B. Plaintiffs Have Failed To Properly Allege A Class Action ................... 11

VI. CONCLUSION .................................................................................................... 12

LEGAL02/31975874v1

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bair v. Krug*
 (9th Cir. 1988) 853 F.2d 672 ..................................................................................... 7, 9

*Brennan v. University of Kansas*
 (10th Cir. 1971) 451 F.2d 1287 ....................................................................................... 6

*Cannon v. University of Health Sciences/The Chicago Medical School*
 (7th Cir. 1983) 710 F.2d 351 ....................................................................................... 1, 6

*Eaglesmith v. Ward*
 (9th Cir. 1995) 73 F.3d 857 ............................................................................................ 7

*Goshtasby v. Board of Trustees of the University of Illinois*
 (7th Cir. 1997) 123 F.3d 427 .......................................................................................... 6

*Harvis v. Board of Trustees of the University of Illinois*
 (N.D. Ill 1990) 744 F.Supp. 825 ................................................................................. 7, 9

*Jackson v. Hayakawa*
 (9th Cir. 1982) 682 F.2d 1344 ........................................................................................ 6

*Kashani v. Purdue University*
 (7th Cir. 1987) 813 F.2d 843 .......................................................................................... 6

*Kroll v. Board of Trustees of the University of Illinois*
 (7th Cir. 1991) 934 F.2d 904 .......................................................................................... 6

*Lewis v. Midwestern State University*
 (5th Cir. 1988) 837 F.2d 197 .......................................................................................... 6

*McHenry v. Renne*
 (9th Cir. 1995) 84 F.3d 1172 ................................................................................. 2, 9-11

*McMiller v. Board of Trustees of the University of Illinois*
 (N.D. Ill 2003) 275 F.Supp.2d 974 ................................................................................. 6

*Perez v. Rodriguez Bou*
 (1st Cir. 1978) 575 F.2d 21 ............................................................................................. 6

LEGAL02/31975874v1

*Pollak v. Board of Trustees of the University of Illinois*
    (N.D. Ill 2004) 2004 U.S. Dist. Lexis 12046 .................................................................. 7

*Ramirez v. Butler*
    (N.D. Cal. 2004) 319 F.Supp.2d 1304 ........................................................................... 5

*Regents of the University of California v. John Doe*
    (1996) 519 U.S. 425 ............................................................................................... 1, 6-7

*Ronwin v. Shapiro*
    (9th Cir. 1981) 657 F.2d 1071 ....................................................................................... 6

*Schmidt v. Herrmann*
    (9th Cir. 1980) 614 F.2d 1221 ..................................................................................... 10

*Sprewell v. Golden State Warriors*
    (9th Cir. 2001) 266 F.3d 979 ......................................................................................... 5

*Stearns v. Select Comfort Retail Corp.*
    (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 112971 .......................................................... 12

*Stewart v. California Dept. of Education*
    (S.D. Cal. 2008) 2008 U.S. Dist. Lexis 76228 ......................................................... 9-11

*Thompson v. City of Los Angeles*
    (9th Cir. 1989) 885 F.2d 1439 ....................................................................................... 6

**OTHER STATE CASES**

*Wozniak v. Conry*
    (Ill. App. Ct., 1997) 679 N.E.2d 1255, 288 Ill.App.3d 129 .......................................... 8

**RULES**

Federal Rules of Civil Procedure

    Rule 8 .............................................................................................................. 2, 9, 10, 12

    Rule 12 ......................................................................................................... 3, 5, 9, 11, 12

LEGAL02/31975874v1

Rule 23 .................................................................................................................. 11

Rule 41 ................................................................................................................... 2

Local Rule 23-2 ............................................................................................ 3, 11, 12

**CONSTITUTIONAL PROVISIONS**

U.S. Constitution, 11th Amendment ................................................... 1, 5, 6, 7, 8, 9, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' prolix and rambling 71-page, 211-paragraph [First Amended] Class Action Complaint (hereinafter "complaint") attempts to state more than ten causes of action against a dozen different defendants, ranging from the government of Liberia and its current or former officials, to the University of Illinois and one of its professors, Dr. George Gollin. While we suspect each of the many defendants will have separate and multiple bases for challenging this unorthodox pleading, the instant motion is brought by just one defendant – Professor Gollin – and is both simple and narrowly focused. By this motion, Professor Gollin, respectfully seeks a dismissal of this action as to him based on the doctrine of *sovereign immunity*.

It is not only uncontroverted but constitutionally mandated that state instrumentalities, like the University, and their employees, like Professor Gollin, sued in their official capacity are immune from lawsuits in federal court under the Eleventh Amendment of the United States Constitution. *Regents of the University of California v. John Doe* (1996) 519 U.S. 425, 429; *Cannon v. University of Health Sciences/The Chicago Medical School* (7th Cir. 1983) 710 F.2d 351, 356-357. Thus, without meaning to oversimplify the matter, this straightforward and basic legal principle is dispositive of the instant motion. In light of the Constitutional sovereign immunity protection enjoyed by the University and Professor Gollin, who plaintiff asserts was acting in his official capacity as an employee of the University, this Court lacks jurisdiction to hear plaintiffs' claims against Professor Gollin, and accordingly he should be dismissed from this action.

Indeed, plaintiffs have seemingly conceded this point. Plaintiffs' counsel has already acknowledged in writing that he will voluntarily dismiss the University from this action (he has not yet done so as of the date of this filing). We asked that counsel similarly dismiss the University's employee on the same grounds, but did not receive the courtesy of a return phone call or email.

In any case, even if sovereign immunity were not implicated, the complaint would still be subject to dismissal for failing to comply with the most basic requirements of Rule 8 of the Federal Rules of Civil Procedure.[1] As this Court well knows, that Rule requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] A 71-page, 211-paragraph, complaint – which was apparently written by a layman rather than legal counsel[2] and reading more like a bad novella than a legal pleading – is hardly the "short and plain statement" designed to demonstrate a right to relief that Rule 8 demands. Rather, in more than 200 paragraphs, plaintiffs describe *ad nauseam* a near epic battle with the Liberian government over, apparently, the accreditation of a medical school that teaches and graduates future doctors (if plaintiffs were to have their way) without the students ever having to attend a single class. No minutia escapes plaintiffs' attention, no matter how extraneous and trivial. Indeed, the complaint is replete with irrelevant details and long-winded narratives (most likely drafted by Plaintiff Dr. Dolphin himself) that describe Dr. Dolphin's alleged interactions with various Liberian government officials in Liberia, sometimes on a *minute-by-minute basis*.

        Making matters worse, despite its daunting length, the complaint fails to provide any of the defendants, let alone Professor Gollin and the University of Illinois (which had nothing to do with plaintiffs' efforts to establish a medical school in Liberia) with even the most basic notice of the claims being asserted against them. In fact, it is virtually impossible to determine from the face of the complaint who is suing whom and for what. This glaring defect in plaintiffs' pleading is insurmountable, and also justifies its dismissal under Rule 41(b).[3] *McHenry v. Renne* (9th Cir. 1995) 84 F.3d

---

[1] All subsequent references to a "Rule" refer to the Federal Rules of Civil Procedure unless otherwise stated.

[2] See complaint paragraph 112: "Then Mohammed Sheriff came to Dr. Dolphin and said he was going to take **my** passport."

[3] Rule 41(b) states: "If the plaintiff fails to prosecute *or to comply with these rules* or a court order, a defendant may move to dismiss the action or any claim against it." (Emphasis added.)

2

1172, 1180.

Lastly, plaintiffs' complaint purports to allege a class action on behalf of all former students of the so-called St. Luke School of Medicine ("SLSOM"). The complaint, however, fails to include any factual allegations whatsoever to establish the class. Moreover, the complaint does not even attempt to comply with the additional pleading requirements imposed by Local Rule 23-2. Plaintiffs' class allegations are, therefore, hopelessly defective, and should be stricken from the complaint under Rule 12(f).

Each claim for relief also appears hopelessly defective. But if this case is not dismissed as to Professor Gollin on sovereign immunity grounds, until we know which claim is asserted against which defendant, and what the basis for the claims are, we are not in a position at this time to raise those challenges. We reserve the right to challenge individual causes of action should such become necessary (though we clearly don't believe such should be necessary).

In sum, plaintiffs' complaint is woefully inadequate both in its failure to establish subject matter jurisdiction and in its abject failure to comply with the Federal Rules of Civil Procedure and the Central District's Local Rules. The complaint should, therefore, be dismissed without further ado.

## II. FACTUAL BACKGROUND

While the complaint is lengthy and filled with "facts," it is not at all clear which of those facts are pertinent to any of the alleged causes of action. Nonetheless, we will attempt here to summarize what appear to be the main themes of the pleading. Of course, for purposes of this motion, we will assume these facts to be true.

According to the complaint, plaintiff Dr. Dolphin has tried for years to establish SLSOM as an accredited medical school in the capital of Liberia on the western coast of Africa. (FAC, ¶¶ 25-178.) He claims his efforts, however, have been thwarted at every turn by widespread government corruption and civil unrest. (*Id.*) As a result, the legal status of SLSOM has never been entirely clear. (*Id.*) Indeed, even

the Liberian government appears uncertain as to the status of SLSOM, having declared at one point that the school does not exist at all, graduating medical doctor candidates who never actually attended any classes. (FAC, ¶¶ 42, 43, 52, 58, 104, 125, 138, 165.) In addition, there have been numerous media reports within Liberia that have labeled the school as fraudulent and accused Dr. Dolphin of issuing phony diplomas. (FAC, ¶¶ 60, 63, 94, 99, 143, 150.) Because the Liberian government has in the past refused to recognize SLSOM as a legitimate medical school, the Educational Commission for Foreign Medical Graduates, based in the United States, has permanently removed the school from its International Medical Education Directory. (FAC, ¶¶ 104, 138, 139.)

According to the complaint, Dr. Gollin is a professor at the University of Illinois who has become an academic expert in the area of fraudulent universities and professional schools – so-called "diploma mills." Plaintiffs assert that in this role at the University, Professor Gollin from time-to-time posted his research in this area of research on his university website (FAC, ¶¶ 22, 179(a)), and that the University has not only taken "responsibility" for this research, but assisted Professor Gollin in placing his research on appropriate websites. (FAC, ¶179, pg. 54.) The complaint asserts that Professor Gollin, relying on the information provided by the Liberian government, the numerous negative media reports, and other information that appeared to confirm the fraudulent status of SLSOM, identified SLSOM as a diploma mill and included information to that effect on his university website. (FAC, ¶ 179.) The complaint further charges Professor Gollin with giving several presentations in which SLSOM and Dr. Dolphin were mentioned and with submitting a "document" to the Ghana National Accreditation Board wherein SLSOM and Dr. Dolphin were again discussed. (FAC, ¶¶ 180, 181.)

Additionally, the complaint charges that the University continues to publish and host its professor's research (FAC, ¶179, pg. 55); supports the professor by allowing him to use the University letterhead and insignia in his work (*id.*); and provides the professor with computers and servers to carry out his diploma mill

4

1 research. (*Id.*)

2 Based on these facts, the complaint attempts to state nearly a dozen claims against Professor Gollin, although it is not at all clear which facts pertain to which claims, if any; and the complaint does little to illuminate this inquiry. In any event, as noted above, and as explained next, the existence of a valid claim, if any, is really immaterial since Professor Gollin, like his employer the University of Illinois, is immune from suit in federal court under the Eleventh Amendment of the U.S. Constitution. Accordingly, plaintiffs' complaint as it pertains to Professor Gollin should be dismissed.

## III. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may properly move to dismiss a complaint for lack of subject matter jurisdiction. *Ramirez v. Butler* (N.D. Cal. 2004) 319 F.Supp.2d 1304, 1036; FRCP 12(b)(1). The complaint should "be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually'." *Ramirez*, 319 F.Supp.2d 1036. Where, as is the case here, a complaint is challenged on its face, all factual allegations must be taken as true and construed in the light most favorable to the plaintiff. *Id.* at 1037. The Court, however, need not accept as true merely conclusory allegations or unsupported deductions and inferences. *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988. *Even on a motion to dismiss, **the plaintiff**, as the party seeking to invoke federal jurisdiction, ultimately **bears the burden** of establishing "that the court has the requisite subject matter jurisdiction to grant to the relief requested." Ramirez, 319 F.Supp.2d 1036* (emphasis added).

## IV. PLAINTIFFS' CLAIMS AGAINST DR. GOLLIN, AS AN EMPLOYEE OF THE UNIVERSITY, ARE BARRED BY THE ELEVENTH AMENDMENT

It is axiomatic that states are immune from suit in federal court under the Eleventh Amendment. *Regents of the University of California v. John Doe* (1996) 519 U.S. 425, 429. That amendment provides in pertinent part that the "judicial power of

the United States shall not be construed to extend to any suit in law or equity. . . against one of the United States by Citizens of another State, or by Citizens . . . of any Foreign State." (U.S. Const. Amend. 11.) As interpreted by courts, the "reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as a defendant, but also certain actions *against state agents and state instrumentalities.*" *Regents of the University of California,* 519 U.S. 429 (emphasis added).

As discussed in detail in the motion brought by the University of Illinois, public universities have long been recognized by both the Supreme Court and the Ninth Circuit as "state instrumentalities" entitled to the protections of the Eleventh Amendment. *See, e.g., Id.* 430-431 (the University of California is immune from suit in federal court under the Eleventh Amendment); *Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d 1439, 1443 (same for UCLA); *Jackson v. Hayakawa* (9th Cir. 1982) 682 F.2d 1344, 1350 (same for Cal State San Francisco); *Ronwin v. Shapiro* (9th Cir. 1981) 657 F.2d 1071, 1073 (same for the University of Arizona). Other courts around the country have reached this same conclusion with respect to the public universities in their jurisdictions. *See, e.g., Kashani v. Purdue University* (7th Cir. 1987) 813 F.2d 843, 845 (finding that Purdue University is entitled to immunity under the Eleventh Amendment); *Lewis v. Midwestern State University* (5th Cir. 1988) 837 F.2d 197, 199 (same for Midwestern State University); *Perez v. Rodriguez Bou* (1st Cir. 1978) 575 F.2d 21, 25 (same for the University of Puerto Rico); *Brennan v. University of Kansas* (10th Cir. 1971) 451 F.2d 1287, 1290-91 (same for the University of Kansas).

Indeed, the Seventh Circuit has already determined, not once, but on multiple occasions, that the University of Illinois is an instrumentality of the state, which is immune from suit in federal court. *See Cannon, supra,* 710 F.2d 356-357; *see also Goshtasby v. Board of Trustees of the University of Illinois* (7th Cir. 1997) 123 F.3d 427; *Kroll v. Board of Trustees of the University of Illinois* (7th Cir. 1991) 934 F.2d 904, 908; *McMiller v. Board of Trustees of the University of Illinois* (N.D. Ill 2003) 275

1  F.Supp.2d 974, 979; *Pollak v. Board of Trustees of the University of Illinois* (N.D. Ill
2  2004) 2004 U.S. Dist. Lexis 12046, *4-6. Plaintiffs apparently concede this point, and
3  have not even bothered to oppose the University's motion to dismiss based upon
4  Eleventh Amendment immunity.

Of course, the Eleventh Amendment bars not only claims against the state and state instrumentalities, like the University, but also claims against state employees, like Professor Gollin. *Regents of the University of California,* 519 U.S. 429 (the 11th Amendment bars claims "against state agents *and* state instrumentalities" (emphasis added)); *Bair v. Krug* (9th Cir. 1988) 853 F.2d 672, 675 (same). Thus, to the extent Professor Gollin is being sued in his official capacity as a professor of the University of Illinois, he, like the University, is entitled to immunity under the Eleventh Amendment. *Eaglesmith v. Ward* (9th Cir. 1995) 73 F.3d 857, 859; *Harvis v. Board of Trustees of the University of Illinois* (N.D. Ill 1990) 744 F.Supp. 825, 829-831 (extending the 11th Amendment to a professor of the University of Illinois); *Cannon, supra,* 710 F.2d 357 (extending the 11th Amendment to employees of the University of Illinois).

For instance, in *Harvis, supra,* 744 F.Supp. at 825, a claim was brought against a University of Illinois professor for wrongful death arising out of a scuba diving accident on a University vessel used as part of a course on marine life. The Court held that the claim against the professor was barred by the Eleventh Amendment since the professor was acting in his official capacity for the University. The Court explained that "[a]n action against an employee of a state, based upon actions within the scope of his duties as an employee of the state, is in reality an action against the state. As discussed above, where any damages would come from the sate treasury, regardless of whether the defendant is a state or an officer, agent or employee of the state, the action is in reality an action for the payment of State of Illinois funds and is barred by the eleventh amendment and the principles of sovereign immunity." *Id.* at 829. (The court cites at n. 3 the Illinois statute that "provides that the Board of Trustees has the authority to pay judgments against its employees.")

7

Similarly, in *Wozniak v. Conry* (Ill. App. Ct., 1997) 679 N.E.2d 1255, 288 Ill.App.3d 129, a case with remarkable parallels to the instant case, a Department head, a professor at the University of Illinois was sued for "tortuous interference with an employment contract," arising out of allegedly false representations made by the University of Illinois professor that the plaintiff alleged were made knowingly or with reckless disregard for their truth. The individual defendant filed a motion to dismiss on Eleventh Amendment grounds, claiming (as here) that the professor was an instrumentality of the public university, that the suit was against him in his official capacity, and hence he was entitled to the protections of sovereign immunity. The trial court granted the motion and this was affirmed on appeal.

On appeal, the court looked at whether the relief sought against the professor would "limit the ability of the employee to engage in lawful activity on behalf of the state." *Id.* at 1258. In analyzing this, the court identified the relevant inquiry as being whether the individual defendant "would be acting within the scope of his duties by making truthful statements of the general type alleged." *Id.* at 1258. In *Wozniak*, because the professor's statements (assuming they were true) were clearly within the scope of his duties as head of the department at the University, the lawsuit against him was based on his official capacity, and the action was therefore barred by the Eleventh Amendment.

The same is true here. Professor Gollin is being sued, not as an individual, but in his official capacity as an employee of the University. For instance, plaintiffs' primary charge against Professor Gollin is that, as a professor of the University, he has published information on a university website that plaintiffs insist is fully controlled by the University. (FAC, ¶¶ 179, 180.) Assuming the professor's statements regarding the plaintiffs were true, Professor Gollin was doing what professors are hired to do – publish – as plaintiffs themselves have essentially conceded in their complaint.[4] Not

---

[4] *See also* the University of Illinois' Mission and Vision statements that emphasize the importance of "teaching, scholarship and service," which of course includes scholarly publication and public service. www.uillinois.edu/about/mission.cfm.

8

only do plaintiffs clearly and repeatedly identify Professor Gollin in the complaint as a professor at the University of Illinois (FAC, ¶¶ 22, 179), but they allege that the University has both taken "responsibility" for this research, and assisted Professor Gollin in placing his research on appropriate websites. (FAC, ¶179, pg. 54.)

Additionally, the complaint charges that the University continues to publish and host its professor's research (FAC, ¶179, pg. 55); supports the professor by allowing him to use the University letterhead and insignia in his work (*id.*); and provides the professor with computers and servers to carry out his diploma mill research. (*Id.*, ¶180.)

Taken all together, these allegations point to only one, undeniable conclusion: plaintiffs' seek to hold Professor Gollin liable in his official capacity as a professor of the University, and thus their claims against Professor Gollin are barred by the Eleventh Amendment. *Bair, supra,* 853 F.2d 675; *Harvis,* 744 F.Supp. 829-831. Accordingly, this action must be dismissed as to Professor Gollin under Rule 12(b)(1) for lack of subject matter jurisdiction.

## V. PLAINTIFFS' COMPLAINT FAILS TO SATISFY EVEN THE MOST BASIC PLEADING REQUIREMENTS

### A. Plaintiffs' Complaint Violates Rule 8, Requiring A Short And Plain Statement Of Plaintiffs' Claims

Rule 8 mandates that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] Moreover, each allegation of the complaint "must be simple, concise and direct." [FRCP 8(d)(1).] The purpose of this rule is to ensure that defendants have fair notice of the claim levied against them. *McHenry v. Renne* (9th Cir. 1995) 84 F.3d 1172, 1176, 1177-1178; *Stewart v. California Dept. of Education* (S.D. Cal. 2008) 2008 U.S. Dist. Lexis 76228, *6. Where a pleading fails to achieve even this most rudimentary goal, it violates Rule 8 and should be dismissed. *McHenry,* 84 F.3d at 1180; *Schmidt v. Herrmann* (9th Cir. 1980) 614 F.2d 1221, 1224.

LEGAL02/31975874v1

Regardless of Professor Gollin's immunity from suit in this action, Plaintiffs' 70-page complaint is anything but "simple, concise and direct." Worse still, despite its unbearable length, the complaint utterly fails to specify by whom or against whom each count is being brought. As a result, one cannot tell from the face of the complaint whether a particular claim is being asserted by any one or all of the three named plaintiffs or, perhaps even, the putative class. Nor can one glean from the complaint whether each claim is being asserted against all defendants or just one or more of the thirteen named defendants. In short, it is virtually impossible to determine from the face of the complaint who is suing whom and for what.

Plaintiffs apparently expect this Court, and the defendants, to comb through more than 200 paragraphs to try to decipher which claims are being asserted against which defendants, why, and by whom. Neither this Court, nor any defendant, should be expected to "weed[ ] through the complaint to determine what allegations are leveled at each defendant . . . ." *Stewart, supra,* 2008 U.S. Dist. Lexis 76228, *7; *McHenry, supra,* 84 F.3d 1179-80. Indeed, this is precisely the type of onerous burden that Rule 8 seeks to avoid, and is itself a basis for dismissing the complaint. *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.

In *Stewart*, for example, the court found that the complaint violated Rule 8 where it was "nearly impossible to identify the allegations asserted against each defendant." *Stewart,* 2008 U.S. Dist. Lexis 76228, *7. Similarly, in *McHenry*, the Ninth Circuit upheld the dismissal of the complaint where, despite being more than 40 pages long, it failed to "specify which defendants were liable on which claims;" instead, simply asserting that the "defendants conduct violated various rights of plaintiffs, without saying which defendants." *McHenry,* 84 F.3d 1176. This, of course, is exactly what plaintiffs have done here – nowhere in the complaint do plaintiffs specify which claims are being brought against which defendants or by whom. Rather, the complaint simply alleges again and again that "Defendants" have violated "plaintiffs" rights in some respect or another, without specifying which defendants or

10

which plaintiffs. (*See, e.g.,* FAC, ¶¶ 200, 201, 202, 203, 206, 208, 208(A), 209, 210, 211.)

Indeed, the pleading in this case, like the complaint in *McHenry*, "reads like a magazine article instead of a traditional complaint," and is "mostly, narrative ramblings and storytelling or political griping." *McHenry, supra,* 84 F.3d 1176. In fact, the complaint appears far more concerned with providing "quotations for newspaper stories" than with giving defendants notice of the claims against them. *McHenry,* 84 F.3d 1178. Such a pleading, which is "labeled a complaint but written more as a press release, prolix in evidentiary detail," yet lacking a simple and concise statement that alerts the defendants to what they are being sued for and by whom, "fails to perform the essential functions of a complaint," and should be dismissed. *Id.* at 1180. Alternatively, the Court may issue an order requiring plaintiffs to prepare a more definite statement under Rule 12(e). *Stewart,* 2008 U.S. Dist. Lexis 76228, *8. Either way, the present pleading simply cannot be allowed to stand.

### B. Plaintiffs Have Failed To Properly Allege A Class Action

Plaintiff's complaint purports to allege a class action. The complaint, however, simply restates, in the most conclusory fashion possible, the basic requirements of Rule 23 with absolutely no supporting, factual allegations. (FAC, ¶ 8.) In fact, all of plaintiffs' class allegations are contained in a single paragraph. (*Id.*) Such barebones allegations do not, by any stretch of the imagination, satisfy the basic pleading requirements for stating a class action.

Furthermore, plaintiffs' complaint fails to conform to Local Rule 23-2, which requires that the complaint contain a separate section entitled "Class Action Allegations." This section must incorporate the "allegations thought to justify the action's proceeding as a class action" as well as a description of the required or contemplated "notice to the proposed class." [L.R. 23-2.] These elements are clearly missing from the First Amended Complaint (FAC, ¶ 8), which is, therefore, defective on its face. Accordingly, plaintiffs' class allegations should be stricken under Rule

11

12(f).  *See Stearns v. Select Comfort Retail Corp.* (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 112971, *45.

## VI. CONCLUSION

As demonstrated above, Professor Gollin, like the University of Illinois, is not subject to this Court's jurisdiction under the express mandate of the Eleventh Amendment. Accordingly, he should be immediately dismissed from this action, *with prejudice*, under Rule 12(b)(1). Alternatively, the Court should dismiss plaintiffs' complaint for failing to comply with Rule 8 or, at a minimum, require plaintiffs to provide a more definite statement under Rule 12(e). Lastly, the class allegations contained in the complaint must be stricken as plaintiffs have failed to properly allege a class action or comply with Local Rule 23-2.

Respectfully Submitted

DATED: June 22, 2010

MICHAEL D. YOUNG
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/
_____
Nicole C. Rivas
Attorneys for Defendants THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS; and DR. GEORGE GOLLIN

LEGAL02/31975874v1