# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge __Klausner__

From: __T. Durant_____, Deputy Clerk    Date Received: __6-17-10__

Case No. __CV10-1791 RGK(SHx)__ Case Title: __St. Luke School of medicine v Republic of Liberia__

Document Entitled: __Plf. Amended Opp. to Def. ECFMG & Farmers Motion to Dissmiss etc.__

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1      Document not legible
☐ Local Rule 11-3.8      Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-4.1      No copy provided for judge
☐ Local Rule 19-1        Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1        Proposed amended pleading not under separate cover
☐ Local Rule 11-6        Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8        Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1       No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1         Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1        Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2        Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1      Notice to other parties of ex parte application lacking
☐ Local Rule 16-6        Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)        No proof of service attached to document(s)
☒ Other: __Gen Order 08-02: Case designated for E-filing__

FILED
CLERK, U.S. DISTRICT COURT
JUN 21 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____         _____
Date                            U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

__06·21·10__                    __/s/ Jay Klausner__
Date                            U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

CV-104A (12/03)                 NOTICE OF DOCUMENT DISCREPANCIES

G20 U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

CULPEPPER LAW GROUPE
556 S. Fair Oaks Avenue, Suite 101
No. 302
Pasadena, CA 91100
Tel: (626) 786-2779
Facsimile: (626) 628-3083
THADDEUS CULPEPPER, SBN 220194




UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE, et al,<br><br>Plaintiff,<br><br>vs.<br><br>REPUBLIC OF LIBERIA, et al,<br><br>Defendant | Case No.: 10-CV-1791 RGK (SHx)<br><br>PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' ECFMG AND FAIMER'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>DECLARATION BY THADDEUS J. CULPEPPER IN SUPPORT THEREOF<br><br>DATE: JUNE 21, 2010<br>TIME: 9:00 AM<br>CRT: 850 |

AMENDMENT TO PLAINTIFF'S OPPOSITION

EQUITABLE TOLLING

In accordance to the rules established by Wood v. Elling Corp., 20 Cal.3d 353, 572 P.2d 755, 142 Cal.Rptr. 696 (1977) limiting Bollinger v. National Fire Ins. Co., 25 Cal.2d 399, 154 P.2d 399 (1944), the plaintiff presents the following factual information:

1. St. Luke School of Medicine (SLSOM) obtained a "Clerks Certificate" (Default Certificate) in Liberia Supreme Court against the Republic of Liberia in its action for a Writ of Prohibition on August 22, 2005, and SLSOM also obtained another "Clerks Certificate" in Liberia Civil Court against

the Republic of Liberia in its action for Damages for Wrong on October 31, 2006. Final judgments in both cases have been stalled in Liberia in both courts from judicial bias.

2. ECFMG-FAIMER never responded to SLSOM's 90-page request for reinstatement into the IMED sent in March 2008 and so further stalled SLSOM. Also ECFMG-FAIMER did not inform SLSOM of its statute of limitations obligations.

3. SLSOM was diligent in pursuing its remedy by requesting assignments in Liberia courts to hear for final lawsuit judgments for Writ of Prohibition from Liberia Supreme Court and Damages for Wrong in Liberia Civil Court, but was stalled by judicial bias in Liberia and stalled by ECFMG-FAIMER's failure to respond to SLSOM's request for reinstatement into the IMED, and ECFMG-FAIMER's failure to inform SLSOM of its statute of limitations obligation.

CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 335.1

The two year statute of limitations provided by California Code of Civil Procedure section 335.1 is not in any way relevant to this case.

TOLLING OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 340(C) and (D)

The one-year statute of limitations provided by California Code of Civil Procedure section 340(C) may or may not be relevant to this action. California Code of Civil Procedure section 340(D) is certainly relevant to this action and was tolled from two lawsuits filed in Liberia. The first lawsuit, filed on July 21, 2005 in

Liberia Supreme Court was a "Writ of Prohibition". A "Clerks Certificate" was obtain by default of the defendants, the Republic of Liberia, et al, on August 22, 2005. a final judgment was never obtained for this lawsuit because an assignment was never given by the Associate Justice Kabinah Janeh, despite numerous attempts by SLSOM requests by its various lawyers and representatives since 2006. Janeh was named as a defendant in the very same "Writ of Prohibition" filed in 2005 when he was, then, the Minister of Justice. He became an Associate Justice of the Liberia Supreme Court in 2006, and was responsible for the assignment of cases. He never recused himself from SLSOM's "Writ of Prohibition".

An order of the Supreme Court was given on August 10, 2005 to restore SLSOM to "status quo ante", and was sent to the ECFMG. The National Commission on Higher Education also sent two separate requests to ECFMG by letter in October 2005 and December 2005, based on the order of the Supreme Court, to which ECFMG also did not cooperate.

The second lawsuit, filed on September 18, 2006 in Liberia Civil Court was a "Damages for Wrong" requesting $120,000,000 in total damages, which requested an alleviation of SLSOM's accreditation problem with ECFMG. A "Clerks Certificate" was obtain by default of the defendants, the Republic of Liberia, et al, on October 31, 2006. This lawsuit obtained a final judgment because an assignment was never given despite numerous attempts by SLSOM requests by its various lawyers and representatives since 2006 until now. A civil court

magistrate, in December 2007, stated that SLSOM should readdress its complaint to the Liberia Claims Court, a constitutional entity, that has not been reestablished in Liberia since its unlawful demolition in 1983.

These two lawsuits that were not completed due to judicial bias and unlawful procedure tolled this statute of limitations, California Code of Civil Procedure section 340(D), until now.

TOLLING OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 339(1)

The four-year statute of limitations provided by California Code of Civil Procedure section 339(1) is not expired since the civil lawsuit was filed in September 2006. Also because damages not fully accrued (still amounting, still accruing), due to the lack of a final judgment of civil lawsuit in Liberia filled in September 2006. A "Clerks Certificate" was obtained in October 2006. The amount of damages suffered by the plaintiff from the actions of ECFMG-FAIMER have not been ascertained. The accrual of damages is not complete and therefore this statute of limitations is tolled.

Dated this 15th day of June, 2010

*[signature]*
CULPEPPER LAW GROUPE
556 S. Fair Oaks Avenue,
Suite 101
No. 302
Pasadena, CA 91100
Tel: (626) 786-2779
Facsimile: (626) 628-3083
THADDEUS CULPEPPER, SBN 220194

AMENDED OPPOSITION TO MOTION TO DISMISS - 4