UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01791 RGK (SHx) | | Date | July 2, 2010 |
|---|---|---|---|---|
| Title | *St. Luke School of Medicine, et al. v. Republic of Liberia, et al*. | | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       **(IN CHAMBERS)** Order re: Order to show cause regarding subject matter jurisdiction.

    The Court hereby orders Plaintiffs to clarify the basis for this Court's subject matter jurisdiction. The Complaint asserts jurisdiction under a 1939 treaty between the United States and Liberia, which provides Liberian nationals and corporations access to United States courts. Treaty of Friendship, Commerce and Navigation, U.S.-Liber., art. I, XVII, Aug. 8, 1938, 54 Stat. 1739. Since 28 U.S.C. § 1331 grants "original jurisdiction of all civil actions arising under . . . the treaties of the United States," Plaintiffs allege that the aforementioned Friendship Treaty creates the jurisdictional basis for their case.

    The Court finds Plaintiffs' rationale unpersuasive. *See Dreyfus v. Von Finck*, 534 F.2d 24, 29 (2d Cir. 1976) ("Rarely is the relationship between a private claim and a general treaty sufficiently direct so that it may be said to 'arise under' the treaty as required by art. III, § 2, cl. 1 of the Constitution."); *Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Ins. Co., et al.*, 1992 U.S. Dist. LEXIS 10910, at *10-12 (D. Penn. July 27, 1991) (finding that the Friendship Treaty is insufficient to support federal question jurisdiction); 13B Wright, Miller & Kane, Federal Practice and Procedure § 3563 (1984) ("The extension of federal question jurisdiction to treaties is of limited significance because it is rare that the relation of a treaty to the plaintiff's claim will be sufficiently direct to satisfy the test of 'arising under.'").

    Plaintiffs are hereby given **seven (7) Court days** from the date this Order is entered on the docket to clarify the basis for this Court's subject matter jurisdiction. If Plaintiffs seek federal question jurisdiction under 28 U.S.C. § 1331, this Court orders Plaintiffs to assert the substantial question(s) of federal law at issue.  If Plaintiffs seek diversity jurisdiction under 28 U.S.C. § 1332, this Court orders Plaintiffs to assert both the amount in controversy and the citizenship of all parties to the suit.

    **IT IS SO ORDERED**.

                                                                                                                            :

Initials of Preparer    slw