1  LATHAM & WATKINS LLP
       Manny A. Abascal (Bar No. 171301)
2      Amy C. Quartarolo (Bar No. 222144)
       Amanda J. Klopf (Bar No. 260678)
3  355 South Grand Avenue
   Los Angeles, California  90071-1560
4  Telephone:  +1.213.485.1234
   Facsimile:  +1.213.891.8763
5
   Attorneys for Defendant
6  Republic of Liberia

7              UNITED STATES DISTRICT COURT

8      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9  ST. LUKE SCHOOL OF MEDICINE;          CASE NO. 10-CV-1791 RGK (SHx)
   DR. JERROLL B.R. DOLPHIN and
10 DR. ROBERT FARMER on behalf of         MEMORANDUM OF POINTS AND
   himself and all others similarly       AUTHORITIES IN SUPPORT OF
11 situated,                              DEFENDANT REPUBLIC OF
                                          LIBERIA'S MOTION TO DISMISS
12              Plaintiffs,               PLAINTIFFS' FIRST AMENDED
                                          COMPLAINT PURSUANT TO
13         v.                             FEDERAL RULES OF CIVIL
                                          PROCEDURE 8, 12(b)(1), AND 12(b)(6)
14 REPUBLIC OF LIBERIA; MINISTRY
   OF HEALTH, a Liberian                  *[FILED CONCURRENTLY WITH*
15 Governmental Agency; LIBERIAN          *NOTICE OF MOTION; DECLARATION*
   MEDICAL BOARD, a Liberian              *OF AMANDA J. KLOPF; AND*
16 Governmental Agency; NATIONAL          *[PROPOSED] ORDER]*
   COMMISSION ON HIGHER
17 EDUCATION, a Liberian                  [Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6)]
   Governmental Agency; NATIONAL
18 TRANSITIONAL LEGISLATIVE
   ASSEMBLY, a Liberian Governmental
19 Agency; DR. ISAAC ROLAND;             Date:  August 16, 2010
   MOHAMMED SHERIFF; DR.                  Time:  9:00 a.m.
20 BENSON BARH; BR. GEORGE                Judge: Hon. R. Gary Klausner
   GOLLIN; EDUCATION
21 COMMISSION FOR FOREIGN
   MEDICAL GRADUATES, a
22 Pennsylvania Non-Profit organization;
   FOUNDATION FOR
23 ADVANCEMENT OF
   INTERNATIONAL EDUCATION
24 AND RESEARCH, a Pennsylvania
   Non-Profit Organization;
25 UNIVERSITY OF ILLINOIS-
   URBAN, an Illinois Institution of
26 Higher Learning; STATE OF
   OREGON, Office of Degree
27 Authorization,

28              Defendants.

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................... 1

II.    ALLEGATIONS OF THE COMPLAINT ................................................... 2

III.   ARGUMENT............................................................................................. 4

       A.   The Complaint Should Be Dismissed Because The Court
            Lacks Subject Matter Jurisdiction......................................................... 4

       B.   The Complaint Fails To State A Claim Upon Which
            Relief Can Be Granted ......................................................................... 8

            1.   Plaintiffs' Claim Under The Alien Tort Statute
                 Must be Dismissed Because it Fails to Allege Each
                 of the Requisite Elements ............................................................ 8

                 a.   Plaintiffs Do Not Allege A Violation Of
                      International Law ................................................................. 8

                 b.   Plaintiffs Do Not Allege Alien Status............................. 9

            2.   Plaintiffs' Tort Claims Must be Dismissed ............................. 10

                 a.   Plaintiffs' Claim for Trade Libel Must be
                      Dismissed Because it Fails to Allege Each
                      of the Requisite Elements And Because it is
                      Time-Barred ..................................................................... 10

                 b.   Plaintiffs' Claim for Libel Must be
                      Dismissed Because it Fails to Plead a Claim
                      for Relief Adequately And Because it is
                      Time-Barred ..................................................................... 11

                 c.   Plaintiffs' Claim for Intentional Interference
                      with Prospective Business Advantage Must
                      be Dismissed Because it Fails to Allege
                      Each of the Requisite Elements And
                      Because it is Time-Barred ................................................ 12

                 d.   Plaintiffs' Claim for False Imprisonment
                      Must be Dismissed Because it Fails to
                      Allege the Necessary Elements And
                      Because it is Time-Barred ................................................ 13

                 e.   Plaintiffs' Claim for Negligence Must be
                      Dismissed Because it Fails to Allege Each

of the Requisite Elements And Because it is Time-Barred ................................................................. 13

f.   Plaintiffs' Claim for Loss of Consortium Must be Dismissed Because it Fails to Allege the Necessary Elements And Because it is Time-Barred ............................ 14

g.   Plaintiffs' Claim for Conversion Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred ................................................................. 15

h.   Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Fails to Allege the Requisite Elements for Such a Claim ................................................................. 16

i.   Plaintiffs' Claim for Violations of Equal Protection Must be Dismissed Because it Fails to Allege Unconstitutional Governmental Categorization ....................... 17

j.   Plaintiffs' Claim for Conspiracy to Commit Civil Rights Violations Must be Dismissed Because it Fails to Allege Each of the Requisite Elements ............................................. 18

k.   Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Requisite Elements And Because it is Time-Barred ................... 20

l.   Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred ................... 21

C.   The Complaint is Rife with Procedural Defects And Merits Dismissal ................................................................. 21

1.   The Complaint Fails to Comply With Rule 8 ........................ 21

2.   Plaintiffs' Class Allegations are Procedurally Deficient ................................................................. 22

a.   Plaintiffs Fail To Properly Plead the Rule 23(b)(2) Grounds For Maintaining a Class Action ................................................................. 22

b.      Plaintiffs Fail to Meet the Rule 23(a)
        Prerequisites for Certification ....................................... 23

IV.    CONCLUSION ............................................................................. 25

**TABLE OF AUTHORITIES**

Page

**CASES**

*Abagninin v. Amvac Chem. Corp.*,
545 F.3d 733 (9th Cir. 2008) ................................................................ 8

*Argentine Republic v. Amerada Hess Shipping Corp.*,
488 U.S. 428 (1989) .............................................................. 4, 6, 7, 10

*Baldwin v. Marina City Props., Inc.*,
79 Cal. App. 3d 393 (1978) ................................................................ 12

*Board of Regents v. Roth*,
408 U.S. 564 (1972) ............................................................................ 16

*Bowoto v. Chevron Corp.*,
557 F. Supp. 2d 1080 (N.D. Cal. 2008) ............................................. 8

*Bray v. Alexandria Women's Health Clinic*,
506 U.S. 263 (1993) ............................................................................ 19

*Butler v. Elle*,
281 F.3d 1014 (9th Cir. 2002) ............................................................ 19

*Corzo v. Banco Central de Reserva Del Peru*,
243 F.3d 519 (9th Cir. 2001) ............................................................... 6

*Della Penna v. Toyota Motor Sales, U.S.A.*,
11 Cal. 4th 376 (1995) ........................................................................ 12

*Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,
548 F.3d 1184 (2008) .................................................................. 17, 18

*Erlich v. Etner*,
224 Cal. App. 2d 69 (1964) ................................................................ 10

*Export Group v. Reef Industries*,
54 F.3d 1466 (9th Cir. 1995) ............................................................... 5

*Flores v. S. Peru Copper Corp.*,
414 F.3d 233 (2d Cir. 2003) .......................................................... 1, 8

*Griffin v. Breckenridge*,
403 U.S. 88 (1971) .............................................................................. 19

*Guess, Inc. v. Superior Court*,
176 Cal. App. 3d 473 (1986) ...................................................... 11, 13

*Hahn v. Mirda*,
147 Cal. App. 4th 740 (2007) ............................................................ 14

*Hufford v. McEnaney*,
    249 F.3d 1142 (9th Cir. 2001) ........................................................... 16

*Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty USA*,
    129 Cal. App. 4th 1228 (2005) ......................................................... 20

*In re Paxil Litig.*,
    218 F.R.D. 242 (C.D. Cal. 2003) ...................................................... 23

*Kadic v. Karadzic*,
    70 F.3d 232 (2d Cir. 1995) ........................................................... 1, 9

*Karim-Panahi v. Los Angeles Police Dep't*,
    839 F.2d 621 (9th Cir. 1988) ........................................................... 19

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ......................................................................... 4

*Ladd v. County of San Mateo*,
    12 Cal. 4th 913 (1993) .................................................................... 14

*Liu v. Republic of China*,
    892 F.2d 1419 (9th Cir. 1989) ...................................................... 5, 10

*Lozano v. AT&T Wireless Servs.*,
    504 F.3d 718 (9th Cir. 2007) ........................................................... 23

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*,
    48 Cal. 3d 583 (1989) ..................................................................... 21

*McDougal v. County of Imperial*,
    942 F.2d 668 (9th Cir. 1991) ........................................................... 19

*Meadows v. Dominican Republic*,
    817 F.2d 517 (9th Cir. 1987) ............................................................. 7

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003) ........................................................... 23

*Mujica v. Occidental Petroleum Corp.*,
    381 F. Supp. 2d 1164 (C.D. Cal. 2005) .............................................. 9

*Plyler v. Doe*,
    457 U.S. 202 (1982) ....................................................................... 18

*Polygram Records, Inc. v. Superior* Court,
    170 Cal. App. 3d 543 (1985) .......................................................... 10

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984) ............................................................. 8

*Saudi Arabia v. Nelson*,
    507 U.S. 349 (U.S. 1993) .................................................................. 6

*Schweiker* v. *Wilson*,
  450 U.S. 221 (1981) .......................................................................... 17

*Serra v. Harley Lappin*,
  600 F.3d 1191 (9th Cir. 2010) ........................................................... 9

*Sherman v. Henderson*,
  2010 U.S. App. LEXIS 11336 (9th Cir. June 3, 2010) ................................. 21

*Shopoff & Cavallo LLP v. Hyon*,
  167 Cal. App. 4th 1489 (2008) .......................................................... 15

*Siderman de Blake v. Republic of Argentina*,
  965 F.2d 699 (9th Cir. 1992) ........................................................ 5, 7

*Sosa v. Alvarez-Machain*,
  542 U.S. 692 (2004) .................................................................. 7, 8

*Tel-Oren v. Libyan Arab Republic*,
  726 F.2d 774 (D.C. Cir. 1984) .......................................................... 9

*Thornhill  Publishing Co., Inc. v. General Tel. & Elecs. Corp.*,
  594 F.2d 730 (9th Cir. 1979) ........................................................... 4

*Trajano v. Marcos*,
  978 F.2d 493 (9th Cir. 1992) ...................................................... 2, 7, 8

*Verlinden B.V. v. Central Bank of Nigeria*,
  461 U.S. 480 (1983) ...................................................................... 5

*Wilson v. Houston Funeral Home*,
  42 Cal. App. 4th 1124 (1996) ......................................................... 13

## STATUTES

28 U.S.C. § 1331 ............................................................................ 4

28 U.S.C. § 1350 ...................................................................... 1, 4, 7

28 U.S.C. § 1602 *et seq.* ............................................................. 4

28 U.S.C. § 1603(a) ....................................................................... 5

28 U.S.C. § 1604 ....................................................................... 1, 6

28 U.S.C. § 1605(a)(1) .................................................................... 6

28 U.S.C. § 1605(a)(2) .................................................................... 6

28 U.S.C. § 1605(a)(3) .................................................................... 6

28 U.S.C. § 1605(a)(4) .................................................................... 6

28 U.S.C. § 1605(a)(5) .................................................................... 6

28 U.S.C. § 1605(a)(6) ............................................................................... 6

28 U.S.C. § 1605(b) .................................................................................... 6

28 U.S.C. § 1605A ...................................................................................... 6

28 U.S.C. § 1607 ......................................................................................... 6

42 U.S.C. § 1983 ....................................................................................... 17

42 U.S.C. § 1985(3) .................................................................................. 18

Cal. Civ. Code § 45 ................................................................................... 11

Cal. Civ. Code § 47(b) .............................................................................. 11

Cal. Civ. Proc. Code § 335.1 .............................................. 14, 15, 20, 21

Cal. Civ. Proc. Code § 338(c) .................................................................. 16

Cal. Civ. Proc. Code § 339(1) ..................................................... 11, 13

Cal. Civ. Proc. Code § 340(c) ................................... 12, 13, 17, 18, 19

**RULES**

C.D. CA Rule 23-2 ................................................................................... 22

C.D. CA Rule 23-2.2(g) ........................................................................... 22

Fed. R. Civ. P. 12(b)(6) ........................................................... 8, 19

Fed. R. Civ. P. 23(a) ................................................... 2, 22, 23, 24

Fed. R. Civ. P. 23(b)(2) ..................................................... 2, 22, 23

Fed. R. Civ. P. 8 ............................................................................ 2, 21

Fed. R. Civ. P. 8(a)(2) .............................................................................. 21

Fed. R. Civ. P. 8(d)(1) .............................................................................. 21

LATHAM&WATKINS LLP   LA\2083065.2
ATTORNEYS AT LAW
LOS ANGELES

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3           On April 14, 2010, St. Luke School of Medicine, Dr. Jerroll B.R.

4    Dolphin, and Dr. Robert Farmer (collectively, "Plaintiffs") filed a lengthy First

5    Amended Class Action Complaint (the "Complaint").  The Complaint alleges

6    twelve (12)[1] different causes of action against fourteen (14) separate defendants.[2]

7    Defendant Republic of Liberia, a foreign nation located on the west coast of

8    Africa, brings this motion to dismiss (the "Motion") seeking a dismissal of this

9    action on the grounds of foreign sovereign immunity, failure to state a claim, and

10   failure to plead with particularity.

11          Foreign sovereigns are immune from suit in United States District

12   Courts unless a few narrow exceptions are met.  *See* 28 U.S.C. § 1604.  Here, none

13   of the enumerated exceptions applies.  Therefore, the Complaint must be dismissed

14   for lack of subject matter jurisdiction.

15          Even assuming, *arguendo*, that this Court did have subject matter

16   jurisdiction over the Republic of Liberia, the Complaint fails to state a claim upon

17   which relief can be granted.  Under the Alien Tort Statute ("ATS"), 28 U.S.C. §

18   1350,[3] Plaintiffs fail to adequately allege any of the three requirements to state a

---

[1]    Eleven (11) torts are listed in the caption of the Complaint, but the text of
Complaint also includes a claim for Intentional Interference with Prospective
Business Advantage which is not reflected in the caption.  (*See* Complaint at 65.)

[2]    Motions to dismiss have been filed by Defendants Dr. George Gollin; The
Board of Trustees of the University of Illinois, the State of Oregon, Office of
Degree Authorization; and Educational Commission for Foreign Medical
Graduates.  These motions have been taken under submission, and are pending
decision of the Court.

[3]    This provision is also referred to as the "Alien Tort Act," *see, e.g. Kadic v.
Karadzic*, 70 F.3d 232, 238 (2d Cir. 1995), and the "Alien Tort Claims Act," *see
e.g. Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 236 (2d Cir. 2003).

claim for relief:  (i) a claim by an alien, (ii) a tort, and (iii) a violation of international law.  *Trajano v. Marcos*, 978 F.2d 493, 499 (9th Cir. 1992).  Moreover, each of the twelve (12) separate torts alleged fails to state a claim upon which relief can be granted.  And, nearly all of the causes of action are time barred.

In addition, the Complaint is so rife with procedural defects that it justifies dismissal.  Despite the fact that the Complaint is over seventy (70) pages in length, it altogether fails to meet the "short and plain statement" standard required by Federal Rule of Civil Procedure 8.  Defendants are left to guess the basis for the allegations against them.  Furthermore, while the Complaint is couched as a class action complaint, the class allegations are procedurally deficient.  None of the prerequisites for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2) are satisfied.  These deficiencies merit dismissal of the Complaint.

## II.    ALLEGATIONS OF THE COMPLAINT

Assuming the facts alleged in the Complaint to be true for the purposes of this Motion, Dr. Dolphin began attempting to establish a medical school in Liberia in 2001, (Complaint at 8-9[4]) aimed at educating Liberian and international students, (*Id.* at 9, 10, Ex. 1.)  The medical school had an online curriculum.  (*Id.* at 56.)  On August 8, 2003, Charles Taylor signed a charter for St. Luke School of Medicine, which granted permission to establish a college of medicine; five days later he resigned his Presidency and fled the country.  (*Id.* at 12.)  According to the Complaint, Dolphin spent the next year and a half struggling to maintain the school.  (*Id.* at 12.)

---

[4]    While the Republic of Liberia normally would prefer to cite to specific numbered paragraphs of a pleading, because of the nature of the Complaint and the fact that multiple paragraphs bear the same letters and/or numbers, the Republic of Liberia refers only to page numbers.

On January 20, 2005, the Education Commission for Foreign Medical Graduates (the "Education Commission"), a United States non-profit corporation, informed Defendants that they required confirmation from the government of Liberia that the school was authorized to issue medical degrees.  (Complaint at 13.) The Education Commission removed St. Luke School of Medicine from the International Medical Education Directory on April 11, 2005.[5]  (*Id.* at 13, 32, 42.)

The Liberian Medical Board and the NTLA-Health and Social Welfare Committee[6] held two sets of hearings regarding the St. Luke School of Medicine, the first in March 2005 and the second in April 2005.  (Complaint at 28, 30, 33, 39-41.)  During the course of these events, a number of Liberian media reports described the school as fraudulent and accused it of issuing phony diplomas.  (*Id.* at 17-20, 28-31, 43-44, 45-46.)  Plaintiffs allege that Defendants' conduct prohibited him from managing the school, but fail to allege any conduct that occurred on United States territory.

Dolphin was interviewed by Liberian officials regarding the St. Luke School of Medicine.  (Complaint at 21.)  In March 2005, Dolphin was detained at the Monrovian airport and caused to miss a flight.  (*Id.* at 24.)  His passport was confiscated and later returned.  (*Id.* at 24.)  His passport was also briefly confiscated during the course of the April 2005 hearings.  (*Id.* at 35.)  Plaintiffs allege that Dolphin was falsely imprisoned, (*id.* at 66), but fail to allege any actual confinement.

Each of the complained-of incidents occurred in 2005 or earlier. Plaintiffs allege that Defendants' conduct caused actionable emotional distress, but fail to allege serious emotional distress.  (*Id.* at 68-69.)  Plaintiffs also allege that

---

[5]     According to the Complaint, St. Luke School of Medicine was removed "with bias" on April 27, 2005.  (Complaint at 42).

[6]     This organization is not further defined in the Complaint.

Defendants' conduct caused Dolphin the loss of his wife's consortium, (*id.* at 66), but fail to allege any harm done to his wife.

Based on these alleged facts, Plaintiffs assert the following claims against the Republic of Liberia: trade libel, false imprisonment, negligence, violations of due process, violations of equal protection, conversion, conspiracy to commit civil rights violation, intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium, libel, and intentional interference with prospective business advantage. (Complaint at 59-69.)

## III.   ARGUMENT

### A.   The Complaint Should Be Dismissed Because The Court Lacks Subject Matter Jurisdiction

As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *See Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Here, Plaintiffs assert jurisdiction under the Friendship Treaty, the Alien Tort Statute, 28 U.S.C. § 1350 (the "ATS"), and Federal Question Jurisdiction, 28 U.S.C. § 1331. (Complaint at 1-2.) Based on the allegations of the Complaint, Plaintiffs fail to establish that this Court has subject matter jurisdiction.

The Republic of Liberia is a foreign state. The Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* (the "FSIA"), is the sole basis for obtaining jurisdiction over a foreign state in federal court. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). As a threshold matter, a federal court adjudicating a claim against a foreign state must determine whether the FSIA provides subject matter jurisdiction. *See Verlinden B.V. v.*

*Central Bank of Nigeria*, 461 U.S. 480, 493-494 (1983); *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992); *Liu v. Republic of China*, 892 F.2d 1419, 1924 (9th Cir. 1989).[7]  The court simply cannot proceed against a foreign state without subject matter jurisdiction.  *See Siderman de Blake*, 965 F.2d at 706.

Under the FSIA, foreign sovereigns are presumptively immune from suit in the United States, and a federal court lacks subject matter jurisdiction over a lawsuit against a foreign sovereign, unless one of nine (9) enumerated exceptions

---

[7]      The National Transitional Legislative Assembly, a defunct governmental entity from a former regime, is named as a defendant but is no longer in existence and has not been served.

Four other Liberian governmental agencies, the Ministry of Health, the Ministry of Education, the Liberian Medical Board, and the National Commission on Higher Education, also are named as defendants.  None of these four agencies has been served.

To the extent Plaintiffs argue service has been made, all of the jurisdictional arguments apply to these Liberian entities as well because they are all subdivisions of the Republic of Liberia.  A "foreign state" under the FSIA includes "a political subdivision of a foreign state," and "an agency or instrumentality of a foreign state[.]"  28 U.S.C. § 1603(a).  Furthermore, plaintiffs concede defendants' foreign state status.  *See Export Group v. Reef Industries*, 54 F.3d 1466, 1470 (9th Cir. 1995) (finding a sovereign defendant meet its burden to show its government status by admissions in the other party's pleadings.)  In the caption of the Complaint, these parties are described as "Liberian Governmental Agenc[ies]."  And, Plaintiffs describe each defendant as follows:

- The Ministry of Health is "the primary institution for health care delivery services in the Republic of Liberia.  The Ministry of Health is responsible for providing health and social welfare services to the citizens of Liberia." (Complaint at 5.)
- The Liberian Medical Board is "the primary institution for the licensing of medical doctors in the Republic of Liberia.  It is a branch of the Ministry of Health of the Republic of Liberia." (*Id.* at 6.)
- The National Commission on Higher Education is "the national accrediting agency for the Ministry of Education of the Republic of Liberia." (*Id.* at 6.)
- The Ministry of Education is "the education agency of the Republic of Liberia." (*Id.* at 7.)

apply.  *See* 28 U.S.C. § 1604; *see also Argentine Republic*, 488 U.S. at 435-39; *Corzo v. Banco Central de Reserva Del Peru*, 243 F.3d 519, 522 (9th Cir. 2001). Where a plaintiff's claims do not fall within one of the enumerated exceptions, the court does not have subject matter jurisdiction.  *Saudi Arabia v. Nelson*, 507 U.S. 349, 351 (superseded on other grounds); *Corzo*, 243 F.3d at 522.

Here, not only do Plaintiffs fail to allege an exception to the FSIA, but none of the enumerated exceptions applies to the claims asserted against the Republic of Liberia:

- The Republic of Liberia has not waived immunity, 28 U.S.C. § 1605(a)(1);
- The claims at issue do not involve commercial activities occurring in the United States, and did not cause a direct effect in this country, 28 U.S.C. § 1605(a)(2);
- The claims at issue do not involve property expropriated in violation of international law, 28 U.S.C. § 1605(a)(3);
- The claims at issue do not involve inherited, gift, or immovable property located in the United States, 28 U.S.C. § 1605(a)(4);
- The noncommercial torts at issue did not take place in the United States, 28 U.S.C. § 1605(a)(5);
- The claims at issue do not involve the enforcement of an international arbitration agreement, 28 U.S.C. § 1605(a)(6);
- The claims at issue do not involve maritime liens, 28 U.S.C. § 1605(b);
- The claims at issue do not involve international terrorism, 28 U.S.C. § 1605A; and
- The claims at issue are not counterclaims, 28 U.S.C. § 1607.

Once a foreign sovereign produces prima facie evidence of immunity, the burden going forward shifts to the plaintiff to produce evidence establishing

that a foreign state is not entitled to immunity.  *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987).  Because the claims are so defective, the Republic of Liberia need not produce any evidence of immunity beyond this Motion to Dismiss.  Because Plaintiffs have not even alleged that one of the enumerated exceptions applies, this Court does not have subject matter jurisdiction over the claims alleged against the Republic of Liberia and the Complaint should be dismissed.

The ATS does not provide an independent exception to foreign sovereign immunity.  *See* 28 U.S.C. § 1350; *see also Argentine Republic*, 488 U.S. at 434-38.  When a foreign state is sued, the FSIA trumps the ATS.  *See Trajano*, 978 F. 2d at 496.  Therefore, an exception to the FSIA must apply for the Court to have subject matter jurisdiction over a claim asserted under the ATS.  *See Argentine Republic*, 488 U.S. at 434-38; *see also Siderman de Blake*, 965 F.2d at 714 (an ATS claim against a foreign state not expressly countenanced by the FSIA cannot be heard).

Here, as discussed above, Plaintiffs fail to allege any exception to the FSIA, and no exception applies.  Because the Republic of Liberia is immune from suit under the FSIA, any claims asserted under the ATS are improper.

In addition, jurisdiction is lacking because the Complaint does not state a claim on which relief can be granted under the ATS.  The ATS is jurisdictional, and confers upon federal courts the jurisdiction "to hear claims in a very limited category defined by the law of nations and recognized at common law."  *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004).  In order to state a claim for relief under the Alien Tort Statute, there are three requirements:  (i) a claim by an alien, (ii) a tort, and (iii) a violation of international law.  *See Trajano*, 978 F.2d at 499 (jurisdiction pursuant to section 1350 is only appropriate where each of the three requirements is satisfied).  As discussed below, the Complaint

/ / /

1 fails to allege either a violation of the law of nations or Plaintiffs' status as aliens.

2 Therefore, this Court lacks jurisdiction and the Complaint should be dismissed.

3 **B.    The Complaint Fails To State A Claim Upon Which Relief Can Be Granted**

5 In accordance with Federal Rule of Civil Procedure 12(b)(6),

6 dismissal is appropriate if there is a "(1) lack of a cognizable legal theory or (2)

7 insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter*

8 *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Plaintiffs fail to state a claim

9 under the Alien Tort Statute, federal or California law.  Therefore, the Complaint

10 should be dismissed.

11 1.    **Plaintiffs' Claim Under The Alien Tort Statute Must be Dismissed Because it Fails to Allege Each of the Requisite Elements**

13 There are three requirements to state a claim for relief under the Alien

14 Tort Statute:  (i) a claim by an alien, (ii) a tort, and (iii) a violation of international

15 law.  *See Trajano*, 978 F.2d at 499.

16 a.    **Plaintiffs Do Not Allege A Violation Of International Law**

18 The law of nations is synonymous with "customary international law."

19 *Flores*, 414 F.3d at 247 n.2.  A violation of international law must contravene a

20 norm that is specific, universal and obligatory.  *Sosa*, 542 U.S. at 725.  A

21 complaint that does not allege facts showing violation of a universally-

22 acknowledged norm fails to state a claim under the ATS.  *See Abagninin v. Amvac*

23 *Chem. Corp.*, 545 F.3d 733, 740 (9th Cir. 2008).

24 Federal courts have recognized claims for certain crimes against

25 humanity, including genocide and torture, as sufficiently universal to give rise to

26 jurisdiction under the ATS.  *See, e.g., Bowoto v. Chevron Corp.*, 557 F. Supp. 2d

27 1080, 1084-85 (N.D. Cal. 2008) ("The Court finds that plaintiffs' claims for torture

28 and summary execution may be brought under the ATS. . .");  *Mujica v. Occidental*

1   *Petroleum Corp.*, 381 F. Supp. 2d 1164, 1183 (C.D. Cal. 2005) (finding that a

2   claim alleging crimes against humanity, based on the forced displacement of

3   civilians, gave rise to ATS jurisdiction); *see also Kadic v. Karadzic*, 70 F.3d 232,

4   239-42 (2d Cir. 1995) (finding the ATS covered acts of genocide, war crimes, and

5   other violations of international humanitarian law); *Tel-Oren v. Libyan Arab*

6   *Republic*, 726 F.2d 774, 791 n.20 (D.C. Cir. 1984) (Edwards, J., concurring) ("On

7   the basis of international covenants, agreements and declarations, commentators

8   have identified at least four acts that are now subject to unequivocal international

9   condemnation: torture, summary execution, genocide and slavery" (citations

10  omitted)).

11         Here, Plaintiffs fail to allege a violation of any universally-

12  acknowledged norm.  The torts alleged by Plaintiffs are routine personal injury and

13  business torts, specifically trade libel, false imprisonment, negligence, violations of

14  due process, violations of equal protection, conversion, conspiracy to commit civil

15  rights violation, intentional infliction of emotional distress, negligent infliction of

16  emotional distress, loss of consortium, libel, and intentional interference with

17  prospective business advantage.   These torts are not recognized by the ATS and

18  relevant case law as violations of international law. Therefore, Plaintiffs' claim

19  under the ATS must fail.

20             b.    **Plaintiffs Do Not Allege Alien Status**

21         Similarly, Plaintiffs fail to allege that they bring the Complaint as

22  aliens.  The Ninth Circuit recently explained that "the scope of the ATS is limited

23  to suits 'by an alien.'"  *Serra v. Harley Lappin*, 600 F.3d 1191, 1198 (9th Cir.

24  2010) (declining to consider whether plaintiffs claims fell under the ATS because

25  American citizen plaintiffs conceded they were not aliens).  The court explained

26  that the ATS "admits no cause of action by non-aliens."  *Id.*

27         Here, the Complaint sets forth no allegations concerning whether or

28  not Plaintiffs are aliens.  Indeed, according to the allegations set forth in the

Complaint, St. Luke School of Medicine has its principal place of business in Los Angeles California (Complaint at 3), and Dr. Jerroll Dolphin is a "resident of Los Angeles, California." (*Id.* at 3). In addition, certain plaintiffs, including Dr. Robert Farmer and 40 of the 61 named medical students, appear to be from the United States. (*See id.*, Ex. 1.) Because Plaintiffs fail to plead that they are aliens the Complaint falls outside the scope of the ATS.

### 2. Plaintiffs' Tort Claims Must be Dismissed

While not specifically addressed in Plaintiffs' Complaint, the only way to assert a claim against a Foreign Sovereign is under the FSIA. *See Argentine Republic*, 488 U.S. at 439. Federal common law provides that the appropriate choice of law rule in cases arising under the FSIA, and presumes that the law of the place where the injury occurred applies unless another state has a more significant relationship to the tort and to the parties. *See Liu*, 892 F.2d at 1426. Therefore, while unacknowledged by Plaintiffs, it appears likely that the law that should be applied to the claims asserted against the Republic of Liberia is the law of the Republic of Liberia. While Plaintiffs cite no statute or authority to support the claims alleged, it appears they have attempted to assert claims under California state tort law. Even assuming that California law applies, the Complaint still must be dismissed as each of the twelve (12) separate claims for relief fail.

### a. Plaintiffs' Claim for Trade Libel Must be Dismissed Because it Fails to Allege Each of the Requisite Elements And Because it is Time-Barred

To state a claim of trade libel, Plaintiffs must allege (i) the publication of a false statement (ii) that intentionally disparages the quality of property and (iii) induces another not to deal with the Plaintiffs (iv) which causes the Plaintiffs actual pecuniary damages. *See Polygram Records, Inc. v. Superior* Court, 170 Cal. App. 3d 543, 548 (1985). To allege the requisite pecuniary damage, Plaintiffs must identify particular purchasers lost and the transactions of which he or she has been deprived. *See Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964).

Here, Plaintiffs fail to allege that the alleged disparaging statements were false, that the publication intentionally disparaged the quality of the property, that the publication induced another not to deal with Plaintiffs, or that Plaintiffs suffered actual pecuniary damages.  Plaintiffs merely allege that "ECMFG removed SLSOM from the IMED twice, with the second removal continuing to the present time."  (Complaint at 57-58.)  Therefore, Plaintiffs fail to state a claim for trade libel.

Moreover, the statue of limitations for a trade libel claim is two years.  *See* CAL. CIV. PROC. CODE § 339(1); *see also Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986).  According to the Complaint, the last of the allegedly false statements was made on May 10, 2005.  (Complaint at 60.)  Therefore, Plaintiffs' trade libel claim is time-barred and should be dismissed.

b. **Plaintiffs' Claim for Libel Must be Dismissed Because it Fails to Plead a Claim for Relief Adequately And Because it is Time-Barred**

In order to state a claim for libel, a plaintiff must plead "a false and unprivileged publication by writing…or other fixed representation to the eye, which exposes any person to hatred….or which has a tendency to injure him in his occupation."  CAL. CIV. CODE § 45.  Language used in the discharge of official duties is absolutely privileged.  *See* CAL. CIV. CODE § 47(b).

Here, this claim appears to be specific to Dolphin.  (Complaint at 59.)  Therefore, any claim by the remaining Plaintiffs must be dismissed.  Dolphin fails to plead that any of the statements forming the basis of his claim were false.  In addition, Dolphin fails to plead that any of the complained of statements were made by the Republic of Liberia.  Dolphin also fails to plead that he was exposed to hatred, or that he was injured in his occupation.  Therefore, Dolphin fails to state a claim upon which relief can be granted.

/ / /

/ / /

Furthermore, this claim is barred because any statement made by the Republic of Liberia or a Liberian official in the discharge of their official duties is privileged, and thus not subject to libel.

Finally, the statute of limitations for a claim for libel is one year from the date the defamatory statement is published. *See* CAL. CIV. PROC. CODE § 340(c). Therefore, any alleged statements published prior to April 14, 2009 – one (1) year prior to the filing of this action (April 14, 2010) – are time-barred. The latest publication date identified in the Complaint is April 11, 2005 (Complaint at 60), which is well outside the statutory period.

> c. **Plaintiffs' Claim for Intentional Interference with Prospective Business Advantage Must be Dismissed Because it Fails to Allege Each of the Requisite Elements And Because it is Time-Barred**

To state a claim of intentional interference with prospective business advantage,[8] a plaintiff must allege (i) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (ii) defendant's knowledge of the relationship, (iii) intentional acts by the defendant designed to disrupt the relationship, (iv) actual disruption of the relationship, and (v) economic harm to the plaintiff proximately caused by the acts of the defendant. *See Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 380 (1995). The defendant must have engaged in conduct that was wrongful by some legal measure other than the fact of interference itself. *See id.*; *see also Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 406 (1978).

Here, Plaintiffs fail to plead that Defendants' conduct was wrongful by any legal measure. Plaintiffs fail to plead an economic relationship with a third party that was actually disrupted, and fail to plead economic harm proximately

/ / /

---

[8]   This claim for relief is not listed in the caption of the Complaint.

1   caused by the acts of Defendants.  Thus, Plaintiffs fail to state a claim upon which

2   relief can be granted.

3          Moreover, Plaintiffs fail to plead any alleged interference that is not

4   time-barred by the statute of limitations.  CAL. CIV. PROC. CODE § 339(1) provides

5   a two year statute of limitations for intentional interference with prospective

6   business relationships.  *See Guess, Inc.*, 176 Cal. App. 3d at 478 (the two-year

7   period of Section 339 applies to all alleged infringements of property rights,

8   including intentional interference with prospective business relationships).  Here,

9   the last allegedly false public statement that interfered with Plaintiffs' business

10  prospects occurred on April 11, 2005.  (Complaint at 60.)  Therefore, this cause of

11  action is time-barred and should be dismissed.

12          d.      **Plaintiffs' Claim for False Imprisonment Must be
                    Dismissed Because it Fails to Allege the Necessary
13                  Elements And Because it is Time-Barred**

14          To state a claim of false imprisonment, a plaintiff must plead the

15  willful and wrongful interference with another's freedom.  *See Wilson v. Houston*

16  *Funeral Home*, 42 Cal. App. 4th 1124, 1135 (1996).  Here, as only Dolphin alleges

17  any harm, any claim by the remaining Plaintiffs must be dismissed.  Dolphin fails

18  to allege that he was actually confined.  Therefore, he fails to state a claim for false

19  imprisonment.

20          The statute of limitations for a claim of false imprisonment is one

21  year.  *See* CAL. CIV. PROC. CODE § 340(c).  Here, Dolphin alleges that he was

22  confined in March 2005.  (Complaint at 24-25.)  Because the alleged imprisonment

23  took place over five years ago, this claim is time-barred and must be dismissed.

24          e.      **Plaintiffs' Claim for Negligence Must be Dismissed
                    Because it Fails to Allege Each of the Requisite
25                  Elements And Because it is Time-Barred**

26          In order to plead a cause of action for negligence, a plaintiff must

27  plead that (i) the defendant had a legal duty to use due care, (ii) a breach of that

28  / / /

duty, and (iii) the breach was the proximate or legal cause of the resulting injury. *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1993).  An indispensible prerequisite to the imposition of liability based upon negligence is the existence of a duty of care owed by the defendant to the person injured, or to the class of persons of which the plaintiff is a member.  *Id.* at 918 (whether a duty is owed is a question of whether the Plaintiffs' interests are entitled to legal protection against the defendants conduct).  A duty of care may arise by statute, by contract, or by the relationship between the parties.  *See id.*  Here, Plaintiffs do not explain the basis on which Defendants allegedly owed a duty to them.  No statute or contract exists requiring due care on the part of the Republic of Liberia.  The Republic of Liberia and Plaintiffs are not in a special relationship that gives rise to a duty of care. Plaintiffs fail to establish the duty requirement of a negligence claim, and therefore, fail to state a claim upon which relief can be granted.

Moreover, this claim is similarly time-barred.  The statute of limitations for a negligence claim is two years.  *See* CAL. CIV. PROC. CODE § 335.1. According to the allegations of the Complaint, the facts giving rise to the negligence allegations occurred in 2005, well before the statutory period. (Complaint at 30, 66.)  Since the alleged acts underlying the negligence claim took place prior to the statutory period, Plaintiffs' negligence claim is time-barred and must be dismissed.

f.    **Plaintiffs' Claim for Loss of Consortium Must be Dismissed Because it Fails to Allege the Necessary Elements And Because it is Time-Barred**

In order to plead a claim for loss of consortium, a plaintiff must allege loss of consortium suffered as a result of tortious bodily injury to the plaintiff's spouse caused by the defendant.  *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 746 n.2 (2007).  A plaintiff only has a viable loss of consortium claim if his or her spouse has a viable tort cause of action against the defendant.  *Id.* at 747 (a cause of action for loss of consortium is dependent on the existence of a cause of

1    action for tortious injury to a spouse, and stands or falls based on whether the

2    spouse has suffered an actionable tortious injury).

3            Here, as only Dolphin alleges any harm, any claim by the other

4    Plaintiffs must be dismissed.  Further, because Dolphin does not allege that his

5    wife has a tort cause of action against Defendants, he also fails to state a claim

6    upon which relief can be granted.

7            Moreover, this claim is time-barred.  Dolphin alleges harm that

8    purportedly was caused by events which occurred five years ago (Complaint at 30,

9    60), events which falls well outside of the two-year statutory period for a loss of

10   consortium claim.  *See* CAL. CIV. PROC. CODE § 335.1.

11                    g.    **Plaintiffs' Claim for Conversion Must be Dismissed
12                          Because it Fails to Allege Necessary Elements And
                            Because it is Time-Barred**

13           To adequately state a claim for conversion, a plaintiff must allege (i)

14   plaintiff's ownership or right to possession of the property at the time of the

15   conversion; (ii) defendant's conversion by a wrongful act or disposition of property

16   rights; and (iii) damages.  *See Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th

17   1489, 1507 (2008).  Plaintiffs must show an assumption of control or ownership

18   over the property, or that the alleged converter has applied the property to his own

19   use.  *See id.* (rejecting a claim where plaintiffs failed to assert the essential element

20   that defendant exercised dominion over the property in question).  Here, Plaintiffs

21   fail to allege that the Republic of Liberia assumed control or ownership of St. Luke

22   School of Medicine.  Plaintiffs also fail to allege that the Republic of Liberia

23   applied the property to its own use.  Because Plaintiffs fail to establish that the

24   Republic of Liberia wrongfully acted or disposed of Plaintiffs' property rights,

25   they fail to state a claim for conversion.

26           In addition, Plaintiffs claim that the alleged conversion occurred five

27   years ago, "in that SLSOM has been unable to operate since 2005."  (Complaint at

28   / / /

67.)  The statute of limitations is three years from the date of the conversion.  *See*

CAL. CIV. PROC. CODE § 338(c).  Thus, this claim is time-barred.

        h.    **Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Fails to Allege the Requisite Elements for Such a Claim**

Plaintiffs allege that they were deprived of due process.  (Complaint at 67.)  Procedural due process claims require (i) an action by the United States government, either state or federal, (ii) a deprivation of a constitutionally protected liberty or property interest and (iii) a denial of adequate procedural protections. *See Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001).  Constitutionally cognizable property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).  An individual must possess "a legitimate claim of entitlement to [a property interest in a benefit]." *Id.*

The determination of the procedure necessary to satisfy due process requirements is guided by a balancing test of the following three factors:  (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved in the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  *See Hufford*, 249 F. 3d at 1150-1151.

Here, the United States constitution does not apply to Liberia. Constitutional claims may only be brought against a United States government agency that is subject to the Constitution.  Therefore, this claim is not appropriate.

Plaintiffs complain that Defendants "dismantled" St. Luke School of Medicine, which caused its removal from the International Medical Education

Directory, which in turn caused the medical students' to lose jobs, residencies and other benefits.  (Complaint at 67.)  Plaintiffs fail to allege a constitutionally protected property interest in either St. Luke School of Medicine's listing on the International Medical Education Directory, or the medical students' jobs, residencies, or other benefits.  Moreover, Plaintiffs have not made a showing that they were denied adequate procedural protections.  Therefore, because Plaintiffs fail to establish either of the two elements required for a claim for violation of due process, they fail to state a claim upon which relief can be granted.

Furthermore, this cause of action is time-barred.  The statute of limitations for all Section 1983[9] claims is the forum state's statute of limitations for personal injury torts, which in California is one year.  *See Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1193 n.15 (2008); *see also* CAL. CIV. PROC. CODE § 340(c).  Plaintiffs do not allege any actions that fall within this one-year window.  (*See* Complaint at 67.)  Therefore, this claim is time-barred and should be dismissed.

i.  **Plaintiffs' Claim for Violations of Equal Protection Must be Dismissed Because it Fails to Allege Unconstitutional Governmental Categorization**

Plaintiffs appear to cite the Equal Protection Clause of the 14th Amendment as authority for claim "D,"[10] entitled "Equal Protection."  (Complaint at 67.)  Under an Equal Protection Clause analysis, a governmental action that categorizes, on a basis other than race or gender, is constitutional so long as it is reasonably related to a legitimate governmental interest.  *See Schweiker* v. *Wilson*, 450 U.S. 221, 230 (1981).  The United States Supreme Court treats as presumptively invidious those classifications that disadvantage a "suspect class,"

---

[9]  Plaintiffs do not specify the statutory basis for the Due Process claim, but it appears to be crafted as a claim under 42 U.S.C. § 1983.

[10]  There are four (4) claims lettered "D"; "Equal Protection" is the fourth with this same label.

1   or that impinge upon  the exercise of a "fundamental right."  *Plyler v. Doe*, 457

2   U.S. 202, 216-217 (1982).

3          Here, Plaintiffs complain that they were treated differently than a

4   similarly situated medical school.  (Complaint at 68.)  Plaintiffs do not assert any

5   classification, do not assert they are part of any class, and do not assert the

6   impingement of the exercise of a fundamental right.  Therefore, Plaintiffs fail to

7   state a claim for a violation of the Equal Protection Clause.

8          Furthermore, as discussed above, the United States constitution does

9   not apply to Liberia.  Constitutional claims may only be brought against a United

10  States government agency that is subject to the Constitution.  Therefore, this claim

11  is not appropriate.

12         Furthermore, this cause of action is time-barred.  As discussed above,

13  the statute of limitations for federal civil rights torts in California is one year.  *See*

14  *Equity Lifestyle Props., Inc.*, 548 F.3d at 1193 n.15; *see also* CAL. CIV. PROC. CODE

15  § 340(c).  Plaintiffs do not allege any actions that fall within this one-year window.

16  (*See* Complaint at 67-68.)  Therefore, this claim is time-barred and should be

17  dismissed. Finally, this cause of action is time-barred.

18        j.        **Plaintiffs' Claim for Conspiracy to Commit Civil**
                          **Rights Violations Must be Dismissed Because it Fails**

19                          **to Allege Each of the Requisite Elements**

20         Plaintiffs' claim "F" is styled:  "Conspiracy to Commit Civil Rights

21  Violations."  They cite no authority or basis for this cause of action.  While it is not

22  specified in the Complaint, the only apparent possible law under which a claim for

23  conspiracy to commit civil rights violations could be brought is 42 U.S.C. §

24  1985(3), which creates a cause of action against a party conspiring to deprive "any

25  person or class of persons of the equal protection of the laws, or of equal privileges

26  and immunities under the laws[.]"  Just as with the other claims, Plaintiffs fail to

27  state a "conspiracy to commit civil rights violations" claim upon which relief can

28  be granted for this cause of action.

1    In order to survive a Rule 12(b)(6) challenge, a claim for conspiracy

2 to commit civil rights violations must demonstrate (i) that some racial or class-

3 based invidiously discriminatory animus lay behind the conspirators' action and

4 (ii) that the conspiracy aimed at interfering with rights that are protected against

5 private as well as official encroachment.  *See Butler v. Elle*, 281 F.3d 1014, 1028

6 (9th Cir. 2002).  While the United States Supreme Court has not defined the term

7 "class," "the term unquestionably connotes something more than a group of

8 individuals who share a desire to engage in the conduct that the § 1985(3)

9 defendant disfavors."  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263,

10 269 (1993).  Section 1985(3) was not "intended to apply to all tortious,

11 conspiratorial interferences with the rights of others" and is not a general federal

12 tort law.  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).

13    Moreover, a claim under section 1983(3) must allege specific facts to

14 support the allegation that Defendants conspired together, as a mere allegation of

15 conspiracy without factual specificity is insufficient.  *See Karim-Panahi v. Los

16 Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

17    As discussed above, Plaintiffs have alleged no invidious class-based

18 discriminatory animus behind Defendants' alleged conduct.  And, Plaintiffs also

19 have not alleged any facts to support the allegation of conspiracy.  For these

20 reasons, Plaintiffs have failed to state a claim for conspiracy to commit civil rights

21 violations.

22    Furthermore, the statute of limitations for a claim for conspiracy to

23 commit civil rights violations is one year.  *See* CAL. CIV. PROC. CODE § 340(c); *see

24 also McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir. 1991) (the

25 applicable statute of limitations for Section 1985(3) claims is the one-year period

26 for personal injury actions.)  Plaintiffs fail to plead any harm that occurred in the

27 last year.  (*See* Complaint at 68.)  Therefore, this claim is time barred and must be

28 dismissed.

1

2    **k.    Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Requisite Elements And Because it is Time-Barred**

3

4          To state a claim for intentional infliction of emotional distress, a

5   plaintiff must plead (i) that they suffered severe emotional injury (ii) caused by the

6   defendants' (iii) outrageous conduct (iv) absent any privilege (v) with the intent to

7   cause, or with reckless disregard of the probability of causing, emotional distress.

8   *See Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty USA*, 129 Cal.

9   App. 4th 1228, 1259 (2005).  Conduct is outrageous only where it exceeds all

10  bounds of decency in a civilized community.  *Id.*

11         Here, as only Dolphin alleges any harm, any claim by the remaining

12  Plaintiffs must be dismissed.  As to Dolphin, the Complaint fails for a number of

13  reasons.  First, Dolphin fails to allege that he suffered severe emotional injury.

14  Dolphin only alleges that he became "gaunt, sickly and in need of medical care."

15  (Complaint at 69.)  Second, Defendants' alleged conduct does not qualify as

16  outrageous, and Dolphin fails to establish that any of the Defendants acted outside

17  the bounds of decency.  Third, Defendants did not act intentionally or

18  unreasonably with the recognition that the acts were likely to result in mental

19  distress.  For these reasons, Plaintiffs fail to state a claim for intentional infliction

20  of emotional distress.

21         Moreover, this claim is time-barred.  The statute of limitations for a

22  claim of intentional infliction of emotional distress is two years.  *See* CAL. CIV.

23  PROC. CODE § 335.1.  The conduct alleged to be emotionally distressful occurred in

24  2005.  (Complaint at 24, 35, 43.)  Therefore, in addition to the deficiency of the

25  allegations, the claim is time-barred and must be dismissed.

26  / / /

27  / / /

28  / / /

1              **1.**    **Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred**

Negligent infliction of emotion distress is not an independent tort, but the tort of negligence, thus all the basic elements of negligence (duty, breach, causation and damage) apply and must be plead, in addition to serious emotional distress. *See Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). Here, as only Dolphin alleges any harm, any claim by the remaining Plaintiffs must be dismissed.

As to Dolphin, the Complaint does not allege that Defendants either assumed or owed Dolphin a duty. Absent an allegation of a duty owed by Defendants, Dolphin's claim for negligent infliction of emotional distress must fail.

Moreover, this claim, like the others, has not been brought prior to the expiration of the statute of limitations. The statute of limitations for a claim of negligent infliction of emotional distress is two years. *See* CAL. CIV. PROC. CODE § 335.1. The alleged conduct underlying this claim occurred in 2005. (Complaint at 24, 35, 43.) Therefore, the claim is time-barred.

## C.    The Complaint is Rife with Procedural Defects And Merits Dismissal

### 1.    The Complaint Fails to Comply With Rule 8

The Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8. Rule 8(a) requires every pleading to allege a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Pleadings also must be concise and direct. *See* Fed. R. Civ. P. 8(d)(1); s*ee also Sherman v. Henderson*, 2010 U.S. App. LEXIS 11336, * 2 (9th Cir. June 3, 2010) (affirming dismissal of a complaint that did not comply with the Rule 8 requirements that a pleading be simple, concise, and direct, with enough detail to guide discovery).

1    Here, the Complaint is over 70 pages long.  Despite its voluminous

2    nature, Plaintiffs devote only twelve (12) pages for the twelve (12) different

3    alleged torts.  No case law or statutes are cited; Defendants are left to guess as to

4    the basis of the allegations against them.  Moreover, Plaintiffs do not identify

5    which claims are asserted against which Defendants.  As the Ninth Circuit recently

6    held in *Sherman,* dismissal is appropriate where a complaint so egregiously fails to

7    comply with Rule 8's pleading requirements.  *Id.*

8    ### 2.   Plaintiffs' Class Allegations are Procedurally Deficient

9    Plaintiffs' request for class certification is procedurally deficient.

10   Under the Federal Rules of Civil Procedure, a complaint must contain allegations

11   showing the existence of the prerequisites of Rule 23(a) and the Rule 23(b)(2)

12   grounds for maintaining a class action.  Here, neither requirement is satisfied.[11]

13   ### a.   Plaintiffs Fail To Properly Plead the Rule 23(b)(2) Grounds For Maintaining a Class Action

14

15   Plaintiffs seek certification pursuant to Federal Rule of Civil

16   Procedure 23(b)(2).  (Complaint at 3.)  A class action pursuant to Rule 23(b)(2)

17   can be maintained if "the party opposing the class has acted or refused to act on

18   grounds that apply generally to the class, so that final injunctive relief or

19   corresponding declaratory relief is appropriate respecting the class as a whole[.]"

20   Fed. R. Civ. P. 23(b)(2).  The Advisory Committee notes to Rule 23(b)(2) make

21   clear that class certification under this subsection "does not extend to cases in

22   which the appropriate final relief relates exclusively or predominately to money

---

[11]   The Complaint also fails to conform to Central District of California Local Rules requiring a separate section entitled "Class Action Allegations" setting forth facts establishing the Rule 23(a) prerequisites and one or more of the Rule 23(b) grounds for a class action, and describing the class or classes on behalf of which the action is sought to be maintained.  *See* C.D. CA Rule 23-2.  And, the Complaint fails to alleged "nature of notice to the proposed class required and/or contemplated."  C.D. CA Rule 23-2.2(g).

1  damages."  Adv. Comm. Notes to 1966 Amendment to Fed. R. Civ. P. 23(b)(2).

2  The Ninth Circuit has held that claims which primarily seek monetary damages

3  cannot qualify for class certification under Rule 23(b)(2).  *See Lozano v. AT&T*

4  *Wireless Servs.*, 504 F.3d 718, 729 (9th Cir. 2007) (finding a proposed class

5  primarily seeking monetary damages, and not primarily seeking injunctive relief,

6  did not qualify for Rule 23(b)(2) certification); *see also Molski v. Gleich*, 318 F.3d

7  937, 950 (9th Cir. 2003) (focusing on the intent of the plaintiffs in bringing the

8  suit); *see also In re Paxil Litig.*, 218 F.R.D. 242, 247 (C.D. Cal. 2003) (finding a

9  proposed class that is aimed at obtaining monetary relief to be inappropriate for

10  certification under Rule 23(b)(2)).

11  Here, Plaintiffs request "monetary relief" and "actual, direct,

12  incidental, consequential, statutory and exemplary damages."  (Complaint at 69-

13  70.)  Because Plaintiffs do not request injunctive or declaratory relief, the proposed

14  class is inappropriate for certification under Rule 23(b)(2).

15                  b.      **Plaintiffs Fail to Meet the Rule 23(a) Prerequisites for**
16                          **Certification**

17  All class actions in federal court must meet the four prerequisites of

18  Rule 23(a):  (i) adequacy of representation, (ii) commonality, (iii) typicality, and

19  (iv) numerosity.  *See* Fed. R. Civ. Proc. 23(a).  Plaintiffs fail to establish each of

20  these four prerequisites:

21  • Plaintiffs fail to plead "adequate representation" as they fail to specify

22  *who* will be the proposed class representative.  (*See* Complaint at 3.)

23  In addition to the entity plaintiff, two individuals are named as

24  plaintiffs in the case caption, but neither is specified as the class

25  representative.

26  • Plaintiffs fail to plead that the purported class representative's claim is

27  "typical" of the class.  Of the twelve (12) claims alleged in the

28  Complaint, half are specific to Dolphin, including the causes of action

for false imprisonment, loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, and libel, which the Complaint clarifies is "against Dr. Dolphin." (*Id.* at 59.) Indeed, there are no allegations that would support a finding that the purported class representative's claims are in any way similar to or typical of the class members.

- Plaintiffs similarly fail to allege that there are common questions of law and fact. Plaintiffs allege that "[t]here are multiple questions of law or fact that are common to the class, including without limitation, whether Defendants' actions invalidated or devalued Plaintiff Medical Students' degrees and medical licensing examination test scores." (*Id.* at 4.) Dolphin does not allege that he has a degree that was devalued. In fact, he is alleged to have a medical degree from a separate and unaffiliated institution – "Spartan Health Sciences University, St. Lucia, West Indies." (*Id.* at 4.) Plaintiffs are not similarly situated to the members of the purported class.

- Plaintiffs make no showing as to why the class is so numerous that joinder is impracticable. Indeed, from the allegations of the Complaint, it appears there have been only sixty-one (61) graduates/attendees of the St. Luke School of Medicine. (*See id.*, Ex. 1.) Therefore, the final requirement of Rule 23(a) is not satisfied, and the class allegations must fail.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

**IV.    CONCLUSION**

2          For the reasons set forth above, Defendant Republic of Liberia

3    respectfully requests that the Court grant this motion.

4

5    Dated:  July 19, 2010                    Respectfully submitted,

6                                             LATHAM & WATKINS LLP
                                              Manny A. Abascal
7                                             Amy C. Quartarolo
                                              Amanda J. Klopf
8

9
                                             By /s/ Amanda J. Klopf
10                                            Attorneys for Defendant Republic of
                                              Liberia
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28