1   LATHAM & WATKINS LLP
       Manny A. Abascal (Bar No. 171301)
2      Amy C. Quartarolo (Bar No. 222144)
       Amanda J. Klopf (Bar No. 260678)
3   355 South Grand Avenue
    Los Angeles, California 90071-1560
4   Telephone: +1.213.485.1234
    Facsimile: +1.213.891.8763
5
    Attorneys for Defendant
6   Republic of Liberia

7               UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9   ST. LUKE SCHOOL OF MEDICINE;          CASE NO. 10-CV-1791 RGK (SHx)
    DR. JERROLL B.R. DOLPHIN and
10  DR. ROBERT FARMER on behalf of        [PROPOSED] ORDER RE DEFENDANT
    himself and all others similarly      REPUBLIC OF LIBERIA'S MOTION
11  situated,                             TO DISMISS PLAINTIFFS' FIRST
                                          AMENDED COMPLAINT PURSUANT
12                  Plaintiffs,           TO FEDERAL RULES OF CIVIL
                                          PROCEDURE 8, 12(b)(1), AND 12(b)(6)
13          v.
                                          *[FILED CONCURRENTLY WITH*
14  REPUBLIC OF LIBERIA; MINISTRY         *NOTICE OF MOTION; MEMORANDUM*
    OF HEALTH, a Liberian                 *OF POINTS AND AUTHORITIES; AND*
15  Governmental Agency; LIBERIAN         *DECLARATION OF AMANDA J.*
    MEDICAL BOARD, a Liberian             *KLOPF]*
16  Governmental Agency; NATIONAL
    COMMISSION ON HIGHER                  [Fed. R. Civ. P. 8, 12(b)(1), & 12(b)(6)]
17  EDUCATION, a Liberian
    Governmental Agency; NATIONAL
18  TRANSITIONAL LEGISLATIVE             Date:  August 16, 2010
    ASSEMBLY, a Liberian Governmental    Time:  9:00 a.m.
19  Agency; DR. ISAAC ROLAND;            Judge: Hon. R. Gary Klausner
    MOHAMMED SHERIFF; DR.
20  BENSON BARH; BR. GEORGE
    GOLLIN; EDUCATION
21  COMMISSION FOR FOREIGN
    MEDICAL GRADUATES, a
22  Pennsylvania Non-Profit organization;
    FOUNDATION FOR
23  ADVANCEMENT OF
    INTERNATIONAL EDUCATION
24  AND RESEARCH, a Pennsylvania
    Non-Profit Organization;
25  UNIVERSITY OF ILLINOIS-
    URBAN, an Illinois Institution of
26  Higher Learning; STATE OF
    OREGON, Office of Degree
27  Authorization,

28                  Defendants.

1    The Republic of Liberia, by and through its attorneys Latham & Watkins
2  LLP, has moved to dismiss Plaintiffs' First Amended Class Action Complaint for
3  Trade Libel, False Imprisonment, Negligence, Violations of Due Process,
4  Violations of Equal Protection, Conversion, Conspiracy to Commit Civil Rights
5  Violations, Intentional Infliction of Emotional Distress, Negligent Infliction of
6  Emotional Distress, Loss of Consortium, Libel, and Intentional interference with
7  Prospective Business Advantage (the "Complaint") in the above-entitled action for
8  lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil
9  Procedure, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of
10  Civil Procedure and for failure to plead with particularity as required under Rule 8
11  of the Federal Rules of Civil Procedure.  The Court, having considered the
12  Republic of Liberia's motion, the pleadings and other papers of the parties, the oral
13  arguments of counsel, and good cause appearing therefore, hereby grants the
14  Republic of Liberia's motion to dismiss with prejudice for the following reasons:

15    1.    This Court lacks subject matter jurisdiction over the Complaint as it
16  pertains to the Republic of Liberia because the Republic of Liberia is a sovereign
17  nation, and thus is entitled to immunity from suit in United States District Courts
18  under the Foreign Sovereign Immunities Act.  *See* 28 U.S.C. § 1604; *see also*
19  *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989).

20    2.    Plaintiffs' Complaint fails to state a claim upon which relief can be
21  granted because it fails to state a claim under the Alien Tort Statute and because
22  Plaintiffs fail to allege either a violation of international law or their alien status.
23  28 U.S.C. § 1350; *see Trajano v. Marcos*, 978 F.2d 493, 499 (9th Cir. 1992).

24    3.    Plaintiffs' Complaint fails to state a claim upon which relief can be
25  granted for trade libel because it fails to allege each of the requisite elements, and
26  because the claim is time barred.  *See Polygram Records, Inc. v. Superior* Court,
27  170 Cal. App. 3d 543, 548 (1985); CAL. CIV. PROC. CODE § 339(1).

28

4.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for libel because it fails to allege each of the requisite elements, and because the claim is time barred.  CAL. CIV. CODE § 45; CAL. CIV. PROC. CODE § 340(3).

5.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for intentional interference with prospective business advantage because it fails to allege each of the requisite elements, and because the claim is time barred. *See Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 380 (1995); CAL. CIV. PROC. CODE § 339(1).

6.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for false imprisonment because it fails to allege each of the requisite elements, and because the claim is time barred.  *See Wilson v. Houston Funeral Home*, 42 Cal. App. 4th 1124, 1135 (1996); CAL. CIV. PROC. CODE § 340(c).

7.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for negligence because it fails to allege each of the requisite elements, and because the claim is time barred.  *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1993); CAL. CIV. PROC. CODE § 335.1.

8.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for loss of consortium because it fails to allege each of the requisite elements, and because the claim is time barred.  *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 746 n.2 (2007); CAL. CIV. PROC. CODE § 335.1.

9.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for conversion because it fails to allege each of the requisite elements, and because the claim is time barred.  *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507 (2008); CAL. CIV. PROC. CODE § 338(c).

10.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted for violation of due process because it fails to allege a constitutionally-protected property interest and because Plaintiffs have not made a showing that

1    they were denied adequate procedural protections.  *See Hufford v. McEnaney*, 249
2    F.3d 1142, 1150 (9th Cir. 2001).

3         11.    Plaintiffs' Complaint fails to state a claim upon which relief can be
4    granted for violation of equal protection because it fails to allege any protected
5    classification, does not allege that Plaintiffs are part of any protected class and
6    does not assert the impingement of the exercise of a fundamental right.  *See*
7    *Schweiker* v. *Wilson*, 450 U.S. 221, 230 (1981).

8         12.    Plaintiffs' Complaint fails to state a claim upon which relief can be
9    granted for conspiracy to commit civil rights violations because it fails to allege
10   each of the requisite elements.  *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir.
11   2002).

12        13.    Plaintiffs' Complaint fails to state a claim upon which relief can be
13   granted for intentional infliction of emotional distress because it fails to allege each
14   of the requisite elements, and because the claim is time barred.  *See Huntingdon*
15   *Life Sciences v. Stop Huntingdon Animal Cruelty USA*, 129 Cal. App. 4th 1228,
16   1259 (2005); CAL. CIV. PROC. CODE § 335.1.

17        14.    Plaintiffs' Complaint fails to state a claim upon which relief can be
18   granted for negligent infliction of emotional distress because it fails to allege each
19   of the requisite elements, and because the claim is time barred.  *See Marlene F. v.*
20   *Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989); CAL. CIV.
21   PROC. CODE § 335.1.

22        15.    Plaintiffs' Complaint violates Federal Rule of Civil Procedure 8
23   because it does not contain the requisite simple, concise, or plain statement.  *See*
24   Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1); s*ee also Sherman v. Henderson*,
25   2010 U.S. App. LEXIS 11336, *2 (9th Cir. June 3, 2010).

26        //
27        //
28        //

1        For the foregoing reasons, Defendant Republic of Liberia's Motion to

2   Dismiss Plaintiffs' First Amended Complaint is GRANTED without leave to

3   amend, and this action is hereby DISMISSED WITH PREJUDICE.

4        IT IS SO ORDERED.

5

6   Dated:_____          _____

7                                 Hon. R. Gary Klausner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Respectfully submitted,

2  LATHAM & WATKINS LLP
        Manny A. Abascal
3       Amy C. Quartarolo
        Amanda J. Klopf
4

5  By  /s/ Amanda J. Klopf
   Attorneys for Defendant Republic of Liberia
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28