1    **LATHAM & WATKINS LLP**
     Manny A. Abascal (Bar No. 171301)
2     Amy C. Quartarolo (Bar No. 222144)
     Amanda J. Klopf (Bar No. 260678)
3    355 South Grand Avenue
    Los Angeles, California  90071-1560
4    Telephone:  +1.213.485.1234
    Facsimile:  +1.213.891.8763

5

6    Attorneys for Defendant
    Republic of Liberia

7            UNITED STATES DISTRICT COURT

8      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 9   ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN and DR. ROBERT FARMER on behalf of himself and all others similarly situated, | CASE NO. 10-CV-1791 RGK (SHx) |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT REPUBLIC OF LIBERIA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(1), AND 12(b)(6) |
|          Plaintiffs, | |
|       v. | |
| REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; BR. GEORGE GOLLIN; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH, a Pennsylvania Non-Profit Organization; UNIVERSITY OF ILLINOIS-URBAN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization, | *[FILED CONCURRENTLY WITH NOTICE OF MOTION; DECLARATION OF AMANDA J. KLOPF; AND [PROPOSED] ORDER]*<br><br>[Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6)]<br><br><br>Date:   August 16, 2010<br>Time:   9:00 a.m.<br>Judge: Hon. R. Gary Klausner |
|         Defendants. | |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     ALLEGATIONS OF THE COMPLAINT .................................................... 2

III.    ARGUMENT ..................................................................................................... 4

        A.      The Complaint Should Be Dismissed Because The Court
                Lacks Subject Matter Jurisdiction ......................................................... 4

        B.      The Complaint Fails To State A Claim Upon Which
                Relief Can Be Granted ................................................................................ 7

                1.      Plaintiffs' Claim Under The Alien Tort Statute
                        Must be Dismissed Because it Fails to Allege Each
                        of the Requisite Elements ............................................................. 7

                        a.      Plaintiffs Do Not Allege A Violation Of
                                International Law ................................................................. 7

                        b.      Plaintiffs Do Not Allege Alien Status ............................ 8

                2.      Plaintiffs' Tort Claims Must be Dismissed .............................. 8

                        a.      Plaintiffs' Claim for Trade Libel Must be
                                Dismissed Because it Fails to Allege Each
                                of the Requisite Elements And Because it is
                                Time-Barred .......................................................................... 9

                        b.      Plaintiffs' Claim for Libel Must be
                                Dismissed Because it Fails to Plead a Claim
                                for Relief Adequately And Because it is
                                Time-Barred .......................................................................... 9

                        c.      Plaintiffs' Claim for Intentional Interference
                                with Prospective Business Advantage Must
                                be Dismissed Because it Fails to Allege
                                Each of the Requisite Elements And
                                Because it is Time-Barred ............................................. 10

                        d.      Plaintiffs' Claim for False Imprisonment
                                Must be Dismissed Because it Fails to
                                Allege the Necessary Elements And
                                Because it is Time-Barred ............................................. 11

                        e.      Plaintiffs' Claim for Negligence Must be
                                Dismissed Because it Fails to Allege Each

of the Requisite Elements And Because it is Time-Barred ................................................................ 11

f.     Plaintiffs' Claim for Loss of Consortium Must be Dismissed Because it Fails to Allege the Necessary Elements And Because it is Time-Barred ............................ 12

g.     Plaintiffs' Claim for Conversion Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred ................................................................ 13

h.     Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Fails to Allege the Requisite Elements for Such a Claim ........................................................................... 13

i.     Plaintiffs' Claim for Violations of Equal Protection Must be Dismissed Because it Fails to Allege Unconstitutional Governmental Categorization ...................... 14

j.     Plaintiffs' Claim for Conspiracy to Commit Civil Rights Violations Must be Dismissed Because it Fails to Allege Each of the Requisite Elements ...................................... 15

k.     Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Requisite Elements And Because it is Time-Barred .................... 16

l.     Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred .................... 17

C.    The Complaint is Rife with Procedural Defects And Merits Dismissal ............................................ 17

      1.    The Complaint Fails to Comply With Rule 8 .......................... 17

      2.    Plaintiffs' Class Allegations are Procedurally Deficient ............................................................ 18

            a.    Plaintiffs Fail To Properly Plead the Rule 23(b)(2) Grounds For Maintaining a Class Action ............................................................ 18

b. Plaintiffs Fail to Meet the Rule 23(a)
Prerequisites for Certification ....................................... 19

IV. CONCLUSION ........................................................................... 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2083065.2

1

**TABLE OF AUTHORITIES**

2

<u>Page</u>

3

**CASES**

4

*Abagninin v. Amvac Chem. Corp.*,
   545 F.3d 733 (9th Cir. 2008) ................................................................. 7

5

*Argentine Republic v. Amerada Hess Shipping Corp.*,
   488 U.S. 428 (1989) ............................................................... 4, 5, 6, 8

6

*Baldwin v. Marina City Props., Inc.*,
   79 Cal. App. 3d 393 (1978) ................................................................ 11

7

8

*Board of Regents v. Roth*,
   408 U.S. 564 (1972) ............................................................................ 13

9

*Bowoto v. Chevron Corp.*,
   557 F. Supp. 2d 1080 (N.D. Cal. 2008) ............................................... 7

10

11

*Bray v. Alexandria Women's Health Clinic*,
   506 U.S. 263 (1993) ............................................................................ 16

12

*Butler v. Elle*,
   281 F.3d 1014 (9th Cir. 2002) ............................................................ 15

13

14

*Corzo v. Banco Central de Reserva Del Peru*,
   243 F.3d 519 (9th Cir. 2001) ................................................................ 5

15

*Della Penna v. Toyota Motor Sales, U.S.A.*,
   11 Cal. 4th 376 (1995) ....................................................................... 10

16

17

*Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,
   548 F.3d 1184 (2008) .................................................................... 14, 15

18

*Erlich v. Etner*,
   224 Cal. App. 2d 69 (1964) .................................................................. 9

19

20

*Export Group v. Reef Industries*,
   54 F.3d 1466 (9th Cir. 1995) ................................................................ 5

21

*Flores v. S. Peru Copper Corp.*,
   414 F.3d 233 (2d Cir. 2003) ............................................................. 1, 7

22

23

*Griffin v. Breckenridge*,
   403 U.S. 88 (1971) ............................................................................. 16

24

*Guess, Inc. v. Superior Court*,
   176 Cal. App. 3d 473 (1986) ......................................................... 9, 11

25

26

*Hahn v. Mirda*,
   147 Cal. App. 4th 740 (2007) ............................................................ 12

27

28

*Hufford v. McEnaney,*
    249 F.3d 1142 (9th Cir. 2001) ........................................................................ 13

*Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty USA,*
    129 Cal. App. 4th 1228 (2005) ...................................................................... 16

*In re Paxil Litig.,*
    218 F.R.D. 242 (C.D. Cal. 2003) .................................................................. 19

*Kadic v. Karadzic,*
    70 F.3d 232 (2d Cir. 1995) ........................................................................ 1, 7

*Karim-Panahi v. Los Angeles Police Dep't,*
    839 F.2d 621 (9th Cir. 1988) ........................................................................ 16

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) ........................................................................................ 4

*Ladd v. County of San Mateo,*
    12 Cal. 4th 913 (1993) .................................................................................. 12

*Liu v. Republic of China,*
    892 F.2d 1419 (9th Cir. 1989) .................................................................... 4, 8

*Lozano v. AT&T Wireless Servs.,*
    504 F.3d 718 (9th Cir. 2007) ........................................................................ 19

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,*
    48 Cal. 3d 583 (1989) .................................................................................... 17

*McDougal v. County of Imperial,*
    942 F.2d 668 (9th Cir. 1991) ........................................................................ 16

*Meadows v. Dominican Republic,*
    817 F.2d 517 (9th Cir. 1987) .......................................................................... 6

*Molski v. Gleich,*
    318 F.3d 937 (9th Cir. 2003) ........................................................................ 19

*Plyler v. Doe,*
    457 U.S. 202 (1982) ...................................................................................... 15

*Polygram Records, Inc. v. Superior Court,*
    170 Cal. App. 3d 543 (1985) .......................................................................... 9

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984) .......................................................................... 7

*Saudi Arabia v. Nelson,*
    507 U.S. 349 (U.S. 1993) ................................................................................ 5

*Schweiker v. Wilson,*
    450 U.S. 221 (1981) ...................................................................................... 14

*Serra v. Harley Lappin,*
  600 F.3d 1191 (9th Cir. 2010) ........................................................8

*Sherman v. Henderson,*
  2010 U.S. App. LEXIS 11336 (9th Cir. June 3, 2010) ..........................18

*Shopoff & Cavallo LLP v. Hyon,*
  167 Cal. App. 4th 1489 (2008) ......................................................13

*Siderman de Blake v. Republic of Argentina,*
  965 F.2d 699 (9th Cir. 1992) ...................................................4, 5, 6

*Sosa v. Alvarez-Machain,*
  542 U.S. 692 (2004) ................................................................6, 7

*Tel-Oren v. Libyan Arab Republic,*
  726 F.2d 774 (D.C. Cir. 1984) .........................................................7

*Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.,*
  594 F.2d 730 (9th Cir. 1979) ..........................................................4

*Trajano v. Marcos,*
  978 F.2d 493 (9th Cir. 1992) ...................................................1, 6, 7

*Verlinden B.V. v. Central Bank of Nigeria,*
  461 U.S. 480 (1983) ...................................................................4

*Wilson v. Houston Funeral Home,*
  42 Cal. App. 4th 1124 (1996) ........................................................11

## STATUTES

28 U.S.C. § 1331 ........................................................................4

28 U.S.C. § 1350 ..................................................................1, 4, 6

28 U.S.C. § 1602 et seq. ...............................................................4

28 U.S.C. § 1603(a) ....................................................................4

28 U.S.C. § 1604 ....................................................................1, 5

28 U.S.C. § 1605(a)(1) .................................................................5

28 U.S.C. § 1605(a)(2) .................................................................5

28 U.S.C. § 1605(a)(3) .................................................................5

28 U.S.C. § 1605(a)(4) .................................................................5

28 U.S.C. § 1605(a)(5) .................................................................5

28 U.S.C. § 1605(a)(6) .................................................................6

28 U.S.C. § 1605(b) ....................................................................6

28 U.S.C. § 1605A ................................................................................. 6

28 U.S.C. § 1607 .................................................................................. 6

42 U.S.C. § 1983 ................................................................................. 14

42 U.S.C. § 1985(3) ............................................................................ 15

Cal. Civ. Code § 45 ............................................................................. 10

Cal. Civ. Code § 47(b) ........................................................................ 10

Cal. Civ. Proc. Code § 335.1 ................................................... 12, 13, 17

Cal. Civ. Proc. Code § 338(c) ............................................................. 13

Cal. Civ. Proc. Code § 339(1) ......................................................... 9, 11

Cal. Civ. Proc. Code § 340(3) ............................................... 10, 14, 15

Cal. Civ. Proc. Code § 340(c) ..................................................... 11, 16

**RULES**

C.D. CA Rule 23-2 .............................................................................. 18

C.D. CA Rule 23-2.2(g) ...................................................................... 18

Fed. R. Civ. P. 23(a) ........................................................................... 19

Fed. R. Civ. P. 8(a)(2) ........................................................................ 17

Fed. R. Civ. P. 8(d)(1) ........................................................................ 18

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3            On April 14, 2010, St. Luke School of Medicine, Dr. Jerroll B.R. Dolphin, and Dr.

4    Robert Farmer (collectively, "Plaintiffs") filed a lengthy First Amended Class Action

5    Complaint (the "FAC" or "Complaint").  The Complaint alleges twelve (12)[1] different

6    causes of action against fourteen (14) separate defendants.[2]  Defendant Republic of

7    Liberia, a foreign nation located on the west coast of Africa, brings this motion to dismiss

8    (the "Motion") seeking a dismissal of this action on the grounds of foreign sovereign

9    immunity, failure to state a claim, and failure to plead with particularity.

10           Foreign sovereigns are immune from suit in United States District Courts unless a

11   few narrow exceptions are met.  *See* 28 U.S.C. § 1604.  Here, no exception applies.

12   Therefore, the Complaint must be dismissed for lack of subject matter jurisdiction.

13           Even assuming, *arguendo*, that this Court did have subject matter jurisdiction over

14   the Republic of Liberia, the Complaint fails to state a claim upon which relief can be

15   granted.  Under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350,[3] Plaintiffs fail to

16   adequately allege any of the three requirements to state a claim for relief:  (i) a claim by an

17   alien, (ii) a tort, and (iii) a violation of international law.  *Trajano v. Marcos*, 978 F.2d 493,

18   499 (9th Cir. 1992).  Moreover, each of the twelve (12) separate torts alleged fails to state a

19   claim upon which relief can be granted.  And, all of the causes of action are time barred.

---

20

21   [1]  Eleven (11) torts are listed in the caption of the Complaint, but the text of Complaint

22   also includes a claim for Intentional Interference with Prospective Business Advantage
     which is not reflected in the caption.  (*See* Complaint at 65.)

23   [2]  Motions to dismiss have been filed by Defendants Dr. George Gollin; The Board of

24   Trustees of the University of Illinois, the State of Oregon, Office of Degree
     Authorization; and Educational Commission for Foreign Medical Graduates.  These

25   motions have been taken under submission, and are pending decision of the Court.

26   [3]  This provision is also referred to as the "Alien Tort Act," *see, e.g. Kadic v. Karadzic*,

27   70 F.3d 232, 238 (2d Cir. 1995), and the "Alien Tort Claims Act," *see e.g. Flores v. S.
     Peru Copper Corp.*, 414 F.3d 233, 236 (2d Cir. 2003).

28

1    In addition, the Complaint is so rife with procedural defects that it justifies

2  dismissal.  The Complaint is over seventy (70) pages in length and fails to meet the "short

3  and plain statement" standard required by Federal Rule of Civil Procedure 8.  Even so,

4  Defendants are left to guess the basis for the allegations.  Furthermore, while the

5  Complaint is couched as a class action complaint, the class allegations are deficient.  None

6  of the prerequisites for certification under Federal Rules of Civil Procedure 23(a) and

7  23(b)(2) are satisfied.  These deficiencies merit dismissal of the Complaint.

8  **II.     ALLEGATIONS OF THE COMPLAINT**

9    Assuming the facts alleged in the Complaint to be true for the purposes of this

10  Motion, Dr. Dolphin began attempting to establish a medical school in Liberia in 2001,

11  (FAC at 8-9[4]) aimed at educating Liberian and international students, (*Id.* at 9, 10, Ex. 1.)

12  The medical school had an online curriculum.  (*Id.* at 56.)  On August 8, 2003, Charles

13  Taylor signed a charter for St. Luke School of Medicine, granting permission to establish a

14  college of medicine; five days later he resigned his Presidency and fled the country.  (*Id.* at

15  12.)  Dolphin spent the next year and a half struggling to maintain the school.  (*Id.* at 12.)

16    On January 20, 2005, the Education Commission for Foreign Medical Graduates

17  (the "Education Commission"), a United States non-profit corporation, informed

18  Defendants that they required confirmation from the government of Liberia that the school

19  was authorized to issue medical degrees.  (FAC at 13.)  The Education Commission

20  removed St. Luke School of Medicine from the International Medical Education Directory

21  on April 11, 2005.[5]  (*Id.* at 13, 32, 42.)

22

23  ───────────────

24  [4]  While the Republic of Liberia normally would prefer to cite to specific numbered
    paragraphs of a pleading, because of the nature of the Complaint and the fact that
25  multiple paragraphs bear the same letters and/or numbers, the Republic of Liberia refers
    only to page numbers.
26

27  [5]  According to the Complaint, St. Luke School of Medicine was removed "with bias"
    on April 27, 2005.  (FAC at 42).
28

The Liberian Medical Board and the NTLA-Health and Social Welfare Committee[6] held two sets of hearings regarding St. Luke School of Medicine, the first in March 2005 and the second in April 2005.  (FAC at 28, 30, 33, 39-41.)  During the course of these events, a number of Liberian media reports described the school as fraudulent and accused it of issuing phony diplomas.  (*Id.* at 17-20, 28-31, 43-44, 45-46.)  Plaintiffs allege that Defendants' conduct prohibited him from managing the school, but fail to allege any conduct that occurred on United States territory.

Dolphin was interviewed by Liberian officials regarding the St. Luke School of Medicine.  (FAC at 21.)  In March 2005, Dolphin was detained at the Monrovian airport and caused to miss a flight.  (*Id.* at 24.)  His passport was confiscated and later returned.  (*Id.* at 24.)  His passport was also briefly confiscated during the course of the April 2005 hearings.  (*Id.* at 35.)  Plaintiffs allege that Dolphin was falsely imprisoned, (*id.* at 66), but fail to allege any actual confinement.

Each of the complained-of incidents occurred in 2005 or earlier.  Plaintiffs allege that Defendants' conduct caused actionable emotional distress, but fail to allege serious emotional distress.  (*Id.* at 68-69.)  Plaintiffs also allege that Defendants' conduct caused Dolphin the loss of consortium, (*id.* at 66), but fail to allege any harm done to his wife.

Based on these alleged facts, Plaintiffs assert the following claims against the Republic of Liberia: trade libel, false imprisonment, negligence, violations of due process, violations of equal protection, conversion, conspiracy to commit civil rights violation, intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium, libel, and intentional interference with prospective business advantage.  (FAC at 59-69.)

---

[6]  This organization is not further defined in the Complaint.

1     III.   **ARGUMENT**

2            **A.   The Complaint Should Be Dismissed Because The Court Lacks Subject
              Matter Jurisdiction**

3

4            As the party invoking the jurisdiction of the federal court, the plaintiff bears the

5     burden of establishing that the court has the requisite subject matter jurisdiction to grant the

6     relief requested.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78

7     (1994).  A complaint will be dismissed if, looking at the complaint as a whole, it appears to

8     lack federal jurisdiction either "facially" or "factually."  *See Thornhill  Publishing Co., Inc.*

9     *v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

10           Here, Plaintiffs assert jurisdiction under the Friendship Treaty, the Alien Tort

11    Statute, 28 U.S.C. § 1350 (the "ATS"), and Federal Question Jurisdiction, 28 U.S.C.

12    § 1331.  (FAC at 1-2.)  Based on the allegations of the Complaint, Plaintiffs fail to

13    establish that this Court has subject matter jurisdiction.

14           The Republic of Liberia is a foreign state.  The Foreign Sovereign Immunities Act,

15    28 U.S.C. § 1602 et seq. (the "FSIA"), is the sole basis for obtaining jurisdiction over a

16    foreign state in federal court.  *See Argentine Republic v. Amerada Hess Shipping Corp.*,

17    488 U.S. 428, 439 (1989).  As a threshold matter, a federal court adjudicating a claim

18    against a foreign state must determine whether the FSIA provides subject matter

19    jurisdiction.  *See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493-494 (1983);

20    *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992).[7]  The court

21    ───────────────

22    [7]  The National Transitional Legislative Assembly, a defunct governmental entity from a
      former regime, is named as a defendant but is no longer in existence and has not been

23    served.  Four other Liberian governmental agencies, the Ministry of Health, the Ministry
      of Education, the Liberian Medical Board, and the National Commission on Higher

24    Education, also are named as defendants.  None of these four agencies has been served.

25    To the extent Plaintiffs argue service has been made, all of the jurisdictional arguments
      apply to these Liberian entities as well because they are all subdivisions of the Republic

26    of Liberia.  A "foreign state" under the FSIA includes "a political subdivision of a foreign

27    state," and "an agency or instrumentality of a foreign state[.]"  28 U.S.C. § 1603(a).
      Furthermore, plaintiffs concede defendants' foreign state status.  See *Export Group v.*

28

simply cannot proceed against a foreign state without subject matter jurisdiction. *See*
*Siderman de Blake*, 965 F.2d at 706.

Under the FSIA, foreign sovereigns are presumptively immune from suit in the
United States, and a federal court lacks subject matter jurisdiction over a lawsuit against a
foreign sovereign, unless one of nine (9) enumerated exceptions apply. *See* 28 U.S.C.
§ 1604; *see also Argentine Republic*, 488 U.S. at 435-39; *Corzo v. Banco Central de
Reserva Del Peru*, 243 F.3d 519, 522 (9th Cir. 2001). Where a plaintiff's claims do not
fall within one of the exceptions, the court does not have subject matter jurisdiction. *Saudi
Arabia v. Nelson*, 507 U.S. 349, 351 (superseded on other grounds); *Corzo*, 243 F.3d at
522.

Here, not only do Plaintiffs fail to allege an exception to the FSIA, but none of the
exceptions apply to the claims asserted: The Republic of Liberia has not waived
immunity, 28 U.S.C. § 1605(a)(1); the claims do not involve commercial activities
occurring in the United States, and did not cause a direct effect in this country, 28 U.S.C.
§ 1605(a)(2); the claims do not involve property expropriated in violation of international
law, 28 U.S.C. § 1605(a)(3); the claims do not involve inherited, gift, or immovable
property located in the United States, 28 U.S.C. § 1605(a)(4); the noncommercial torts did
not take place in the United States, 28 U.S.C. § 1605(a)(5); the claims do not involve the

---

*Reef Industries*, 54 F.3d 1466, 1470 (9th Cir. 1995) (finding a sovereign defendant meet
its burden to show its government status by admissions in the other party's pleadings.) In
the caption of the Complaint, these parties are described as "Liberian Governmental
Agenc[ies]." And, Plaintiffs describe each defendant as follows: The Ministry of Health
is "the primary institution for health care delivery services in the Republic of Liberia.
The Ministry of Health is responsible for providing health and social welfare services to
the citizens of Liberia." (FAC at 5.) The Liberian Medical Board is "the primary
institution for the licensing of medical doctors in the Republic of Liberia. It is a branch of
the Ministry of Health of the Republic of Liberia." (*Id.* at 6.) The National Commission
on Higher Education is "the national accrediting agency for the Ministry of Education of
the Republic of Liberia." (*Id.* at 6.) The Ministry of Education is "the education agency
of the Republic of Liberia." (*Id.* at 7.)

enforcement of an international arbitration agreement, 28 U.S.C. § 1605(a)(6); the claims do not involve maritime liens, 28 U.S.C. § 1605(b); the claims do not involve international terrorism, 28 U.S.C. § 1605A; and the claims are not counterclaims, 28 U.S.C. § 1607.

Once a foreign sovereign produces prima facie evidence of immunity, the burden going forward shifts to the plaintiff to produce evidence establishing that a foreign state is not entitled to immunity. *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987). Because the claims are so defective, the Republic of Liberia need not produce any evidence of immunity beyond this Motion. Because Plaintiffs have not even alleged that one of the exceptions applies, this Court does not have subject matter jurisdiction over the claims alleged against the Republic of Liberia and the Complaint should be dismissed.

The ATS does not provide an independent exception to foreign sovereign immunity. *See* 28 U.S.C. § 1350; *see also Argentine Republic*, 488 U.S. at 434-38. When a foreign state is sued, the FSIA trumps the ATS. *See Trajano*, 978 F. 2d at 496. Therefore, an exception to the FSIA must apply for the Court to have subject matter jurisdiction over a claim asserted under the ATS. *See Argentine Republic*, 488 U.S. at 434-38; *see also Siderman de Blake*, 965 F.2d at 714 (an ATS claim against a foreign state not expressly countenanced by the FSIA cannot be heard). Because the Republic of Liberia is immune from suit under the FSIA, any claims asserted under the ATS are improper.

In addition, jurisdiction is lacking because the Complaint does not state a claim on which relief can be granted under the ATS. The ATS is jurisdictional, and confers upon federal courts the jurisdiction "to hear claims in a very limited category defined by the law of nations and recognized at common law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). In order to state a claim for relief under the Alien Tort Statute, there are three requirements: (i) a claim by an alien, (ii) a tort, and (iii) a violation of international law. *See Trajano*, 978 F.2d at 499 (jurisdiction pursuant to section 1350 is only appropriate where each of the three requirements is satisfied). As discussed below, the Complaint fails to allege either a violation of the law of nations or Plaintiffs' status as aliens. Therefore, this Court lacks jurisdiction and the Complaint should be dismissed.

## B.   The Complaint Fails To State A Claim Upon Which Relief Can Be Granted

In accordance with Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if there is a "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).  Plaintiffs fail to state a claim under the Alien Tort Statute, federal or California law.  Therefore, the Complaint should be dismissed.

### 1.   Plaintiffs' Claim Under The Alien Tort Statute Must be Dismissed Because it Fails to Allege Each of the Requisite Elements

There are three requirements to state a claim for relief under the Alien Tort Statute: (i) a claim by an alien, (ii) a tort, and (iii) a violation of international law.  *See Trajano*, 978 F.2d at 499.

### a.   Plaintiffs Do Not Allege A Violation Of International Law

The law of nations is synonymous with "customary international law." *Flores*, 414 F.3d at 247 n.2.  A violation of international law must contravene a norm that is specific, universal and obligatory.  *Sosa*, 542 U.S. at 725.  A complaint that does not allege facts showing violation of a universally-acknowledged norm fails to state a claim under the ATS.  *See Abagninin v. Amvac Chem. Corp*., 545 F.3d 733, 740 (9th Cir. 2008).

Federal courts have recognized claims for certain crimes against humanity, including genocide and torture, as sufficiently universal to give rise to jurisdiction under the ATS.  *See, e.g., Bowoto v. Chevron Corp*., 557 F. Supp. 2d 1080, 1084-85 (N.D. Cal. 2008) ("The Court finds that plaintiffs' claims for torture and summary execution may be brought under the ATS. . .");  *see also Kadic v. Karadzic*, 70 F.3d 232, 239-42 (2d Cir. 1995) (finding the ATS covered acts of genocide, war crimes, and other violations of international humanitarian law); *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 791 n.20 (D.C. Cir. 1984) (Edwards, J., concurring) ("commentators have identified at least four acts that are now subject to unequivocal international condemnation: torture, summary execution, genocide and slavery" (citations omitted)).

1    Here, Plaintiffs fail to allege a violation of any universally-acknowledged norm.

2    The torts alleged by Plaintiffs are routine personal injury and business torts, specifically

3    trade libel, false imprisonment, negligence, violations of due process, violations of equal

4    protection, conversion, conspiracy to commit civil rights violation, intentional infliction of

5    emotional distress, negligent infliction of emotional distress, loss of consortium, libel, and

6    intentional interference with prospective business advantage.   These torts are not

7    recognized by the ATS and relevant case law as violations of international law. Therefore,

8    Plaintiffs' claim under the ATS must fail.

9                      **b.    Plaintiffs Do Not Allege Alien Status**

10   Similarly, Plaintiffs fail to allege that they bring the Complaint as aliens.  The Ninth

11   Circuit recently explained that "the scope of the ATS is limited to suits 'by an alien.'"

12   *Serra v. Harley Lappin*, 600 F.3d 1191, 1198 (9th Cir. 2010) (declining to consider

13   plaintiffs ATS claim because American citizen plaintiffs conceded they were not aliens).

14   The court explained that the ATS "admits no cause of action by non-aliens."  *Id.*

15   Here, the Complaint sets forth no allegations concerning whether or not Plaintiffs

16   are aliens.  Indeed, according to the allegations set forth in the Complaint, St. Luke School

17   of Medicine has its principal place of business in Los Angeles California (FAC at 3), and

18   Dr. Jerroll Dolphin is a "resident of Los Angeles, California."  (*Id.* at 3).  In addition,

19   certain plaintiffs, including Dr. Robert Farmer and 40 of the 61 named medical students,

20   appear to be from the United States.  (*See id.*, Ex. 1.)  Because Plaintiffs fail to plead that

21   they are aliens the Complaint falls outside the scope of the ATS.

22                    **2. Plaintiffs' Tort Claims Must be Dismissed**

23   While not specifically addressed in Plaintiffs' Complaint, the only way to assert a

24   claim against a Foreign Sovereign is under the FSIA.  *See Argentine Republic*, 488 U.S. at

25   439.  Federal common law provides that the appropriate choice of law rule in cases arising

26   under the FSIA, and presumes that the law of the place where the injury occurred applies

27   unless another state has a more significant relationship to the tort and to the parties.  *See*

28   *Liu v. Republic of China*, 892 F.2d 1419, 1426 (9th Cir. 1989).  Therefore, while

1  unacknowledged by Plaintiffs, it appears likely that the law that should be applied to the
2  claims asserted is the law of the Republic of Liberia.  While Plaintiffs cite no statute or
3  authority to support the claims alleged, it appears they have attempted to assert claims
4  under California state tort law.  Even assuming that California law applies, the Complaint
5  still must be dismissed as each of the twelve (12) separate claims for relief fail.

6           **a.**    **Plaintiffs' Claim for Trade Libel Must be Dismissed Because it**
7                   **Fails to Allege Each of the Requisite Elements And Because it is**
                     **Time-Barred**

8         To state a claim of trade libel, Plaintiffs must allege (i) the publication of a false
9  statement (ii) that intentionally disparages the quality of property and (iii) induces another
10  not to deal with the Plaintiffs (iv) which causes the Plaintiffs actual pecuniary damages.
11  *See Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543, 548 (1985).  To
12  allege the requisite pecuniary damage, Plaintiffs must identify particular purchasers lost
13  and the transactions of which he or she has been deprived.  *See Erlich v. Etner*, 224 Cal.
14  App. 2d 69, 73 (1964).

15         Here, Plaintiffs fail to allege that the alleged disparaging statements were false, that
16  the publication intentionally disparaged the quality of the property, that the publication
17  induced another not to deal with Plaintiffs, or that Plaintiffs suffered actual pecuniary
18  damages.  Plaintiffs merely allege that "ECMFG removed SLSOM from the IMED twice,
19  with the second removal continuing to the present time."  (FAC at 57-58.)  Therefore,
20  Plaintiffs fail to state a claim for trade libel.

21         Moreover, this claim is time-barred.  According to the Complaint, the last of the
22  allegedly false statements was made on May 10, 2005 (FAC at 60), which falls outside the
23  two year statue of limitations for a trade libel claim.  *See* CAL. CIV. PROC. CODE § 339(1);
24  *See also Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986).

25           **b.**    **Plaintiffs' Claim for Libel Must be Dismissed Because it Fails to**
26                   **Plead a Claim for Relief Adequately And Because it is Time-**
                     **Barred**

27         In order to state a claim for libel, a plaintiff must plead "a false and unprivileged
28  publication by writing…or other fixed representation to the eye, which exposes any person

to hatred….or which has a tendency to injure him in his occupation." CAL. CIV. CODE § 45.  Language used in the discharge of official duties is absolutely privileged.  *See* CAL. CIV. CODE § 47(b).

Here, this claim appears to be specific to Dolphin.  (FAC at 59.)  Therefore, any claim by the remaining Plaintiffs must be dismissed.  Dolphin fails to plead that any of the statements forming the basis of his claim were false.  In addition, Dolphin fails to plead that any of the complained of statements were made by the Republic of Liberia.  Dolphin also fails to plead that he was exposed to hatred, or that he was injured in his occupation.  Therefore, Dolphin fails to state a claim upon which relief can be granted.

Furthermore, this claim is barred because any statement made by the Republic of Liberia or a Liberian official in the discharge of their official duties is privileged, and thus not subject to libel.

Finally, this claim is time-barred.   The latest publication date identified in the Complaint is April 11, 2005 (FAC at 60), which is well outside the statute of limitation for libel.  *See* CAL. CIV. PROC. CODE § 340(c).

### c. Plaintiffs' Claim for Intentional Interference with Prospective Business Advantage Must be Dismissed Because it Fails to Allege Each of the Requisite Elements And Because it is Time-Barred

To state a claim of intentional interference with prospective business advantage,[8] a plaintiff must allege (i) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (ii) defendant's knowledge of the relationship, (iii) intentional acts by the defendant designed to disrupt the relationship, (iv) actual disruption of the relationship, and (v) economic harm to the plaintiff proximately caused by the acts of the defendant.  *See Della Penna v. Toyota Motor Sales*, U.S.A., 11 Cal. 4th 376, 380 (1995).  The defendant must have engaged in

---

[8]  This claim for relief is not listed in the caption of the Complaint.

1    conduct that was wrongful by some legal measure other than the fact of interference itself.

2    *See id.*; *see also Baldwin v. Marina City Props., Inc*., 79 Cal. App. 3d 393, 406 (1978).

3    Here, Plaintiffs fail to plead that Defendants' conduct was wrongful by any legal

4    measure.  Plaintiffs fail to plead an economic relationship with a third party that was

5    actually disrupted, and fail to plead economic harm proximately caused by the acts of

6    Defendants.  Thus, Plaintiffs fail to state a claim upon which relief can be granted.

7    Finally, CAL. CIV. PROC. CODE § 339(1) provides a two year statute of limitations

8    for intentional interference with prospective business relationships.  *See Guess, Inc*., 176

9    Cal. App. 3d at 478 (the two-year period of Section 339 applies to all alleged

10   infringements of property rights, including intentional interference with prospective

11   business relationships).  Here, the last allegedly false public statement that interfered with

12   Plaintiffs' business prospects occurred on April 11, 2005.  (FAC at 60.)  Therefore, this

13   cause of action is time-barred and should be dismissed.

14   ### d.    Plaintiffs' Claim for False Imprisonment Must be Dismissed Because it Fails to Allege the Necessary Elements And Because it is Time-Barred

15

16   To state a claim of false imprisonment, a plaintiff must plead the willful and

17   wrongful interference with another's freedom.  *See Wilson v. Houston Funeral Home*, 42

18   Cal. App. 4th 1124, 1135 (1996).  Here, as only Dolphin alleges any harm, any claim by

19   the remaining Plaintiffs must be dismissed.  Dolphin fails to allege that he was actually

20   confined.  Therefore, he fails to state a claim for false imprisonment.

21   Moreover, this claim is time-barred.  Dolphin alleges that he was confined in March

22   2005 (FAC at 24-25), which falls outside the one year statute of limitations for a claim of

23   false imprisonment.  *See* CAL. CIV. PROC. CODE § 340(c).

24   ### e.    Plaintiffs' Claim for Negligence Must be Dismissed Because it Fails to Allege Each of the Requisite Elements And Because it is Time-Barred

25

26   In order to plead a cause of action for negligence, a plaintiff must plead that (i) the

27   defendant had a legal duty to use due care, (ii) a breach of that duty, and (iii) the breach

28   was the proximate or legal cause of the resulting injury.  *See Ladd v. County of San Mateo*,

12 Cal. 4th 913, 917 (1993). An indispensible prerequisite to the imposition of liability based upon negligence is the existence of a duty of care owed by the defendant to the person injured, or to the class of persons of which the plaintiff is a member. *Id.* at 918 (whether a duty is owed is a question of whether the Plaintiffs' interests are entitled to legal protection against the defendants conduct). A duty of care may arise by statute, by contract, or by the relationship between the parties. *See id.* Here, Plaintiffs do not explain the basis on which Defendants allegedly owed a duty to them. No statute or contract exists requiring due care on the part of the Republic of Liberia. The Republic of Liberia and Plaintiffs are not in a special relationship that gives rise to a duty of care. Plaintiffs fail to establish the duty requirement of a negligence claim, and therefore, fail to state a claim upon which relief can be granted.

Moreover, this claim is time-barred. The alleged acts underlying the negligence claim occurred in 2005 (FAC at 30, 66), which falls outside the two year statute of limitations for a negligence claim. *See* CAL. CIV. PROC. CODE § 335.1.

> **f.** **Plaintiffs' Claim for Loss of Consortium Must be Dismissed Because it Fails to Allege the Necessary Elements And Because it is Time-Barred**

In order to plead a claim for loss of consortium, a plaintiff must allege loss of consortium suffered as a result of tortious bodily injury to the plaintiff's spouse caused by the defendant. *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 746 n.2 (2007). A plaintiff only has a viable loss of consortium claim if his or her spouse has a viable tort cause of action against the defendant. *Id.* at 747 (a cause of action for loss of consortium is dependent on the existence of a cause of action for tortious injury to a spouse, and stands or falls based on whether the spouse has suffered an actionable tortious injury).

Here, as only Dolphin alleges any harm, any claim by the other Plaintiffs must be dismissed. Further, because Dolphin does not allege that his wife has a tort cause of action against Defendants, he also fails to state a claim upon which relief can be granted.

Moreover, this claim is time-barred. Dolphin alleges harm that purportedly was caused by events which occurred five years ago (FAC at 30, 60), which falls outside of the

1     two-year statutory period for loss of consortium.  *See* CAL. CIV. PROC. CODE § 335.1.

2                 **g.    Plaintiffs' Claim for Conversion Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred**

3

4         To state a claim for conversion, a plaintiff must allege (i) plaintiff's ownership or

5 right to possession of the property at the time of the conversion; (ii) defendant's conversion

6 by a wrongful act or disposition of property rights; and (iii) damages.  *See Shopoff &*

7 *Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507 (2008).  Plaintiffs must show an

8 assumption of control or ownership over the property, or that the alleged converter has

9 applied the property to his own use.  *See id.* (rejecting a claim where plaintiffs failed to

10 assert that defendant exercised dominion over the property in question).  Here, Plaintiffs

11 fail to allege that the Republic of Liberia assumed control or ownership of St. Luke School

12 of Medicine.  Plaintiffs also fail to allege that the Republic of Liberia applied the property

13 to its own use.  Because Plaintiffs fail to establish that the Republic of Liberia wrongfully

14 acted or disposed of Plaintiffs' property rights, they fail to state a claim for conversion.

15         In addition, Plaintiffs claim that the alleged conversion occurred five years ago, "in

16 that SLSOM has been unable to operate since 2005." (FAC at 67.)  The statute of

17 limitations is three years from the date of the conversion.  *See* CAL. CIV. PROC. CODE

18 § 338(c).  Thus, this claim is time-barred.

19                  **h.    Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Fails to Allege the Requisite Elements for Such a Claim**

20

21         Plaintiffs allege that they were deprived of due process.  (FAC at 67.)  Procedural

22 due process claims require (i) an action by the United States government, (ii) a deprivation

23 of a constitutionally protected liberty or property interest and (iii) a denial of adequate

24 procedural protections.  *See Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001).

25 Constitutionally cognizable property interests "are created and their dimensions are defined

26 by existing rules or understandings that stem from an independent source such as state law

27 – rules or understandings that secure certain benefits and that support claims of

28 entitlements to those benefits."  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

1     Plaintiffs complain that Defendants "dismantled" St. Luke School of Medicine,

2     which caused its removal from the International Medical Education Directory, which in

3     turn caused the medical students' to lose jobs, residencies and other benefits.  (FAC at 67.)

4     Plaintiffs fail to allege a constitutionally protected property interest in either St. Luke

5     School of Medicine's listing on the International Medical Education Directory, or the

6     medical students' jobs, residencies, or other benefits.  Plaintiffs also have not made a

7     showing that they were denied adequate procedural protections.  Moreover, this claim is

8     not appropriate because constitutional claims may only be brought against a United States

9     government agency that is subject to the Constitution.  Therefore, plaintiffs fail to state a

10    claim for a violation of due process.

11    Furthermore, this cause of action is time-barred and should be dismissed.  The

12    statute of limitations for Section 1983[9] claims is California's one year statute of limitations

13    for personal injury torts.  *See Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,

14    548 F.3d 1184, 1193 n.15 (9th Cir. 2008); *see also* CAL. CIV. PROC. CODE § 340(c).

15    Plaintiffs do not allege any actions that fall within this one-year window.  (*See* FAC at 67.)

16    **i.    Plaintiffs' Claim for Violations of Equal Protection Must be
           Dismissed Because it Fails to Allege Unconstitutional**
17    **Governmental Categorization**

18    Plaintiffs appear to cite the Equal Protection Clause of the 14th Amendment as

19    authority for claim "D,"[10] entitled "Equal Protection."  (FAC at 67.)  Under an Equal

20    Protection Clause analysis, a governmental action that categorizes, on a basis other than

21    race or gender, is constitutional so long as it is reasonably related to a legitimate

22    governmental interest.  *See Schweiker v. Wilson*, 450 U.S. 221, 230 (1981).  The United

23    States Supreme Court treats as presumptively invidious those classifications that

24

---

25    [9]   Plaintiffs do not specify the statutory basis for the Due Process claim, but it appears to
26    be crafted as a claim under 42 U.S.C. § 1983.

27    [10]   There are four (4) claims lettered "D"; "Equal Protection" is the fourth with this same
      label.

28

1   disadvantage a "suspect class," or that impinge upon  the exercise of a "fundamental right."

2   *Plyler v. Doe*, 457 U.S. 202, 216-217 (1982).

3        Plaintiffs allege they were treated differently than a similarly situated medical

4   school.  (FAC at 68.)  Plaintiffs do not assert any classification, do not assert they are part

5   of any class, and do not assert the impingement of the exercise of a fundamental right.

6   Therefore, Plaintiffs fail to state a claim for a violation of the Equal Protection Clause.

7        Furthermore, as discussed above, this claim is not appropriate because constitutional

8   claims may only be brought against a United States government agency that is subject to

9   the Constitution.  The United States Constitution does not apply to Liberia.

10        Finally, this cause of action is time-barred and should be dismissed.  As discussed

11   above, the statute of limitations for federal civil rights torts in California is one year.  *See*

12   *Equity Lifestyle Props., Inc.*, 548 F.3d at 1193 n.15; *see also* CAL. CIV. PROC. CODE

13   § 340(c).  Plaintiffs do not allege any actions that fall within this period.  (*See* FAC at 67-

14   68.)

15          **j.**    **Plaintiffs' Claim for Conspiracy to Commit Civil Rights**

16               **Violations Must be Dismissed Because it Fails to Allege Each of the Requisite Elements**

17        Plaintiffs' claim "F" is styled:  "Conspiracy to Commit Civil Rights Violations."

18   They cite no authority or basis for this cause of action, but the only apparent possible law

19   under which a claim for conspiracy to commit civil rights violations could be brought is 42

20   U.S.C. § 1985(3), which creates a cause of action against a party conspiring to deprive

21   "any person or class of persons of the equal protection of the laws, or of equal privileges

22   and immunities under the laws[.]"  Just as with the other claims, Plaintiffs fail to state a

23   claim upon which relief can be granted for this cause of action.

24        A claim for conspiracy to commit civil rights violations must demonstrate (i) that

25   some racial or class-based invidiously discriminatory animus lay behind the conspirators'

26   action and (ii) that the conspiracy aimed at interfering with rights that are protected against

27   private as well as official encroachment.  *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir.

28   2002).  While the United States Supreme Court has not defined the term "class," "the term

unquestionably connotes something more than a group of individuals who share a desire to engage in the conduct that the § 1985(3) defendant disfavors." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993). Section 1985(3) was not "intended to apply to all tortious, conspiratorial interferences with the rights of others" and is not a general federal tort law. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). Plaintiffs must allege specific facts to support the allegation that Defendants conspired together, as a mere allegation of conspiracy without factual specificity is insufficient. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

As discussed above, Plaintiffs have alleged no invidious class-based discriminatory animus behind Defendants' alleged conduct. And, Plaintiffs also have not alleged any facts to support the allegation of conspiracy. For these reasons, Plaintiffs have failed to state a claim for conspiracy to commit civil rights violations.

Furthermore, the statute of limitations for a claim for conspiracy to commit civil rights violations is one year. *See* CAL. CIV. PROC. CODE § 340(c); *see also McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir. 1991) (the applicable statute of limitations for Section 1985(3) claims is the one-year period for personal injury actions.) Plaintiffs fail to plead any harm that occurred in the last year. (*See* FAC at 68.) Therefore, this claim is time barred and must be dismissed.

### k. Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Requisite Elements And Because it is Time-Barred

To state a claim for intentional infliction of emotional distress, a plaintiff must plead (i) that they suffered severe emotional injury (ii) caused by the defendants' (iii) outrageous conduct (iv) absent any privilege (v) with the intent to cause, or with reckless disregard of the probability of causing, emotional distress. *See Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty USA*, 129 Cal. App. 4th 1228, 1259 (2005). Conduct is outrageous only where it exceeds all bounds of decency in a civilized community. *Id.*

Here, as only Dolphin alleges any harm, any claim by the remaining Plaintiffs must be dismissed. As to Dolphin, the Complaint fails for a number of reasons. Dolphin fails to

allege that he suffered severe emotional injury.  Dolphin only alleges that he became "gaunt, sickly and in need of medical care."  (FAC at 69.)  Defendants' alleged conduct was not outrageous, and Dolphin fails to establish that any of the Defendants acted outside the bounds of decency.  Defendants did not act intentionally or unreasonably with the recognition that the acts were likely to result in mental distress.  For these reasons, Plaintiffs fail to state a claim for intentional infliction of emotional distress.

Moreover, this claim is time-barred.  The statute of limitations for a claim of intentional infliction of emotional distress is two years.  *See* CAL. CIV. PROC. CODE § 335.1. The conduct alleged to be emotionally distressful occurred in 2005.  (FAC at 24, 35, 43.)

### l.   Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it Fails to Allege Necessary Elements And Because it is Time-Barred

Negligent infliction of emotion distress is not an independent tort, but the tort of negligence, thus all the basic elements of negligence (duty, breach, causation and damage) apply and must be plead, in addition to serious emotional distress.  *See Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  Here, as only Dolphin alleges any harm, any claim by the remaining Plaintiffs must be dismissed.

As to Dolphin, the Complaint does not allege that Defendants either assumed or owed Dolphin a duty.  Absent an allegation of a duty, Dolphin's claim for negligent infliction of emotional distress must fail.

Moreover, this claim has not been brought prior to the expiration of the statute of limitations.  The statute of limitations for a claim of negligent infliction of emotional distress is two years.  *See* CAL. CIV. PROC. CODE § 335.1.  The alleged conduct underlying this claim occurred in 2005.  (FAC at 24, 35, 43.)  Therefore, the claim is time-barred.

### C. The Complaint is Rife with Procedural Defects And Merits Dismissal

### 1.  The Complaint Fails to Comply With Rule 8

The Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8.  Rule 8(a) requires every pleading to allege a short and plain statement of the claim showing that the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).

1    Pleadings also must be concise and direct.  *See* Fed. R. Civ. P. 8(d)(1); *see also Sherman v.*

2    *Henderson*, 2010 U.S. App. LEXIS 11336, * 2 (9th Cir. June 3, 2010) (affirming dismissal

3    of a complaint that did not comply with the Rule 8 requirements that a pleading be simple,

4    concise, and direct, with enough detail to guide discovery).

5         Here, the Complaint is over 70 pages long.  Despite its voluminous nature, Plaintiffs

6    devote only twelve (12) pages for the twelve (12) different alleged torts.  No case law or

7    statutes are cited; Defendants are left to guess as to the basis of the allegations against

8    them.  Moreover, Plaintiffs do not identify which claims are asserted against which

9    Defendants.  As the Ninth Circuit recently held in *Sherman*, dismissal is appropriate where

10   a complaint so egregiously fails to comply with Rule 8's pleading requirements.  *Id.*

11        **2.  Plaintiffs' Class Allegations are Procedurally Deficient**

12        Plaintiffs' request for class certification is procedurally deficient.  Under the

13   Federal Rules of Civil Procedure, a complaint must contain allegations showing the

14   existence of the prerequisites of Rule 23(a) and the Rule 23(b)(2) grounds for

15   maintaining a class action.  Here, neither requirement is satisfied.[11]

16        **a.   Plaintiffs Fail To Properly Plead the Rule 23(b)(2) Grounds For**
             **Maintaining a Class Action**
17

18        Plaintiffs seek certification pursuant to Federal Rule of Civil Procedure 23(b)(2).

19   (FAC at 3.)  A class action pursuant to Rule 23(b)(2) can be maintained if "the party

20   opposing the class has acted or refused to act on grounds that apply generally to the class,

21   so that final injunctive relief or corresponding declaratory relief is appropriate respecting

22   the class as a whole[.]"  Fed. R. Civ. P. 23(b)(2).  The Advisory Committee notes to Rule

23   _____

24   [11]  The Complaint also fails to conform to Central District of California Local Rules
     requiring a separate section entitled "Class Action Allegations" setting forth facts
25   establishing the Rule 23(a) prerequisites and one or more of the Rule 23(b) grounds for a
     class action, and describing the class or classes on behalf of which the action is sought to
26   be maintained.  See C.D. CA Rule 23-2.  And, the Complaint fails to alleged "nature of
     notice to the proposed class required and/or contemplated."  C.D. CA Rule 23-2.2(g).
27

28

23(b)(2) make clear that class certification under this subsection "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages."  Adv. Comm. Notes to 1966 Amendment to Fed. R. Civ. P. 23(b)(2).  The Ninth Circuit has held that claims which primarily seek monetary damages cannot qualify for class certification under Rule 23(b)(2).  *See Lozano v. AT&T Wireless Servs*., 504 F.3d 718, 729 (9th Cir. 2007) (finding a proposed class primarily seeking monetary damages, and not primarily seeking injunctive relief, did not qualify for Rule 23(b)(2) certification); *see also Molski v. Gleich*, 318 F.3d 937, 950 (9th Cir. 2003) (focusing on the intent of the plaintiffs in bringing the suit); *see also In re Paxil Litig*., 218 F.R.D. 242, 247 (C.D. Cal. 2003) (finding a proposed class that is aimed at obtaining monetary relief to be inappropriate for certification under Rule 23(b)(2)).

Here, Plaintiffs request "monetary relief" and "actual, direct, incidental, consequential, statutory and exemplary damages."  (FAC at 69-70.)  Because Plaintiffs do not request injunctive or declaratory relief, the proposed class is inappropriate for certification under Rule 23(b)(2).

### b.   Plaintiffs Fail to Meet the Rule 23(a) Prerequisites for Certification

All class actions in federal court must meet the four prerequisites of Rule 23(a):  (i) adequacy of representation, (ii) commonality, (iii) typicality, and (iv) numerosity.  *See* Fed. R. Civ. Proc. 23(a).  Plaintiffs fail to establish each of these four prerequisites:

Plaintiffs fail to plead "adequate representation" as they fail to specify *who* will be the proposed class representative.  (*See* FAC at 3.)  In addition to the entity plaintiff, two individuals are named as plaintiffs in the case caption, but neither is specified as the class representative.

Plaintiffs fail to plead that the purported class representative's claim is "typical" of the class.  Of the twelve (12) claims alleged in the Complaint, half are specific to Dolphin, including the causes of action for false imprisonment, loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, and libel, which

1   the Complaint clarifies is "against Dr. Dolphin." (*Id.* at 59.) Indeed, there are no

2   allegations that would support a finding that the purported class representative's claims are

3   in any way similar to or typical of the class members.

4         Plaintiffs similarly fail to allege that there are common questions of law and fact.

5   Plaintiffs allege that "[t]here are multiple questions of law or fact that are common to the

6   class, including without limitation, whether Defendants' actions invalidated or devalued

7   Plaintiff Medical Students' degrees and medical licensing examination test scores." (*Id.* at

8   4.) Dolphin does not allege that he has a degree that was devalued. In fact, he is alleged to

9   have a medical degree from a separate and unaffiliated institution – "Spartan Health

10  Sciences University, St. Lucia, West Indies." (*Id.* at 4.) Plaintiffs are not similarly situated

11  to the members of the purported class.

12        Plaintiffs make no showing as to why the class is so numerous that joinder is

13  impracticable. Indeed, from the allegations of the Complaint, it appears there have been

14  only sixty-one (61) graduates/attendees of the St. Luke School of Medicine. (*See id.*, Ex.

15  1.) Therefore, the final requirement of Rule 23(a) is not satisfied, and the class allegations

16  must fail.

17  **IV.   CONCLUSION**

18        For the reasons set forth above, Defendant Republic of Liberia respectfully

19  requests that the Court grant this motion.

20

21  Dated: July 20, 2010               Respectfully submitted,

22                                     LATHAM & WATKINS LLP

23                                     Manny A. Abascal
                                   Amy C. Quartarolo

24                                     Amanda J. Klopf

25

26                            By /s/ Amanda J. Klopf_____
                                   Attorneys for Defendant

27                                     Republic of Liberia

28