THADDEUS J. CULPEPPER
556  S. Fair Oaks Avenue
No. 302
Pasadena, CA 91105
626-786-2779


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE, et al, | Case No.: 10-CV-1791 RGK (SHx) |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS STATE OF OREGON AND OREGON OFFICE OF DEGREE AUTHORIZATION PURSUANT TO F.R.C.P. 12(B)(2)&(6) |
| vs. | |
| REPUBLIC OF LIBERIA, et al, | DATE: JULY 26, 2010 |
| Defendant | TIME: 9:00 AM |
| | CRT: 850 |
| | JUDGE: Honorable R. Gary Klausner |


Plaintiff'S OPPOSITION

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Louisiana State Board of Education of Baker (denial of education)
(1964, CA5 La) 339 F2d 911

Gagne v Maher
(1979, CA2 Conn) 594 F2d 336, affd (1980) 448 US 122, 65 L Ed 2d 653, 100 S
Ct 2570

Wilson v Beebe
(1985, CA6 Mich) 770 F2d 578

Will v. Michigan Dept. Of State Police
491 U. S. 58 (1989)

Griffin v. Breckenridge
403 U.S. 88 (1971)

Means v. Wilson
522 F. 2d 833

Collins v. Hardyman
341 U.S. 651 (1951)

Tenney v. Brandhove
341 U.S. 367 (1951)

United Bhd. of Carpenters & Joiners, Local 610 v. Scott
463 U.S. 825; 103 S. Ct. 3352; 77 L. Ed. 2D 1049

Wisconsin v. Constantineau
400 U.S. 433; 91 S. Ct. 507


Collins v. Purdue Univ., 38 Media L. Rep. 1481   (Internet Defamation)
(1964, CA5 La) 339 F2d  911

Melinda Benton v Oregon Student Assistance Commission, Oregon Office of
     Degree Authorization, and Alan Contreras
421 F.3d 901, 2005 U. S. App. Lexis 18301


**RULES**

Federal Rules of Civil Procedure      Rule 8(a)(2)

Federal Rules of Civil Procedure      Rule 8(d)(1)

Federal Rules of Civil Procedure      Rule 8(e)(2)

Federal Rules of Civil Procedure      Rule 11

Federal Rules of Civil Procedure      Rule 12(b)(6)


**LOCAL RULES**

Local Rule 23-2


**CONSTITUTIONAL PROVISIONS**

U.S. Constitution Articles        1, 2, 3, and 6

U.S. Constitution Amendments   1, 3,  4, 5,  6, 7, 8, 9, 10, 11 and 14


**UNITED STATES CODES**

42 U.S.C.S. § 1983

Title 18, Part I, Chapter 13

Title 18, Part I, Chapter 41

## PLAINTIFF'S EXHIBITS

Exhibit A    Pages 1-6 of the 91-page Document Sent By Dr. George Gollin, Professor of Physics, University of Illinois, to the National Accreditation Board of the Republic of Ghana

Exhibit B    Letter from National Accreditation Board of the Republic of Ghana to the Attorney-General of the Republic of Ghana

Exhibit C    Letter from Ghanaian Ministry of Foreign Affairs to Kwame Dattey, Ghana National Accreditation Board

Exhibit D    Letter from Alan Contreras, Oregon Office of Degree Authorization, to Kwame Dattey of the National Accreditation Board of Republic of Ghana (Fax Version)

Exhibit E    Letter from Alan Contreras, Oregon Office of Degree Authorization, to Kwame Dattey of the National Accreditation Board of Republic of Ghana (Regular Mail)

Exhibit F    Letter from Dr. Brad Schwartz, Dean of the University of Illinois College of Medicine, to Kwame Dattey of the  National Accreditation Board of the Republic of Ghana

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs' Complaint (hereinafter "complaint") states more than ten causes of action against a dozen different defendants, ranging from the government of Liberia and its current or former officials, to the State of Oregon Office of Degree Authorization.

The defendant is responsible for the tortious acts of its employees. Defendant's motion in its entirety, including its request for sanctions, should be denied.

**Defendant's Motion to Dismiss Standard Should be Denied**

A.    Plaintiff can prove facts in accordance to Federal Rules of Civil Procedure Rule 12(b)(6) that supports their claims of conspiracy to commit civil rights violations and other claims:

1.    Information on the defendant's websites that demonstrate the collaboration of defendants Professor George Gollin, "Professor of Physics, University of Illinois at Champaign-Urbana" and the Oregon Office of Degree Authorization against St. Luke School of Medicine (SLSOM) since 2003.

2.    Documents and letters and letters sent to the Ghanaian officials in the United States and Ghana, that were submitted to Ghanaian Court of Appeals in December 2009, in an effort to block the accreditation of St. Luke School of Medicine's campus in Ghana that SLSOM gained through adjudication.  Those documents and letters sent to the Ghanaian officials by the defendants in 2009 clearly demonstrate Internet Stalking. Trade Libel, Interference with Prospective Economic Advantage, Loss of Consortium, Denial of Due Process,

Denial of Equal Opportunity Under the Color of Law, Malfeasance, Threatening Foreign Officials, Harassment by Government Officials, and other violations of the Plaintiffs' civil rights protected by the United States Constitution, and further defined by Congress in 42 U.S.C.S. § 1983 and Title 18, Part I, Chapter 13 and other statutes.

4.  Alan Contreras of the Oregon Office of Degree Authorization and Professor George Gollin, "Professor of Physics, University of Illinois at Champaign-Urbana" despite knowing that SLSOM had orders from the Liberian Supreme Court to restore its accreditation conspired and continued to defame SLSOM since 2006 on the Oregon Office of Degree Authorization's website and elsewhere.

B.  Plaintiffs' claims against the State Defendants are not barred by the Eleventh Amendment.  Violations of Plaintiff's civil rights are protected through the 14th amendment and further defined by Congress in 42 U.S.C.S. § 1983 and Title 18, Part I, Chapter 13 and other statutes.

C.  This court has personal jurisdiction over the State Defendants.

1.  <u>Purposeful Availment.</u>  The Defendant's actions satisfy the three elements of the "effects test".  If the defendant

(1)  "committed an intentional act".  The Defendant deliberately posted libelous information on its ODA website since 2003 against SLSOM that caused harm to the reputation, career, and business opportunity of Dr. Jerroll Dolphin, the principle owner of St. Luke School of Medicine.  Again in 2009 the Defendant's representative, Alan Contreras, and co-conspirators Dr. George Gollin and Dr. Brad Schwartz (both of the University of Illinois) send libelous, malicious and threatening documentations and letters to officials of the Republic of Ghana, that also to damaged

the reputation, career, and business opportunity of Dr. Jerroll Dolphin, the principle owner of St. Luke School of Medicine.

(2)     "that was expressly aimed at the forum state".  The Defendant did target the Plaintiff SLSOM and Dr. Jerroll Dolphin in the State of California in their libel and conspiracy.  The Defendant's website at the time of the writing of this opposition states: " Saint Luke School of Medicine, **California**, Ghana, Liberia, Disowned by Liberian government in 2005."

(3)     "and, caused harm, the brunt of which is suffered and which the defendant knows is likely to have been suffered in the forum state."  The Defendant knew at all times that the principle owner of SLSOM resided the State of California and that Dr. Dolphin would suffer in his home state.

2.     <u>There Must be Forum-Related Activity by the Defendant.</u>

The defendant Office of Degree Authorization's website is more than a passive website that makes information available to those interested. It is used a the source for criminal prosecutions in Oregon, Texas and other states against those students or graduates of the "unaccredited" colleges or universities on the "diploma mill" list.  Without due process or legislative approval those schools on the list are referred to as "fraudulent", "fake", and other derogatory statements and phrases on this and numerous other websites on the Internet.  Students and graduates of those institutions on the list are subject to persecution and derogations with less evidence than what is required to give a traffic ticket.  The Plaintiff will also demonstrate to this court that the defendant does not apply standards equally and fairly, and that the defendant demonstrates personal racial, cultural and regional bias in its "diploma mill" list.

Δ.      The Defendant has previous judgments and orders in Federal Court for civil rights violations and the Defendant continues to violate the civil rights of citizens of the United States, alien residents, and others.

E.      The use of Oregon Office of Degree Authorization's "diploma mill" list is unconstitutional as it violates the civil rights of citizens  and residents of the United States, and it attempts to exercise authority of the State of Oregon over the foreign policy of the United States and over the sovereignty and authority of foreign nations worldwide.

## II. FACTUAL BACKGROUND

SLSOM was an accredited medical school in the Republic of Liberia since 2001  Furthermore, it obtained its "charter" in the Republic of Liberia, FAC Exhibit 31, Legislative Enactment, signed by President Charles Taylor in August 2003, FAC Exhibit 4, President Signed SLSOM Charter Act in August 2003. A "charter" is a national law in Liberia that is passed in the House and Senate of the Republic of Liberia, and signed by its President.

The St. Luke's Medical Program (SLMP), the registered owners of St. Luke School of Medicine, was a documented foreign corporation in the State of California, doing business in California as "St. Luke School of Medicine".  Dr. Jerroll Dolphin is the majority owner of SLMP.

SLSOM operated without government disruption until September 2004. Until that time, SLSOM was also listed as an accredited medical school on the website of the Embassy of Liberia, Washington D.C.  In September 2004, SLSOM was attacked by officials of the National Transitional Legislative Assembly (NTLA) who were members of a rebel group LURD, an opposition group that fought against the government of Charles Taylor.  The NTLA was a temporary legislature that existed from 2004-2006 in Liberia.  The NTLA was not allowed to pass laws, and the assemblymen of the NTLA were also temporary.  The Liberian

Embassy in Washington DC, posted the 'Disclaimer', FAC Exhibit 6 on its website in September 2004 (it has since been removed in 2008).

The Educational Commission for Foreign Medical Graduates (ECFMG), through controversy on the Internet, removed SLSOM from the International Medical Education Directory (IMED) in January 2005.  The National Commission on Higher Education (NCHE) of the Republic of Liberia requested  ECFMG to include SLSOM in the IMED in March 2005.

Then, the NCHE though pressure by LURD representatives in the NTLA, sent a fraudulent letter to the ECFMG in April 2005 claiming that SLSOM was a "computer school" and the ECFMG removed SLSOM from the IMED.

In July 2005, SLSOM filed a Writ of Prohibition in the Supreme Court of Liberia against the Government of Liberia requesting an end to the harassment of SLSOM and the restoration of its status.  The Government of Liberia failed to respond to the summons and complaint on four occasions.

In August 2005, the Liberian Supreme Court ordered a "return to status quo ante" and issued a stay order to the Republic of Liberia that "no further action" is taken against SLSOM.  SLSOM was also awarded a "Clerk's Certificate" (default certificate) because the government failed to appear or make an argument against SLSOM's complaint even though it was summonsed to four different hearings.

Despite receiving two requests from the NCHE and despite receiving the Liberian Supreme Court Order from September through December 2005, the ECFMG refused to restore SLSOM listing on the IMED, even until now.

In September 2006, SLSOM initiated a "Damages for Wrong" lawsuit against the Republic of Liberia in the Civil Court of the Republic of Liberia for $120,000,000 USD.  The Republic of Liberia defaulted and SLSOM was awarded another "Clerk's Certificate" in October 2006.

However, neither the Liberian Supreme Court nor the Civil Court has met for a judgment due to maneuvering of those same Liberian officials who were sued in original two lawsuits.

In summary of the events in Liberia, the Liberian government has not complied with its own Supreme Court's order to restore SLSOM's status to "status quo ante".

SLSOM's complaint asserts that Professors Gollin, "Professor of Physics, University of Illinois, Champaign-Urbana", and Alan Contreras, Director of the Oregon ODA, have conspired against SLSOM by placing SLSOM on the ODA's "diploma mill" list without due cause and without due process of law since 2003. The Plaintiff's complaint asserts that Gollin relied on false information from Internet articles about SLSOM to compile the false information he posted about SLSOM on the ODA's website.

The Plaintiff, in its complaint, has presented official legal, judicial and governmental information authorizing SLSOM's existence and accreditation in Liberia as exhibits.  On the other hand, the Defendant Oregon Office of Degree Authorization and the author of the "diploma mill" list, Dr. George Gollin, used Internet news articles to libel and discredit SLSOM and the Plaintiff.

The Plaintiff asserts that Gollin and Alan Contreras of the Oregon Office of Degree Authorization knew that SLSOM had obtained a default certificate and an order to restore its accreditation and status from the Liberia Supreme Court in 2005, against the Republic of Liberia.  Further, Gollin and Alan Contreras of the Office of Degree Authorization knew that SLSOM had also obtained a default certificate in its civil court "Damages for Wrong" lawsuit against the Republic of Liberia in 2006.  Dr. Gollin claims to be a consultant to the Republic of Liberia, and so, had access to official documentation from the Republic of Liberia.

Despite the availability of the official documentation that substantiates SLSOM's claim to legitimacy, Alan Contreras of the ODA and Professor George

Gollin present the following information from the ODA's website to defame SLSOM and ostensibly brand its owners as disreputable and dishonest, http://www.osac.state.or.us/oda/unaccredited.aspx

> " Saint Luke School of Medicine, California, Ghana, Liberia, Disowned by Liberian government in 2005."

On or about November and December 2009, the defendants Dr. George Gollin, and the Oregon Office of Degree Authorization's representative Alan Contreras, and others sent through the Internet and United States mail libelous and threatening documents and letters to officials of the Republic of Ghana, in Ghana and the United States, in an effort to further defame SLSOM, Dr. Jerroll Dolphin, his wife, and others.

Furthermore, the Plaintiff asserts that Dr. George Gollin and Alan Contreras of the Oregon Office of Degree Authorization intentional and willfully violated the civil rights of SLSOM, Dr. Jerroll Dolphin, and SLSOM students and graduates.  The Oregon Office of Degree Authorization is responsible to the tortious acts of its employees and consultants.

This Plaintiff asks this honorable court if quotations from online Liberian newspapers and Internet articles posted by Dr. Gollin and presented under the color of Oregon law on the ODA's website have precedent over official Liberian laws, government documents, court documents and court orders from the Liberian Supreme Court presented by the Plaintiff to this honorable court of law?

This Plaintiff also asks this honorable court if Employees or Officials of a State Agency can use their positions and authority to launch personal, malicious and libelous attacks on persons, institutions and corporations and then hide themselves behind barrier of 11th Amendment Sovereign Immunity?

## III.   LEGAL STANDARDS

## Opposition to Defendant's Citations

Seminole Tribe of Florida v. Florida, 517 14 U.S. 44, 54, 116 S. Ct. 1114 (1996), citing Hans v. Louisiana, 134 U.S. 1, 13, 10 S. Ct. 504 (1890); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984) – are not applicable to civil rights violations.  The 14th Amendment of the United States Constitution and other laws of the United States mandates that violations of civil rights are adjudicated in the Federal Courts.  See below.

Blair v. Toran, CV-99-956 ST, 1999 U.S. Dist. LEXIS 20033, at *69 (D. Or. Dec. 2, 1999) – The Plaintiff is not merely suing for damages on a tort.  The State of Oregon is responsible for acts of its employees under the color of law that violate the civil rights of citizens and residents of the United States, and aliens. See below.

Stone v. State of Texas, 76 Ca1.App.4th 1043, 1047, 90 Ca1.Rptr.22d 657 (1999) - "When a defendant moves to quash service of process on jurisdictional grounds, the Plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction." and "California permits the exercise of personal jurisdiction to the full extent permitted by due process."  The 14th Amendment of the United States Constitution and other laws of the Congress of the United States authorize jurisdiction of civil rights violations to be in Federal Court.  The Oregon Office of Degree Authorization is responsible to the tortious acts of its employees and may be sued in Federal Court for civil rights violations.  Also, the actions of Oregon Office of Degree Authorization representative Alan Contreras of sending threatening letters to officials of the Republic of Ghana that defame the Plaintiff and St. Luke School of Medicine are outside of the scope of his employment.  Dr. Jerroll Dolphin and SLMP, the majority owners of SLSOM, are resident in the State of California, and did business in California.  See below.

Bancroft & Masters, Inc., v. Augusta Nat., Inc., 223 F.3rd 1082, 1086 (9th Cir. 2000) -  "Whether a California court would have personal jurisdiction over the State Defendants is dependent upon whether the Plaintiff has alleged "minimum contacts" between the State Defendants and the State of California for purposes of general or specific jurisdiction" and "General jurisdiction requires that the contacts be of the sort that approximate physical presence." - The Oregon Office of Degree Authorization claims to exercise jurisdiction over the accreditation of colleges and universities outside of the State of Oregon (including California) and outside of the sovereignty of the United States of America.  The listing of "unaccredited universities" on the "diploma mill" list, published by the Oregon Office of Degree Authorization of colleges and universities outside of Oregon, and outside of the United States, satisfies the requirement for "minimum contact".  Defendant's representatives Alan Contreras and George Gollin further sent documents and letters to officials of the Republic of Ghana to demonstrate the authority of the State of Oregon over the sovereignty of the Republic of Ghana. The United States Constitution Article **XX** delegates the "Treaties and Foreign Commerce to be the under the Authority of the United States" and not the State of Oregon.

Dr. Jerroll Dolphin and SLMP, the majority owners of St. Luke School of Medicine, are resident in the State of California, and did business in California. See below.

Vons Companies, Inc. v. Seabest Foods, Inc., 14 Ca1.4th 434, 446,58 Ca1.Rptr.2d 899, 926 P.2d 1085 (1996) – "the defendant has purposefully availed himself or herself of forum benefits, and the 'controversy is related to or "arises out of' a defendant' contacts with the forum."  Alan Contreras of the Oregon Office of Degree Authorization and co-conspirators Dr. George Gollin, and Dr. Brad Schwartz (both of the University of Illinois), conspired and acted to violate the civil rights of the Plaintiff and SLSOM by sending libelous and malicious documents and letters to Officials of the Republic of Ghana.  Defendant's

representative, Alan Contreras, threatened to place all Ghanaian colleges and universities on the Office of Degree Authorization's "diploma mill" list if the Ghana National Accreditation Board (NAB) or the Courts of Ghana accredit St. Luke School of Medicine (owned by the Plaintiff Jerroll Dolphin and SLMP). The Plaintiff's medical school had gone through an extensive and arduous accreditation process in Ghana including three physical inspections of its facilities in Ghana from 2007 through 2008. Accreditation was awarded to St. Luke School of Medicine in a judgment of the High Court of Ghana in October 2009.

The Office of Degree Authorization's "diploma mill" list is used by Oregon, Texas, Maine, Michigan, North Dakota, and other states and countries (the forum) to deny or discredit the education of students or graduates of the institutions placed in the list.

Consequently, without due process of law, equality of process or inspection, the Oregon Office of Degree Authorization would jeopardize the reputation of all Ghanaian colleges and universities because of Alan Contreras' personal bias against St. Luke School of Medicine and the Plaintiff. Again, all without due process of law. See below, and Exhibits A-F that are attached.

Ziegler v. Indian River County, 64 F.3d 470,474 (9th Cir. 1995) -

(1)     "the defendant must have performed some act or consummated some transaction within the forum or otherwise purposely availed itself of the privileges of conducting activities in the forum". The defendant's actions  by sending threatening letters to officials of the Republic of Ghana,  have intentionally damaged the Plaintiff's Prospective Business Advantage and has further defamed the owners of SLSOM (Dr. Jerroll Dolphin and others) of their civil rights. The Oregon Office of Degree Authorization's "diploma mill" list is used to deny the rights of students, graduates, owners and staff of those institutions of education, employment, pursuit of happiness,  and the right to assemble by the states of

Oregon, Texas, Maine, Michigan, North Dakota, and other states and countries. See below for details.

(2)    "the claim must arise out of or result from the defendant's forum related activities;" Alan Contreras of the Oregon Office of Degree Authorization and Dr. George Gollin, and Dr. Brad Schwartz (both of the University of Illinois), conspired and acted to violate the civil rights of the Plaintiff and SLSOM by sending libelous and malicious documents and letters to Officials of the Republic of Ghana. Furthermore, the defendant's "diploma mill" list denies students, graduates, owners and staff of their civil rights in Oregon, Texas, Maine, Michigan, North Dakota and other states and foreign countries by defaming their universities under the color of law.  See below.

(3)    "the exercise of jurisdiction must be reasonable."  Amendment 14 of United States Constitution and other laws of the United States provides that violations of civil rights be tried in Federal Courts.  See below.

    Doe v. American National Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997) – The Defendant's actions  by sending threatening documents and letters to officials of the Republic of Ghana,  and the Oregon Office of Degree Authorization's "diploma mill" list is used to deny rights of education, employment, pursuit of happiness, and the right to assemble in Oregon, Texas, Maine, Michigan, North Dakota, and other states and countries.  Contrary to the Defendant's claim in its Motion to Dismiss, the "casual connection" to deny the civil rights of the students and graduates of those institutions on that list is highly amplified by the combination of those actions of the Defendants.  See below.

    California Rules of Civil Procedure §410.10 – The defendant's actions  by sending threats to officials of the Republic of Ghana, and the "diploma mill" list on the website of the Oregon Office of Degree Authorization have violated the Plaintiff's civil rights and the rights of SLSOM guaranteed in the United States Constitution.

Additionally, the "diploma mill" list itself is unconstitutional because it asserts the authority of the State of Oregon over the Foreign Policy, Treaties, and other rights of the United States government and over the sovereignty and authority of foreign nations worldwide. See below.

Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1121 (W.D. Penn. 1997) and also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (C.A.9 Ariz. 1997) – The Oregon Office of Degree Authorization's "diploma mill" list website is not merely "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." The "diploma mill" list is used a a legal standard in Oregon, Texas, Maine, Michigan, North Dakota, and other states and countries to deny or discredit the education of students or graduates of the institutions on the list. Those students or graduates of the institutions on the list may be subject to criminal prosecution, censure, and other restrictions without due process of law. the "diploma mill" list itself is unconstitutional because it asserts the authority of the State of Oregon over the Foreign Policy, Treaties, and other rights of the United States government and over the sovereignty and authority of foreign nations worldwide. See below.

## Plaintiff's Opposition to Motion to Dismiss

The Plaintiff's complaint sets out in specific detail all the events that showed the violations of the law and theirs rights by the country of Liberia and all the other defendants that violated their rights, including Alan Contreras of the Office of Degree Authorization. The cause of action against the Oregon Office of Degree Authorization is focused. United States Constitution Amendment XI does not bar an action against a state official or employee individually for his tortious conduct. Alan Contreras and the Oregon ODA conspired with Professor George Gollin in tortious acts of:

1.   Trade libel against St. Luke School of Medicine (SLSOM) and against Dr. Jerroll Dolphin.  When a person acting under color of state law violates rights embodied in a substantive guarantee of the Constitution, such as the Amendments 1, 3, 4, 5, 6, 7, 8, and 9, it makes no difference that the state affords a remedy; the victim may choose to pursue his federal remedy under 42 U.S.C.S. § 1983 without resorting to the courts of the state.  Will v. Michigan Dept. Of State Police 491 U. S. 58 (1989), Wilson v Beebe (1985, CA6 Mich) 770 F2d 578 and Wisconsin v. Constantineau 400 U.S. 433; 91 S. Ct. 507.

2.   Intentional Interference with Prospective Business and Economic Advantage. The court recognizes a cause of action under 42 U.S.C.S. § 1983 for the intentional deprivation of a liberty interest by one acting under color of state law. Will v. Michigan Dept. Of State Police 491 U. S. 58 (1989), Wilson v Beebe (1985, CA6 Mich) 770 F2d 578 and Wisconsin v. Constantineau 400 U.S. 433; 91 S. Ct. 507.

3.   Negligence.  Professor Gollin's misrepresentations against SLSOM (owned primarily by Dr. Dolphin) were published under the color of law through the acts of Alan Contreras and the Oregon Office of Degree Authorization.  The State of Oregon and the ODA  have the responsibility to assure the public that the rights of all citizens and residents of the United States are not violated by its agencies, officers, and employees under the provisions of Amendments 1, 3, 4, 5, 6, 7, 8, and 9, and the jurisdiction of federal court is provided by Amendment 14. Collins v. Purdue Univ., 38 Media L. Rep. 1481, (1964, CA5 La) 339 F2d  911.

4.   Loss of Consortium. 42 U.S.C.S. § 1983 is implicated only when the acts of a defendant under color of state law violate rights protected by the constitution or laws of the United States, specifically the pursuit of happiness.  Dr. Dolphin's wife stated to him that the sole reason for her

divorce from Dr. Dolphin was the publication in Ghana of the 91-page document sent by Professor Gollin to the National Accreditation Board of Ghana in October or November 2009, and the letters sent to Ghanaian official Dr. Brad Schwartz of the University of Illinois College of Medicine, and by the two letters sent to Ghanaian officials by Alan Contreras of the Oregon Office of Degree Authorization.  Gagne v Maher (1979, CA2 Conn) 594 F2d 336, affd (1980) 448 US 122, 65 L Ed 2d 653, 100 S Ct 2570.

5.   Deprivation of Due Process (see III. LEGAL STANDARD, A. Deprivation of Due Process, below).

6.   Denial of Equal Protection (see IV. Plaintiff Can Pursue a Federal Court Action Against the State of Oregon and its Office of Degree Authorization as a Matter of Law, below)

7.   Conspiracy to Commit Civil Rights Violations.

   A.   Since 2003, Professor George Gollin, "Professor of Physics, University of Illinois, Champaign-Urbana" and Alan Contreras, Director of the Oregon ODA, conspired against SLSOM by placing SLSOM  on the ODA's "diploma mill" list without due cause and without due process of law. Collins v. Purdue Univ., 38 Media L. Rep. 1481, (1964, CA5 La) 339 F2d 911, and Griffin v. Breckenridge  403 U.S. 88 (1971), Wisconsin v. Constantineau**.**

   B.   On or about October and November of 2009, Professor George Gollin and Dr. Brad Schwartz (both of the University of Illinois), and Alan Contreras (State of Oregon, Office of Degree Authorization) conspired to violate the civil rights of Dr. Jerroll Dolphin and the owners of SLSOM, by sending defaming documents and letters to the Republic of Ghana in an effort to deprive the Plaintiffs of their civil rights.  United Bhd. of Carpenters & Joiners, Local 610 v. Scott 463 U.S. 825; 103 S. Ct. 3352; 77 L. Ed. 2d 1049.  Please see Exhibits A,

B, C, D, E, and F attached to this Reply.  These actions by the defendants also violated United States criminal codes

1.      Title 18, Part I, Chapter 13 § 241 Conspiracy to Commit Human Rights Violations. "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured".

2.      Title 18, Part I, Chapter 41 § 876. Mailing threatening communications "(d) Whoever, with intent to extort from any person any money or other thing of value, knowingly so deposits or causes to be delivered, as aforesaid, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both."

3.      Title 18, Part I, Chapter 41 § 878. Threats and extortion against foreign officials, official guests, or internationally protected persons.

        (a) "Whoever knowingly and willfully threatens to violate section 112, 1116, or 1201 shall be fined under this title or imprisoned not more than five years, or both, except that imprisonment for a threatened assault shall not exceed three years."

(b) "Whoever in connection with any violation of subsection (a) or actual violation of section 112, 1116, or 1201 makes any extortionate demand shall be fined under this title or imprisoned not more than twenty years, or both."

8.     Intentional Infliction of Emotional Distress & Negligent Infliction of Emotional Distress. United States Constitution, Amendments and 14. Collins v. Purdue Univ., 38 Media L. Rep. 1481, (1964, CA5 La) 339 F2d  911.

9.     Internet Stalking.  Professor Gollin in the 91-page document that he sent to the Ghana National Accreditation Board, the two letters sent by Alan Contreras of the ODA, and the letter sent by Dr. Brad Schwartz clearly demonstrate the offense of Internet Stalking.  No official documentation was presented by any of the conspirators.  Only information obtained through the Internet was presented, mostly false and libelous.

10.     The Federal Courts have already ruled that the Oregon Student Assistance Commission, Office of Degree Authorization has committed Civil Rights violations on previous occasions. Melinda Benton v Oregon Student Assistance Commission, Oregon Office of Degree Authorization, and Alan Contreras, 421 F.3d 901, 2005 U. S. App. Lexis 18301.  Similarly in a settled case, Kennedy Western University vs. Oregon (citation not available), the District Court ruled that Alan Contreras was a civil rights violator and that training should be undertaken.

## A.   Deprivation of Due Process

In 2003 the University of Illinois told Dr. Gollin to stop posting his list of "Diploma Mills" to avoid potential lawsuits (FAC ¶¶  179(p), 195(p)). The "diploma mill" list that the University of Illinois ordered Dr. Gollin to remove from the University's website in 2003 was moved to the Oregon's Office of Degree Authorization (ODA) website. The ODA's website states that the authority and definitions of "diploma mills" and "fraudulent schools" in contained on the

University of Illinois website.  The ODA's "diploma mill" list, authored by Dr. Gollin, is referenced as the source of unapproved colleges and universities by the states of Texas, Maine, Michigan, Indiana, North Dakota, and other states and foreign countries.  Dr. Gollin even references his own "research" on other websites to make it seem as though there are numerous different authorities on the subject "unaccredited" institutions when often Gollin himself is the sole source of derogatory information on an institution.  The Plaintiff will show this honorable court how Dr. George Gollin and Alan Contreras perpetuate their misinformation campaign through complex manipulations of information they present on the Internet.

The ODA has no immunity by claiming that it is just "hosting" Professor George Gollin's research.  The Defendant's claim is not true especially since the ODA is operating under the authority of law of the State of Oregon.  There are criminal penalties in the State of Oregon and other states that refer to Gollin's research, the "diploma mill" list, as if were "legislated law".  It is used by those states for criminal prosecution, and the denial of educational credits or credentials. Collins v. Purdue Univ.,  Will v. Michigan Dept. Of State Police, Wilson v Beebe, Wisconsin v. Constantineau, and Louisiana State Board of Education of Baker (1964, CA5 La) 339 F2d  911.

In some states such as Oregon and Texas, it is a crime to use diplomas from the schools on the ODA's "diploma mill" list and the graduate or student may face criminal prosecution.  The use of this list, produced by Dr. Gollin and supported by the hosted and promoted by the Oregon Office of Degree Authorization, improperly sanctions the schools, their students and graduates without due process of the law. Tenney v. Brandhove , 341 U.S. 367 (1951), Collins v. Hardyman 341 U.S. 651 (1951) and Collins v. Purdue Univ., 38 Media L. Rep. 1481. Louisiana State Board of Education of Baker (1964, CA5 La) 339 F2d  911.  Consequently, the schools, their students and graduates are denied

- rights to education, Louisiana State Board of Education of Baker
- right to employment and opportunity, United States Constitution Amendments 1, 3, 4, 5, 6, 7, 8, and 9.
- pursuit of happiness, United States Constitution Preamble.
- due process, Tenney v Brandhove, Collins v Hardyman, Collins v. Purdue Univ.equal protection, Griffin v. Breckenridge
- and rights to assemble, United States Constitution  Amendment 1

The schools on the Oregon Office of Degree Authorization's "diploma mill" list, their students and graduates are subjected to

- Harassment
- Prosecution to felony or misdemeanor charges
- Fines or imprisonment

The "diploma mill" list itself is the product of the personal biases of Dr. Gollin and Alan Contreras.  Without notification, due process of law, the equality of process, verifiable documented evidence, hearings, or investigation, institutions are listed as "unaccredited".  The staff, owners, students and graduates are subjected to violations of their human rights and dignities with less evidence or witnesses than it takes to issue a traffic ticket.  Collins v. Purdue Univ.

All the above violations of rights and privileges are done without due process of law or substantiated research by the author, Dr. Gollin, or by the Oregon Office of Degree Authorization.  Without a notification and a hearing, and without a request for information from the institution, a college or university is inserted on the "diploma mill" list by Dr. Gollin, and the list is published on the Internet by the Oregon Office of Degree Authorization.  Then, usually after a complaint from the institution's students, the institution learns that it is on the Oregon Office of Degree Authorization's "diploma mill" list.

Then officials of the institution have the option to challenge the ODA "diploma mill" list after paying a substantial fee to the ODA and presenting

substantial new documentation the ODA from various agencies, registries or ministries in the country of the institution.  This process may be at a tremendous cost and expense to the institution, as it would have been to St. Luke School of Medicine and its owners and its operation is similar to an extortion attempt by criminals: "pay me (or, do what I say) or I put you on the 'blacklist'".  The use of this list amounts to nothing more than governmental sponsored extortion.

The Oregon Office of Degree Authorization is responsible to the tortious acts of its employees and consultants.  The use of the "diploma mill" list, authored by Professor Gollin, published under the authority of law by the Oregon Office of Degree Authorization, and used as law in the state of Oregon, Texas, Maine, Michigan, Indiana, North Dakota and other states and countries violates the rights protected by the Bill of Rights, Bill of Rights, of Amendments 1, 3, 4, 5, 6, 7, 8, and 9 of the United States Constitution.  Laws passed by the United States Congress in 42 U.S.C.S. § 1983 and Title 18, Part I, Chapter 13, and other statutes, authorizes the jurisdiction of violations of these protected civil rights to be in the federal courts.

Again, contrary to the defendant's statements, although normally the State of Oregon may be entitled to immunity from lawsuits in federal court under the 11th Amendment of the United States Constitution, all violations of civil rights are entitled to be heard in United States Federal Court in accordance to the 14th Amendment of the United States Constitution and various sections of  42 U.S.C.S. § 1983; Title 18, Part I, Chapter 13; Title 18, Part I, Chapter 41; and other United States laws.

The use of Oregon Office of Degree Authorization's "diploma mill" list is also unconstitutional as it violates the civil rights of citizens and residents of the United States, and it attempts to exercise authority of the State of Oregon over the foreign policy of the United States and over the sovereignty and authority of foreign nations worldwide.

## IV.    Plaintiff Can Pursue a Federal Court Action Against the State of Oregon and its Office of Degree Authorization as a Matter of Law

The defendant is wrong.  The conditions and tests of Seminole Tribe of Florida v. Florida, citing Hans v. Louisiana; Pennhurst State School & Hosp. v. Halderman;  Blair v. Toran; Stone v. State of Texas;  and other cases cited by the defendant for trial are not dispositive of this issue. Although these cases stand for the proposition that in certain circumstances sovereigns are entitled to immunity, they do not stand for the proposition that in all circumstances a sovereign cannot be sued in a federal forum.

The law is clear that a sovereign that has condoned civil rights violations and other tortious conduct of one of its employees (professors and officers of the state) can be sued in the federal court.  Title 18, Part I, Chapter 13 § 242,  Deprivation of Rights Under Color of Law. "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both …….".  Consequently, this honorable Federal Court has jurisdiction over the subject matter and person of the State of Oregon, Alan Contreras and the Office of Degree Authorization, so, accordingly, the Plaintiff's case should not be dismissed.

Although, the complaint is long and complex it was necessary to present the case in that manner. Each and every defendant is put on notice of what the claims are, and how they are implicated in the claims and the damages being sought. All Plaintiffs, Dr. Dolphin, SLSOM, its students and graduates are clearly included in

the tortious wrong doings of the defendants in this complaint.  The torts committed by the Liberian defendants violated the Plaintiff's rights:

- rights to education, Louisiana State Board of Education of Baker (1964, CA5 La) 339 F2d  911
- right to employment and opportunity,
- pursuit of happiness,
- denial of Due Process, Tenney v. Brandhove, Collins v. Hardyman, and Collins v. Purdue Univ.
- Denial of Equal Protection, Griffin v. Breckenridge
- Conspiracy to Commit Civil Rights Violations, United Bhd. of Carpenters & Joiners, Local 610 v. Scott
- Intentional Infliction of Emotional Distress, Collins v. Purdue Univ
- Negligent Infliction of Emotional Distress, Collins v. Purdue Univ
- and rights to assemble, United States Constitution Amendment 1

The State of Oregon, Alan Contreras, and the Office of Degree Authorization, in its actual support of George Gollin furthered the Liberians extortion and bribery attempt of Dr. Jerroll Dolphin and SLSOM, and therefore violated the very same Plaintiffs civil rights.  Therefore, the proper jurisdiction is in the federal court, according to the 14th amendment and the above-cited United States Statutes.

## V. PLAINTIFFS' COMPLAINT SATISFIES BASIC PLEADING REQUIREMENTS

The defendant is wrong.  The Plaintiff has followed the rules. The Plaintiff's lack of experience or lack of knowledge of law has compelled the Plaintiff to write more detail into his complaint.

The Federal Rules do not require the claimant to detail the facts upon which he bases his claim. They only require a "short and plain statement of the claim"

that will give fair notice to the Defendants of the claim and the grounds on which it rests. The Forms in the rules are an example. Any further facts needed to more narrowly define the scope of the claim and the possible defenses can be obtained through pretrial discovery. Rule 8(f) states that all pleadings shall be "construed as to do substantial justice." Thus, their purpose is to facilitate a proper decision on the merits, not to become a deceptive trap for the less skilled litigant.

I. Multiple Claims

    A. Rule 8(e)(2) allows a party to set forth two or more statements of a claim in the alternative, either in one or more separate counts or defenses.

        1.    assists a Plaintiff who may be genuinely uncertain about what substantive law will apply, and what he will have to prove.

        2.    the pleader can take any version of the claim.

    B. Definition of a Claim

        1.    analogous to "cause of action"

        2.    can be defined either by a single legal theory or a single natural grouping of events.

            a.    Rule 18(a) minimizes the distinction by permitting a Plaintiff to join all of his claims either independently or in the alternative.

    C. Consistency

        1.    Rule 8(e)(2) allows a party to claim as many separate claims as he has regardless of consistency.

        2.    Rule 11 requires that the signature constitute a certification that there is good ground to support it and that it is not interposed for improper purpose.

## VI. CONCLUSION

The defendant is wrong.  The State of Oregon Office of Degree Authorization is subject to this court's jurisdiction under the mandate of the Fourteenth Amendment of the United States Constitution and further defined by Congress in 42 U.S.C.S. § 1983 and Title 18, Part I, Chapter 13 and other statutes.

For the reasons stated above, this Court should deny the motion to dismiss. In the alternative, if the Court does dismiss Plaintiff's complaint, Plaintiff requests that the Court grant him leave to amend the complaint.


**Respectfully Submitted**

**DATED: July 27, 2010**


**Sign: _____**

**THADDEUS J. CULPEPPER**

**Attorney for Plaintiffs**