MICHAEL D. YOUNG (SBN 120787)
NICOLE C. RIVAS (SBN 179337)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: mike.young@alston.com
       nicole.rivas@alston.com

Attorneys for Defendants DR. GEORGE GOLLIN,
THE BOARD OF TRUSTEES OF THE UNIVERSITY
OF ILLINOIS, erroneously sued as THE UNIVERSITY
OF ILLINOIS-URBANA CHAMPAIGN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN and DR. ROBERT FARMER on behalf of himself and all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; DR. GEORGE GOLLIN; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH; a Pennsylvania Non-Profit organization, UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization,<br>                    Defendants. | Case No.: 10-CV-01791 RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**DEFENDANTS DR. GEORGE GOLLIN'S AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' NOTICE OF MOTION AND MOTION FOR COSTS PURSUANT TO 28 U.S.C. § 1919; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FILED CONCURRENTLY WITH DECLARATION OF MICHAEL D. YOUNG; AND [PROPOSED] ORDER]**<br><br>DATE:          Septmber 13, 2010<br>TIME:          9:00 a.m.<br>COURTROOM:  850 |

LEGAL02/32109752v1

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled Court located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable R. Gary Klausner, defendants Dr. George Gollin and the Board of Trustees of the University Of Illinois, erroneously sued as the University Of Illinois-Urbana Champaign, will and hereby do move the Court for an order awarding just costs in the amount of $1,107.47, to the defendants pursuant to 28 U.S.C. § 1919. (In a concurrently-filed and related sanctions motion, defendants are seeking recovery of attorney's fees.)

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Michael D. Young filed concurrently herewith, the papers and pleadings on file in this matter, and any such other written or oral argument as may be presented prior to or at the time of the hearing on this matter.

As set forth in the Declaration of Michael D. Young, this motion is filed only after making a good faith, yet futile, effort to meet and confer with plaintiffs' counsel, Thaddeus J. Culpepper, to resolve this matter without the necessity of a motion as required by Local Rule 7-3.

DATED:  August 12, 2010          Respectfully Submitted

MICHAEL D. YOUNG
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/

_____
Michael D. Young
Attorneys for Defendant BOARD OF TRUSTEES
UNIVERSITY OF ILLINOIS

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The instant motion for costs under 28 U.S.C. § 1919 in the amount of $1,107.47, is brought by the University of Illinois and Dr. George Gollin, both of whom were improperly named as defendants in the underlying action.  Section 1919 allows the Court to award defendants their "just costs" whenever an action is dismissed for want of jurisdiction, as was the case here.  (By contrast, our related motion for sanctions under 28 U.S.C. § 1927 and this Court's inherent powers seeks recovery of attorney's fees.)

It is both proper and just to award defendants their costs in this case because plaintiffs had no reasonable basis for bringing this action in the first instance.  Indeed, not only did plaintiffs lack any basis for subject matter jurisdiction, but both the University and Dr. Gollin are immune from suit in federal court under the Eleventh Amendment.  Accordingly, even if there were jurisdiction (although there clearly was not), plaintiffs would have absolutely no basis for pursuing this action against such defendants.  Plaintiffs' counsel, Thaddeus J. Culpepper, was made aware of this fact nearly *three months ago*, and had initially agreed to voluntarily dismiss this action on that basis.  However, without explanation, he thereafter simply refused to deliver the promised dismissal.  Moreover, he has for months refused to communicate at all with defense counsel, ignoring numerous telephone calls and e-mails.

As a result of plaintiffs' refusal to voluntarily dismiss this action, despite having already agreed to do so, defendants have incurred hundreds of dollars in unnecessary litigation costs (not to mention tens of thousands of dollars in attorney's fees, which are the subject of a related motion for sanctions).  Plaintiffs must be held accountable for their abuse of the legal process and their stubborn refusal to voluntarily end a case that should never have been filed in the first instance.

3

1   Defendants, therefore, respectfully request that they be awarded their costs under 28
2   U.S.C. § 1919.

3   **II.    FACTUAL BACKGROUND**

4                  This action was initiated in March 2010 with the filing of plaintiffs' now
5   infamous 71-page, 211-paragraph complaint, which describes in excruciating detail
6   plaintiff Dr. Dolphin's epic battle with the government of Liberia over the
7   establishment of St. Luke School of Medicine. (Plaintiffs' Complaint, Docket #'s 1,
8   8.)  Plaintiffs' rambling pleading attempted to state more than ten causes of action
9   against a dozen different defendants, ranging from the government of Liberia and its
10  current or former officials, to the University of Illinois and one of its professors,
11  Dr. George Gollin. (*Id.*)

12                 Plaintiffs' complaint, at least as to the University and Dr. Gollin, was
13  defective on its face in that both the University and Dr. Gollin, acting in his official
14  capacity, are immune from suit in federal court under the Eleventh Amendment.
15  *Regents of the University of California v. John Doe* (1996) 519 U.S. 425, 429;
16  *Cannon v. University of Health Sciences/The Chicago Medical School* (7th Cir. 1983)
17  710 F.2d 351, 356-357.    Indeed, even the most cursory research would have
18  uncovered this fact as there are literally dozens of cases upholding the application of
19  the Eleventh Amendment to universities in general, and, in particular, to the
20  University of Illinois and its professors. *See, e.g., Id.*[1]  Such research was obviously
21  not undertaken in advance of the filing of this action or, perhaps, plaintiffs and their
22  counsel, Mr. Thaddeus J. Culpepper, simply chose to ignore such controlling law.
23  Whatever the case may be, plaintiffs inadvisably chose to pursue this action against
24  the University and Dr. Gollin, even though they clearly had no reasonable basis for
25  doing so.

26  _____

[1]      Defendants respectfully refer the Court to their motions to dismiss on file herein, Docket
27  Nos. 14 and 30.

28

4

1    Shortly after being served with the complaint in this matter, counsel for
2    the University contacted Mr. Culpepper and informed him of the University's
3    immunity from suit under the Eleventh Amendment.   [Declaration of Michael D.
4    Young ("Young Decl.), ¶ 3.]  Three days later, on May 13, 2010, defense counsel sent
5    Culpepper a detailed analysis of the issue, and requested again that he voluntarily
6    dismiss the action.   [*Id.*, ¶ 4.]  Culpepper never responded to this letter, and ignored
7    numerous subsequent attempts to contact him via e-mail and telephone.  [*Id.*, ¶¶ 5-7.]

8    After weeks of silence, at shortly before 4:00 p.m. on June 1, the last day
9    for the University to file its motion to dismiss, Culpepper sent a one-sentence e-mail
10   to defense counsel stating simply: "We will be voluntarily dismissing."   [*Id.*, ¶ 8.]
11   Thereafter, defense counsel made numerous attempts to contact Culpepper to procure
12   the promised dismissal, but to no avail.  [*Id.*]  Culpepper never delivered the promised,
13   voluntary dismissal, nor did he respond to any of defense counsel's efforts to contact
14   him via telephone and e-mail.  [*Id.*, ¶¶ 8, 10.]

15   Instead, plaintiffs served the amended complaint on Dr. Gollin (who had
16   not yet been served up to that point).  [*Id.*, ¶ 9.]  When defense counsel attempted to
17   contact Culpepper with respect to Dr. Gollin to point out that he too was covered by
18   Eleventh Amendment immunity, their calls and e-mails were again met with silence.
19   [*Id.*, ¶ 10.]  Because of plaintiffs' refusal to dismiss the action voluntarily, despite
20   having acknowledged the applicability of Eleventh Amendment immunity, defendants
21   were forced to file not one but two motions to dismiss, one on behalf of the University
22   (on June 1, 2010) and the other on behalf of Dr. Gollin (on June 22, 2010).  [*Id.*,
23   ¶¶ 7, 9.]

24   It is at this point that the case took an even more bizarre turn.
25   Mr. Culpepper continued to refuse to respond to any efforts at communication, and
26   even failed to oppose the motions that he forced defendants to file.  [*Id.*, ¶ 10.]  Then,
27   out of no where, Dr. Dolphin appeared and suddenly began filing documents directly
28

LEGAL02/32109752v1

1    with the Court. First, he filed an "Amended Opposition" to a motion to dismiss filed

2    by another defendant under Culpepper's name, which was, of course, rejected by the

3    Court. (Docket # 31.) Dr. Dolphin thereafter filed a "Request for Leniency and

4    Extension of Time," in which he indicated that Culpepper had failed to respond to his

5    many calls and e-mails, and had been unavailable for weeks. (Docket # 26.) He

6    simultaneously filed a Request for Approval of Substitution of Attorney, which was

7    not signed by Culpepper. (Docket # 27.) The Request was denied. (Docket # 32.)

8            On July 2, 2010, the Court issued an Order to Show Cause requiring

9    "Plaintiffs to clarify the basis for this Court's subject matter jurisdiction" within seven

10    court days. (Docket # 35.) In response, Dr. Dolphin filed another Request for

11    Approval of Substitution of Attorney, this time signed by Culpepper, which was again

12    rejected by the Court. (Docket #'s 36, 38.) On July 15, 2010, Culpepper filed a

13    motion to withdraw as counsel, which was also rejected for failing to comply with the

14    Local Rules. (Docket #'s 40, 41.) Culpepper thereafter filed a second motion to

15    withdraw on July 27, which was again stricken for failing to comply with the Local

16    Rules. (Docket # 53.) Culpepper then filed a third motion to withdraw on July 29

17    (Docket # 59.)

18            In the interim, Dr. Dolphin filed a response to the Court's Order to Show

19    Cause on July 21, more than a week late. (Docket # 52.) Such filing was, of course,

20    stricken since besides being late, plaintiffs were represented by counsel. (Id.)

21    Culpepper failed altogether to respond to the Court's Order to Show Cause. Finally,

22    on July 29, 2010, the Court dismissed this ill-fated action on the ground that plaintiffs

23    had failed to establish subject matter jurisdiction. [Young Decl., Exh. G; Docket #

24    61.] Even after the action was dismissed, Dr. Dolphin filed yet another document

25    purporting to oppose Culpepper's motion to withdraw, which was, of course, rejected.

26    (Docket # 62.)

27

28

LEGAL02/32109752v1

1   All in all, nearly five months, countless attorney hours and hundreds of

2   dollars in legal costs (not to mention the tens of thousands of dollars of attorney's fees

3   that are the subject of a related motion for sanctions) have been wasted litigating a

4   matter that never should have been filed in the first place.  Plaintiffs' cannot restore

5   the wasted time.  They should, however, at minimum, be required to account for the

6   unnecessary costs the defendants were forced to incur as a result of plaintiffs'

7   insistence on pursuing frivolous claims against the University and Dr. Gollin.  To this

8   end, the Court should award defendants their costs under 28 U.S.C. § 1919.

9   **III.   STANDARD OF REVIEW**

10   The decision to award costs rests within the sound discretion of the

11   Court, and will not be disturbed on appeal except for an abuse of discretion.  *Save Our*

12   *Valley v. Sound Transit,* 335 F.3d 932, 945 n. 12 (9th Cir. 2003); *Callicrate v.*

13   *Farmland Ind.,* 139 F.3d 1336, 1339 (10th Cir. 1998).  An abuse of discretion occurs

14   only where the district court "bases its decision on an erroneous conclusion of law or

15   where there is no rational basis in the evidence for the ruling."  *Callicrate, supra,* 139

16   F.3d 1339; *Estate of Martin v. Cal. VA,* 560 F.3d 1042, 1047 (9th Cir. 2009).

17   **IV.   THE COURT MAY, AND INDEED SHOULD, AWARD DEFENDANTS**

18   **THEIR COSTS**

19   **A.   The Court Is Authorized To Award Costs Under 28 U.S.C. § 1919**

20   It is axiomatic that the Court may award "just costs" to defendants

21   "whenever" an action is dismissed "for want of jurisdiction."  28 U.S.C. § 1919;

22   *Branson v. Nott,* 62 F.3d 287, 293 n 10 (9th Cir. 1994); *Mallonee v. Fahey,* 122

23   F.Supp. 472, 476 (S.D. Cal. 1954).  Such authority is permissive and does not turn on

24   whether defendants are the prevailing party.  *Miles v. California,* 320 F.3d 986, 988

25   n 2 (9th Cir. 2003).  Rather, the Court is authorized to award costs to defendants

26   "whenever" the action is dismissed for lack of jurisdiction, irrespective of the reasons

27   therefor.  28 U.S.C. § 1919; *Mallonee, supra,* 122 F.Supp. at 476.  As expressed by

28

7

the court in *Mallonee*, section 1919 "mean[s] exactly what is says, that whenever any action or suit is dismissed by any District Court for want of jurisdiction, such court may order the payment of costs." *Mallonee*, 122 F.Supp. at 476.

The instant action was, of course, dismissed for lack of jurisdiction by order of this Court on July 29, 2010. [Young Decl., Exh. G.] Accordingly, under section 1919, this Court is empowered to, and indeed should, award defendants their "just costs." 28 U.S.C. § 1919; *Mallonee*, 122 F.Supp. at 476.

**B.     To Deny Defendants Their Costs Under the Circumstances Of This Case Would Be Fundamentally Unjust**

As discussed above, defendants were dragged into this epic battle between Dr. Dolphin and the government of Liberia, despite the fact that both the University and Dr. Gollin are clearly immune from suit in federal court under the Eleventh Amendment. *Regents of the University of California v. John Doe,* 519 U.S. 425, 429 (1996); *Cannon v. University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir. 1983). Making matters worse, plaintiff initially ignored and then outright rebuffed every effort on the part of the defendants to procure a voluntary dismissal and avoid unnecessary fees and costs, even though plaintiffs' own counsel had conceded the applicability of Eleventh Amendment immunity almost from the outset. [Young Decl., ¶¶ 8, 12.] Simply put, this action should never have been filed against the University or Dr. Gollin, and certainly should have been dismissed once plaintiffs were made aware of the fatal defect in their claims. Plaintiffs, however, refused to do so, thereby forcing defendants to incur pointless costs and fees.

Now that the Court has finally dismissed this action for want of jurisdiction, without deciding on defendants' motions to dismiss (which were necessitated by plaintiffs' recalcitrance), it would be fundamentally *unjust* to allow plaintiffs to simply walk away without having to account, at minimum, for the

8

1  unnecessary costs incurred by defendants.  In point of fact, had the Court decided the

2  motions in defendants' favor (which was very likely since the applicable law is crystal

3  clear and the motions were unopposed), defendants would have been entitled to their

4  costs as the prevailing parties.  *Miles, supra,* 320 F.3d 988-989 (a party that is

5  successful in asserting Eleventh-Amendment immunity is entitled to their costs as the

6  prevailing party).  Plaintiffs' should not now be allowed to escape responsibility for

7  defendants' costs simply because their pleading suffered not from one, but multiple

8  flaws.  In the end, plaintiffs must account for their abuse of the legal process and their

9  abject disregard for defendants' time and expense.

10  **C.  Defendants' Requested Costs Are Just**

11  Few courts have addressed the question of what constitutes "just costs"

12  within the meaning of section 1919.  Those courts that have confronted the issue

13  generally look to Rule 54 and 28 U.S.C. § 1920 for guidance.  *Callicrate, supra,* 139

14  F.3d 1339; *Swan v. Covenant Care Inc.,* 2003 U.S. Dist. Lexis 19489, *3 (E.D. Cal.

15  2003); *Partout v. Brewer,* 2006 U.S. Dist. Lexis 1406, *6 (D. Ida. 2006).  Of course,

16  while Rule 54 and section 1920 are helpful, it is important to "keep in mind the fact

17  that in the instant case we are dealing with what are 'just costs' under 28 U.S.C. §

18  1919, and not with costs allowed under § 1920 or Fed.R. Civ. P. 54(d)."  *Callicrate,*

19  139 F.3d 1339.  Therefore, while such authorities may provide the Court with

20  guidance, they are not determinative; nor do they define the sum total of "just costs"

21  that are recoverable under section 1919.  Ultimately, the Court's decision as to

22  whether to award particular costs under that section must rest on what is "just" or

23  "fair" under the unique circumstances of this case.  *Ericsson v. Motorola,* 179 F.R.D.

24  328, 334 (N.D. Ala. 1998).

25  In this case, defendants seek costs in the minimal amount of $1,107.47,

26  every penny of which was directly associated with either their attempts to procure a

27  voluntary dismissal of this action or the filing of their motions to dismiss once it

28

LEGAL02/32109752v1

1  became clear that no dismissal would be forthcoming. [Young Decl., ¶¶ 14-16.] This

2  is hardly an outrageous sum. The detailed breakdown of such costs are as follows: a)

3  $72.53 for copying of documents necessary to the case, including documents filed in

4  support of defendants' motions to dismiss; b) $7.17 for UPS and postage charges for

5  correspondence sent to plaintiff's counsel; c) $105.50 for delivering courtesy copies

6  to chambers as required by the Court's Standing Order; d) $922.27 for the cost of

7  computer research relating to Eleventh Amendment immunity and other issues that

8  were relevant to defendants' motions to dismiss. [Young Decl., ¶¶ 14-16.]

9      It is well settled that the cost of copying documents that are necessary to

10  the case are recoverable. *Swan, supra,* 2003 U.S. Dist. Lexis 19489, *4; 28 U.S.C. §

11  1920(4). Other incidental costs such as postage and delivery fees are likewise

12  recoverable to the extent they are reasonable and necessary. *See, e.g., Willing v. Purtil*

13  2008 U.S. Dist. Lexis 7451, *2-3 (D. Ore. 2008). As for the cost of computer

14  research, while such costs are generally not recoverable under section 1920, courts

15  routinely award such costs under other statutes, which like section 1919, do not

16  specifically enumerate recoverable costs. *Trustees of Construction Ind. and Laborers*

17  *Health and Welfare Trust v. Redland Ins. Co.* 460 F.3d 1253, 1258-59 (9th Cir. 2006)

18  (awarding costs for computer based research under 29 § 1132(g)(2)(D)); *Vasquez v.*

19  *Coast Valley Roofing, Inc.* 266 F.R.D. 482, 493 (E.D. Cal. 2010) (award class counsel

20  their costs, including the costs of computer research); *Willing, supra,* 2008 U.S. Dist.

21  Lexis 7451, *2-3 (awarding costs associated with computer research under 42 U.S.C.

22  § 11607(b)(3)). Under such authorities, costs for computer-based research are

23  recoverable so long as it is the prevailing practice in the community to bill such costs

24  separately from attorneys' fees. *Redland Ins. Co., supra,* 460 F.3d 1259. This, of

25  course, is the case here – defendants were billed separately for computer research

26  costs, which is the prevailing practice in the community. [Young Decl., ¶ 15-16.]

27  Accordingly, such costs should be awarded.

28

LEGAL02/32109752v1

1       In the end, it is clear that this Court has the authority to award costs to the

2    defendants under section 1919.  It is equally clear that such an award would be just

3    under the circumstances of this case.  Defendants' motion should, therefore, be

4    granted.

5    **V.  <u>CONCLUSION</u>**

6       For the foregoing reasons, defendants respectfully request that their

7    motion for costs be granted, and that they be awarded their full costs in the amount of

8    $1,107.47.

9

10   DATED: August 12, 2010  Respectfully Submitted

11              MICHAEL D. YOUNG

12              NICOLE C. RIVAS
                **ALSTON & BIRD LLP**

13

14                  /s/

15                Michael D. Young
                Attorneys for Defendant BOARD OF TRUSTEES

16              UNIVERSITY OF ILLINOIS

17

18

19

20

21

22

23

24

25

26

27

28

11