MICHAEL D. YOUNG (SBN 120787)
NICOLE C. RIVAS (SBN 179337)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: mike.young@alston.com
       nicole.rivas@alston.com

Attorneys for Defendant DR. GEORGE GOLLIN, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, erroneously sued as THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE; DR. JERROLL B.R. DOLPHIN and DR. ROBERT FARMER on behalf of himself and all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND; MOHAMMED SHERIFF; DR. BENSON BARH; DR. GEORGE GOLLIN; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; a Pennsylvania Non-Profit organization; FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL EDUCATION AND RESEARCH; a Pennsylvania Non-Profit organization, UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization,<br>　　　　　　　　Defendants. | Case No.: 10-CV-01791 RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**DEFENDANTS DR. GEORGE GOLLIN'S AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST THADDEUS J. CULPEPPER AND JERROLL B.R. DOLPHIN PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT POWERS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FILED CONCURRENTLY WITH DECLARATION OF MICHAEL D. YOUNG; AND [PROPOSED] ORDER]<br><br>DATE:　　　　　September 13, 2010<br>TIME:　　　　　9:00 a.m.<br>COURTROOM:　 850 |

LEGAL02/32109736v1

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled Court located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable R. Gary Klausner, defendants Dr. George Gollin and the Board of Trustees of the University Of Illinois, erroneously sued as the University Of Illinois-Urbana Champaign (hereinafter "the University"), will and hereby do move the Court for an order awarding sanctions against plaintiff's counsel Thaddeus Culpepper pursuant to 28 U.S.C. § 1927 and this Court's inherent powers based upon Culpepper's bad faith and/or reckless conduct as described in the attached Memorandum of Points and Authorities. Defendants likewise seek an order awarding sanctions against plaintiff Dr. Jerroll Dolphin under the Court's inherent powers, and section 1927 only to the extent it is applicable, for his bad faith conduct as described in the attached Memorandum of Points and Authorities.

Defendants seek sanctions in the amount of $57,038.00, to be awarded jointly and severally against Mr. Culpepper and Dr. Dolphin. Such sanctions represent the reasonable and necessary attorney's fees incurred in connection with defendants' efforts to procure a dismissal of this action, either voluntarily from the plaintiffs or involuntarily by order of the Court. (Concurrently filed herewith is defendants' separate but related motion for recovery of costs pursuant to 28 U.S.C. § 1919.)

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Michael D. Young filed concurrently herewith, the papers and pleadings on file in this matter, and any such other written or oral argument as may be presented prior to or at the time of the hearing on this matter.

As set forth in the accompanying Declaration of Michael D. Young, this motion is filed only after making a good faith (but futile) effort to meet and confer with plaintiffs' counsel, Thaddeus J. Culpepper, to resolve this matter without the necessity of a motion as required by Local Rule 7-3.

DATED: August 12, 2010          Respectfully Submitted

MICHAEL D. YOUNG
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/
_____
Michael D. Young
Attorneys for Defendant BOARD OF TRUSTEES UNIVERSITY OF ILLINOIS

2

LEGAL02/32109736v1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................... 2

III. STANDARD OF REVIEW ............................................................................. 5

IV. SANCTIONS SHOULD BE AWARDED AGAINST CULPEPPER UNDER 28 U.S.C. § 1927 ................................................................................ 6

V. THE COURT MAY ALSO AWARD SANCTIONS PURSUANT TO ITS INHERENT POWERS ................................................................................... 9

VI. AMOUNT OF SANCTIONS ........................................................................ 12

VII. CONCLUSION ............................................................................................. 13

i

LEGAL02/32109736v1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*B.K.B. v. Maui Police Dept.*
  276 F.3d 1091 (9th Cir. 2002) ...................................................................... 5, 6, 9

*Belliveau v. Thomson Financial, Inc.*
  2007 U.S. Dist. Lexis 44150 (E.D. Cal. 2007) .................................................. 7

*Cannon v. University of Health Sciences/The Chicago Medical School*
  710 F.2d 351 (7th Cir. 1983) .............................................................................. 2

*Chambers v. Nasco, Inc.*
  501 U.S. 32 (1991) ................................................................................. 9, 10, 12

*Electronics for Imagining, Inc. v. Photoscript Group Ltd.*
  1999 U.S. Dist. Lexis 7395 (N.D. Cal. 1999) .................................................. 11

*Fink v. Gomez*
  239 F.3d 989 (9th Cir. 2001) ............................................................................. 9

*George v. City of Morro Bay*
  322 F.3d 586 (9th Cir. 2003) ........................................................................... 12

*Gollomp v. Spitzer*
  568 F.3d 355 (2nd Cir. 2009) ............................................................................ 7

*Hernandez v. Joliet Police Department*
  197 F.3d 256 (7th Cir. 1999) ............................................................................. 8

*Kalgaard v. Commissioner of Internal Revenue*
  764 F.2d 1322 (9th Cir. 1985) .......................................................................... 7

*Kenny Family Trust v. World Savings Bank*
  2005 U.S. Dist. Lexis 2403 (N.D. Cal. 2005) ................................................. 11

*Nicarry v. Cannaday*
  2006 U.S.Dist. Lexis 95074 (M.D. Fl. 2006) .................................................... 8

*Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*
  210 F.3d 1112 (9th Cir. 2000) ....................................................................... 5, 6

LEGAL02/32109736v1

*Regents of the University of California v. John Doe*
   519 U.S. 425 (1996)......................................................................................................2

*Sanchez v. Bank of America*
   2010 U.S. Dist. Lexis 65401 (N.D. Cal. 2010).........................................6, 7, 8, 9

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*
   982 F.2d 363 (9th Cir. 1992).....................................................................................9

*Wages v. Internal Revenue Serv.*
   915 F.2d 1230 (9TH Cir. 1989) .........................................................................6

*Wallach v. Soroudi*
   2009 U.S. Dist. Lexis 112819 (C.D. Cal. 2009) ...................................................11

*Williams v. Family Dollar Services, Inc.*
   327 F.Supp.2d 582 (E.D. Va. 2004)...................................................................8, 9


**FEDERAL STATUTES**

28 U.S.C. § 1927..........................................................................................................5, 6

LEGAL02/32109736v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In light of the bizarre and ultimately injurious conduct by plaintiff Dr. Jerroll Dolphin and his counsel, Thaddeus J. Culpepper, in this case, this motion for sanctions should come as no surprise. Indeed, a glance at the docket sheet alone foretells as much. Among other things: a 71-page, 211-paragraph rambling and at times incoherent complaint (and amended complaint) reciting in the minutest of details a tale of alleged governmental corruption in Liberia that supposedly prevented Dr. Dolphin from opening or operating a medical school of questionable repute; unopposed motions to dismiss filed by every served defendant on various jurisdictional bases; an OSC re dismissal issued by this Court to plaintiffs questioning the fundamental basis for jurisdiction; and, rejected filing after rejected filing by plaintiffs and their counsel illuminating not only the deep fissure existing between the two, but confirming the underlying action's complete lack of merit.

Defendants the University of Illinois and Dr. Gollin should not be saddled with tens of thousands of dollars of attorneys' fees (not to mention disruption from their normal business of educating students) simply because Dr. Dolphin wanted to undertake this lark. These defendants should not have to bear this financial burden in a case where Dr. Dolphin and his counsel could not be bothered to investigate whether they even had jurisdiction before filing; and could not be bothered to answer telephone calls or emails when defendants tried to raise these issues before the fees got out of hand. Justice here requires Dr. Dolphin and his counsel to be held accountable for the financial burden they have placed on a public university and one of its professors. For this reason, these defendants respectfully seek by this motion a sanctions award in the amount of $57,038.00, which represents the attorney's fees incurred in the defense of this action.

## II.    **FACTUAL BACKGROUND**

This action was initiated in March 2010 with the filing of plaintiffs' 71-page, 211-paragraph complaint (and amended complaint), which describes in excruciating detail plaintiff Dr. Dolphin's epic battle with the government of Liberia over the establishment of St. Luke School of Medicine. (Plaintiffs' Complaint, Docket #'s 1, 8.) Plaintiffs' rambling pleading attempted to state more than ten causes of action against a dozen different defendants, ranging from the government of Liberia and its current or former officials, to the University of Illinois and one of its professors, Dr. George Gollin. (*Id.*)

Plaintiffs' complaint, at least as to the University and Dr. Gollin, was defective on its face in that both the University and Dr. Gollin, acting in his official capacity, are immune from suit in federal court under the Eleventh Amendment. *Regents of the University of California v. John Doe,* 519 U.S. 425, 429 (1996); *Cannon v. University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir. 1983). Indeed, even the most cursory research would have uncovered this fact as there are literally dozens of cases upholding the application of the Eleventh Amendment to universities in general, and, to the University of Illinois and its professors in particular. *See, e.g., Id.*[1] In addition, as this Court itself recognized in its dismissal order (Docket # 61), this Court lacks subject matter jurisdiction over the action. Such basic jurisdictional research was obviously not undertaken by plaintiffs in advance of the filing of this action or; perhaps, plaintiffs and their counsel, Mr. Thaddeus J. Culpepper, simply chose to ignore such controlling law. Whatever the case may be, plaintiffs inadvisably chose to pursue this action against the University and Dr. Gollin, even though they clearly had no reasonable basis for doing so.

---

[1]    Defendants respectfully refer the Court to their motions to dismiss on file herein at Docket Nos. 14 and 30.

Shortly after the University was served with the complaint in this matter, counsel for the University contacted Culpepper and informed him of the University's immunity from suit under the Eleventh Amendment. [Declaration of Michael D. Young ("Young Decl.), ¶ 3.] Three days later, on May 13, 2010, defense counsel sent Culpepper a detailed analysis of the issue, and requested again that he voluntarily dismiss the action. [*Id.*, ¶ 4.] Culpepper never responded to this letter, and ignored numerous subsequent attempts to contact him via e-mail and telephone. [*Id.*, ¶¶ 5-7.]

After weeks of silence, at shortly before 4:00 p.m. on June 1, the last day for the University to file its motion to dismiss, Culpepper sent a five-word e-mail to defense counsel stating simply: "We will be voluntarily dismissing." [*Id.*, ¶ 8.] Thereafter, defense counsel made numerous attempts to contact Culpepper to procure the promised dismissal, but to no avail. [*Id.*] Culpepper never delivered the promised, voluntary dismissal, nor did he respond to any of defense counsel's efforts to contact him via telephone and e-mail. [*Id.*, ¶¶ 8, 10.]

Instead, plaintiffs served the amended complaint on Dr. Gollin (who had not yet been served up to that point). [*Id.*, ¶ 9.] When defense counsel attempted to contact Culpepper with respect to Dr. Gollin to point out that he too was covered by Eleventh Amendment immunity, their calls and e-mails were again met with silence. [*Id.*, ¶ 10.] Because of plaintiffs' refusal to dismiss the action voluntarily, despite having acknowledged the applicability of Eleventh Amendment immunity, defendants were forced to file not one but two motions to dismiss, one on behalf of the University (on June 1, 2010) and the other on behalf of Dr. Gollin (on June 22, 2010). [*Id.*, ¶¶ 7-9.]

It is at this point that the case took an even more bizarre turn. Culpepper continued to refuse to respond to any efforts at communication, and even failed to oppose the motions that he forced defendants to file. [*Id.*, ¶ 10.] Then, out of no

3

where, Dr. Dolphin appeared and suddenly began filing documents directly with the Court. First, he filed an "Amended Opposition" to a motion to dismiss filed by another defendant under Culpepper's name, which was, of course, rejected by the Court. (Docket # 31.) Dr. Dolphin thereafter filed a "Request for Leniency and Extension of Time," in which he indicated that Culpepper had failed to respond to his many calls and e-mails, and had been unavailable for weeks. (Docket # 26.) He simultaneously filed a Request for Approval of Substitution of Attorney, which was not signed by Culpepper. (Docket # 27.) The Request was denied. (Docket # 32.)

On July 2, 2010, the Court issued an Order to Show Cause requiring "Plaintiffs to clarify the basis for this Court's subject matter jurisdiction" within seven court days. (Docket # 35.) In response, Dr. Dolphin filed another Request for Approval of Substitution of Attorney, this time signed by Culpepper, which was again rejected by the Court. (Docket #'s 36, 38.) On July 15, Culpepper filed a motion to withdraw as counsel, which was also rejected for failing to comply with the Local Rules. (Docket #'s 40, 41.) Culpepper thereafter filed a second motion to withdraw on July 27, which was again stricken for failing to comply with the Local Rules. (Docket #'s 53, 60.) Culpepper then filed a third motion to withdraw on July 29. (Docket # 59.)

In the interim, Dr. Dolphin on his own filed a response to the Court's Order to Show Cause on July 21, more than a week late. (Docket # 52.) Such filing was, of course, stricken since plaintiffs were represented by counsel. (*Id.*) Culpepper failed altogether to respond to the Court's Order to Show Cause. Finally, on July 29, 2010, the Court dismissed this ill-fated action on the ground that plaintiffs had failed to establish subject matter jurisdiction. [Young Decl., Exh. G; Docket # 61.] Even after the action was dismissed, Dr. Dolphin filed yet another document purporting to oppose Culpepper's motion to withdraw, which was, of course, rejected. (Docket # 62.)

4

1  All in all, nearly five months, countless attorney hours and tens of thousands of dollars in legal fees have been wasted litigating this matter, which should not have been filed in the first instance, or at a minimum should have been dismissed as soon as we brought the jurisdictional infirmities to plaintiffs' attention. At this point, plaintiffs cannot restore the time they have forced defendants to waste and the burden they have placed on the public educational institution. Plaintiffs can, however, account for the unnecessary legal fees defendants were forced to incur as a result of plaintiffs' insistence on pursuing frivolous claims against the University and Dr. Gollin. To this end, defendants respectfully request that sanctions be imposed against Dr. Dolphin and Culpepper, jointly and severally, in the amount of defendants' attorneys fees in this action pursuant to 28 U.S.C. § 1927 and this Court's inherent powers.

### III. STANDARD OF REVIEW

An award of sanctions by the district court is reviewed for abuse of discretion. *B.K.B. v. Maui Police Dept.* 276 F.3d 1091, 1106 (9th Cir. 2002). And, the Court's findings as to whether an attorney or party acted recklessly or in bad faith for the purpose of awarding sanctions will be reversed only if they are clearly erroneous. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.* 210 F.3d 1112, 1117 (9th Cir. 2000).

An attorney or party that is subject to sanctions must be provided with procedural due process. *Id.* at 1118. This requires that counsel be given proper notice and "an opportunity to be heard." *Id.* The opportunity to be heard, however, "does not require an oral or evidentiary hearing on the issue." *Id.* Allowing counsel to brief the matter satisfies any applicable due process requirements. *Id.* Indeed, this motion satisfies the procedural due process requirements.

## IV. SANCTIONS SHOULD BE AWARDED AGAINST CULPEPPER UNDER 28 U.S.C. § 1927

28 U.S.C. § 1927 empowers this Court to issue sanctions against attorney Culpepper[2] for his dilatory conduct, his refusal to communicate or cooperate with defense counsel, and his abject failure to dismiss this case voluntarily after acknowledging that it lacked merit as to our clients. Section 1927 specifically authorizes this Court to sanction "any lawyer [in this case Culpepper] who wrongfully proliferates litigation proceeding once a case has commenced." *Pacific Harbor Capital, Inc., supra,* 210 F.3d 1117. More specifically, section 1927 provides that:

> "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The requirement that the attorney have "unreasonably and vexatiously" multiplied proceedings is satisfied by a showing of recklessness or subjective bad faith. *B.K.B., supra,* 276 F.3d 1107. An attorney's subjective bad faith can be implied from his knowing or reckless pursuit of frivolous claims or arguments. *Id; Sanchez v. Bank of America,* 2010 U.S. Dist. Lexis 65401, *7 (N.D. Cal. 2010).

In *Sanchez,* for example, the court found that counsel had acted in bad faith where, as here, she pursued an action with dubious grounds for invoking federal court jurisdiction, failed to timely oppose or file a notice of non-opposition to defendants' motion to dismiss, which eliminated all of the federal claims, and then filed an amended pleading with no federal claims and no basis for federal court

---

[2] If the Court finds that Dr. Dolphin was representing himself *pro se* he too would be subject to sanctions under section 1927. *Wages v. Internal Revenue Serv.,* 915 F.2d 1230, 1235-36 (9th Cir. 1989).

LEGAL02/32109736v1

jurisdiction. *Id.*, *12. Similarly, in *Belliveau v. Thomson Financial, Inc.*, 2007 U.S. Dist. Lexis 44150, *6-7 (E.D. Cal. 2007), the court found that plaintiff's counsel had acted in bad faith and was subject to sanctions under section 1927 where he continued to pursue a claim even after he knew or should have known that it lacked merit. *See also Kalgaard v. Commissioner of Internal Revenue,* 764 F.2d 1322, 1324 (9th Cir. 1985) (imposing sanctions under section 1927 for, *inter alia,* pursuing a frivolous appeal where it was clear that counsel had notice of the law governing the case and that his position lacked merit).

  Here, as in the above authorities, Culpepper insisted on advancing frivolous claims even though he knew or should have known that there was no basis for subject matter jurisdiction. Basic research would have disclosed this to him. But more than that, Culpepper had *actual knowledge* of the jurisdictional deficiencies of this action and even represented on June 1, 2010, that he would dismiss the University due to these jurisdictional infirmities. [Young Decl., ¶ 8.] Unfortunately, and expensively, Culpepper never followed through on his promise, and then made matters worse by proceeding to serve Dr. Gollin, who was likewise immune under the Eleventh Amendment to the extent he was being sued in his official capacity. [*Id.*, ¶¶ 8-9.]

  Remarkably, after ignoring our correspondence and telephone calls, Culpepper, like the attorney in *Sanchez,* failed to oppose defendants' two motions to dismiss based upon Eleventh Amendment immunity, and failed to even file appropriate notices of non-opposition. He also failed to make any effort to establish subject matter jurisdiction in response to this Court's Order to Show Cause, dated July 2, 2010. (Docket #'s 35, 61.)

  Courts have not hesitated in the past to sanction attorneys who, like Culpepper, have ill-advisedly pursued frivolous claims against defendants that are clearly entitled to Eleventh Amendment immunity. *See, e.g., Gollomp v. Spitzer* 568

LEGAL02/32109736v1

F.3d 355, 368-374 (2nd Cir. 2009) (awarding sanctions under section 1927 based, *inter alia*, upon plaintiff's refusal to dismiss claims that were clearly barred by the doctrine of Eleventh Amendment immunity); *Hernandez v. Joliet Police Department* 197 F.3d 256, 264-265 (7th Cir. 1999) (same under Rule 11); *Nicarry v. Cannaday* 2006 U.S. Dist. Lexis 95074, *19 (M.D. Fl. 2006) (same).

      Moreover, as if this were not enough, Culpepper further underscored his recklessness or outright bad faith by repeatedly failing to comply with the Local Rules. First and foremost, Culpepper has consistently failed and refused to meet and confer with opposing counsel as required by Local Rule 7-3. [Young Decl, ¶¶ 3-10.] Indeed, he has for the last several months refused to return any telephone calls or respond to e-mails or other correspondence, and refused to participate in the conference of counsel for purposes of preparing a case management statement. [Id., ¶ 10.] In addition, Culpepper has consistently filed documents with the Court that failed to comply with the Local Rules. (Docket #'s 4, 5, 40, 41, 53, 60.) Culpepper's repeated failure to comply with the Local Rules likewise supports an award of sanctions. *See Sanchez, supra,* 2010 U.S. Dist. Lexis 65401, *8 (finding counsel's failure to comply with court rules, among other things, as evidence of her bad faith); Local Rule 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order…").

      One of the reasons for issuing sanctions is to deter the particular lawyer at issue as well as other attorneys from acting in a like manner in the future. *See Sanchez, supra,* 2010 U.S. Dist. Lexis 65401, *13; *Williams v. Family Dollar Services, Inc.,* 327 F.Supp.2d 582, 586 (E.D. Va. 2004). This goal will clearly be served in this case as a sanctions award will certainly encourage Culpepper to better

research claims before bringing actions before this Court and to act promptly once he becomes aware of their lack of merit, to return telephone calls and e-mails, and to consult the Local Rules before filing documents with the Court.

In sum, sanctions are clearly warranted in this case due to Culpepper's reckless or bad faith conduct which has unquestionably prejudiced and injured the University of Illinois and Dr. Gollin. Moreover, sanctions will serve the goal of deterrence. Accordingly, sanctions against Culpepper (and Dr. Dolphin to the extent he was acting *pro se*) are appropriate and should be awarded under section 1927.

## V. THE COURT MAY ALSO AWARD SANCTIONS PURSUANT TO ITS INHERENT POWERS

Federal courts "are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.* 982 F.2d 363, 368 (9th Cir. 1992). This inherent authority necessarily includes the power to impose sanctions in the form of attorney's fees and costs against parties and/or their counsel to address bad faith conduct. *Chambers v. Nasco, Inc.* 501 U.S. 32, 45-46 (1991). Sanctions may be imposed pursuant to the court's inherent authority upon a finding of "bad faith or conduct tantamount to bad faith." *B.K.B., supra,* 276 F.3d 1108. Under this standard, sanctions are "available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez* 239 F.3d 989, 994 (9th Cir. 2001).

The same behavior described above with respect to an award of sanctions under section 1927 will support an award of sanctions against both plaintiff Dr. Dolphin and Culpepper pursuant to the Court's inherent powers. *See Sanchez, supra,* 2010 U.S. Dist. Lexis 65401, *13; *Williams, supra,* 327 F.Supp.2d 585-586.

LEGAL02/32109736v1

Moreover, under its inherent powers, the Court may deal with Culpepper's initial decision to file a frivolous complaint, conduct that cannot be adequately redressed by section 1927, which only authorizes the Court to sanction conduct that occurs after the litigation has been commenced.

Moreover, the Court may address Dr. Dolphin's conduct directly under its inherent powers, which is not the case under section 1927, unless Dr. Dolphin was acting *pro se*.[3] There is, of course, no question that this Court is empowered to sanction attorneys as well as their clients under its inherent powers. *Chambers, supra,* 501 U.S. 32 (upholding the lower court's award of sanctions against an individual party).

Courts generally have few occasions to sanction clients directly as most hide behind the façade of their attorneys. Dr. Dolphin, however, chose to step into the plain view of the Court, openly displaying his obstinacy in pursing this frivolous matter and his flagrant disregard for this Court's rules, procedures, and orders.

To begin with, it is apparent that Dr. Dolphin was the author of the complaint and amended complaint on file in the action[4] and hence is responsible for initiating this meritless action here in this jurisdiction against all of the defendants served. But more than this, Dr. Dolphin clearly filed documents under his attorney's name (unsigned by the attorney) (Docket # 31). He further filed an "Amended Opposition" to another defendant's motion to dismiss, which contradicted the opposition previously filed by his own attorney. (Docket # 31.) And, he insisted on representing himself and the other plaintiffs in this action despite the Court's repeated admonitions that he could not represent others, and could not appear *pro se*

---

[3] Dr. Dolphin is subject to section 1927 if the Court finds he was acting *pro se*. See *supra* n. 2.

[4] See Amended Complaint at paragraph 112: "Then Mohammed Sheriff came to Dr. Dolphin and said *he was going to take **my** passport*." (Emphasis added.)

10

when he had counsel representing him. (Docket # 26-27, 36, 52, 62.) If he was having problems with his retained counsel, Dr. Dolphin should have, but refused to, retain alternate counsel.

Even after this action was dismissed by the Court, Dr. Dolphin again sought to represent himself and the other plaintiffs by filing an opposition to Culpepper's now moot motion to withdraw. (Docket # 62.) In all, Dr. Dolphin filed no less than half-a-dozen documents, all of which were wholly improper and failed to conform to the Local Rules, and all of which were (again and again) rejected by the Court. (Docket #'s 26, 27, 31, 32, 33, 36, 37, 38, 51, 52, 54-56, 62.)

Despite this Court's repeated admonitions regarding compliance with the Local Rules and Dr. Dolphin's inability to act *pro se*, Dr. Dolphin has haughtily moved forward with this action, ignoring the Court's directives, and unnecessarily prolonging these proceedings. Dr. Dolphin's conduct clearly warrants sanctions. *Wallach v. Soroudi*, 2009 U.S. Dist. Lexis 112819, *3 (C.D. Cal. 2009) ("courts have inherent power to impose sanctions against parties for willful disobedience of a court order"); *see also Kenny Family Trust v. World Savings Bank*, 2005 U.S. Dist. Lexis 2403, *12-19 (N.D. Cal. 2005); *Electronics for Imagining, Inc. v. Photoscript Group Ltd.*, 1999 U.S. Dist. Lexis 7395, *3-15 (N.D. Cal. 1999).

In *Kenny Family Trust*, for example, the district court awarded sanctions in the form of attorneys' fees and costs, jointly and severally, against plaintiffs and their counsel where (as was the case here) plaintiff filed a 221-paragraph complaint that was replete with vague, disjointed and baseless allegations and insisted on pursuing claims that had no basis in law or fact. 2005 U.S. Dist. Lexis 2403, *13-16. Likewise, in *Electronics for Imagining*, the court award sanctions, including terminating and monetary sanctions, against defendants where they repeatedly violated court orders and the local rules, insisted on pursing frivolous claims, and engaged in conduct that "impeded the orderly and efficient resolution of the action"

11

LEGAL02/32109736v1

and that needlessly increased attorneys' fees, including forcing the other party to file motions that they then failed to oppose, among other things. 1999 U.S. Dist. Lexis 7395, *3-15.

In its seminal decision in the *Chambers* case, the Supreme Court affirmed the propriety of sanctioning clients directly for their own bad faith conduct. 501 U.S. 32. As recognized by the Supreme Court in that case, the imposition of sanctions against a party serves a dual purpose: 1) to vindicate "judicial authority without resort to the more drastic sanctions available for contempt of court;" and 2) to make a "party whole for expenses caused by his opponent's obstinacy." 501 U.S. 46. An award of sanctions against Culpepper and Dr. Dolphin, jointly and severally,[5] in this case will further these twin goals. First, such an award will address their flagrant disregard for the rules of this Court and the waste of precious judicial resources necessitated by their numerous improper pleadings and motions. In addition, such an award will make defendants whole for the attorneys' fees and costs they necessarily incurred in defending against plaintiffs' frivolous claims. Accordingly, sanctions should be issued.

## VI. AMOUNT OF SANCTIONS

We submit that sanctions in the amount of defendants' attorneys' fees is an appropriate measure to (a) vindicate judicial authority; and (b) make the defendants whole for Dr. Dolphin's and Culpepper's obstinacy.

Defendants' attorney's fees to date are $57,038.00. (Costs are sought in the concurrently filed motion for costs.) The reasonableness of these fees are set out in the Young Declaration filed concurrently herewith (at paragraphs 15 - 20.)

---

[5] We submit that it is most expedient to award the requested sanctions against both Dr. Dolphin and Culpepper jointly and severally. However, to the extent the Court has any reservation about doing so, it may alternatively order Dr. Dolphin and Culpepper to show cause why such an award should not be issued jointly and severally as an "attorney and client are in the best position between them to determine who" was responsible for the sanctionable conduct. *George v. City of Morro Bay*, 322 F.3d 586, 588 (9th Cir. 2003).

## VII. CONCLUSION

For the foregoing reasons, defendants respectfully request that their motion for sanctions against Culpepper and Dr. Dolphin be granted, and that they be awarded sanctions the amount of $57,038.00, representing their fees necessitated by Dr. Dolphin's and his counsel's bad faith conduct.

DATED: August 12, 2010     Respectfully Submitted

                                  MICHAEL D. YOUNG
                                  NICOLE C. RIVAS
                                  **ALSTON & BIRD LLP**

                                                          /s/
                                  _____
                                  Michael D. Young
                                  Attorneys for Defendant BOARD OF TRUSTEES UNIVERSITY OF ILLINOIS

LEGAL02/32109736v1